## Exhibit A

**(Proposed Interim Order)**

4826-3382-4870

EAST\162240416.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                                   :

In re:                                                 :   Chapter 11

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]  :   Case No. 18-12491 (\_\_\_\_\_)

              Debtors.                       :   (Joint Administration Requested)

------------------------------------------------------------x  **Related D.I.: \_\_**

### INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "***Motion***")[2] for entry of an interim order (this "***Order***") authorizing the payment of certain prepetition and postpetition taxes and fees, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements by counsel and evidence adduced in support of the Motion at the hearing held before this Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. Without further order from this Court, the Debtors are authorized, but not directed to, remit and pay (or use tax credits to offset) the Taxes and Fees that (a) accrued prior to the Petition Date and that were not paid in full prepetition or will become payable during the pendency of these chapter 11 cases and (b) remit and pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis, in each case, solely to the extent that such Taxes and Fees become payable in accordance with applicable law, subject to an aggregate maximum of $5.7 million.

3. The requested relief will be without prejudice to the Debtors' rights to contest the amount of any, Taxes and Fees on any grounds in the Debtors' sole discretion. Nothing in the Motion or Order shall be considered an admission by the Debtors with respect to: (i) the Debtors'

liability to any Authority; (ii) whether any particular obligation constitutes a Tax or Fee, or (iii) whether any liability for Taxes and Fees constitutes a prepetition or postpetition obligation of the Debtors.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

7. The Final Hearing on the Motion shall be held on _____, 2018 at _____ (Eastern Time) and any objections or responses to the Motion shall be

in writing, filed with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the Debtors: (a) DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: Stuart Brown (stuart.brown@dlapiper.com); and (b) Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, Attn: John Tishler (john.tishler@wallerlaw.com); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington DE 19801 (Attn: Brya Keilson (brya.keilson@usdoj.com); (iii) counsel for Wells Fargo: (a) McGuireWoods LLP, 1251 6th Ave, 20th floor, New York, NY 10020, Attn: Brian Swett (bswett@mcguirewoods.com); and (b) Richards, Layton & Finger, PA, 920 N King St, Wilmington, Delaware 19801, Attn: John Knight (knight@rlf.com); and (iv) counsel to any statutory committee of unsecured creditors.

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:_____, 2018
      Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE