# Exhibit A

**(Proposed Interim Order)**

4827-3514-2758
EAST\162240421.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
                                            :
In re:                                      :  Chapter 11
                                            :
PROMISE HEALTHCARE GROUP, LLC, et al.,[1]   :  Case No. 18-12491 (_____)
                                            :
        Debtors.                            :  (Joint Administration Requested)
                                            :
---------------------------------------------------------------x  Related D.I.: __
```

### INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS, (II) EXTENDING THE TIME TO COMPLY WITH, OR SEEK A WAIVER OF, CERTAIN UNITED STATES TRUSTEE REQUIREMENTS AND SECTION 345(b) OF THE BANKRUPTCY CODE, (III) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (IV) GRANTING ADMINISTRATIVE EXPENSE PRIORITY TO POSTPETITION INTERCOMPANY CLAIMS, AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "*Motion*")[2] for entry of an interim order (this "*Interim Order*") (i) authorizing the Debtors to continue to use their Cash Management System

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),   Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL  33431.

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4827-3514-2758
EAST\162240421.1

and Bank Accounts; (ii) extending the time to comply with, or seek a waiver of, certain bank account and related requirements of the U.S. Trustee and Section 345(b) of the Bankruptcy Code; (iii) authorizing the Debtors to continue their existing deposit practices under the Cash Management System (subject to certain reasonable changes to the Cash Management System that the Debtors may implement); and (iv) authorizing the Debtors to continue to perform Intercompany Transactions consistent with historical practice and granting administrative expense priority to Intercompany Claims, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements by counsel and evidence adduced in support of the Motion on an interim basis at the hearing held before this Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

    1.    The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not required, to: (a) use in the ordinary course, subject to the terms of this Interim Order, the Cash Management System described in the Motion, including the Bank Accounts, and (b) open new bank accounts or close existing bank accounts; provided, that such opening or closing of an account shall be timely indicated on the Debtors' monthly operating report and notice of such opening shall be provided within five (5) business days to the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and the DIP Agent; provided furthermore, that the Debtors shall open any such new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such bank that is willing to immediately execute such agreement. Any bank accounts that are opened pursuant to this Interim Order shall be deemed to be Bank Accounts for purposes of this Interim Order.

3. The Debtors are authorized to continue to use the Bank Accounts under existing account numbers without interruption; *provided, however*, that all Banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

4. For all Banks at which the Debtors maintain Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order, the Debtors shall (i) contact each such Bank, (ii) provide each such Bank with each of the Debtor's employee identification numbers, and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a chapter 11 case.

4827-3514-2758

3

EAST\162240421.1

5. As to Banks that are not a party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall have forty-five (45) days (or such additional time as the U.S. Trustee may agree to) from the Petition Date within which to either come into compliance with the U.S. Trustee guidelines and Section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed to by the U.S. Trustee, and that such extension is without prejudice to the Debtors' right to request a further extension or waiver of the requirements of the U.S. Trustee guidelines or Section 345(b) of the Bankruptcy Code.

6. Nothing contained in the Motion or this Interim Order shall be construed to (i) create or perfect, in favor of any person or entity, any interest in cash of Debtors that did not exist as of the Petition Date or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

7. All existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtors and the Banks are authorized, without further order of this Court, to implement such changes to the Cash Management System and procedures in the ordinary course of business in accordance with the terms of the existing deposit and disbursement agreements. In the course of providing cash management services to the Debtors, the Banks are authorized without further order of this Court to deduct from the appropriate Bank Accounts its customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, which arise postpetition (the "**Bank Fees**"), and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including, without limitation,

4827-3514-2758

4

returned items that result from ACH Transfers, wire transfers, or other electronic transfers of any kind (collectively, the "***Returned Items***") regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

8.  The Banks are authorized to continue to service and administer the Bank Accounts as accounts of each respective Debtor as a debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH Transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or other items issued prior to the Petition Date to the extent authorized by this Interim Order or a further order of this Court.

9.  Except for those checks, drafts, wires, or ACH Transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Interim Order, no checks, drafts, wires, or ACH Transfers issued on the existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

10. The Banks are authorized to continue to honor any standing instructions of the Debtors with respect to daily or periodic wires, ACH Transfers or other debits made to the Bank Accounts in accordance with the Debtors' prepetition instructions. The Banks are further authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtors' accounts which were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

11. The requirement to establish separate accounts for tax payments is hereby waived.

12. The Debtors are authorized to continue to use their existing Business Forms without alteration, which Business Forms shall not be required to include the legend "Debtor in Possession" or the corresponding bankruptcy case number. If the Debtors order new check stock, such check stock shall be required to include the legend "Debtor in Possession" and the Debtors' lead case number.

13. The Debtors are authorized and empowered to continue performing under and honoring Intercompany Transfers in the ordinary course of business. The Debtors shall maintain accurate and detailed records of all Intercompany Transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions. All Intercompany Claims arising after the Petition Date shall be accorded administrative expense priority in accordance with Sections 503(b) and 507(a)(2) of the Bankruptcy Code.

14. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of any of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under Section 365 of the Bankruptcy Code.

15. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

16. To the extent that any Bank or any other party that has control over any Bank Account uses the Debtors' cash to satisfy any asserted prepetition or postpetition obligations of the Debtors (other than Bank Fees and amounts that the Debtors are authorized to pay pursuant to another order of the Court), the rights of the Debtors and any other party to challenge the validity of such payment are expressly reserved, including, without limitation, that such payment was in violation of the automatic stay.

17. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

18. The Final Hearing on the Motion shall be held on _____, 2018 at _____ (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the Debtors: (a) DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: Stuart Brown (stuart.brown@dlapiper.com); and (b) Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, Attn: John Tishler (john.tishler@wallerlaw.com); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington DE 19801 (Attn: Brya Keilson (brya.keilson@usdoj.com); (iii) counsel for Wells Fargo: (a) McGuireWoods LLP, 1251 6th Ave, 20th floor, New York, NY 10020, Attn: Brian Swett (bswett@mcguirewoods.com); and (b) Richards, Layton & Finger, PA, 920 N King St, Wilmington, Delaware 19801, Attn: John Knight (knight@rlf.com); and (iv) counsel to any statutory committee of unsecured creditors.

19. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

20. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: ____________________, 2018
Wilmington, Delaware

____________________________________
UNITED STATES BANKRUPTCY JUDGE