**Exhibit A**

**(Proposed Interim Order)**

4817-3349-0790.19

EAST\162240427.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (_____)
: 
Debtors. : (Joint Administration Requested)
: 
---------------------------------------------------------------x  Related D.I.: __

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES, BENEFITS AND OTHER COMPENSATION, AND (B) CONTINUE EMPLOYEE COMPENSATION AND EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "***Motion***")[2] for entry of an interim order (this "***Interim Order***") (i) authorizing the Debtors to (a) pay certain prepetition wages, benefits and other compensation, and (b) continue employee compensation and employee benefits programs, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having found

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion on an interim basis at the hearing held before this Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to pay the Employee Obligations and/or honor their wage and benefit obligations in accordance with their stated policies and in the ordinary course of their businesses, including amounts owing as of the Petition Date on account of: (a) the Payroll Processor; (b) Employee Compensation and Reimbursable Expenses; (c) the Per Required Need Employees; (d) Deductions and Payroll Taxes; (e) IRS payment plan; and (f) the Employee Benefits, to the extent such payments do not violate the priority cap in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, as set forth in the Motion and as provided herein.

| Prepetition Employee Compensation/Benefits & Miscellaneous Payments | Interim Amount | Final Amount |
|---|---|---|
| Unpaid Compensation | $5,400,000 | $5,400,000 |
| Unremitted Payroll Taxes | $1,800,000 | $1,800,000 |
| Incentive Plans | $300,000 | $300,000 |
| Deductions | $500,000 | $500,000 |
| Corporate Bonuses | $0 | $0 |
| Reimbursable Expenses | $50,000 | $95,000 |
| Vacation Time & Additional PTO | $0 | $0 |
| Medical, Dental & Vision Plans | $1,641,000 | $2,556,000 |
| Insurance and Disability Benefits & Supplemental Insurance Benefits | $535,000 | $765,000 |
| Employee 401k Contributions | $145,000 | $145,000 |
| Payroll Processor Compensation | $137,000 | $137,000 |
| Payroll Tax Defalcation Repayment | $222,000 | $222,000 |

3. Except as otherwise provided herein, the Debtors are authorized to make payments on account of Employee Obligations in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

4. The Debtors are authorized to make payments to applicable third parties from the Deductions and Payroll Taxes, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

5. The Debtors are authorized to continue to honor their Employee Benefits, make necessary contributions to such programs, and pay any unpaid premium, claim, or amount owed in connection therewith as of the Petition Date in accordance with the Debtors' ordinary course of business and stated policies as set forth in the Motion.

4817-3349-0790.19

3

EAST\162240427.1

6. The Debtors are authorized to make payments to the applicable taxing authorities in satisfaction of its IRS payment plan.

7. The banks and financial institutions (including the Payroll Processor) on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, including all checks issued prepetition and presented for payment postpetition, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable bank or other financial institution.

8. Nothing in the Motion or this Interim Order, including the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, or a waiver of the Debtors' right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

9. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Interim Order, in accordance with the Motion.

10. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

4. The Final Hearing on the Motion shall be held on _____, 2018 at _____ (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the Debtors: (a) DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: Stuart Brown (stuart.brown@dlapiper.com); and (b) Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, Attn: John Tishler (john.tishler@wallerlaw.com); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington DE 19801 (Attn: Brya Keilson (brya.keilson@usdoj.com); (iii) counsel for Wells Fargo: (a) McGuireWoods LLP, 1251 6th Ave, 20th floor, New York, NY 10020, Attn: Brian Swett (bswett@mcguirewoods.com); and (b) Richards, Layton & Finger, PA, 920 N King St, Wilmington, Delaware 19801, Attn: John Knight (knight@rlf.com); and (iv) counsel to any statutory committee of unsecured creditors.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Date: _____, 2018
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE