IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]                 :  Case No. 18-12491 (CSS)
                                                            :
                    Debtors.                                :  (Joint Administration Requested)
------------------------------------------------------------x

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL PORTIONS OF ITS CREDITOR MATRIX CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION

Promise Healthcare Group, LLC ("***Promise***") and its affiliated debtors and debtors in possession (collectively, the "***Debtors***") in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***"), by and through their undersigned counsel, file this motion (this "***Motion***") pursuant to sections 105(a) and 107(c)(1) of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 9018-1 of the of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for entry of an order,

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

substantially in the form attached hereto as **Exhibit A** (the "*Proposed Order*"), (a) authorizing the Debtors to file a redacted version of its creditor matrix, filed contemporaneously herewith, (b) authorizing the Debtors to file under seal an unredacted version of its creditor matrix, and (c) granting such other relief as the Court deems just and proper. In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Andrew Hinkelman in Support of First Day Relief* (the "*First Day Declaration*"), and respectfully represent:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On the date hereof (the "*Petition Date*"), each of the Debtors commenced cases under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

3. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration filed contemporaneously herewith.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of the Proposed Order (a) authorizing the Debtors to file a redacted version of the creditor matrix, (b) authorizing the Debtors to file under seal an unredacted version of the creditor matrix, and (c) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

5. The relief requested by the Debtors is authorized under sections 105(a) and 107(c)(1) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

6. Local Rule 9018-1(d) requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(d).

7. The Debtors respectfully submit that cause exists to authorize the Debtors to redact the address information of individual creditors—many of whom are the Debtors' employees—from the creditor matrix because such information could be used to perpetrate

identity theft. Therefore, the Debtors request that the Court enter an order permitting the Debtors to file the creditor matrix under seal.

## NOTICE

8. The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to Wells Fargo, N.A., as administrative agent under the Debtors' prepetition credit facility; (iv) the Internal Revenue Service; (v) the United States Attorney for the District of Delaware; (vi) the United States Department of Justice; (vii) the State Attorney General's Office in each state where the Debtors operate; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***").  As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties required by Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 5, 2018
Wilmington, Delaware

DLA PIPER LLP (US)

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Kaitlin MacKenzie Edelman (#5924)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
           Kaitlin.Edelman@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (*pro hac vice* admission pending)
Katie G. Stenberg (*pro hac vice* admission pending)
Blake D. Roth (*pro hac vice* admission pending)
Tyler N. Layne (*pro hac vice* admission pending)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
           Katie.Stenberg@wallerlaw.com
           Blake.Roth@wallerlaw.com
           Tyler.Layne@wallerlaw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*