## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | : Case No. 18-12491 (CSS) |
| | : |
| Debtors. | : (Joint Administration Requested) |
| | : |

------------------------------------------------------------x   **Related D.I.: 13**

### INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO; (II) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES; (III) HONOR THE TERMS OF THE PREMIUM FINANCING AGREEMENTS AND PAY PREMIUMS THEREUNDER; AND (IV) ENTER INTO NEW PREMIUM FINANCING AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS

Upon consideration of the motion (the "***Motion***")[2] for entry of an interim order (this

"***Interim Order***") granting Debtors authority to (i) continue insurance coverage entered into

prepetition and satisfy prepetition obligations related thereto, (ii) renew, amend, supplement,

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.
4852-3927-4086

1

extend, or purchase Insurance Policies, (iii) honor the terms of the Premium Financing Agreements and pay premiums thereunder, and (iv) enter into new Premium Financing Agreements in the ordinary course of business, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion on an interim basis at the hearing held before this Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to continue the Insurance Policies, and, in their sole discretion, pay and honor any prepetition amounts outstanding under, or postpetition obligations related to, the Insurance Policies in the ordinary course of business and to pay any prepetition amounts due in connection therewith. *up to the amount of $480,000 on an interim basis.*

3.      The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies, and to enter into premium financing agreements as necessary, to

4852-3927-4086

2

the extent that the Debtors determine, in their sole discretion, that such action is in the best interest of their estates.

4.     The Debtors are authorized, but not directed, to pay any Insurance Deductibles in the ordinary course of business without further Court order.

5.     The Debtors are, in their sole discretion, authorized to honor their obligations under the Premium Financing Agreements without interruption and in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' Chapter 11 Cases.

6.     The Debtors are authorized, but not directed, to pay any Brokerage Fees in the ordinary course of business without further Court order.

7.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized ~~and directed~~ to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on

4852-3927-4086

3

the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Insurance Policies.

10.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14.     The Final Hearing on the Motion shall be held on ___12/4___, 2018 at ___11:00 a.m.___ (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the Debtors: (a) DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: Stuart Brown (stuart.brown@dlapiper.com); and (b) Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, Attn: John Tishler (john.tishler@wallerlaw.com); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington DE 19801 (Attn: Brya Keilson (brya.keilson@usdoj.com); (iii) counsel for Wells Fargo: (a) McGuireWoods LLP, 1251 6th Ave,

4852-3927-4086

4

20th floor, New York, NY 10020, Attn: Brian Swett (bswett@mcguirewoods.com); and

(b) Richards, Layton & Finger, PA, 920 N King St, Wilmington, Delaware 19801, Attn: John

Knight (knight@rlf.com); and (iv) counsel to any statutory committee of unsecured creditors.

     15.    This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Interim Order.

Date: _____**11/6**_____, 2018
      Wilmington, Delaware

                        _____
                        UNITED STATES BANKRUPTCY JUDG

4852-3927-4086

EAST\162330691.1