## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

In re:                                                  :   Chapter 11

                                                        :

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]  :   Case No. 18-12491 (CSS)

                                                        :

Debtors.                                                :   (Joint Administration Requested)

                                                        :

-----------------------------------------------------------------x   **Related D.I.: 6**

### ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN
### THE CONFIDENTIALITY OF PATIENT INFORMATION
### AS REQUIRED BY APPLICABLE PRIVACY RULES

Upon consideration of the motion (the "*Motion*")[2] for entry of an order (this "*Order*") filed

by the above-captioned Debtors; and the Court having found that it has jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof;

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4852-6506-7373

EAST\162332003.1

and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion at the hearing held before this Court (together, the *"Hearing"*); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      The following procedures (the *"Privacy Procedures"*) shall apply in these Chapter 11 Cases:

> (a) the Debtors shall omit any reference to current or former patients from the matrix of creditors and any certificate of service;
>
> (b) the Debtors shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court and to the United States Trustee upon request; and (ii) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so;
>
> (c) the Debtors and/or their proposed claims and noticing agent shall maintain a list of all current or former patients (the *"Patient List"*) that appear on the matrix of creditors, and shall make the Patient List, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so; and
>
> (d) when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List.

4852-6506-7373

2

EAST\162332003.1

3.    Nothing in this Order shall affect the rights or obligations of any patient care ombudsman or long term care ombudsman appointed in these cases pursuant to 11 U.S.C. § 333.

4.    The Debtors' compliance with the foregoing Privacy Procedures shall constitute compliance with section 512 of the Bankruptcy Code, Rule 1007(a) of the Federal Rules of Bankruptcy Procedure, and Local Rule 1007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

5.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Date:    _____11/6_____, 2018
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

4852-6506-7373

3

EAST\162332003.1