**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
                                                :

In re:                                      :   Chapter 11
                                                :

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]  :   Case No. 18-12491 (CSS)
                                                :

            Debtors.                  :   (Joint Administration Requested)
---------------------------------------------------------------x

**DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN
EXECUTORY CONTRACTS *NUNC PRO TUNC* TO
THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

> **CONTRACT COUNTERPARTIES RECEIVING THIS MOTION
> SHOULD LOCATE THEIR NAMES AND CONTRACT ON THE
> SCHEDULE OF CONTRACTS ATTACHED HERETO AS
> SCHEDULE 1 TO EXHIBIT A.**

Promise Healthcare Group, LLC ("*Promise*") and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*") file this motion (this "*Motion*") pursuant to sections 105(a) and 365(a) of title 11 of

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),   Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL  33431.

the United States Code (the "***Bankruptcy Code***") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***") (i) authorizing the Debtors to reject certain executory contracts (including any amendments or modifications thereto, the "***Contracts***") set forth on **Schedule 1** to **Exhibit A** attached hereto *nunc pro tunc* to the Petition Date (as defined herein), and (ii) granting related relief.  In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Andrew Hinkelman in Support of First Day Relief* (the "***First Day Declaration***"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.     On November 5, 2018 (the "***Petition Date***"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

3. The Contracts are various employment separation and similar agreements with former employees of the Debtors. Because the employees are no longer employed by the Debtors as of the Petition Date, the Contracts are unnecessary and burdensome on the Debtors' estates. In order to avoid the potential assertion of an administrative expense claim by the counterparties to the Contracts, the Debtors have determined that it is in the best interest of the Debtors' estates, creditors, and other parties in interest to reject the Contracts *nunc pro tunc* to the Petition Date.

4. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration filed contemporaneously herewith.

## RELIEF REQUESTED

5. By this Motion, the Debtors request the entry of the Proposed Order (i) authorizing the Debtors to reject the Contracts *nunc pro tunc* to the Petition Date, and (ii) granting related relief.

## BASIS FOR RELIEF

**I. The Court Should Authorize the Rejection of the Contracts under Section 365(a) of the Bankruptcy Code as a Reasonable Exercise of the Debtors' Business Judgment.**

6. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This is a vital provision for debtors seeking to reorganize under Chapter 11 because "rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." *Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 465 U.S. 513, 528 (1984); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir.

2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

7. A debtor's decision to reject an executory contract under § 365 is governed by the business judgment test, which requires a debtor to have determined that the requested rejection would benefit its estate. *See, e.g., In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (*citing Grp. of Instit. Investors v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.").

8. In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject executory contracts. S*ee Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion"); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

9. The Debtors' rejection of the Contracts is within the Debtors' business judgment and will serve the best interests of their estates. As stated above, the Contracts relate to employees who are no longer employed with the Debtors, and the rejection of these Contracts *nunc pro tunc* to the Petition Date will limit any potential administrative expense claims that could be asserted against the Debtors' estates. Accordingly, the Debtors have determined, in the

sound exercise of their business judgment, that the rejection of the Contracts is in the best interests of their estates and creditors.

## II. The Court Should Authorize the Rejection of the Contracts Effective *Nunc Pro Tunc* to the Petition Date

10.     The Debtors seek an effective rejection date for the Contracts *nunc pro tunc* to the Petition Date. While section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively, courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a). S*ee, e.g., Thinking Machines Corp. v Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pac. Shore Dev., LLC v. At Home Corp. (In re At Home Copr.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (same); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (same); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (granting debtors motion for rejection of certain leases retroactive to petition date); *TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactive to the motion filing date "when principles of equity so dictate").

11.     Courts have further held that the retroactive rejection of executory contracts and unexpired leases may be approved "after balancing the equities" of a case and concluding that such equities weigh in favor of the debtor. *See In re Chi-Chi's, Inc.*, 305 B.R. at 399. In balancing these equities, courts typically examine a number of factors, including the costs that a

4835-9434-0986

delayed rejection would impose on a debtor. *See, e.g., Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 33–39 (S.D.N.Y. 1995).

12. In the present Chapter 11 Cases, the balance of equities clearly favor the retroactive rejection of the Contracts. As indicated above, the former employee counterparties are no longer employed by the Debtors and were not employed by the Debtors on the Petition Date. Thus, the former employee counterparties have not conferred any benefit upon the estates, and the remittance of payments under the Contracts will not benefit the estates. In addition, the Contracts at issue are employment separation agreements, which contain severance and other provisions that create a further burden on the Debtors' estates. As such, the Debtors, their estates, and the Debtors' creditors would suffer if these Contracts were not rejected *nunc pro tunc* to the Petition Date.

13. Courts in this district have routinely authorized relief similar to that requested herein regarding the retroactive timing of rejection. *See, e.g., In re The Wet Seal, Inc.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Feb. 5, 2015) (approving rejection of contracts *nunc pro tunc* to petition date); *In re Restora Healthcare Holdings, LLC*, Case No. 14-10367 (PJW) (Bankr. D. Del. Aug. 21, 2014); (approving rejection of certain unexpired leases effective *nunc pro tunc* to the date of motion filing); *In re Hospitality Liquidation I, LLC (f/k/a HSS Holding, LLC)*, Case No. 13-12740 (BLS) (Bankr. D. Del. Feb. 24, 2014) (same).

**RESERVATION OF RIGHTS**

14. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed asan admission or a concession by the Debtors or any other party-in-interest that any of the Contracts listed in Schedule 1 are in fact executory within the purview of section 365 of the Bankruptcy Code.

**NOTICE**

15. The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to Wells Fargo, N.A., as administrative agent under the Debtors' prepetition credit facility; (iv) the Internal Revenue Service; (v) the United States Attorney for the District of Delaware; (vi) the United States Department of Justice; (vii) the State Attorney General's Office in each state where the Debtors operate; (viii) the counterparties to the Contracts; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***"). The Debtors respectfully submit that no further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 8, 2018  DLA PIPER LLP (US)
Wilmington, Delaware

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Kaitlin MacKenzie Edelman (#5924)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
         Kaitlin.Edelman@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (*pro hac vice* admission pending)
Katie G. Stenberg (*pro hac vice* admission pending)
Blake D. Roth (*pro hac vice* admission pending)
Tyler N. Layne (*pro hac vice* admission pending)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
         Katie.Stenberg@wallerlaw.com
         Blake.Roth@wallerlaw.com
         Tyler.Layne@wallerlaw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*