**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x
In re:

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]

    Debtors.

------------------------------------------------------------x

: Chapter 11
:
: Case No. 18-12491 (CSS)
:
: (Jointly Administered)
:
: Hearing Date: December 4, 2018 at 11:00 a.m. (ET)
: Obj. Deadline: November 27, 2018 at 4:00 p.m. (ET)

**MOTION OF THE DEBTORS FOR ENTRY OF AN ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Promise Healthcare Group, LLC and its affiliated debtors (collectively, the "Debtors") hereby submit this motion (the "Motion"), pursuant to sections 105, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, authorizing the Debtors to establish procedures for the compensation and reimbursement of court-approved professionals. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL  33431.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On November 5, 2018 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4. On November 13, 2018, the United States Trustee appointed an official committee of unsecured creditors [D.I. 91] (the "Committee").

5. A description of the Debtors' businesses, capital structure, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Andrew Hinkelman in Support of First Day Relief* [D.I. 18] (the "First Day Declaration").

**REQUEST TO ESTABLISH INTERIM COMPENSATION
AND EXPENSE REIMBURSEMENT PROCEDURES**

6.  The Debtors have filed applications to retain professionals in connection with the administration of these Chapter 11 Cases. In addition, Debtors expect that the Committee will file applications seeking to retain professionals to assist it in fulfilling its obligations. As a result, by this Motion, the Debtors request the entry of an order authorizing and establishing procedures for the compensation and reimbursement of expenses of court-approved professionals (each a "Professional" and, collectively, the "Professionals") on an interim basis on the terms that satisfy the requirements of Local Rule 2016-2. Such an order will streamline the professional compensation process and enable the Court and all other parties more effectively to monitor the Professional fees incurred in these Chapter 11 Cases. To that end, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) Not earlier than the 15th day of each calendar month, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval, allowance and payment of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by first class mail and electronic mail, where applicable, on each of the following parties (collectively, the "Notice Parties"):

    i. The Debtors, Promise Healthcare Group, LLC, 999 Yamato Road, 3rd Floor, Boca Raton, Florida 33431 (Attn: Andrew Hinkelman [andrew.hinkelman@fticonsulting.com]);

    ii. Proposed counsel to the Debtors, DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: Stuart M. Brown [stuart.brown@dlapiper.com] and Kaitlin MacKenzie Edelman [kaitlin.edelman@dlapiper.com]); and Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite

3

        2700, Nashville, TN 37219 (<u>Attn</u>: John Tishler [john.tishler@wallerlaw.com] and Katie Stenberg [katie.stenberg@wallerlaw.com]);

    iii.    Proposed counsel to the Committee;

    iv.    The Office of the United States Trustee, District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (<u>Attn</u>: Brya M. Keilson [brya.keilson@usdoj.gov]); and

    v.    Counsel for the DIP Agent, McGuireWoods LLP, 1251 6th Ave, 20th Floor, New York, NY 10020 (<u>Attn</u>: Brian Swett [bswett@mcguirewoods.com]) and Richards, Layton & Finger, PA, 920 N. King Street, Wilmington, Delaware 19801 (<u>Attn</u>: John Knight [knight@rlf.com]).

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and the Local Rules.

(b)    All parties will have until 4:00 p.m. (prevailing Eastern time) on the 20th day (or, if such a day is not a business day, the next business day) following service of the Monthly Fee Application (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Twenty-four (24) hours following the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "<u>CNO</u>") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (i) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>"), and (ii) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below, and (iii) the amount provided for in the Approved Budget (as defined in the Interim DIP Order).

(c)    If any party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "<u>Objection</u>") with the Court setting forth specific objections and the total amount in fees and/or expenses objected to on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the Notice Parties so that it is received by each of those parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the

parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next omnibus or fee application hearing at which time the Court will consider and dispose of the Objection if requested by the parties.

(d) Each Professional may submit its first Monthly Fee Application no earlier than December 15, 2018. This initial Monthly Fee Application will cover the period from the Petition Date through November 30, 2018. Thereafter, the Professional may file Monthly Fee Applications in the manner described above.

(e) At three-month intervals (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to this Motion and section 331 of the Bankruptcy Code. The Interim Fee Application Request, which will be substantially in the form of Exhibit 1 attached hereto and incorporated herein by reference, must include a brief description identifying the following:

   i. The Monthly Fee Applications that are the subject of the request;

   ii. The amount of fees and expenses requested;

   iii. The amount of fees and expenses paid to date or subject to an Objection;

   iv. The deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

   v. Any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

(f) The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six (6) months or at such other intervals as the Debtors or the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

 (g) The first Interim Fee Period will cover the period from the Petition Date through January 31, 2019 (the "<u>Initial Three Month Period</u>"). Each Professional must file and serve its first Interim Fee Application Request on or before March 15, 2019 in order to have such application heard at the first hearing on the Interim Fee Application Requests. Each Professional shall thereafter file an Interim Fee Application Request within 45 days of the last day of the third month occurring in each successive Interim Fee Period that follows the Initial Three Month Period.

