# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: :
In re:  : Chapter 11
: :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (CSS)
: :
Debtors.  : (Jointly Administered)
------------------------------------------------------------x

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Promise Healthcare Group, LLC ("**Promise**") and its affiliated debtors (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") file this motion (this "**Motion**") to retain and compensate certain professionals in the ordinary course of business and in support thereof respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),  Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL  33431.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On November 5, 2018 (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases. On November 14, 2018, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [D.I. 91] (the "**Committee**").

5. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Andrew Hinkelman in Support of First Day Relief* [D.I. 18] (the "***First Day Declaration***").

**RELIEF REQUESTED**

6. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing, but not requiring, the Debtors to retain and compensate certain law firms, attorneys, accountants, consultants, and other professionals utilized in the ordinary course of business (each, an "*OCP*" and, collectively, the "*OCPs*"),[2] pursuant to the compensation procedures set forth in the Order (the "*Compensation Procedures*").[3]

7. The Debtors retain a number of OCPs, consisting of various law firms, attorneys, accountants, consultants, and other professionals used in the ordinary course of their business. The OCPs provide services to the Debtors in a variety of matters, including specialized legal advice, litigation services, and business advisory services relating to, among other things, corporate, litigation, financial, tax, regulatory, human resources, and environmental matters.

8. The OCPs have a great deal of knowledge, expertise, and familiarity with the Debtors and their operations. Although the Debtors anticipate that the OCPs will want to continue to represent the Debtors on an ongoing basis, some may not do so if the Debtors cannot meet their payment obligations on a regular basis. The Debtors submit that the continued employment and compensation of the OCPs is in the best interest of the estates, creditors, and other parties in interest.

**A.     The Compensation Procedures**

7. The Compensation Procedures set forth a streamlined process for retention and compensation of OCPs postpetition. The Compensation Procedures will permit the Debtors to

---

[2] The OCPs are listed in **Exhibit 1** to **Exhibit A** attached hereto and incorporated herein by reference (collectively, the "*OCP List*").

[3] The Debtors also seek to reserve the right to retain additional OCPs from time to time during these Chapter 11 Cases, as the need arises, by filing a list or lists of such additional OCPs and complying with the notice requirements set forth in the Compensation Procedures.

employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form attached as **Exhibit 2** to **Exhibit A** attached hereto (the "***Declaration of Disinterestedness***"), and after a reasonable objection period for certain parties, including the United States Trustee (the "***U.S. Trustee***"), the Committee, and any other statutory committee appointed in these Chapter 11 Cases. Among other things, each Declaration of Disinterestedness will state that the respective OCP does not have any material interest adverse to the Debtors or their estates with respect to the matters on which such OCP is proposed to be employed.

8. The Compensation Procedures further provide that the Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of the fees and disbursements to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; provided, however, that while these Chapter 11 Cases are pending, the fees of each OCP set forth in **Exhibit 1** annexed to **Exhibit A** attached hereto, excluding costs and reimbursements, may not exceed $50,000 per month on average over a rolling three month period (the "***OCP Cap***").[4] In addition, the Debtors also seek to reserve the right to retain additional OCPs, as the need arises, by filing a supplement to the OCP List that identifies such additional OCPs and serving the same on (i) the Office of the United States Trustee; (ii) counsel for the DIP Agent; (iii) proposed counsel to the Committee; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***").

9. To the extent an OCP seeks compensation in excess of the applicable OCP Cap (the "***Excess Fees***"), the OCP shall submit a Notice of Fees in Excess of the OCP Cap (the "***Notice of Excess Fees***") and an invoice setting forth, in reasonable detail, the nature of the

---

[4] The Debtors are not seeking authority to pay prepetition amounts owed to OCPs.

services rendered and disbursements actually incurred. Interested parties shall have fifteen (15) days to object to the Notice of Excess Fees. If no objection is filed with fifteen (15) days, the Excess Fees shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

10. OCPs shall be required to file a final fee application for allowance of their fees and expenses on a final basis in these Chapter 11 Cases.

