**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: :
In re: : Chapter 11
: :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (CSS)
: :
Debtors. : (Jointly Administered)
---------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS' RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon consideration of the motion (the "***Motion***")[2] for entry of an order (this "***Order***"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; (ii) that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

EAST\162429560.3

the Motion has been given and no other or further notice is required; and (v) upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not required, to retain and compensate the OCPs identified on the OCP List attached hereto as **Exhibit 1** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order), in the ordinary course of business, in accordance with the following compensation procedures (collectively, the "***Compensation Procedures***"):

    (a) Each OCP on the list attached as **Exhibit 1** to this Order (as may be amended or supplemented from time to time, the "***OCP List***") shall file with the Court a declaration of disinterestedness (each as "***Declaration of Disinterestedness***"), substantially in the form attached as **Exhibit 2** to this Order, within 28 days after the later of: (x) the date of entry of this Order, (y) the date on which such OCP commences services for the Debtors; or (z) the date on which such OCP is added to the OCP List. Each OCP shall serve the Declaration of Disinterestedness upon the following parties: (i) the Debtors, Promise Healthcare Group, LLC, 999 Yamato Road, 3rd Floor, Boca Raton, Florida 33431 (Attn: Andrew Hinkelman [andrew.hinkelman@fticonsulting.com]); (ii) proposed counsel to the Debtors: DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: Stuart M. Brown [stuart.brown@dlapiper.com] and Kaitlin MacKenzie Edelman [kaitlin.edelman@dlapiper.com]) and Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219 (Attn: John Tishler [john.tishler@wallerlaw.com] and Katie Stenberg (katie.stenberg@wallerlaw.com]); (iii) proposed counsel to the Committee; (iv) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Brya M. Keilson [brya.keilson@usdoj.gov]); (v) counsel for the DIP Agent, McGuireWoods LLP, 1251 6th Ave, 20th Floor, New York, NY 10020 (Attn: Brian Swett [bswett@mcguirewoods.com]) and Richards, Layton & Finger, PA, 920 N. King Street, Wilmington, Delaware 19801 (Attn: John Knight [knight@rlf.com]) (collectively, the "***Core Parties***"); and (vi) those parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002 (collectively with the Core Parties, the "***Notice Parties***").

    (b) The Notice Parties shall have 14 days after the service of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "***Objection Deadline***"). The objecting party shall serve any such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for

hearing before the Court at the next regularly scheduled hearing date that is no less than fourteen (14) days from that date or on a date otherwise agreeable to the parties thereto.

(c)     If no objection received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by the Court without hearing or further order and the Debtors shall be authorized to retain and pay each such OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP as set forth below.

(d)     The Debtors reserve the right to modify the OCP List as necessary to add or remove OCPs, from time to time, in their sole discretion. In the event an OCP is added to the OCP List, the Debtors will file a notice with the Court listing the additional OCPs that the Debtors intent to employ (each, an "*OCP Notice*") and to serve each OCP Notice on the Notice Parties. Additionally, each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties in accordance with this Order. The Notice Parties shall have fourteen (14) days following the date of service of an OCP Notice to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with the Court, and serve any such objection upon each of the Notice Parties so as to be actually received within fourteen (14) days of service of such OCP Notice.

(e)     The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date, provided, however, that while these Chapter 11 Cases are pending, the fees of each OCP set forth in **Exhibit 1** attached hereto, excluding costs and disbursements, may not exceed $50,000 per month on average over a rolling three (3) month period (the "*OCP Cap*").

(f)     To the extent an OCP seeks compensation in excess of the applicable OCP Cap (the "*Excess Fees*"), the OCP must file with the Court a Notice of Fees in Excess of the OCP Cap (the "*Notice of Excess Fees*") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested parties shall then have fifteen (15) days to file an objection to the Notice of Excess Fees with the Court. If after fifteen (15) days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

(g)     Beginning on the effective date of this Order, and in three month increments thereafter in which these Chapter 11 Cases are pending (each, a "*Quarter*"), the Debtors shall serve on the Core Parties, no later than 30 days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding three (3) month period. Each OCP's statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation

for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

(h)  Each OCP shall be required to file a final fee application seeking final allowance of fees and expenses in these Chapter 11 Cases.

3.  To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of this Motion (each such agreement, an "**OCP Agreement**"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these cases:

(a)  The OCP shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

(b)  Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination have become final) to have arisen from the OCP's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations under the OCP Agreement; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the OCP should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

(c)  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the OCP for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the OCP. All parties in interest in these Chapter 11 Cases shall retain the right to object to any demand by the OCP for indemnification, contribution or reimbursement.

4. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

5. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from the Court (i) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Cap.

6. Notice of the Motion is good and sufficient and the requirements of the Bankruptcy Rules are satisfied.

7. Notwithstanding the possible applicability of any automatic stay of the effect of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2018
    Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1** to **Exhibit A**

**Ordinary Course Professionals**

# Ordinary Course Professionals[1]

Legal Professionals
1. Cooley LLP – Dept. of Education Matters; $50,000 per month
2. Wilson, Elser, Moskowitz, Edelman & Dicker – Labor Law; $5,000 monthly
3. Littler, Mendelson, PC – Employment Litigation; $60,000 monthly
4. Hinshaw & Culbertson, LLP – Labor Law (workers compensation) $5,000 monthly
5. Cole, Scott & Kissane, PA – PL/GL Insurance Matters (excl. Louisiana); $4,500 monthly
6. Judice & Adley, APLC – Louisiana PL/GL Insurance Matters; $3,500 monthly
7. Miller Health Law Group – Corporate Litigation; budget is pending renewed action in various litigation matters
8. Law Offices of Steven Goldsobel, APC – Corporate Litigation; budget is pending renewed action in various litigation matters
9. Brown & James, PC – Property and Medical Malpractice; $1,500 monthly

Financial Professionals
1. Crowe Horvath – audit and tax services for Promise and Success, $750,000 annually
2. TFG – prepares cost reports for all Promise entities - $17,000 monthly
3. The Talbot Group – prepares cost reports for Success entities – $27,000 monthly
4. Casualty Actuarial – actuarial report for GL/PL audit - $10,000 annually

---

[1] All Ordinary Course Professionals will be retained by Promise Healthcare Group, LLC going forward.

EAST\162429560.3

**Exhibit 2 to Exhibit A**

**Form of Declaration of Disinterestedness**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (CSS)
: 
Debtors. : (Jointly Administered)
---------------------------------------------------------------x

## DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, _____, declare under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "**Company**").

2. Promise Healthcare Group, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Company provide

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),   Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL  33431.

[specific description] services to the Debtors, namely [specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in the Chapter 11 Cases. The Company does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in these Chapter 11 Cases.

5. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of November 5, 2018, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

11. [*If there is an indemnification agreement*: Such agreement for indemnification (the "**OCP Agreement**") is subject to the following modifications, applicable during the pendency of the Debtors' Chapter 11 Cases:

(a) The Company shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense related to such OCP Agreement that is either: (i) Judicially determined (the determination have become final) to have arisen from the Company's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations under the OCP Agreement; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Company should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by the Court's Order), including without limitation the

advancement of defense costs, the Company before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Company for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Company. All parties in interest in these Chapter 11 Cases shall retain the right to object to any demand by the Company for indemnification, contribution or reimbursement.]

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 201\_

_____
[Declarant]