# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PROMISE HEALTHCARE GROUP, LLC et al.[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br>(Jointly Administered)<br><br>**Hearing Date: December 4, 2018 @ 11:00 a.m.**<br>**Objections Due: November 27, 2018 @ 4:00 p.m.**<br><br>RE D.I. 15 |

## OBJECTION OF THE UNITED STATES TRUSTEE
## TO THE MOTION OF THE DEBTORS TO FILE UNDER SEAL
## PORTIONS OF ITS CREDITOR MATRIX CONTAINING
## CERTAIN INDIVIDUAL CREDITOR INFORMATION

In Support of his Objection to the Debtors' Motion To File Under Seal Portions Of Its Creditor Matrix Containing Certain Individual Creditor Information (the "Seal Motion") [D.I. 15],

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

1

Andrew R. Vara, Acting United States Trustee for Region 3 ("U.S. Trustee"), by undersigned counsel, avers:

1. This Court has jurisdiction to hear this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection.

## BACKGROUND

4. On November 5, 2018, the above-captioned debtors (the "Debtors") filed voluntary chapter 11 petitions in this Court. The U.S. Trustee appointed an official committee of unsecured creditors on November 14, 2018 (D.I. 91).

5. In the Seal Motion, filed on November 5, 2018, the Debtors seek entry of an order authorizing the Debtors to file a redacted version of the Debtors' consolidated creditor matrix because the information sought to be redacted is allegedly deemed to be personally identifiable information that, if disclosed publicly, could place employees at risk for identity theft. Seal Motion at ¶ 7. Specifically, the Debtors seek to redact the addresses of the Debtors' employees.

6. The relief requested in the Motion is overbroad and not sufficiently tailored to comply with section 107.

**ARGUMENT**

7.      The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978), that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24 (2d Cir. 1994), the Court stated the general rule as: "...a strong presumption of public access to court records.... This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the 'integrity, quality, and respect in our judicial system.'" (21 F. 3d 24, 26 (citations omitted)). *See also In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993), where the court noted "...the strong presumption in favor of public access to judicial records and papers...." Accord, *In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996).

8.      In the bankruptcy context, the right of public access is prescribed by the Bankruptcy Code, with only limited exceptions. Section 107 provides in pertinent part that "except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). Limited exceptions to the general rule of full public access are contained in 11 U.S.C. Sections 107(b) (not at issue in the Seal Motion) and 107(c), [2] as well as in FED. R. BANKR. P. 9018. Indeed, the Debtor's Seal Motion

---

[2] Section 107(c) provides in relevant part:

cites Section 107(c) of the Bankruptcy Code as the primary basis for redacting employee mailing addresses. The Debtor's reliance on Section 107(c) is misplaced, and the language omitted from their quotation of that section is critical. [3]

9.  Mailing addresses are not one of the enumerated "means of identification" defined in 18 U.S.C. Section 1028(d). Although one might argue that mailing addresses may be subsumed in the word "including," the Debtors have not set forth any facts demonstrating that disclosure of employees' mailing addresses in bankruptcy schedules would create any particular risk, let alone undue risk of identity theft or other unlawful injury.[4]

---

(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification *(as defined in section 1028(d) of title 18)* contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

(Emphasis added).

[3] 18 U.S.C. Section 1028(d)(7) provides that

the term ''means of identification'' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device (as defined in section 1029(e)).

[4] The definition of "any means of identification" in section 1028(d) does not include individual's mailing addresses. "What is clear is that the statute does not include mail or an address within the list of means of identification; nor are the examples easily analogized to a piece of mail or an address." *United States v. Hawes*, 523 F.3d 245, 250 (3d Cir. 2008); *see also United States v. Craig*, 343 Fed. Appx. 766, 770 (3d Cir. 2009) (noting that "mailing addresses –

10. Moreover, Rule 9037 provides an explicit list of information that must be redacted in filings made with the court. That list does not include the mailing addresses required by Rule 1007(a)(i).

11. Bankruptcy Code Section 107(c) and Bankruptcy Rule 9018 are exceptions to the common law rule and to Section 107(a). In seeking to apply such exceptions, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of an exception by demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993).

12. The U.S. Trustee understands that in limited circumstances, it is appropriate to prevent the disclosure of "means of identification" when the factual record supports a judicial finding that such disclosure would create an undue risk of identity theft or other unlawful injury. However, any such protection must not be so overarching as to prevent the public, and especially parties in interest, from understanding the details of what is by common law and the Bankruptcy Code, an inherently public process.

13. The Debtors also cites FED.R.BANKR.P. 9018 in support of their Motion. The Court's authority under Rule 9018 is limited, however, to protecting against disclosure of (a) trade secrets or other confidential research, development, or commercial information, (b) scandalous or defamatory matter, or (c) governmental matters that are made confidential by statute or regulation. The Debtors do not and cannot set forth facts demonstrating that the mailing addresses of its current and former employees fall within any of the three categories described in Rule 9018.

---

which are not specifically listed or referred to by § 1028(d)(4) [now § 1028(d)(7)] – do not fall under the meaning of the guideline").

14. It is well-settled that honesty and full disclosure are the most basic hallmarks of debtor good faith. *In re Carter*, 205 B.R. 733, 736 (Bankr. E.D. Pa. 1996). Schedules and statements of financial affairs are signed under penalty of perjury and "must be accurate and reliable, without the necessity of digging out and conducting independent examinations to get the facts." *In re Sears*, 246 B.R. 341, 347 (8th Cir. B.A.P. 2000), *quoting Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992). Adopting a cavalier attitude toward the accuracy of schedules and expecting the courts and creditors to ferret out the truth is not acceptable conduct by debtors or their counsel. *In re Duplante*, 215 B.R. 444, 447 n.8 (9th Cir. B.A.P. 1997). The duty of disclosure is all the more important in a Chapter 11 case, where the debtor-in-possession serves as a trustee for the bankruptcy estate. *In re Scott*, 172 F.3d 959, 967 n.6 (7th Cir. 1999). The Debtors should not be permitted to further disadvantage its current and former employees by withholding their mailing addresses from the mailing matrix and from its inaccurate schedules.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Seal Motion in its entirety and grant such other and further relief as is appropriate.

Respectfully submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION THREE

Dated: November 20, 2018                By: */s/ Brya M. Keilson*
                                        Brya Keilson, Esq. (DE 4643)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Office of the U.S. Trustee
                                        J. Caleb Boggs Federal Building
                                        844 N. King Street, Room 2207, Lockbox 35
                                        Wilmington, DE 19801
                                        (302) 573-6491
                                        (302) 573-6497 (Fax)
                                        brya.keilson@usdoj.gov