UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                                    CASE NO. 18-12491 (CSS)

PROMISE HEALTHCARE GROUP, LLC.,
et al.,                                                     Chapter 11
                                                              Jointly Administered
      DEBTORS.
                                                              Hearing: December 4, 2018 at 11:00 a.m.


**DALLAS COUNTY'S OBJECTION TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION SECURED FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, . . . (III) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSES STATUS, . . . AND (VII) GRANTING RELATED RELIEF**


TO THE HONORABLE COURT:

   NOW COMES   Dallas County and files its Objection to the Debtors' Motion for entry of an Order authorizing Debtors to obtain post-petition financing, use cash collateral, grant superpriority liens and administrative expense status, and for other related relief (hereinafter the "Financing Motion").    In support of its Objection, Dallas County would show the Court the following:

I.

   Dallas County is a political subdivision of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State.   Dallas County has filed a secured claim totaling $33,458.57 for ad valorem taxes owed on the Debtors' property for the 2018 tax year.

1

II.

Dallas County's claim is secured with unavoidable liens on the Debtors' personal property that is superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code § § 32.01 and 32.05(b). The priority of the tax claims is determined under applicable non-bankruptcy law.   11 U.S.C. §506; Butner v. U.S., 440 U.S. 48, 55 (1979).   The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.   See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property.   See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors.   See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

III.

The proponents of the Financing Motion have failed to demonstrate that Dallas County's liens are adequately protected as required by 11 U.S.C. § 364(d)(1)(b).   The proponent of a motion seeking a super priority lien has the burden of proof on that issue, 11 U.S.C. § 364(d)(2).

Dallas County believes its liens constitute "Permitted Prior Liens" as defined in the Financing Motion.   As such, the liens of the DIP lenders or the adequate protection liens granted other parties should not prime or subordinate the tax liens.   However, it is unclear whether proceeds from the

2

sale of Dallas County's collateral could be used to satisfy these junior liens prior to payment of Dallas County.   Paragraph 23 of the Interim Order specifies that all net proceeds from DIP Collateral shall be applied as provided in the DIP Agreement.   However, it does not specify how "net proceeds" is to be determined and does not provide for payment to senior secured parties prior to such distributions.

The proceeds from any sale of Dallas County's collateral constitute its cash collateral, and it objects to the use of its cash collateral to pay any other creditors of this estate.   Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.   The Debtors have not filed a motion seeking to use the cash collateral of Dallas County, nor has there been notice or a hearing on the use of its collateral.   Accordingly, absent consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).

The proceeds from the sale of Dallas County's collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C.   §§ 506(b), 511 and 1129, are paid in full.

## IV.

Further, Dallas County objects to the extent the Financing Motion seeks relief which would impair its liens and claims for 2019 ad valorem taxes. Paragraph 6 of the Interim Order provides that "DIP Liens shall not be made subject to or pari passu with any lien or secureity interest heretofore or hereinafter granted . . . ."   On January 1, 2019, tax liens and liability will be incurred for the 2019 taxes, which constitute administrative expense claims pursuant to 11 U.S.C § 503.   No claim or request for payment need be filed for these to be allowed administrative

3

expenses. 11 U.S.C. § 503(b)(1)(D).   To allow the DIP lenders a superpriority claim "with

priority over any and all administrative expenses" is contrary to the requirements of 28 U.S.C. §§

959 and 960 that debtors in possession operate pursuant to all applicable local laws, including tax

laws.   Dallas County objects to any relief to the extent it purports to grant the Debtors liens or

claims superior to the liens and claims which will arise with respect to the post-petition taxes.

WHEREFORE, Dallas County objects to the Debtors' Financing Motion and requests this Court

to order appropriate provisions to assure the protection of the position of this secured tax

creditor, and further requests such other relief as the Court may find is just and proper.

Dated: November 27, 2018

                                    Respectfully submitted,

                                    LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

                                    BY:   /s/ Elizabeth Weller
                                          Elizabeth Weller
                                          Tex. Bar No. 00785514

                                    2777 N. Stemmons Fwy., Ste. 1000
                                    Dallas, TX 75207
                                     (469)221-5075 phone
                                    (469)221-5003 fax
                                    BethW@LGBS.com email

                                    Counsel for Dallas County

4

CERTIFICATE OF SERVICE


I hereby certify that this 27th day of November, 2018 , I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth below via electronic mail.

    /s/ Elizabeth Weller
    Elizabeth Weller



Counsel for the Debtors
DLA Piper LLP
Stuart Brown at stuart.brown@dlapiper.com
Kaitlin Edelman at Kaitlin.edelman@dlapiper.com
and
Waller Lansden Dortch & Davis, LLP
John Tishler at john.tishler@wallerlaw.com

Office of the U.S. Trustee
Brya Keilson at brya.keilson@usdoj.gov

Counsel for Wells Fargo
McGuire Woods LLP
Brian Swett at bswett@mcguirewoods.com
and
Richards, Layton & Finger, PA
John Knight at knight@rlf.com