# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re: : Chapter 11
:
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (CSS)
:
Debtors. : (Jointly Administered)
:
: **Related D.I.: 87**
---------------------------------------------------------------x

**LIMITED OBJECTION TO MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY
FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES, AND (II) AUTHORIZING THE DEBTORS TO REJECT
UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

Wells Fargo Bank, National Association ("Wells Fargo") files this limited objection (the "Limited Objection") to the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Real Property Free and Clear of All Liens, Claims, Interests, and Encumbrances, and*

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

1

*(II) Authorizing the Debtors to Reject Unexpired Lease of Nonresidential Real Property* [D.I. 87] (the "Sale Motion")[2]. In support of this Limited Objection, Wells Fargo states the following:

1. On November 5, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On November 14, 2018, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code (the "Committee"). [D.I. 91]

3. Since 2016, as more fully described in the Sale Motion and the Roy Declaration, the Debtors have been seeking a buyer for that certain mental health rehabilitation center known as Crestwood - San Diego located at 5500 University Avenue, San Diego, California 92105 (the "Facility") and all easements and rights appurtenant thereto (collectively, the "Real Property").

4. During this marketing process, National Health Investors, Inc. (the "Purchaser"), submitted a proposal to purchase the Real Property.

5. On November 13, 2018, the Debtors filed the Sale Motion. In support of the Sale Motion, the Debtors filed a copy of that certain Purchase and Sale Agreement between Debtor Quantum Properties, L.P. ("Quantum"), as seller, and Purchaser (the "PSA"). [D.I. 87, Ex. A, Ex. 1]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion.

**Limited Objection**

6. As a general matter, Wells Fargo supports the sale of the Real Property and the relief requested in the Sale Motion.

7. However, Wells Fargo has concerns about two aspects of the proposed *Order (I) Authorizing the Sale of Certain Real Property Free and Clear of All Liens, Claims, Interests, and Encumbrances, and (II) Authorizing the Debtors to Reject Unexpired Lease of Nonresidential Real Property* attached to the Sale Motion as **Exhibit A** (the "Proposed Order") and the PSA. Counsel for Wells Fargo has shared its concerns with counsel for Quantum and the other Debtors. At this point, Wells Fargo and the Debtors have not resolved Wells Fargo's concerns.

8. Wells Fargo objects to the Sale Motion for the limited purpose of addressing the following issues:

   a. Pursuant to the Proposed Order and the PSA, Purchaser is entitled to reimbursement by Quantum upon the occurrence of the earlier of the Closing or a Compensable Termination Event (each term as defined in the PSA) for all reasonable out-of-pocket costs and expenses incurred by Purchaser in connection with the Bankruptcy Case (as defined in the PSA), the acquisition (or attempted acquisition) of the Real Property, and the negotiation, execution and delivery of the PSA in an aggregate amount not to exceed $350,000.00 (the "Expense Reimbursement"). *See* Proposed Order ¶ 17; Proposed Order Ex. 1, Section 6(i). Such Expense Reimbursement shall be deemed an allowed super-priority administrative expense claim of the Purchaser on terms set forth more fully in the Proposed Order and PSA. The Proposed Order should be revised to permit the Expense Reimbursement only upon the occurrence of the Closing. In addition,

    the Proposed Order should be revised to provide that the Purchaser's administrative expense claim has recourse only to the proceeds of the transaction approved therein.

    b.    The Proposed Order and PSA provide that the Debtors shall withhold a deposit of $350,000.00 (the "Holdback Deposit") in cash from the Purchase Price and deposit the sum in an escrow account to provide for the satisfaction of any and all indemnification claims pursuant to Section 20 of the PSA. *See* Proposed Order, ¶ 10; Proposed Order Ex. 1, Section 2(d). The Proposed Order should be revised to remove the concept of the Holdback Deposit because it is unnecessary. As the sale contemplated by the Sale Motion is free and clear of all liens, claims, interests, and encumbrances, there should be no claims against which Quantum will need to indemnify Purchaser.

    9.    Wells Fargo reserves the right to supplement this Limited Objection and raise additional objections at the hearing on the Sale Motion.

    Wells Fargo respectfully requests that any Order granting the Sale Motion reflect the points raised herein.

*[Remainder of page intentionally left blank; signature page follows]*

.

| | |
|---|---|
| Dated:  November 29, 2018<br>            Wilmington, Delaware | Respectfully submitted,<br><br>**RICHARDS, LAYTON & FINGER, P.A.**<br><br>*/s/ John H. Knight*<br>John H. Knight (No. 3848)<br>Amanda R. Steele (No. 5530)<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>Email: knight@rlf.com<br>            steele@rlf.com<br><br>- and -<br><br>**MCGUIREWOODS LLP**<br><br>Brian I. Swett (admitted *pro hac vice)*<br>Alexandra Shipley (admitted *pro hac vice)*<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, IL 60601-1818<br>Telephone: (312) 849-8100<br>Facsimile: (312) 698-4551<br>Email: bswett@mcguirewoods.com<br>            ashipley@mcguirewoods.com<br><br>*Attorneys for Wells Fargo Bank, National Association* |