## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]

      Debtors.

------------------------------------------------------------ x

: Chapter 11
:
: Case No. 18-12491 (CSS)
:
: (Jointly Administered)
:
: **Related D.I. 15 & 137**

### DEBTORS' REPLY TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE DEBTORS TO FILE UNDER SEAL PORTIONS OF ITS CREDITOR MATRIX CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION

Promise Healthcare Group, LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through its proposed counsel, hereby files this reply (the "Reply") to the United States Trustee's *Objection of the United States Trustee to the Motion of the Debtors to File Under Seal Portions of its Creditor Matrix Containing Certain Individual Creditor Information* [D.I. 137] (the "Objection"). The Debtors respectfully state the following:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

The United States Trustee objects to the *Debtors' Motion to File Under Seal Portions of its Creditor Matrix Containing Certain Individual Creditor Information* [D.I. 15] (the "Motion"),[2] which seeks to seal certain of the Debtors' employees' home addresses. In its Objection, the United States Trustee argues that an individual's home address does not fall within the parameters of section 107 of the United States Bankruptcy Code (the "Bankruptcy Code") or rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and sealing such information goes against the right of public access.  Therefore, the United States Trustee requests that the Court deny the Debtors' Motion and require the Debtors' to either un-redact or file an unsealed creditor matrix.

## PRELIMINARY STATEMENT

The Debtors respectfully submit that the Objection should be overruled for three reasons. *First*, section 107(c)(1) of the Bankruptcy Code excepts from public disclosure any "means of identification," which, as defined by 18 U.S.C. § 1028(d), may include an individual's personal home address.  *Second*, this Court specifically authorized the sealing of this exact type of information in *In re Searchmetrics, Inc.*, Case No. 17-11032 (CSS) (Bankr. D. Del. May 9, 2017) [D.I. 27].  *Third*, privacy concerns here outweigh the limited benefit of public access to the Debtors' employees personally identifying information.

---

[2] Capitalized terms not otherwise defined herein are given the meanings ascribed to them in the Motion.

# REPLY

1.  *First*, and foremost, the United States Trustee misinterprets section 107(c)(1) of the Bankruptcy Code and the definition of "means of identification" as set forth in 18 U.S.C. § 1020(d)(7). Under the Bankruptcy Code:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper, or to be filed, in a case under this title.
>> (B) *Other information* contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1) (emphasis added).

Further, with regard to the definition of "means of identification":

> The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, *including any—*
>> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number….

18 U.S.C. § 1028(d)(7) (emphasis added).

2.  The proper interpretation of these two statutes is two-fold.  One, while the United States Trustee argues that transparency is paramount to all other concerns, through the enactment of 11 U.S.C. 107(c)(1), Congress provided an exception to transparency and intended to protect innocent individuals from foreseeable injury.  Two, the language of both statutes, given emphasis above, dictates that Congress intended for each statute to keep open channels for protecting additional information not enumerated. Specifically, section 107(c)(1)(B) allows for "other information" apart from "means of identification," as defined in section 1028(d)(7).  Further, under such definition, Congress specifically included the phrase "including any" to illustrate the non-

EAST\162735165.1

exhaustive nature of the list of items that follows. Accordingly, while an individual employee's home address is not explicitly listed in the definition of "means of identification," it most certainly is covered by the expansive language of both 11 U.S.C. § 107(c)(1)(B) and 18 U.S.C. § 1028(d)(7).

3.    In a footnote in its Objection, the United States Trustee fights against this conclusion by citing to *United States v. Hawes*, 523 F.3d 245 (3d Cir. 2008) and *United States v. Craig*, 343 Fed. Appx. 766 (3d Cir. 2009) (*unpublished*). While both opinions concern sentencing enhancement guidelines for individuals convicted of identity theft, and are thus factually distinguishable from the issue of whether to seal employee addresses in a debtor's creditor matrix, the discussion in *Hawes* actually supports the Debtors' position.

4.    A major concept in identity theft is affirmative identity theft or "breeding." Breeding refers to the process of using one or more sources of information to create another. As analyzed in *Hawes*, Application Note 9(C) to U.S.S.G. § 2B1.1 provides several examples of this behavior, including, "(II) A defendant obtains an individual's name and address from a source (e.g., from a driver's license in a stolen wallet) and applies for, obtains, and subsequently uses a credit card in that individual's name…." *Hawes*, 523 F.3d at 251, and under the circumstances here, may combine that information with employment information. If the Court sustains the United States Trustee's Objection, without having to steal a wallet, an ill-intended individual will have public access to the Debtors' employees' names, home addresses and employment information, from a single source, which may serve as a foundation to "breed" further fraudulent means of identification, resulting in identity theft. Accordingly, and as contemplated by Congress, this Court should authorize the Debtors to keep its employees' home addresses under seal.

5.    *Second*, this Court specifically authorized the debtor in *In re Searchmetrics, Inc.*, Case No. 17-11032 (CSS) (Bankr. D. Del. May 9, 2017) [D.I. 27] to seal the debtor's employees'

home addresses under section 107 of the Bankruptcy Code. As was the case in *Searchmetrics*, revealing such information "raises privacy concern[s] and it's unnecessary to be publicly disclosed." *Transcript of May 11, 2017 Hearing* [D.I. 41] at 30:12–14. Similarly, the Debtors here believe that their employees must now be focusing their efforts toward facilitating a successful reorganization; no individual employee should be concerned with the risks associated with having her home address publicly disclosed. *See id.* at 30:15–19. Further, this Court has granted this type of relief in numerous other cases over the years. *See, e.g.*, *In re Triangle USA Petroleum Corp.*, Case No. 16-11566 (MFW) (Bankr. D. Del. July 5, 2016) [D.I. 65] (ordering that the debtors were not required to include the home addresses of their employees in the creditor matrix); *In re Delivery Agent, Inc.*, Case No. 16-12051 (LSS) (Bankr. D. Del. Sept. 16, 2016) [D.I. 51] (authorizing the redaction of address information of the debtors' current and former employees); *In re Magnum Hunter Res. Corp.*, Case No. 15-12533 (KG) (Bankr. D. Del. Dec. 16, 2015) [D.I. 63] (same).

6.      *Third*, while there is a "strong presumption in favor of public access to judicial records and papers…" *In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993), that presumption is substantially outweighed by the risk of identity theft or injury to an innocent individual employee. The benefit of public access to the Debtors' employees' home addresses is limited, if existent at all, in the context of a bankruptcy case, when the Debtors' addresses are readily available. Confusingly, the United States Trustee asserts that the "Debtors should not be permitted to further disadvantage its current and former employees" by sealing their home addresses. *Objection*, at 6. However, the logical disadvantage would be to expose these employees to potential identify theft. To publicly disclose each individual employee's home address would create an undue risk of identity theft for those already dealing with working for a company in bankruptcy.

Accordingly, despite the presumption in favor of public access, the privacy concerns at issue here tip the scales substantially towards sealing the Debtors' employees' home addresses.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court overrule the Objection, grant the Motion, and enter the proposed order, substantially in the form attached to the Motion as Exhibit A, authorizing the Debtors to file under seal portions of its creditor matrix containing certain individual creditor information.

Dated: November 30, 2018
        Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Kaitlin MacKenzie Edelman (#5924)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
       Kaitlin.Edelman@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
       Katie.Stenberg@wallerlaw.com
       Blake.Roth@wallerlaw.com
       Tyler.Layne@wallerlaw.com

*Proposed Attorneys for the Debtors and
Debtors in Possession*