# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>Jointly Administered<br><br>**Related to Docket Nos. 17, 54** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF
THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION SECURED
FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, (II)
AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (III) GRANTING
LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS,
(IV) GRANTING ADEQUATE PROTECTION TO THE PREPETITION ABL
PARTIES, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A
FINAL HEARING, AND (VII) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd Fl., Boca Raton, FL 33431.

The Official Committee of Unsecured Creditors (the "Committee") of Promise Healthcare Group, LLC ("Holdings") and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") hereby files this limited objection and reservation of rights (the "Limited Objection") to the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition ABL Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 17] (the "Motion").[2]  In support of its Limited Objection, the Committee respectfully represents as follows:

1. The Committee is in the final stages of negotiating the terms of a proposed form of Final Order with the Debtors and the Prepetition ABL Parties.  As of the date hereof, the Committee is confident that the form of Final Order that will be submitted will incorporate a constructive resolution of the Committee's issues, including, among other items, (a) preserving as much as possible the estates' unencumbered assets, such as, avoidance actions and commercial tort claims for the benefit of unsecured creditors, (b) providing adequate time and funding for the Committee to conduct a challenge analysis with respect to the liens and claims of the Prepetition ABL Parties and others, and (c) allowing the Committee to gain reasonable informational access to the Debtors so that the Committee can fulfill its statutory duties.

---

[2]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2.  The Committee nonetheless files this Limited Objection because a few business points have yet to be finalized. Specifically: (a) the Debtors' budget needs to be updated to reflect certain requested revisions, such as the inclusion of acceptable line items for the funding of a directors' and officers' liability policy (the current policy is set to expire in January 2019) and the Committee's professional fees; (b) the DIP Agreement needs to be modified to address the 15% variance over a short test period, which could create a problem due to the irregularity of payments from CMS (Centers for Medicare & Medicaid Services); and (iii) the closing date milestone for the Silver Lake sale needs to be resolved.

3.  The Committee is optimistic that the foregoing points will be resolved prior to the final hearing on the Motion. To the extent that any open issues remain, the Committee expressly reserves all rights, claims, defenses, and remedies, including, without limitation, to supplement and amend this Limited Objection, to raise further and other objections to the Motion and the form of Final Order, and to introduce evidence prior to or at any hearing regarding the Motion.

*[Remainder of page intentionally blank]*

Dated:  November 30, 2018        PACHULSKI STANG ZIEHL & JONES LLP

                                             */s/ Bradford J. Sandler*
                                       Jeffrey N. Pomerantz (CA Bar No. 143717)
                                       Bradford J. Sandler (DE Bar No. 4142)
                                       Maxim B. Litvak (CA 215852)
                                       919 North Market Street, 17th Floor
                                       P.O. Box 8705
                                       Wilmington, DE  19899 (Courier 19801)
                                       Telephone: 302-652-4100
                                       Facsimile:  302-652-4400
                                       E-mail:  jpomerantz@pszjlaw.com
                                                      bsandler@pszjlaw.com
                                                      mlitvak@pszjlaw.com

                                       *Proposed Co-Counsel for the Official Committee of Unsecured Creditors*