# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re: : Chapter 11
:
PROMISE HEALTHCARE GROUP, LLC, et al.,[1] : Case No. 18-12491 (CSS)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x Related D.I.: 109

## ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

This matter coming before the Court upon the *Motion of the Debtors for Entry of an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion"), filed by the above-captioned debtors (collectively, the "Debtors"); and the Court having reviewed the Motion and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

Delaware, dated as of February 29, 2012, (ii) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and hearing scheduled with respect to the Motion (the "Hearing") was appropriate given the circumstances and no other or further notice being required, and the legal and factual bases set forth in the Motion and any Hearing thereon establish just cause for the relief granted herein:

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED, as set forth in this Order.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals retained pursuant to an order of the Court in these cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    (a) Not earlier than the 15th day of each calendar month, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval, allowance and payment of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by first class mail and electronic mail, where applicable, on each of the following parties (collectively, the "Notice Parties"):

        i. The Debtors, Promise Healthcare Group, LLC, 999 Yamato Road, 3rd Floor, Boca Raton, Florida 33431 (Attn: Andrew Hinkelman [andrew.hinkelman@fticonsulting.com]);

        ii. Proposed counsel to the Debtors, DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: Stuart M. Brown [stuart.brown@dlapiper.com] and Kaitlin MacKenzie Edelman [kaitlin.edelman@dlapiper.com]); and Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219 (Attn: John Tishler [john.tishler@wallerlaw.com] and Katie Stenberg [katie.stenberg@wallerlaw.com]);

      iii.  Proposed counsel to the Committee, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102 (<u>Attn</u>: Andrew H. Sherman [asherman@sillscummis.com] and Boris I. Mankovetskiy [bmankovetskiy@sillscummis.com]); and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (<u>Attn</u>: Colin R. Robinson [crobinson@pszjlaw.com]);

      iv.  The Office of the United States Trustee, District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (<u>Attn</u>: Brya M. Keilson [brya.keilson@usdoj.gov]); and

      v.  Counsel for the DIP Agent, McGuireWoods LLP, 1251 6th Ave, 20th Floor, New York, NY 10020 (<u>Attn</u>: Brian Swett [bswett@mcguirewoods.com]) and Richards, Layton & Finger, PA, 920 N. King Street, Wilmington, Delaware 19801 (<u>Attn</u>: John Knight [knight@rlf.com]).

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and the Local Rules.

(b)  All parties will have until 4:00 p.m. (prevailing Eastern time) on the 20th day (or, if such a day is not a business day, the next business day) following service of the Monthly Fee Application (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Twenty-four (24) hours following the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "<u>CNO</u>") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (i) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>"), and (ii) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below, and (iii) the amount provided for in the Approved Budget (as defined in the Interim DIP Order).

(c)  If any party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "<u>Objection</u>") with the Court setting forth specific objections and the total amount in fees and/or expenses objected to on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the Notice Parties so that it is received by each of those parties on or

before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next omnibus or fee application hearing at which time the Court will consider and dispose of the Objection if requested by the parties.

(d) Each Professional may submit its first Monthly Fee Application no earlier than December 15, 2018. This initial Monthly Fee Application will cover the period from the Petition Date through November 30, 2018. Thereafter, the Professional may file Monthly Fee Applications in the manner described above.

(e) At three-month intervals (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to this Motion and section 331 of the Bankruptcy Code. The Interim Fee Application Request, which will be substantially in the form of Exhibit 1 attached to this Order and incorporated herein by reference, must include a brief description identifying the following:

    i. The Monthly Fee Applications that are the subject of the request;

    ii. The amount of fees and expenses requested;

    iii. The amount of fees and expenses paid to date or subject to an Objection;

    iv. The deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

    v. Any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

(f) The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six (6) months or at such other intervals as the Debtors or the Court deems appropriate. If no Objections are pending and

no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

(g) The first Interim Fee Period will cover the period from the Petition Date through January 31, 2019 (the "Initial Three Month Period"). Each Professional must file and serve its first Interim Fee Application Request on or before March 15, 2019 in order to have such application heard at the first hearing on the Interim Fee Application Requests. Each Professional shall thereafter file an Interim Fee Application Request within 45 days of the last day of the third month occurring in each successive Interim Fee Period that follows the Initial Three Month Period.

(h) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

(a) Neither the (i) payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) filing of or failure to file an Objection will bind any party in interest with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court. All professionals shall file final fee applications in order to obtain final allowance of compensation for fees and reimbursement of expenses in these Chapter 11 Cases.

3. In each Interim Fee Application and final fee application, all attorneys (each an "Attorney" and, collectively, the "Attorneys") who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code and required to file interim or final fee applications, shall (i) apply for compensation for professional services rendered and, reimbursement of expenses incurred in connection with the Debtors' cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, and (ii) make a

reasonable effort to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, to the extent applicable.

4. Each member of the Committee will be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, or the practices of this Court.

5. Notice of interim and final fee application requests shall be served on (a) the Notice Parties, and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and requested such notice (the "Additional Service Parties"). The Notice Parties shall also be entitled to receive complete copies of the Monthly Fee Applications, any Interim Fee Application Requests, any final fee application requests, and any notices of hearing on interim or final fee application requests; the Additional Service Parties shall be entitled to receive only the notices of hearing on the interim and final fee application requests. Any Additional Service Party may request a complete copy of any Monthly Fee Application or Interim Fee Application by contacting the applicable Professional.

6. The Debtors must include all payments made to Professionals in accordance with the Compensation Procedures in their monthly and quarterly operating reports, identifying the amount paid to each of the Professionals.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order

Dated: 12/3 2018
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

EAST\162582849.2