IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re:                                                          : Chapter 11
:
PROMISE HEALTHCARE GROUP, LLC, et al.,[1]  : Case No. 18-12491 (CSS)
:
  Debtors.                                                      : (Jointly Administered)
:
---------------------------------------------------------------x  Related D.I.: 11 & 42

**FINAL ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN,
ADMINISTER, MODIFY, AND RENEW THEIR REFUND PROGRAMS
AND PRACTICES AND (II) HONOR OBLIGATIONS RELATED THERETO**

Upon consideration of the motion (the "*Motion*")[2] for entry of a final order (this "*Final Order*") (a) authorizing the Debtors (i) to maintain, administer, modify, and renew their Refund Program and make payments to patients and Third-Party Payors, or to otherwise honor accrued prepetition obligations owed under their Refund Program, and (ii) to continue, replace, modify, or terminate any Refund Program in the ordinary course of business, (b) authorizing and directing

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

EAST\162331062.1

financial institutions to receive, process, honor, and pay all related checks and electronic payment requests for payment of Refund Program Obligations, and (c) granting related relief, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements from counsel and evidence adduced in support of the Motion on an final basis at the hearing held before this Court, if any (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay or otherwise honor any Refund Program Obligations in the ordinary course of business without further order of the Court.

3. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as being approved by this Final Order.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim or lien, (c) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code, or (d) a grant of third-party beneficiary status or bestowal of any additional rights on any third party.

5. Nothing in the Motion or this Final Order shall impair the ability of the Debtors or any party in interest to contest the validity or amount of any payment made pursuant to this Final Order.

6. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfers requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Refund Program Obligation.

7. For the avoidance of doubt, nothing in this Final Order shall restrain, limit or impact any action by the U.S. Department of Health & Human Services ("*HHS*"), the Centers for Medicare and Medicaid Services or Medicare Administrative Contractors to implement the Medicare program. Nothing contained herein shall affect, modify or impair any governmental unit's recoupment or setoff rights, claims, or defenses. Nothing contained in this Final Order should be construed to affect the exclusive jurisdiction of HHS to adjudicate and pay Medicare

claims in the ordinary course, *provided however* that the Debtors reserve the right to contest HHS's exclusive jurisdiction at a later date.

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Date: 12/3, 2018
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE