# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : : : : : : : : : : : | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 263<br><br>**Hearing Date: Jan. 22, 2019 at 10:00 a.m. (ET)**<br>**Objection Deadline: Jan. 4, 2019 at 4:00 p.m. (ET)** |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | | |
| Debtors. | | |

## MOTION OF THE DEBTORS FOR AN ORDER (I) DISMISSING THE CHAPTER 11 CASES OF SUCCESS HEALTHCARE 2, LLC, ST. ALEXIUS HOSPITAL CORPORATION #1, AND ST. ALEXIUS PROPERTIES, LLC AND (II) GRANTING RELATED RELIEF

Promise Healthcare Group, LLC ("*Promise*") and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (collectively, the "*Chapter 11 Cases*") file this motion (this "*Motion*"), pursuant to sections 105(a), 305(a), and 1112(b) of the United States Code (the "*Bankruptcy Code*"), Rule 1017 of the Federal Rules

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 1017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of orders, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) dismissing the Chapter 11 Cases of Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, and St. Alexius Properties, LLC (Case Nos. 18-12525, 18-12526, and 18-12527 respectively) (the "**St. Alexius Debtors**"), (ii) approving a modified jointly administered case caption removing the St. Alexius Debtors from the jointly administered case caption, and (c) granting related relief. In support thereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Debtors have filed the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of the Equity Interests of Success Healthcare 2, LLC Free and Clear of All Liens, Claims, Interests, and Encumbrances, and (II) Other Related Relief* (the "**Sale Motion**") (D.I. 263), seeking approval of a sale of 100% of the equity interests in Success Healthcare 2, LLC (the "**Sale**"), pursuant to a certain Purchase Agreement by and among Debtor Success Healthcare, LLC, as Seller (the "**Seller**"), and Americore Holdings, LLC, a Delaware limited liability company, or its assignee, nominee, or designee, as purchaser (the "**Purchaser**"), as amended (the "**Purchase Agreement**").

2. If the Sale contemplated by the Sale Motion and Purchase Agreement is approved by this Court and subsequently consummated, Success Healthcare 2, LLC will be wholly-owned by the Purchaser, a non-debtor entity. As a result—and similarly—St. Alexius Hospital Corporation #1 and St. Alexius Properties, LLC, which are wholly-owned by Success

Healthcare 2, LLC, will be indirectly owned by the Purchaser, a non-debtor entity.[2]

3. As a result, if this Court approves the Sale and the Sale is consummated, it will no longer be necessary—and it would be contrary to the terms and conditions of the Sale—for the St. Alexius Debtors to remain as debtors under chapter 11 of the Bankruptcy Code.

4. Moreover, it is a condition for consummation of the Sale that the Chapter 11 Cases of the St. Alexius Debtors be dismissed.

5. Because (a) the Sale is in the best interests of the Debtors (including the St. Alexius Debtors), (b) dismissal is a condition to closing the Sale, and (c) upon approval and closing of the Sale, the St. Alexius Debtors would be owned by the Purchaser, an unrelated, non-debtor entity, the Debtors believe dismissal of the Chapter 11 Cases of the St. Alexius Debtors is warranted.

## JURISDICTION AND VENUE

6. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

7. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the Debtors consent to entry

---

[2] In addition, as set forth in the Sale Motion, certain "Excluded Assets" are being transferred from Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, and St. Alexius Properties, LLC to Success Healthcare, LLC, which will remain as a Debtor in these Chapter 11 Cases. For the avoidance of doubt, the Excluded Assets include, among other things: (i) any causes of action or the proceeds thereof arising under chapter 5 of the Bankruptcy Code or applicable state law equivalents; (ii) any commercial tort claims (as such term is defined in the Uniform Commercial Code as in effect in the State of New York) arising on or before the Closing Date or the proceeds thereof, including, without limitation, any and all causes of action (a) against present and former directors and officers of Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, and St. Alexius Properties, LLC, (b) against direct and indirect equity holders of Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, and St. Alexius Properties, LLC, and (c) of Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, and St. Alexius Properties, LLC against other Debtors; and (iii) any claims or causes of action against contract counterparties of Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, or St. Alexius Properties, LLC (collectively, the "*Causes of Action*").

of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. Venue of these cases and related proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

9. On November 5, 2018 (the "*Petition Date*"), each of the Debtors commenced the Chapter 11 Cases.

10. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases. A committee of unsecured creditors was appointed on November 14, 2018.

12. A detailed background of the Debtors' businesses and operations, as well as the events leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Andrew Hinkelman in Support of First Day Relief* (the "*First Day Declaration*") (D.I. 18).

## RELIEF REQUESTED

13. By this Motion, the Debtors seek (i) to dismiss the Chapter 11 Cases of the St. Alexius Debtors, pursuant to sections 105(a) and 1112(b) or, alternatively, section 305(a) of the Bankruptcy Code, (b) approval a modified jointly administered case caption removing the St. Alexius Debtors from the case caption, and (c) certain related relief .

## BASIS FOR RELIEF REQUESTED

14. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15.  Section 1112(b) provides that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b).

