# EXHIBIT A

**Proposed Form of Dismissal Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| [SUCCESS HEALTHCARE 2, LLC] | : | [Case No. 18-12525 (CSS)] |
| [ST. ALEXIUS HOSPITAL CORPORATION #1] | : | [Case No. 18-12526 (CSS)] |
| [ST. ALEXIUS PROPERTIES, LLC] | : | [Case No. 18-12527 (CSS)] |
| | : | |
| Debtor. | : | |
| | : | |

### ORDER (I) DISMISSING THE CHAPTER 11 CASE OF [SUCCESS HEALTHCARE 2, LLC] [ST. ALEXIUS HOSPITAL CORPORATION #1] [ST. ALEXIUS PROPERTIES, LLC] AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "*Motion*")[1] for entry of an order (this "*Order*") filed by the Debtors; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; adequate notice of the Motion and opportunity for objection having been given; this Court having reviewed and considered the Motion and any objections thereto; this Court having heard statements and evidence presented in support of the relief requested by the Debtors in the Motion at a hearing before this Court (the "*Hearing*"); upon the full record of the Chapter 11 Cases; it appearing that no other notice need be given; it further appearing that the legal and factual bases set forth in the Motion and the record made at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Unless otherwise defined herein, capitalized terms used shall have the meaning ascribed to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Case of [Success Healthcare 2, LLC] [St. Alexius Hospital Corporation #1] [St. Alexius Properties, LLC] (Case No. [18-12525] [18-12526] [18-12527]) shall be dismissed effective as of the Closing Date (as defined in the Purchase Agreement) (the "*Dismissal Date*").

25. Upon the Closing (as defined in the Purchase Agreement), the Debtors shall file (i) a certification of counsel certifying the completion of the Closing, upon which this Order shall become effective, and (ii) an order under certification of counsel providing that the following jointly administered case caption shall be substituted in place of the existing jointly administered case caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ | x : | |
| In re: | : : | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | : : | Case No. 18-12491 (CSS) |
| Debtors. | : : | (Jointly Administered) |
| ------------------------------------------------------------ | x | |

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc.

(7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

3. Notwithstanding section 349 of the Bankruptcy Code, all orders of this Court entered in the St. Alexius Debtors' Chapter 11 Cases on or before the Dismissal Date shall remain in full force and effect and shall survive the dismissal of the bankruptcy cases.

4. Without limiting the generality of the foregoing, the liens (including, without limitation, the scope (*i.e.*, the assets, property, and interests in property encumbered thereby) and the self-effecting and automatic perfection aspects and qualities thereof), claims, rights and other protections granted to Wells Fargo Bank, National Association, in various capacities under that certain *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition ABL Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [D.I. 54] and/or that certain *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition ABL Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [D.I. 218] shall survive the dismissal of the bankruptcy cases.

5. Nothing in this Order shall release, enjoin, bar, limit, or otherwise impede (i) the Seller's or any other Debtors' estates' rights to assert any causes of action that constitute Excluded Assets or (ii) the ability of any creditor of Holdco, Propco, or Opco (other than their Debtor affiliates) to pursue any claims or causes of action against Holdco, Propco, or Opco upon

the dismissal of their bankruptcy cases, and all such rights, claims, and causes of action are expressly reserved and preserved.

6. Notwithstanding anything in the Bankruptcy Code to the contrary, the dismissal of the St. Alexius Debtors shall not impact or otherwise have any effect upon the Excluded Assets, including the Causes of Action.

7. To the extent the Closing Date does not occur within six months from the date of this Order, this Order shall be void and of no further force and effect.

8. Notwithstanding the dismissal of the St. Alexius Debtors, the Court shall retain jurisdiction with respect to all matters, claims, rights, or disputes arising from or related to the implementation of this Order.

9. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

Dated: _____, 2018  _____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE