**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | |
| PROMISE HEALTHCARE GROUP, LLC., et al. ) | Case No.: 18-12491 (CSS) |
| ) | (Chapter 11) |
| Debtor. ) | Jointly Administered |
| ) | |

**OBJECTION BY MEDCOAST MEDSERVICES, INC. DBA MEDCOAST AMBULANCE
TO THE NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF
BUSINESS CONTRACTS AND RELATED CURE AMOUNTS**

MedCoast Medservices, Inc. dba MedCoast Ambulance ("MedCoast"), by and through its

counsel, hereby files its Objection to the "Notice of Potential Assumption and Assignment of

Business Contracts and Related Cure Amounts" ["Notice of Cure Amount"]" filed by the Promise

Healthcare Group, LLC. and its affiliated debtors and debtors-in-possession. In support thereof,

the following is stated.

1.      MedCoast and Success Healthcare 1, LLC dba Silver Lake Medical Center

("Debtor") are parties to a Patient Transportation Agreement ("Agreement") that Debtor seeks to

assume pursuant to the Notice of Cure Amount.

2.      In order to assume the Agreement, the Debtor is required to cure any defaults

existing under the Lease pursuant to §365(b)(1)(A) of the Bankruptcy Code, which provides in

relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the

debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such

contract or lease, the trustee ... cures, or provides adequate assurance that the trustee will promptly

cure, such default..." 11 U.S.C. § 365(b)(1)(A).

3.      In the Notice of Cure Amount, the Debtor has listed the amount $36,472.51 as the

pre-petition debt that is owed by the Debtor under the Lease. This is incorrect.

4.      As reflected and itemized in the A/R statement attached hereto, the Debtor owes the total net sum of $130,076.25 under the Agreement. This is the total cure amount required.

5.      For the foregoing reasons, MedCoast seeks an order of this Court fixing the Debtor's cure obligation under the Agreement in the amount of $130,076.25 plus any additional post-petition amounts accruing under the Agreement through the date of assumption, and directing the Debtor to promptly to satisfy such amounts.

6.      MedCoast reserves its right to object to any other relief sought by the Debtor in connection with the assumption of the Agreement, including, without limitation, the Debtor's proposed adequate assurance of future performance.

WHEREFORE, MedCoast Medservices, Inc. dba MedCoast Ambulance requests that the cure amount be adjusted to reflect the correct amount of $130,076.25.

Dated: December 28, 2018                    Respectfully Submitted,

*/s/ Ronald Drescher*
Ronald J. Drescher, Esq. #4087
Drescher & Associates, P.A.
One Commerce Center
1201 N. Orange Street, Suite 732
Wilmington, DE 19801
(410) 484-9000
rondrescher@drescherlaw.com

*Counsel for Creditor, MedCoast Medservices, Inc.
dba MedCoast Ambulance*

<u>**CERTIFICATE OF SERVICE**</u>

       **I HEREBY CERTIFY** that on December 28, 2018 I caused a copy of foregoing to be sent by direct email and via the Court's CM/ECF electronic filing system.

(i)      Counsel for the Debtors, McDennott Will & Emery LLP, 444 West Lake Street, Chicago, Illinois 60606 (Attn: William P. Smith and James Kapp; wsmith@mwe.com,jkapp@mwe.com) and DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: Stuart Brown; stuart.brown@dlapiper.com);

(ii)     The Debtors, Success Healthcare 1, LLC, 999 Yamato Road, Third Floor, Boca Raton, Florida 33431, Attn: Charles Posternack, M.D. **(by regular U.S. mail**);

(iii)    Counsel to the Stalking Horse Bidder, Valensi Rose PLC, 1888 Century Park East, Suite 1100, Los Angeles, California 90067 (Attn: Gary F. Torrell, Esq.; gft@vnnlaw.com) and Potter Anderson & Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, DE 19801 (Attn: Jeremy W. Ryan, Esq.;jryan@potteranderson.com);

(iv)    Counsel to Wells Fargo Bank, National Association (the administrative agent for the Silver Lake Debtors' secured lenders and the debtor-in-possession financing lenders), McGuireWoods LLP, 1251 6th Ave, 20th floor, New York, NY 10020 (Attn: Brian Swett; bswett@mcguirewoods.com) and Richards, Layton & Finger, PA, 920 N King St, Wilmington, Delaware 19801 (Attn: John Knight; knight@rlf.com)

(v)     Counsel for the Committee, Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, New Jersey 07102 (Attn: Andrew H. Shennan, Esq.; ashennan@sillscummis.com) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler; bsandler@pszjlaw.com); and

(vi)    The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801 (Attn: Brya Keilson; Brya.Keilson@usdoj.gov)


                         */s/ Ronald Drescher*