# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*[1] | Case No. 18-12491 (CSS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 263 |

**OMNIBUS LIMITED OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (A) MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF THE EQUITY INTERESTS IN SUCCESS HEALTHCARE 2, LLC [ST. ALEXIUS FACILITY] FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING THE SELLER TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, AND (III) GRANTING OTHER RELATED RELIEF AND (B) MOTION OF THE DEBTORS FOR AN ORDER (I) DISMISSING THE CHAPTER 11 CASES OF SUCCESS HEALTHCARE 2, LLC, ST. ALEXIUS HOSPITAL CORPORATION #1, AND ST. ALEXIUS PROPERTIES, LLC AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Promise Healthcare Group, LLC, *et al.* (collectively, the "Debtors"), by and through its undersigned

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

counsel, hereby files this omnibus limited objection and reservation of rights (the "Objection") to the (i) *Motion of the Debtors For Entry Of An Order (I) Authorizing The Sale Of The Equity Interests In Success Healthcare 2, LLC [St. Alexius Facility] Free And Clear Of All Liens, Claims, Interests, And Encumbrances, (II) Authorizing The Seller To Assume And Assign Certain Executory Contracts, And (III) Granting Other Related Relief* [Docket No. 263] (the "Sale Motion") and (ii) *Motion Of The Debtors For An Order (I) Dismissing The Chapter 11 Cases Of Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, And St. Alexius Properties LLC, And (II) Granting Related Relief* [Docket No. 349] (the "Dismissal Motion," and together with the Sale Motion, the "Motions").[2] In support of the Objection, the Committee respectfully represents as follows:

## LIMITED OBJECTION

**A.** *Limited Objection to the Sale Motion*

1. The Committee does not generally object to the relief requested in the Sale Motion, including the approval of a private sale (the "Sale") of the Purchased Interests to the Purchaser as set forth in the Purchase Agreement. However, the Committee has requested that the Debtors address certain concerns related to the Sale, including, among other things, (i) the definition of "Causes of Action" and "Excluded Assets," as described further below, (ii) reservation of any and all rights, claims, defenses and objections of the Debtors, the Debtors' estates, and the Committee with respect to any Interests asserted against the net proceeds of the Sale, (iii) the post-closing cooperation of the Purchaser with respect to the Permitted Parties (defined below), and (iv) the inclusion of language in the Purchase Agreement clarifying that the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motions or the Purchase Agreement, as appropriate.

Purchaser shall have no right to make any claims (including but not limited to any claims for indemnification) under the Purchase Agreement or otherwise at law or equity against Seller to the extent the Purchaser believes that it has discovered after Closing that there existed at the time of Closing a breach by Seller of any of Seller's representations, warranties, covenants or other agreements.

2. The Committee has had productive conversations with the Debtors regarding its concerns and has provided the Debtors language, as set forth below, to include in the revised proposed Sale order (the "Proposed Sale Order"), originally filed as Exhibit A to the Sale Motion. The Committee is therefore filing this Objection with respect to the Sale Motion out of an abundance of caution while the parties continue their discussions and, as set forth below, further reserves the right to raise further and other objections to the Sale Motion prior to or at the hearing thereon.

3. The Committee requests that the Debtors add the following language to the Proposed Sale Order (changes highlighted below):

- Paragraph S: The conditions of Bankruptcy Code section 363(f) have been satisfied in full. The Seller may sell the Purchased Interests free and clear of any Interests because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied. Holders of Interests who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2). All other holders of Interests are adequately protected by having their Interests, if any, attach to the net proceeds of the Sale of the Purchased Interests, in the same order of priority and with the same validity, force, and effect that such Interests had prior to the Sale, subject to any claims ~~and~~ , defenses or objections of the Debtors ~~and~~ , their estates or the Official Committee of Unsecured Creditors may possess with respect thereto. Any and all rights, claims, defenses and objections of the Debtors, the Debtors' estates, or the Committee with respect to any Interests, including any Liens or Claims, asserted against the net proceeds of the sale are expressly reserved and preserved.

