IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12491 (CSS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 326** |

### ORDER AUTHORIZING AND APPROVING THE RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO NOVEMBER 14, 2018

Upon the *Application of the Official Committee of Unsecured Creditors for Order, Pursuant to 11 U.S.C. §§ 328 and 1103, Fed. R. Bankr. P. 2014, and Local Rule 2014-1, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to*

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

*November 14, 2018*(the "<u>Application</u>");[2] and upon the Declaration of Bradford J. Sandler and the Declaration of the Committee Chair filed in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor; and it appearing to the Court that the Application should be approved,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Committee is hereby authorized to retain and employ PSZJ as co-counsel and conflicts counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, *nunc pro tunc* to November 14, 2018.

3. PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with the applicable provisions of the Bankruptcy Code, including section 330 of the Bankruptcy Code, the Bankruptcy Rules, and any applicable procedures and orders of this Court.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or Sandler Declaration.

4. PSZJ is authorized to render professional services to the Committee as described in the Application.

5. PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. PSZJ also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this Application and any interim and final fee application to be filed by PSZJ in these Cases.

6. PSZJ shall make all reasonable efforts to avoid the duplication of services provided by any of the Debtors' other retained Professionals in these Cases.

7. PSZJ shall provide ten (10) business days' notice to the Debtors, the Official Committee of Unsecured Creditors, and the U.S. Trustee before any increases in the rates set forth in the Application or Sandler Declaration and shall file such notice with the Court.

8. The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 7, 2019

_____
Honorable Christopher S. Sontchi
Chief United States Bankruptcy Judge