## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>Jointly Administered<br><br>Hearing Date: February 1, 2019 at 2:00 p.m. (ET)<br>Objections Due: January 23, 2019 at 4:00 p.m. (ET) |

### MOTION OF MARY ANN COWEN FOR RELIEF FROM THE AUTOMATIC STAY

Mary Ann Cowen ("Movant"), by and through her undersigned counsel, hereby moves for relief from the automatic stay pursuant to Section 362(d)(1) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to proceed with

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

her lawsuit (the "Utah Action") against Promise Hospital of Salt Lake, Inc. (the "Debtor" or "Promise Hospital") and Michael S. Webb, M.D., solely to the extent of available insurance coverage, for medical negligence that occurred while Movant was a resident at Promise Hospital. In support of this motion, Movant respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory basis for the relief sought herein is Section 362(d) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 4001 and Local Rule 4001-1.

3. The Movant does not consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

4. On July 2017, Movant was a resident at Promise Hospital for post-surgical recovery. Complaint, ¶ 9. Due to the improper placement of her PICC line—which administered IV antibiotics to Movant—in an artery instead of a vein, Movant suffered multiple embolic strokes. See Id. at ¶ 10–22. Even after Movant showed clear signs of error in medical treatment and eventually strokes, no appropriate corrective action was taken for over two days.

5. As a result of the Debtor's negligent acts and omissions, the Movant, who prior to the negligent treatment was a highly functioning individual, now is debilitated and can no longer care for herself. Movant has sustained both economic and non-economic damages, including

severe and permanent neurological injury and disability, physical limitations, loss of quality of life, past and future medical expenses, long-term care facility expenses, loss of independence and pain and suffering. Id. at ¶ 25–27.

6. On November 13, 2017, the Movant filed a Notice of Intent to Commence Medical Malpractice Action (the "Notice of Intent") with the Utah Department of Commerce, Division of Occupational and Professional Licensing and sent a copy to the Debtor. A copy of the stamped Notice of Intent, showing receipt by the Division of Occupational and Professional Licensing, is attached hereto as Exhibit A.

7. Subsequently, the Movant, the Debtor and related parties to the Utah Action engaged in the pre-litigation process before the Division of Occupational and Professional Licensing pursuant to § 78B-3-4, Utah Code Ann., 1953 as amended. On September 24, 2018, the Division of Occupational and Professional Licensing issued its Pre-Litigation Panel Opinion and Certificate of Compliance, certifying that all state law pre-litigation requirements were satisfied. A copy of the Certificate of Compliance is attached hereto as Exhibit B.[2]

8. On November 9, 2018, prior to being notified by the Debtor that it had filed a voluntary petition under Chapter 11,[3] the Movant filed the Complaint & Jury Demand against the Debtor and Michael S. Webb, M.D. in the Third Judicial District Court in and for Salt Lake County, State of Utah (the "Complaint"). A copy of the Complaint is attached hereto as Exhibit C.

9. Upon information and belief, the claims held by Movant against the Debtor are covered by one or more liability insurance policies issued for the benefit of the Debtor.

---

[2] The Pre-Litigation Panel Opinion is confidential and is thus not attached as an exhibit to this motion.

3

## PROCEDURAL HISTORY OF BANKRUPTCY CASE

10. On November 5, 2018 (the "Petition Date"), the Debtor commenced its chapter 11 case. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Debtor's chapter 11 case. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") on November 14, 2018.

11. The Debtor's bankruptcy case is being jointly administered with several affiliated entities.

12. On November 29, 2018, the Debtor filed the Notice of Bankruptcy Stay in the Utah Action, advising the District Court for Salt Lake County, Utah that defendant Promise Hospital of Salt Lake, Inc. filed for bankruptcy and that the filing of the petition automatically stayed the Utah Action.

13. Prior to filing this motion, Movant's counsel contacted Debtor's counsel to resolve the relief requested herein through a stipulation. However, at the time of filing this motion, the Debtor had not agreed to stipulate to the relief requested herein.

## REQUESTED RELIEF

14. Movant respectfully requests that this Court enter an order in the form attached hereto as Exhibit D, pursuant to Bankruptcy Code § 362(d), lifting the automatic stay to allow Movant to prosecute her lawsuit against the Debtor and collecting any potential settlement or judgment solely from any applicable insurance policies of the Debtor.

---

[3] The Debtor filed a notice of commencement in the Utah action on November 29, 2018.

## BASIS FOR RELIEF

15. Bankruptcy Code § 362(d)(1) provides that a court **shall** grant relief from stay for "cause." The legislative history of Bankruptcy Code § 362 indicates that "cause" may be established by a single factor, such as "a desire to permit an action to proceed . . . in another tribunal." <u>Izzarelli v. Rexene Products Co. (In re Rexene Products Co.)</u>, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 341 (1977)).

16. In determining whether cause exists to lift the stay to permit a party to litigate an action in a non-bankruptcy court, the Third Circuit applies a three-factor balancing test, which considers:

   a) whether any great prejudice to either the bankrupt estate or the debtor results from allowing the civil suit to continue;

   b) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor; and

   c) whether it is possible that the creditor has a probability of prevailing on the merits.

