## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]   :   Case No. 18-12491 (CSS)
                                        :
          Debtors.                      :   (Jointly Administered)
-------------------------------------------------------------x

## COVER SHEET FOR FIRST MONTHLY FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD OF NOVEMBER 5, 2018 THROUGH DECEMBER 31, 2018

| | |
|---|---|
| Name of Applicant: | Houlihan Lokey Capital, Inc. |
| Authorized to Provide Professional Services to: | the above-captioned debtors and debtors-in-possession |
| Date of Retention: | December 11, 2018, *nunc pro tunc* to November 5, 2018 |
| Period for which compensation and reimbursement are sought: | November 5, 2018 through December 31, 2018 |

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

Amount of Compensation sought as actual, reasonable, and necessary:     $100,000.00 (80% of $125,000.00)

Amount of Expense Reimbursement sought as actual, reasonable, and necessary:     $4,582.17

This is a(n):   X Monthly     ___ Interim     ___ Final Application

Is this a first monthly application?  Yes X    No ___

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re:                            : Chapter 11
:
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[2] : Case No. 18-12491 (CSS)
:
           Debtors.              : (Jointly Administered)
------------------------------------------------------------x

### FIRST MONTHLY FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD OF <u>NOVEMBER 5, 2018 THROUGH DECEMBER 31, 2018</u>

Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as financial advisor and investment

banker to the debtors and debtors-in-possession in the above-captioned case (collectively, the

"Debtors"), hereby submits its application for compensation and reimbursement of expenses (the

"Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[2] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 198] (the "Interim Compensation Order"). By the Application, Houlihan Lokey seeks compensation for investment banking services performed and expenses incurred during the period commencing November 5, 2018 through December 31, 2018 (the "Application Period").

By this Application, Houlihan Lokey requests: (a) monthly allowance of compensation of $100,000.00 (80% of $125,000.00 due on December 1, 2018) and (b) reimbursement of $4,582.17 in expenses in accordance with the Interim Compensation Order. The total amount of compensation and expense reimbursement requested to be paid pursuant to this Application is $104,582.17. Pursuant to the terms of Houlihan Lokey's Engagement Agreement, Houlihan Lokey received the Monthly Fee of $125,000.00 due on November 1, 2018, which covered the fees for the period that straddles the Petition Date through and including November 30, 2018, prior to the Petition Date.

Pursuant to Local Bankruptcy Rule 2016-2, this Application is supported by the Certification of Andrew Turnbull, which is annexed hereto as Exhibit A. In support of this Application, Houlihan Lokey states as follows:

## BACKGROUND

1.      On November 5, 2018 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

2.    The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    On November 14, 2018, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these chapter 11 cases.

4.    On November 15, 2018, the Debtors filed an application for an order approving the employment and retention of Houlihan Lokey [Docket No. 105] (the "Retention Application").

5.    On December 11, 2018, the Court entered its Order approving the Retention Application [Docket No. 285] (the "Retention Order").

6.    The terms and conditions of Houlihan Lokey's engagement in this case, which are embodied in the Retention Application and Retention Order and approved by the Court, are based upon Houlihan Lokey's Engagement Agreement with the Debtors as of June 1, 2018 (the "Engagement Agreement"), as amended by the Retention Order.  Pursuant to the Engagement Agreement, Houlihan Lokey is to be compensated through a monthly fee of $125,000.00, plus Transaction Fees (as defined in section 3 of the Engagement Agreement).

7.    In addition, the Engagement Agreement and Retention Order entitle Houlihan Lokey to receive reimbursement of all actual and reasonable out-of-pocket expenses pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules and applicable order of this Court.

8.    As detailed in the Retention Application, the terms of the Engagement Agreement are comparable to the terms Houlihan Lokey and other investment bankers have agreed upon in similar engagements, both in and outside of bankruptcy.

