## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*[1] | Case No. 18-12491 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: September 4, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if necessary** |

### SEVENTH MONTHLY APPLICATION OF SILLS CUMMIS & GROSS P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2019 THROUGH JUNE 30, 2019

| | |
|---|---|
| Name of Applicant: | Sills Cummis & Gross P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | January 8, 2019 *nunc pro tunc* to November 14, 2018 |
| Period for which compensation | June 1, 2019 – June 30, 2019 |

---

1 The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

6561547

and reimbursement are sought:

Amount of compensation sought as actual,
reasonable, and necessary:                    $86,238.40  (80% of $107,798.00)

Amount of expense reimbursement sought
as actual, reasonable, and necessary:         $69.83

This is a monthly application.

6561547

## COMPENSATION BY PROFESSIONAL
## JUNE 1, 2019 THROUGH JUNE 30, 2019

| Name of Professional Individual | Position, primary department or group, year of obtaining relevant license to practice, if applicable | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrew H. Sherman | Member, Bankruptcy<br>First Bar Admission: 1991 | $775 | 27.4 | $21,235.00 |
| Boris Mankovetskiy | Member, Bankruptcy<br>First Bar Admission: 2001 | $725 | 48.8 | $35,380.00 |
| Brian S. Coven | Member, Corporate<br>First Bar Admission: 1982 | $725 | 26.5 | $19,212.50 |
| Mark S. Olinksy | Member, Litigation<br>First Bar Admission: 1982 | $725 | 0.9 | $652.50 |
| Rachel E. Brennan | Associate, Bankruptcy<br>First Bar Admission: 2012 | $545 | 43.4 | $23,653.00 |
| Gregory A. Kopacz | Associate, Bankruptcy<br>First Bar Admission: 2010 | $525 | 14.6 | $7,665.00 |
| **TOTAL** | | **Blend:<br>$667.07** | **161.6** | **$107,798.00** |

6561547

## COMPENSATION BY PROJECT CATEGORY
## JUNE 1, 2019 THROUGH JUNE 30, 2019

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery (101) | 3.8 | $2,755.00 |
| Asset Disposition (102) | 103.5 | $69,729.50 |
| Business Operations (103) | 0.4 | $290.00 |
| Case Administration (104) | 7.5 | $4,843.50 |
| Claims Administration and Objections (105) | 33.2 | $22,390.00 |
| Fee/Employment Applications (107) | 8.9 | $4,672.50 |
| Financing (109) | 2.8 | $2,030.00 |
| Plan and Disclosure Statement (113) | 1.2 | $870.00 |
| Relief from Stay Proceedings (114) | 0.3 | $217.50 |
| **TOTAL** | **161.6** | **$107,798.00** |

## EXPENSE SUMMARY
## JUNE 1, 2019 THROUGH JUNE 30, 2019

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Telephone | | $48.83 |
| Local Travel (Train) | | $21.00 |
| **TOTAL** | | **$69.83** |

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*[1] | Case No. 18-12491 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: September 4, 2019 at 4:00 p.m. (ET)** <br> **Hearing Date: Only if necessary** |

### SEVENTH APPLICATION OF SILLS CUMMIS & GROSS P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2019 THROUGH JUNE 30, 2019

Pursuant to sections 330 and 331 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the

---

1 The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

*Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated December 3, 2018 [D.I. 198] (the "Interim Compensation Order"), Sills Cummis & Gross P.C. ("Sills") hereby files this *Seventh Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period From June 1, 2019 Through June 30, 2019* (the "Application"). By the Application, Sills seeks allowance, pursuant to the Interim Compensation Order, of fees and expenses of $86,238.40 (80% of $107,798.00) as compensation and $69.83 for reimbursement of actual and necessary expenses, for a total of $86,308.23 for the period June 1, 2019 through and including June 30, 2019 (the "Compensation Period"). In support of this Application, Sills respectfully represents as follows:

## Background

1.      On November 5, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors continue to operate and manage their assets as a debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

3.      On November 14, 2018, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [D.I. 91].

4.      Sills was retained as co-counsel to the Committee, effective as of November 14, 2018, pursuant to this Court's *Order Authorizing Retention and Employment of Sills Cummis & Gross P.C. as Co-Counsel to the Committee Nunc Pro Tunc to November 14, 2018*, entered on January 8, 2019 [D.I. 423] (the "Retention Order").

2

## Compensation Paid and Its Source

5.    All services for which compensation is requested by Sills were performed for or on behalf of the Committee.

6.    During the Compensation Period, Sills has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Sills and any other person, other than with the members, of counsel and associates of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

## Fee Statements

7.    The fee statement for the Compensation Period is attached as **Exhibit A**. This statement contains daily time logs describing the time spent by each attorney for the Compensation Period. To the best of Sills' knowledge, this Application reasonably complies with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the *Region 3 Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees*, the *Guidelines for Reviewing Applications for Compensation and Reimbursement for Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013*, Local Rule 2016-2, applicable Third Circuit law, and the Interim Compensation Order.

## Actual and Necessary Expenses

8.    A summary of actual and necessary expenses and daily logs of expenses incurred by Sills during the Compensation Period is included in **Exhibit A**. Sills charged $0.10 per page for photocopying expenses and $0.10 per page for printing during the Compensation Period. Sills' believes such rates are the market rates that the majority of law firms charge clients for such services.

