IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (CSS)
: 
Debtors. : (Jointly Administered)
: 
: **Related D.I.: 916, 982, 1053, 1087, 1327  1328**
---------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO REDACT MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER SUPPLEMENTING DEBTORS' KEY EMPLOYEE RETENTION PLAN**

Upon consideration of the motion to seal (the "Motion to Seal"),[2] for entry of an order pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Local Rule 9018-1(d) of the Local Rules, authorizing the Debtors to redact the Supplemental KERP; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Seal.

for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Seal is in the best interests of the parties in interest; and the Court having found that notice of the Motion to Seal was appropriate under the circumstances, and no other or further notice need be provided; and the Court having reviewed and considered the Motion to Seal; and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion to Seal is GRANTED as set forth in this Order.

2. Pursuant to sections 105(a) and 107(c) of the Bankruptcy Code and Local Rule 9018-1(d), the Debtors are authorized to file the redacted version of the Modified KERP.

3. The unredacted version of the Modified KERP shall remain under seal and not made available to anyone, except that copies shall be provided to: (i) this Court; (ii) the Office of the United States Trustee; (iii) the Successor ABL Administrative Agent; (iv) counsel to the Committee; and (v) others upon further Court order.

4. Each of the parties in the preceding paragraph receiving an unredacted copy of the Modified KERP shall keep such information confidential.

5. To the extent any party provided an unredacted version of the Modified KERP files any responsive pleadings or other pleadings relating to the Modified KERP, such party shall redact from its pleadings any confidential or identifying information.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion to Seal.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: August 20th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

EAST\168635030.1