## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
PROMISE HEALTHCARE GROUP, LLC, et al.,[1] :    Case No. 18-12491 (CSS)
                                          :
            Debtors.                      :    (Jointly Administered)
-------------------------------------------------------------x
```

## ORDER MODIFYING THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362 TO PURSUE STATE COURT ACTION [JACKSON]

Upon consideration of the *Certification of Counsel Regarding Order Modifying the Automatic Stay under 11 U.S.C. Section 362 to Pursue State Court Action [Jackson]* (the "Certification of Counsel");[2] and the Court having determined that modification of the automatic stay under these circumstances is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Certification of Counsel.

the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue

is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding

pursuant to 28 U.S.C. § 157(b), (iv) notice was adequate and appropriate under the particular

circumstances; and the Court having reviewed the Certification of Counsel and having considered

the statements of counsel with respect to the Certification of Counsel, if any; and the Court having

considered any objections to the requested relief; and after due deliberation, and good and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The stay imposed under section 362(a) of the Bankruptcy Code is modified to allow

Jackson to (i) prosecute his claim before the MRP or the subsequent State Court Action, if

applicable (including any subsequent appeals taken by any party thereto), and (ii) liquidate its

claim, if any, against the Hospital.

2.      Jackson shall seek to collect upon any judgment or settlement against the Hospital

solely from applicable insurance proceeds and/or providers.  No collection or enforcement action

may be asserted or realized against the Debtors, property of the Debtors' estates, or any successor

or assign of any of the Debtors, excepting only applicable insurance proceeds and/or providers.

3.      Jackson shall not directly or indirectly (a) seek to compel any of the Debtors,

including the Hospital, to pay any deductible, any retainage, or any other amount for or on account

of any insurance carrier, provider, broker, or policy, or (b) obtain any distribution from the

Debtors' estates in or arising out of the claim before the MRP or the State Court Action, if

applicable; provided that, notwithstanding the foregoing, Jackson's right to file for and receive a

distribution on a claim, properly filed in the Debtors' chapter 11 cases, is preserved, subject to the

Debtors' rights to object to such claim.  Jackson shall not be entitled to file an administrative or

2

priority claim under section 503 or 507 or other applicable section of the Bankruptcy Code against any Debtor, including the Hospital, in the above-captioned Chapter 11 Cases.

4.      Nothing in this Order is intended to, or shall, affect any claims that Jackson has through the Debtors against their insurance providers or related parties, as well as any defenses and claims the Debtors or their insurers have against Jackson, are unaffected by this Order and are expressly preserved.

5.      Nothing in this Order is intended to, or shall (i) alter, modify, or otherwise amend the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto (collectively, the "Insurance Contracts"); (ii) alter or modify the duty, if any, that any applicable insurer or third party administrator (each, an "Insurer" and together, the "Insurers") has to pay claims covered by any alleged applicable insurance policy; (iii) alter or amend any rights of an Insurer under any Insurance Contract to seek payment or reimbursement from the Debtors or any of their affiliates or to draw on any collateral or security therefore; (iv) is intended to create or enlarge, or restrict or diminish, any right of action of Jackson against any Insurers; (v) alter or amend the rights of any Insurer with respect to any deductibles or self-insured retentions under any allegedly applicable insurance policy; or (vi) preclude or limit, in any way, the rights of any Insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

6.      This Order shall be binding and effective despite any conversion of these chapter 11 cases to a case under any other Chapter of the Bankruptcy Code.

EAST\4821-9257-1041.1

7.      This Order is effective immediately upon approval by the Court and is not subject

to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

8.      This Court shall retain jurisdiction with regard to all matters arising from or related

to the implementation, interpretation, or enforcement of this Order.

4

**Dated: August 28th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**