# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
: Chapter 11
In re: :
: Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, *et* :
*al.*,[1] : (Jointly Administered)
:
Debtors. :
: Re: Docket No. 1304, 1306, 1419
:
:
------------------------------------------------------- x

## ORDER FURTHER EXTENDING THE EXCLUSIVE PERIODS
## PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "***Motion***")[2] for entry of an order (this "***Order***") pursuant to section 1121(d) of title 11 of the United States Code (the "***Bankruptcy Code***") further extending the Debtors' exclusive periods in which to file a chapter 11 plan (the "***Exclusive Filing Period***") and solicit acceptances thereof (the "***Exclusive Solicitation Period***," and, together with the Exclusive Filing Period, the "***Exclusive Periods***"), all as more fully described in the Motion; and the

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Unless otherwise defined herein, capitalized terms used shall have the meaning ascribed to them in the Motion.

Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; adequate notice of the Motion and opportunity for objection having been given; this Court having reviewed and considered the Motion and any objections thereto; this Court having heard statements and evidence presented in support of the relief requested by the Debtors in the Motion at a hearing before this Court (the "**Hearing**"); upon the full record of the Chapter 11 Cases; it appearing that no other notice need be given; it further appearing that the legal and factual bases set forth in the Motion and the record made at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing Period is extended through and including October 7, 2019.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period is extended through and including December 2, 2019.

4. The extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtors or any party in interest, for cause, upon notice and hearing.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

EAST\168420430.1

6. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: September 4th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

EAST\168420430.1