 (h) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

 (i) Neither the (i) payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) filing of or failure to file an Objection will bind any party in interest with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court. All professionals shall file final fee applications in order to obtain final allowance of compensation for fees and reimbursement of expenses in these Chapter 11 Cases.

7. The Debtors also request that each member of the Committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that payment is not authorized by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, or the practices of this Court.

8. In addition, the Debtors request that the Court limit the notice of interim and final fee application requests to (a) the Notice Parties, and (b) all parties that have filed a notice of appearance with the Clerk of this Court pursuant to Bankruptcy Rule 2002 and requested such notice (the "Additional Service Parties"). The Debtors further request that (i) the Notice Parties shall be entitled to receive complete copies of the Monthly Fee Applications, any Interim Fee Application Requests, any final fee application requests, and any notices of hearing on interim or final fee application requests, and (ii) the Additional Service Parties shall be entitled to receive only the notices of hearing on the interim and final fee application requests. Providing notice of interim and final fee application requests in this manner will permit the parties most active in these Chapter 11 Cases to review and object to professional fees and will save the expense of undue duplication and mailing.

9. The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly and quarterly operating reports, identifying the amount paid to each of the Professionals.

## APPLICABLE AUTHORITY

10. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court, section 331 limits Professionals rendering services in these Chapter 11 Cases to payment of fees and expenses only three times per year.

7

11. The implementation of the Compensation Procedures is justified in these cases. The Debtors' Chapter 11 Cases present a number of complex issues that, together with the day-to-day administration of these Chapter 11 Cases, must be addressed by the Debtors' limited staff and resources. In addition, it is possible that several Professionals will be involved. Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome on the Debtors, the Professionals, the Court, and other parties. By contrast, under the Compensation Procedures, the mechanism for payment of Professionals' fees will be simplified and will avoid unnecessary Court involvement. For example, the Compensation Procedures will avoid the need for the Court to review Monthly Fee Applications before payments can be made to Professionals.

12. The Compensation Procedures are similar to procedures previously approved by courts in this District. *See, e.g.*, *In re ATD Corp.*, Case No. 18-12221 (KJC) (Bankr. D. Del. Nov. 1, 2018) [D.I. 270] (order authorizing the debtor to establish procedures for compensation and reimbursement of court-approved professionals); *In re Enduro Resource Partners LLC*, Case No. 18-11174 (KG) (Bankr. D. Del. June 8, 2018) [D.I. 133] (same); *In re Brookstone Holdings Corp.*, Case No. 18-11780 (BLS) (Bankr. D. Del. Aug. 24, 2018) [D.I. 219] (same); *In re Sancilio Pharmaceuticals Co., Inc.*, Case No. 18-11333 (CSS) (Bankr. D. Del. June 28, 2018) [D.I. 99] (same); *In re The Nordam Group, Inc.*, Case No. 18-11699 (MFW) (Bankr. D. Del. Aug. 23, 2018) [D.I. 194] (same).[2]

---

[2] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, as made applicable to main cases by the Court's General Chambers Procedures, the Debtors' proposed counsel has copies of each order and will make them available to the Court or to any party that requests them. Additionally, the Orders are available on the Court's CM/ECF PACER site at the cited docket index numbers and on the dates specified above.

13. The Compensation Procedures will (a) substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications, (b) enable parties in interest to more closely monitor the costs of administering these cases, (c) diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of the Debtors' chapter 11 cases, and (d) permit the Debtors to better predict and manage their monthly cash needs.

## NOTICE

14. Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) counsel to Wells Fargo Bank, National Association; (iii) the Internal Revenue Service; (iv) the United States Attorney for the District of Delaware; (v) the United States Department of Justice; (vi) the State Attorney General's Office in each state where the Debtors operate; (vii) proposed counsel to the Committee; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no other or further notice of this Motion is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as the Court may deem just and appropriate.

Dated: November 15, 2018
       Wilmington, Delaware

Respectfully submitted,

DLA PIPER LLP (US)

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Kaitlin MacKenzie Edelman (#5924)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
       Kaitlin.Edelman@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
       Katie.Stenberg@wallerlaw.com
       Blake.Roth@wallerlaw.com
       Tyler.Layne@wallerlaw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*