## BASIS FOR RELIEF

11. Section 327(a) of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate. 11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327 and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

   (a) whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

   (b) whether the entity is involved in negotiating the terms of a plan of reorganization;

   (c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

- (d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

- (e) the extent of the entity's involvement in the administration of the debtor's estate; and

- (f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3 (D. Del. Dec. 14, 1997) (listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring approval of fees under section 327 of the Bankruptcy Code for a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the]bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, required approval under section 327 of the Bankruptcy Code).

12. The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in total.").

13. Additionally, section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, in in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the

debtors or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

14. Upon consideration of the above-listed factors and because the OCPs will not be involved in the administration of these Chapter 11 Cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention under section 327(a) of the Bankruptcy Code. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish definitive mechanisms for retention and payment of the OCPs pursuant to the Compensation Procedures and thereby avoid any subsequent controversy with respect thereto.

15. The Debtors and their estates would be well-served by continued retention of the OCPs because of their established relationships with the Debtors and understanding of the Debtors and their operations and legal issues. Moreover, in light of the number of OCPs and the significant costs associated with the preparation of retention applications under sections 327, 328, and 330 of the Bankruptcy Code for OCPs, who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and extremely costly for the Debtors and their legal counsel to prepare and submit individual applications and proposed retention orders for each OCP. Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to retain and compensate the OCPs in accordance with the Compensation Procedures and, thereby, avoid any disruption in the professional services that are required for the day to day operation of the Debtors' businesses.

16. Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs hold interests materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the Compensation Procedures include a requirement that each OCP file a Declaration of Disinterestedness and be subject to a reasonable objection period before an OCP can be compensated.

17. Courts have approved relief similar to the relief requested in this motion. *See, e.g.*, *In re ATD Corp.*, Case No. 18-12221 (KJC) (Bankr. D. Del. Nov. 1, 2018) [D.I. 269] (authorizing the employment and compensation of professionals utilized in the ordinary course of business); *In re Enduro Resource Partners LLC*, Case No. 18-11174 (KG) (Bankr. D. Del. June 8, 2018) [D.I. 139] (same); *In re Brookstone Holdings Corp.*, Case No. 18-11780 (BLS) (Bankr. D. Del. Aug. 24, 2018) [D.I. 221] (same); *In re Sancilio Pharmaceuticals Co., Inc.*, Case No. 18-11333 (CSS) (Bankr. D. Del. June 28, 2018) [D.I. 103] (same); *In re Southeastern Grocers, LLC*, Case No. 18-10700 (MFW) (Bankr. D. Del. Apr. 23, 2018) [D.I. 334] (same); *In re J & M Sales, Inc.*, Case No. 18-11801 (LSS) (Bankr. D. Del. Aug. 27, 2018) [D.I. 284] (same).[5]

**NOTICE**

The Debtors have served a copy of this Motion upon: (i) the Office of the United States Trustee; (ii) counsel to Wells Fargo Bank, National Association; (iii) the Internal Revenue Service; (iv) the United States Attorney for the District of Delaware; (v) the United States Department of Justice; (vi) the State Attorney General's Office in each state where the Debtors

---

[5] The referenced orders are voluminous in nature and are not attached to this Motion; however, in accordance with Local Rule 7007-2, as made applicable to main cases by the Court's General Chambers Procedures, undersigned counsel has copies of each order and will make them available to the Court or to any party that requests them. Additionally, the Orders are available on the Court's CM/ECF PACER site at the cited docket index numbers.

operate; (vii) proposed counsel to the Committee; (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (ix) the OCPs listed in **Exhibit 1** to **Exhibit A**. The Debtors respectfully submit that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: November 15, 2018
Wilmington, Delaware

DLA PIPER LLP (US)

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Kaitlin MacKenzie Edelman (#5924)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
          Kaitlin.Edelman@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
          Katie.Stenberg@wallerlaw.com
          Blake.Roth@wallerlaw.com
          Tyler.Layne@wallerlaw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*