16.  Whether "cause" exists is determined on a case-by-case basis, and the decision to dismiss a chapter 11 case rests in the sound discretion of the court. *See In re Nugelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992) (stating that "[c]ourts have wide latitude in determining whether cause exists to convert or dismiss" a chapter 11 bankruptcy case); *In re Young*, 76 B.R. 376, 378 (Bankr. D. Del. 1987) (holding that section 1112(b) permits the court in its discretion to dismiss a chapter 11 case, and that the determination of whether cause has been shown must be made on a case-by-case basis); *see also In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993) (noting that the bankruptcy court has broad discretion to dismiss a bankruptcy case for cause).

17.  Section 1112(b) of the Bankruptcy Code provides a nonexclusive list of sixteen examples of "cause" that may constitute grounds for dismissal. 11 U.S.C. § 1112(b)(4)(A)–(P); *Frieouf v. U.S. (In re Frieouf)*, 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b) of the Bankruptcy Code's list is nonexclusive).

18.  Here, cause exists to dismiss the Chapter 11 Cases of the St. Alexius Debtors, because the Sale is contingent upon their dismissal, and, as more fully set forth in the Sale Motion, consummating the Sale is in the best interests of the Debtors, their estates, and the creditors and other interested parties. Moreover, if the Sale is approved by this Court and dismissal was not granted, the St. Alexius Debtors would be owned by an unrelated, non-debtor

entity, upon the closing of the transaction contemplated by the Purchase Agreement and Sale Motion.

19. Therefore, preventing the Debtors from dismissing the Chapter 11 Cases of the St. Alexius Debtors could jeopardize the Sale and the success of the remaining Chapter 11 Cases. Because dismissal of the Chapter 11 Cases of the St. Alexius Debtors is in furtherance of the Sale, the proceeds of which will benefit the Debtors, their estates, and the creditors, cause exists to dismiss the St. Alexius Debtors.

20. Alternatively, cause exists to dismiss the Chapter 11 Cases of the St. Alexius Debtors, pursuant to section 305(a) of the Bankruptcy Code:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension . . . .

11 U.S.C. § 305(a)(1).

21. In applying section 305(a), courts have considered a wide range of factors including, but not limited to:

> i. economy and efficiency of administration;
>
> ii. whether federal proceedings are necessary to reach a just and equitable solution;
>
> iii. whether there is an alternative means of achieving an equitable distribution of assets; and
>
> iv. whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves the interests in the case.

*See In re Crown Village Farm, LLC*, 415 B.R. 86, 97 (Bankr. D. Del. 2009) (enumerating section 305(a) factors and denying motion only because dismissal or abstention would have a deleterious effect on the administration of the debtor's chapter 11 case "which would languish while core issues were tried elsewhere"); *see also In re Mazzocone*, 200 B.R. 568, 575 (E.D. Pa.

1995). However, "the exact factors to be considered and the weight to be given to each of them is highly sensitive to the facts of each individual case." *Id.*

22. Under section 305(a) of the Bankruptcy Code, dismissal of the Chapter 11 Cases of the St. Alexius Debtors is warranted, for the same reasons dismissal is warranted pursuant to section 1112(b)—dismissal of the Chapter 11 Cases of the St. Alexius Debtors is necessary to consummate the Sale, which will benefit the Debtors' estates and the creditors, while failure to dismiss these cases could endanger the Sale and hinder the success of the remaining Chapter 11 Cases. Keeping the St. Alexius Debtors in bankruptcy will not provide a greater recovery to creditors and would only harm the Debtors' estates.

23. The Debtors also request that, upon the dismissal of the Chapter 11 Cases, that the Court remove the St. Alexius Debtors from the existing jointly administered case caption and that the following case caption be substituted in place of the existing jointly administered case caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]                      : Case No. 18-12491 (CSS)
                                                                 :
            Debtors.                                             : (Jointly Administered)
---------------------------------------------------------------- x

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),  Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659),

Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

# NOTICE

24. The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) proposed counsel to the unsecured creditors committee; (iii) counsel to Wells Fargo, N.A., as administrative agent under the Debtors' prepetition credit facility; (iv) the Internal Revenue Service; (v) the United States Attorney for the District of Delaware; (vi) the United States Department of Justice; (vii) the United States Department of Education and state licensing and accrediting agencies; (viii) the State Attorney General's Office in each state where the Debtors operate; (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (x) all parties on the Debtors' consolidated matrix of creditors and parties-in-interest, as provided by Rule 2002(a)(4) of the Bankruptcy Rules (collectively, the "***Notice Parties***"). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, and granting the relief requested herein and such other relief as the Court may deem just and proper.

Dated: December 21, 2018  
Wilmington, Delaware

DLA PIPER LLP (US)

/s/ *Stuart M. Brown*  
Stuart M. Brown (#4050)  
Kaitlin MacKenzie Edelman (#5924)  
1201 N. Market Street, Suite 2100  
Wilmington, DE 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: Stuart.Brown@dlapiper.com  
       Kaitlin.Edelman@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP  
John Tishler (admitted *pro hac vice*)  
Katie G. Stenberg (admitted *pro hac vice*)  
Blake D. Roth (admitted *pro hac vice*)  
Tyler N. Layne (admitted *pro hac vice*)  
511 Union Street, Suite 2700  
Nashville, TN 37219  
Telephone: (615) 244-6380  
Facsimile: (615) 244-6804  
Email: John.Tishler@wallerlaw.com  
       Katie.Stenberg@wallerlaw.com  
       Blake.Roth@wallerlaw.com  
       Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors and  
Debtors in Possession*