- Paragraph 8: <u>Transfer of the Purchased Interests Authorized</u>. Pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f), the Debtors are authorized and directed to transfer the Purchased Interests to Purchaser on the Closing Date, and such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Interests and shall vest Purchaser with title to the Purchased Interests. The remaining Excluded Assets and Excluded Liabilities shall be transferred to, and become the assets and liabilities of, Success Healthcare, LLC. <u>Notwithstanding anything to the contrary in the Purchase Agreement or otherwise, (i) any and all causes of action and the proceeds thereof arising under chapter 5 of the Bankruptcy Code or applicable state law equivalents; (ii) any commercial tort claims (as such term is defined in the Uniform Commercial Code as in effect in the State of New York) arising on or before the Closing Date and the proceeds thereof, including, without limitation, any and all causes of action (a) against present and former directors and officers of the Debtors and/or any of their affiliates other than the Purchaser, (b) against direct or indirect equity holders of the Debtors and/or any of their affiliates other than the Purchaser, and (c) of the Debtor and/or any of its affiliates against other Debtor entities and/or any of their affiliates; and (iii) any claims or causes of action against the Debtors' contract counterparties (other than claims or causes of action arising under any Assumed Contract) and the proceeds thereof (collectively, the "Causes of Action") shall constitute Excluded Assets. Notwithstanding anything to the contrary, Success Healthcare, LLC and its bankruptcy estate shall have standing to commence, prosecute or settle any and all Causes of Action.</u>

- Paragraph 9: <u>Assumed Contracts</u>. The assumption of the Assumed Contracts, subject to Closing (as defined in the Purchase Agreement) and <u>the Purchaser's payment of applicable cure amounts and</u> such other conditions as may be imposed by the Purchase Agreement, is approved . . . .

- Paragraph 11: <u>Transfer Free and Clear of Interests</u>. Upon Closing, and other than Permitted Exceptions specifically set forth in the Purchase Agreement, the transfer of the Purchased Interests to Purchaser shall be free and clear of all Interests of any kind or nature whatsoever, including, without limitation, all Claims, Liens and Encumbrances, with all such Interests to attach to the net proceeds of the Sale of the Purchased Interests against which such Interests are asserted, with the same validity, force, and effect, and in the same order of priority, which such Interests had prior to the Closing of the Sale, subject to any rights, claims, and defenses that the Debtors ~~or~~, their estates<u>, or the Committee</u>, as applicable, may possess with respect thereto. <u>Any and all rights, claims, defenses and objections of the Debtors, the Debtors' estates, or the Committee with respect to any Interests, including any Liens, Claims or Encumbrances asserted against the net proceeds of the sale are expressly reserved and preserved.</u>

4. The Committee further requests that the Debtors add the following language to the Proposed Sale Order regarding the post-Closing cooperation of the Purchaser:

> **Post-Closing Cooperation**.  After the Closing, Purchaser shall permit, for a period of not less than six (6) years, each of the Seller, any direct or indirect successor to the Seller and their respective professionals, the Committee and its professionals (collectively, the "Permitted Parties") access to all Books and Records that are in connection with or that otherwise relate to the Hospital and its operations prior to the Closing and that are in the control or the possession of Purchaser or any of its affiliates or their respective agents or representatives (collectively, "Business Records") for the purposes of (i) pursuing, assessing, settling, or otherwise dealing with any Excluded Assets or Excluded Liabilities, (ii) pursuing, assessing, defending, settling, or otherwise dealing with (including, without limitation, exercising rights and remedies with respect to) any claim, action, or cause of action, including, without limitation, any objection or motion, that any Permitted Party has the right to pursue, (iii) performing and/or otherwise dealing with any obligations of the Seller pursuant to the Purchase Agreement, including the Excluded Liabilities, (iv) assisting any one or more of the Permitted Parties in connection with or otherwise relating to the claims reconciliation process relating to any of the Debtors, including, without limitation, with respect to claims against any person, including, without limitation, assessing, resolving, settling, and/or otherwise dealing with priority and administrative claims and any general unsecured claims that accrue prior to the Closing Date and (v) without limiting the generality of the immediately preceding clauses (i) through (iv), otherwise administering the Debtors' estates including, without limitation, the preparation and confirmation of a plan relating to any of the Debtors and the preparation of accompanying disclosure statement, and compliance with any subpoena, document request, or order of any court compelling any Permitted Party to produce documents to third parties, winding down the Debtors' estates, preparing or filing tax returns and causing audits to be performed and/or for any other reasonable purpose.
>
> The right of access for the Permitted Parties shall include, without limitation, (i) the right of such Permitted Party to copy at the Permitted Party's premises or the Hospital at each requesting Permitted Party's expense, such documents and records as they may request in furtherance of any of the purposes referred to herein and (ii) Purchaser's copying and delivering, at the Permitted Party's cost, to such Permitted Party such documents and records as may be requested, but only to the extent such Permitted Party furnishes Purchaser with reasonable written descriptions of the materials to be so copied. Purchaser shall not dispose of or destroy any of the Business Records before the sixth (6) anniversary of the Closing Date and will provide the Permitted Parties and the Bankruptcy Court pursuant to a filing with the Bankruptcy Court with at least ninety (90) days written notice before doing so and will provide each Permitted Party that requests copies of any Business Records within such ninety (90) day period copies of all requested Business Records at the cost of the requesting Permitted Party.