<u>Rexene</u>, 141 B.R. at 576; <u>see</u> <u>also</u> <u>American Airlines Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.</u>), 152 B.R. 420, 424 (D. Del. 1993). Application of the above factors to the present case weighs heavily in favor of granting Movant the limited stay relief requested in this Motion.

### A. The Debtor and its estate will not suffer prejudice if the automatic stay is lifted.

17. Neither the bankruptcy estate nor the Debtor will suffer undue prejudice if Movant is permitted to prosecute her lawsuit against the Debtor with any recovery to be paid solely from applicable insurance policies. The purpose of the automatic stay "is three-fold: 'to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in

general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'" Rexene, 141 B.R. at 576 (citing Borman v. Raymark Ind., Inc., 946 F.2d 1031, 1036 (3d Cir. 1991)).

18.     Consistent with that purpose, courts have routinely modified the automatic stay to allow for the prosecution of state law claims to the extent of a debtor's insurance coverage. See, e.g. In re Fernstrom Storage and Van Co., 983 F.2d 731, 736 (7th Cir. 1991) (holding that the debtors "suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors.").

19.     Here, Movant is not attempting to gain any unfair advantage over other creditors of the Debtor.  Movant suffered significant and life changing injuries from Debtor's negligence and is simply attempting to recover compensation from applicable insurance coverage.  Allowing stay relief for this limited purpose will not interfere with the Debtor's reorganization efforts and thus the Debtor will not suffer any undue prejudice.

### B.     Movant's hardship outweighs the hardship, if any, to the Debtor.

20.     In contrast, the continued imposition of the stay to Movant's lawsuit will result in significant harm to the Movant.  Movant has suffered substantial economic and non-economic damage and losses as a result of the Debtor's negligent acts.  Continuation of the automatic stay would prevent Movant from recovering these damages from the Debtor's insurance carriers and it would cause Movant to suffer significant hardship as she continues to incur substantial medical expenses and long-term care facility expenses.

21.     Conversely, permitting Movant to recover against the Debtor's insurance in the pending action in Utah state court will not result in undue hardship to the Debtor.  First, the

interest of the estate in the proceeds of the insurance policies, if any, is *de minimis*. See, e.g. Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Memorial Corp.), 382 B.R. 652, 688 (Bankr. D. Del 2008), rev'd on other grounds, 400 B.R. 420 B.R. 420 (D. Del. 2009) (concluding that applicable case law provides "virtually no support . . . for the notion . . . that the automatic stay should be continued in effect to prevent [the plaintiff] from accessing the proceeds of these insurance policies."). Moreover, Movant and any potential witnesses are located in Utah, the location where Movant was injured by the defendants, making it more efficient to allow the proceeding to continue in Utah. See Rexene, 141 B.R. at 576 (noting "[i]t will often be more appropriate to permit proceedings to continue in their place of origin"). Indeed, it would be nonsensical to force the parties to the lawsuit to litigate in Delaware District Court,[4] which would unnecessarily increase all parties' costs, as all witnesses, documents, and the counsel with the most familiarity with the underlying facts are all in Utah. Therefore, the balance of hardships weighs heavily in favor of Movant.

      **C.**      **Movant has a reasonable probability of prevailing on the merits.**

22.      When a party seeks to lift an automatic stay, the required showing for the movant's probability of success is "very slight." Rexene, 141 B.R. at 578. It "merely requires a showing that [the movant's] claim is not frivolous." In re Levits, 267 B.R. 516, 523 (Bankr. D. Del. 2000).

23.      The evidence developed to date, including the factual allegations set forth above and in Exhibit C hereto, among other things, demonstrate that Movant has a significant probability of prevailing on the merits of her claim against the Debtor. The Movant has complied with the state law pre-litigation requirements, including a pre-litigation hearing before

---

[4]     Under 28 U.S.C. § 157(b)(5), the bankruptcy court may not hear personal injury claims.

panel members appointed by the Division of Occupational and Professional Licensing, and received a Certificate of Compliance from the Division allowing Movant to proceed with her lawsuit.  Under these circumstances, the Movant has demonstrated a reasonable probability of prevailing on the merits.

### NOTICE

22.  Notice of this motion has been given to: (i) counsel for the Debtor; (ii) the U.S. Trustee; (iii) counsel for the Committee; (iv) counsel for the DIP lenders; and (v) any other party directly affected by the relief requested herein.  In light of the nature of the relief requested, Movant submits that no further notice need be given.

### NO PRIOR REQUEST

23.  No prior request for the relief sought in this motion has been made to this Court or any other court.

**WHEREFORE**, Movant respectfully requests that this Court (i) enter the order attached hereto as Exhibit D granting relief from the automatic stay for Movant to prosecute her lawsuit in Utah against the Debtor with any recovery to be paid solely from applicable insurance policies of the Debtor, and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: January 9, 2019
       Wilmington, DE                   MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                        */s/ Paige N. Topper*
                                        Curtis S. Miller (No. 4583)
                                        Paige N. Topper (No. 6470)
                                        1201 North Market Street, 16th Floor
                                        Wilmington, DE 19801
                                        Telephone:  302.658.9200
                                        Facsimile:   302.658.3989
                                        Email: cmiller@mnat.com
                                                  ptopper@mnat.com

and

Jacquelynn D. Carmichael
EISENBERG, GILCHRIST & CUTT
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
Email: jcarmichael@egclegal.com

*Counsel for Mary Ann Cowen*

12468533.5