9.    By this Application, Houlihan Lokey requests: (a) monthly allowance of

compensation of $100,000.00 (80% of $125,000.00 due on December 1, 2018) and (b) reimbursement of $4,582.17 in expenses in accordance with the Interim Compensation Order.

10.    Under the Retention Order, Houlihan Lokey is compensated on a flat monthly and transactional, as opposed to hourly, fee basis, reflecting a typical fee structure for Houlihan Lokey and other leading investment banking firms.  For the convenience of the Court and all parties in interest, attached hereto as <u>Exhibit B</u> is a summary setting forth estimated hours worked by professional by work category during the Application Period.  Since Houlihan Lokey does not have the systems in place to allow its professional staff to regularly log hours worked, the hours logged are estimates only and Houlihan Lokey believes the actual hours worked are likely understated.

## SUMMARY OF SERVICES PROVIDED BY HOULIHAN LOKEY

11.    Since Houlihan Lokey was first engaged on June 1, 2018, Houlihan Lokey has worked diligently on the matters for which it was engaged and, as a result, and is uniquely situated to advise the Debtors.  The Debtors chose Houlihan Lokey to act as its financial advisor and investment banker because, *inter alia*, Houlihan Lokey has substantial experience providing financial restructuring and healthcare industry investment banking services and other relevant expertise.

12.    During the Application Period, although a number of professionals have worked on this engagement, the following professionals in Houlihan Lokey's Chicago and Dallas offices have performed substantial services to the Debtors in this case:

| | |
|---|---|
| Andrew Turnbull | – Managing Director |
| Matthew Ryan | – Managing Director |
| Scott Kremeier | – Senior Vice President |

Moyo Mamora         – Associate
Brian Marks         – Associate
Marc Epstein        – Financial Analyst
Conor Dorgan        – Financial Analyst

13.    During the Application Period, Houlihan Lokey's work on behalf of the Debtors has been divided into six separate categories of work, as follows:

a)  Due Diligence, Analysis and Review

b)  Asset Sale / Bid Analysis, Discussions and Related Matters

c)  Correspondence with Debtors and Debtors' Advisors

d)  Court Hearings, Meetings and Discussions with Parties-in-Interest

e)  Correspondence with Creditors and Creditors' Advisors

f)  Administrative

**A.    Due Diligence, Analysis and Review.**    Houlihan Lokey has been involved in the investigation and associated analyses in connection with providing advice regarding many of the decisions facing the Debtors, including issues related to the Debtors' liquidity and financial condition, bankruptcy matters, asset purchase agreement, the sale process and alternatives, and other strategy and tactics related to the case. Houlihan Lokey has also supported and coordinated extensive due diligence performed by parties-in-interest. This included a review of operations, assets, employees and other matters, as well as corresponding liabilities.

**B.    Asset Sale / Bid Analysis, Discussions and Related Matters.** Houlihan Lokey has assisted the Debtors in evaluating the sale process and bidding procedures with respect to the sale of the Debtors' assets. Based on this analysis, Houlihan Lokey negotiated with potential bidders to improve the Debtors' contemplated process dynamics in an effort to

7

maximize value to the estate. Houlihan Lokey also assisted in crafting and finalizing marketing materials and contacting potential bidders to encourage and solicit overbids for the Debtors' assets.

C.    **Correspondence with Debtors and Debtors' Advisors.** Houlihan Lokey engaged in extensive correspondence, meetings and calls with the Debtors' management, board, counsel, and the Debtors' other advisors in these chapter 11 cases, as well as significant preparations related to such communications. In addition, Houlihan Lokey provided periodic situational updates to the Debtors. During these updates, Houlihan Lokey reported on the status of the sale process, feedback from parties-in-interest, and the status of diligence and other process-related issues. Houlihan Lokey spent considerable time exploring and evaluating various potential outcomes and strategies for the sale process along with the Debtors' other advisors.