9.      The members, of counsel and associates of Sills who have rendered

professional services in these cases during the Compensation Period are as follows:  Andrew H.

Sherman, Boris Mankovetskiy, Brian S. Coven, Mark S. Olinsky, Rachel E. Brennan and

Gregory A. Kopacz.

10.      During the Compensation Period, Sills, by and through the above-named

attorneys, has performed all necessary professional services which are described and narrated in

detail hereinafter.

**Summary of Services by Project**

11.      The services rendered by Sills during the Compensation Period can be

grouped into the categories set forth below.  These categories are generally described below,

with a more detailed identification of the actual services provided set forth on the attached

**Exhibit A**.  The attorneys who rendered services relating to each category are identified, along

with the number of hours for each individual and the total compensation sought for each

category, in **Exhibit A**.

A.      Asset Analysis and Recovery

Fees: $2,755.00;      Total Hours: 3.8

This category includes time expended by Sills conducting analysis regarding

potential recovery actions.

B.      Asset Disposition

Fees: $69,729.50;      Total Hours: 103.5

This category includes time expended by Sills in connection with multiple

dispositions of the Debtors' assets, including: (i) analyzing and responding to the proposed

amendment of the Lexmark asset purchase agreement, including preparing an objection and

4

conducting discovery in connection therewith, (ii) analyzing and responding to the proposed amendment of the Shreveport/Bossier asset purchase agreement, (iii) addressing sale closing issues, (iv) analyzing the Debtors' motions to purchase and sell equipment, and (v) communicating with the Debtors' counsel, the Debtors' financial advisor, the Committee's financial advisor, and other third parties regarding the foregoing.

  C.  <u>Business Operations</u>

    Fees: $290.00;  Total Hours: 0.4

This category includes time expended by Sills analyzing the Debtors' business projections.

  D.  <u>Case Administration</u>

    Fees: $4,843.50;  Total Hours: 7.5

This category includes time expended by Sills to, among other things: (i) attend hearings, (ii) provide updates to the Committee members regarding the status of the cases and pending matters, and (iii) consider matters of general import and scheduling.

  E.  <u>Claims Administration and Objections</u>

    Fees: $22,390.00;  Total Hours: 33.2

This category includes time expended by Sills in connection with claims administration and settlement matters, including: (i) analyzing claims asserted against the Debtors' estates, (ii) conducting research in connection with potential claim objections, and (iii) analyzing a proposed claim settlement agreement and communicating with the Debtors' counsel in connection therewith.

  F.  <u>Fee/Employment Applications</u>

    Fees: $4,672.50;  Total Hours: 8.9

This category includes time expended by Sills preparing fee applications.

G.    Financing

Fees: $2,030.00;    Total Hours: 2.8

This category includes time expended by Sills analyzing issues relating to an extension of the Debtors' use of cash collateral.

H.    Plan and Disclosure Statement

Fees: $870.00;    Total Hours: 1.2

This category includes time expended by Sills analyzing plan of liquidation issues, including plan structure.

I.    Relief from Stay Proceedings

Fees: $217.50;    Total Hours: 0.3

This category includes time expended by Sills analyzing the Debtors' objection to a motion seeking stay relief.

**Valuation of Services**

12.    Attorneys of Sills have expended a total of 161.6 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Andrew H. Sherman | 27.4 | $775 |
| Boris Mankovetskiy | 48.8 | $725 |
| Brian S. Coven | 26.5 | $725 |
| Mark S. Olinsky | 0.9 | $725 |
| Rachel E. Brennan | 43.4 | $545 |
| Gregory A. Kopacz | 14.6 | $525 |

The nature of the work performed by these persons is fully set forth in **Exhibit A**. The reasonable value of the services rendered by Sills to the Committee during the Compensation Period is $107,798.00.

6

13.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amounts requested by Sills are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Sills has reviewed the requirements of Local Rule 2016-2 and believes that this Application reasonably complies with that Rule.

6561547

WHEREFORE, Sills respectfully requests that the Court authorize, pursuant to the terms of the Interim Compensation Order, that an allowance be made to Sills for the Compensation Period with respect to the sums of $86,238.40 (80% of $107,798.00) as compensation and $69.83 for reimbursement of actual and necessary expenses, for a total of $86,308.23, and that such sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: August 15, 2019

/s/ Colin R. Robinson
Jeffrey N. Pomerantz, Esq.
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: jpomerantz@pszjlaw.com
        bsandler@pszjlaw.com
        crobinson@pszjlaw.com

- and –

Andrew H. Sherman
Boris I. Mankovetskiy
Rachel E. Brennan
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
Email: asherman@sillscummis.com
       bmankovetskiy@sillscummis.com
       rbrennan@sillscummis.com

*Counsel to the Official Committee of Unsecured Creditors*

6561547

## <u>VERIFICATION</u>

STATE OF NEW JERSEY      )
                                 ) SS:

COUNTY OF ESSEX         )

Andrew H. Sherman, after being duly sworn according to law, deposes and says:

a)      I am an attorney at law and a Member of the law firm of Sills Cummis & Gross P.C., located at One Riverfront Plaza, Newark, New Jersey 07102.

b)      I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such rule.

Dated: August 15, 2019

                                          */s/ Andrew H. Sherman*
                                        Andrew H. Sherman