Purchaser shall use commercially reasonable efforts to make reasonably available to Permitted Parties employees of the business to assist the Debtors in connection with the administration of the Debtors' estates as set forth herein, including, without limitation, in connection with Excluded Assets and/or Excluded Liabilities.

5. The Committee also seeks clarification that pursuant to the Purchase Agreement the Seller has no indemnification obligations and that any representations, warranties, covenants and other agreements made by the Seller shall not survive Closing. The Committee therefore requests section 14.1 of the Purchase Agreement, attached as Exhibit 1 to the Proposed Sale Order, be revised as follows (changes highlighted below):

> The parties agree and acknowledge that the <u>representations, warranties, covenants and other agreements</u> made by the Seller herein or in any document delivered pursuant hereto shall not survive the Closing. <u>For the avoidance of doubt, this means that Buyer shall have no right to make any claims (including but not limited to any claims for indemnification) under this Agreement or otherwise at law or equity against Seller to the extent Buyer believes that it has discovered after Closing that there existed at the time of Closing a breach by Seller of any of Seller's representations, warranties, covenants or other agreements</u>.

### B. *Limited Objection to Dismissal Motion*

6. The Committee does not generally object to the relief requested in the Dismissal Motion, which seeks to dismiss the Chapter 11 Cases of Success Healthcare 2, LLC, St. Alexius Hospital Corporation #1, and St. Alexius Properties, LLC (Case Nos. 18-12525, 18-12526, and 18-12527 respectively) (collectively, the "<u>St. Alexius Debtors</u>"). However, the Committee has requested that (i) the Debtors include the defined term "St. Alexius Debtors" in paragraph 2 of the proposed order attached as <u>Exhibit A</u> to the Dismissal Motion (the "<u>Proposed Dismissal Order</u>"), and (ii) modify the language in paragraph 5 of the Proposed Dismissal Order as follows (changes highlighted below):

> Nothing in this Order shall release, enjoin, bar, limit, or otherwise impede (i) the Seller's or any other Debtors' estates' rights to assert any causes of action that constitute Excluded Assets or (ii) the ability of any creditor of ~~Holdco, Propco, or Opco~~ <u>any of the St. Alexius Debtors</u> (other than their Debtor affiliates) to pursue

any claims or causes of action against ~~Holdco, Propco, or Opco~~ <ins>any of the St. Alexius Debtors</ins> upon the dismissal of their bankruptcy cases, and all such rights, claims, and causes of action are expressly reserved and preserved.

7. To date, the Debtors have not confirmed whether they will include the Committee's suggested changes to the Proposed Dismissal Order. As such, the Committee is filing this Objection with respect to the Dismissal Motion out of an abundance of caution while the parties continue their discussions and, as set forth below, further reserves the right to raise further and other objections to the Dismissal Motion prior to or at the hearing thereon.

## RESERVATION OF RIGHTS

8. The Committee expressly reserves and preserves all rights, claims, arguments defenses and remedies with respect to the Motions and/or Sale and to supplement, modify and amend this Objection and/or raise additional objections in writing or orally at the hearing on these Motions.

WHEREFORE, the Committee respectfully requests that approval of the Motions be conditioned on the Debtors' inclusion of the Committee's proposed language.

Dated: January 2, 2019

*/s/ Bradford J. Sandler*
Jeffrey N. Pomerantz, Esq.
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: jpomerantz@pszjlaw.com
   bsandler@pszjlaw.com
   crobinson@pszjlaw.com

- and –

Andrew H. Sherman
Boris I. Mankovetskiy
Rachel E. Brennan
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
Email: asherman@sillscummis.com
   bmankovetskiy@sillscummis.com
   rbrennan@sillscummis.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*