D.    **Court Hearings, Meetings and Discussions with Parties-in-Interest.** Houlihan Lokey engaged in extensive correspondence and preparation for meetings and calls with various parties-in-interest in these chapter 11 cases, including periodic situational updates. Houlihan Lokey attended court hearings in the Debtors' case. Houlihan Lokey further responded to incoming inquiries from creditors and other parties-in-interest related to the sale process and communicated and discussed the process with numerous parties.

E.    **Correspondence with Creditors and Creditors' Advisors.** Houlihan Lokey communicated telephonically and in-person with the Debtors' creditors and the creditors' advisors. Key areas of discussion included: structure of the sale and overbid process; estimates of the impact of the process on various classes of claims; discussion of the Debtors' business, investment merits/risks, broader industry dynamics; and other such matters pertaining to the

8

Debtors' business. Houlihan Lokey also spent a considerable amount of time facilitating diligence and providing situation updates.

      **F.**    **Administrative.**  Houlihan Lokey expended time on administrative matters including, but not limited to, preparing its employment application, and tracking hours and expenses. Houlihan Lokey has also coordinated any such services performed at the Debtors' request with services of any other advisors and counsel, as appropriate, in an effort to avoid duplication of efforts.

14.    Pursuant to the Retention Order, Houlihan Lokey is excused from complying with the information requirements contained in Local Bankruptcy Rule 2016-2(d).

## HOULIHAN LOKEY'S APPLICATION

15.    The professional services and related expenses that are the subject of this Application were rendered and incurred in connection with this case, and in discharge of Houlihan Lokey's professional responsibilities as financial advisor and investment banker for the Debtors in these chapter 11 cases. Houlihan Lokey's services have been substantial, necessary, and beneficial to the Debtors in this case. Houlihan Lokey believes that the fees and expenses requested by this Application are reasonable and necessary given the variety and complexity of the issues involved in this case, the need to act or respond on an expedited basis to those issues, and are contemplated by the Bankruptcy Code and this Court's Retention Order.

16.    All requested expenses are in compliance with Local Bankruptcy Rule Number 2016-2. Houlihan Lokey has maintained detailed records of actual and necessary expenses incurred. Accordingly, Houlihan Lokey requests (a) monthly allowance of compensation of $100,000.00 (80% of $125,000.00 due on December 1, 2018) and (b) reimbursement of $4,582.17 in expenses in accordance with the Interim Compensation Order.

17.     Prior to the Petition Date, Houlihan Lokey received $5,000.00 as an expense retainer to cover expenses estimated to have been incurred prior to the Petition Date. To date, $5,000.00 has been applied against the retainer. Houlihan Lokey has determined that it incurred $13,081.40 of pre-pre-petition expenses. Consequently, Houlihan Lokey has written off $8,081.40 of these pre-petition expenses and will not be seeking reimbursement of such amounts from the Debtors.

18.     Houlihan Lokey's fee and expense detail is outlined in Exhibit C attached hereto. The total amount of compensation and expense reimbursement requested to be paid pursuant to this Application is $104,582.17 of which $104,582.17 remains unpaid as of this filing.

WHEREFORE, Houlihan Lokey requests that the Court enter an order providing that, for the period of November 5, 2018 through December 31, 2018, allowance for payment be made to Houlihan Lokey for: (a) compensation during the Application Period in the amount of $100,000.00 (80% of $125,000.00 due on December 1, 2018), (b) reimbursement of $4,582.17 in expenses in accordance with the Interim Compensation Order, and (c) granting any such and further relief as the Court may deem proper.

Dated:    January 15, 2019
          Chicago, Illinois

                              HOULIHAN LOKEY CAPITAL, INC.

                              By: _____
                                   Andrew Turnbull
                                   Managing Director

                                   111 South Wacker Drive
                                   37th Floor
                                   Chicago, IL 60606
                                   (312) 456-4700

                                   *Financial Advisor and Investment Banker to*
                                   *the Debtors and Debtors-in-Possession*