## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | : Case No. 18-12491 (CSS) |
|  | : |
| Debtors. | : (Jointly Administered) |
|  | : |
|  | : **Obj. Deadline: Nov. 7, 2019 at 4:00 p.m. (ET)** |
|  | : **Hearing Date: Nov. 14, 2019 at 1:00 p.m. (ET)** |
|  | : |
|  | : **Re: D.I. 1323, 1548** |

-------------------------------------------------------------x

### SUPPLEMENTAL OBJECTION OF THE DEBTORS TO THE MOTION TO COMPEL RETURN OF DEPOSIT MADE IN CONNECTION WITH UNCONSUMMATED SALE OF LOUISIANA FACILITIES FILED BY KPC PROMISE HEALTHCARE, LLC

Promise Healthcare Group, LLC and its affiliated debtors in possession (collectively, the "Debtors") file this Supplemental Objection to the *Motion to Compel Return of Deposit Made in Connection with Unconsummated Sale of Louisiana Facilities* [D.I. 1548] (the "Motion") filed by KPC Promise Healthcare, LLC. ("KPC").

### Summary

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

1.    KPC seeks to compel the return of the $2.2 million deposit (the "Deposit") currently held in escrow in connection with KPC's unconsummated purchase of two Promise hospitals in Louisiana:  (1) Promise Hospital of Louisiana – Bossier City, and (2) Promise Hospital of Louisiana – Shreveport (collectively the "Louisiana Facilities").

2.    As set forth below and in the Debtors' *Complaint to Recover Damages for Tortious Interference with Contract* [D.I. 1566] and the Debtor's *Objection to Motion to Compel Return of Deposit Made in Connection with Unconsummated Sale of Louisiana Facilities* [D.I. 1556], KPC seeks the return of the Deposit under an agreement that KPC negotiated in bad faith as a byproduct of their tortious interference of the Debtors' contract with Lexmark; the Deposit was funded in furtherance of those alleged bad acts, much, if not all, of which has already been the subject of extensive evidence admitted in the record of these cases.

3.    In addition to the Debtors' right to offset and recoup damages caused by KPC's tortious interference with contract, the Debtors also have the right to offset KPC's outstanding debt from KPC's failure to pay for services rendered by the Debtors under the Transition Services Agreement (the "TSA") with KPC delivered in connection with KPC's purchase of nine facilities from the Debtors.  KPC's TSA liquidated debt currently totals $584,294.57. A copy of the Debtors' October 1, 2019 TSA Invoice to KPC is attached hereto as Exhibit A.  A copy of the Debtors' TSA Service and Allocation Summary is attached hereto as Exhibit B.

### Background

4.    Debtors incorporate by reference the allegations and claims set forth in their *Objection to Motion to Compel Return of Deposit Made in Connection with Unconsummated Sale of Louisiana Facilities* [D.I. 1556] as if fully stated herein.

5.      On January 1, 2019, the Debtors filed a *Motion for Orders: (I)(A) Approving Bidding Procedures and Bid Protections, (B) Permitting Debtors to Designate Stalking Horse Purchaser(s) and Grant Bid Protections, (C) Scheduling a Hearing to Consider Approval of the Sale of Assets, (D) Approving Form and Manner of Notice of Sale, and (E) Granting Related Relief; and (II)(A) Authorizing and Approving the Sale of Substantially All Assets of Certain of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 374] with the United States Bankruptcy Court for the District of Delaware (the "Court") for the sale of the Remaining Assets of the Debtors.

6.      On February 4, 2019, the Court granted the motion and entered an order authorizing the sale of the Remaining Assets at auction and establishing the bidding procedures for the sale. [D.I. 570].

7.      On February 21 and 22, 2019, in accordance with the Bidding Procedures Order and having received Qualified Bids by the Bid Deadline, the Debtors conducted an auction for the Remaining Assets. Strategic Global Management Inc. ("Strategic") was identified as the Successful Bidder for nine of the Debtors' Facilities, including those located in Phoenix, AZ, Salt Lake City, UT, Baton Rouge, LA, Vicksburg, MS, Overland Park, KS, and Wichita Falls, TX.

8.      On February 26, 2019, the Debtors entered into an Asset Purchase Agreement (the "APA") with Strategic to acquire nine Promise Healthcare facilities included among the Remaining Assets.  [D.I. 832-1].

9.      Section 5.7 of the APA stated that to "enable Buyers' Parent and Buyers to effectuate an orderly transition of the Healthcare Businesses of the Seller Facilities, Sellers' Parent and Sellers shall continue to provide (through third party vendors) information technology services

3

used in operation of the Seller Facilities to Buyers' Parent and Buyers for a period of ninety (90) days after the Closing, or for such additional time period as Sellers' Parent and Buyers' Parent may mutually agree." Strategic and the Debtors agreed to enter into a TSA to define the costs of providing those services. [D.I. 832-1].

10. On April 5, 2019, Strategic assigned and transferred all of its rights and obligations under the APA to KPC. A copy of the Assignment of Asset Purchase Agreement is attached hereto as Exhibit C.

11. On June 15, 2019, KPC and the Debtors entered into a TSA. A copy of the Transition Services Agreement is attached hereto as Exhibit D.

12. Under Section 16 of the TSA, KPC and the Debtors agreed to pay each other the fees for each service identified in the agreement. The Debtors are required to invoice KPC "monthly in advance for the amounts owed in connections with" the services rendered. (Exhibit D).

13. The Debtors continued to provide the services defined in the TSA through October.

14. To date, KPC has refused to pay the Debtors for services rendered under the TSA for the months of August, September and October. KPC's outstanding invoice for services the Debtors rendered to KPC total $584,294.57 (Exhibits A & B).

15. The Debtors understand that KPC disputes approximately $130,000 of such amount, but does not dispute the balance amounting to approximately $435,000. Notwithstanding that KPC does not dispute this liquidated amount, KPC has not paid the undisputed amount.

## Argument & Authorities

16. Bankruptcy cases recognize the Debtors' common law right setoff. *In re Prince Sports, Inc.*, Case No. 12-11439 (KJC), 2013 WL 6906717, at *2 (Bankr. D. Del. Dec. 11, 2013).

17.     "The right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'  Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995).

18.     "Whether to allow setoff is a determination within the sound discretion of this Court."  *In re Garden Ridge Corporation*, 338 B.R. 627, 632 (Bankr. D. Del. 2006).

19.     Setoff is appropriate here where KPC acted postpetition so there is mutuality with the Debtors.  As this Court has stated, mutuality requires that the parties have "mutual debts, being owed to and from the same parties."  *In re Women First Healthcare, Inc.*, 345 B.R. 131, 136 (Bankr. D. Del. 2006); *In re Telephone Warehouse, Inc.*, 259 B.R. 64, 69 (Bankr. D. Del. Feb. 28, 2001) ("To permit setoff there must be mutuality of debt. That is, the debt must be owed by and to the same two parties. ")

20.     To the extent this Court finds that KPC is entitled to a return of the Deposit, the Debtors are entitled to offset the debt owed under the TSA against KPC.[2]

21.     To the extent this Court finds that KPC is entitled to the Deposit, that obligation would create a mutual debt between the Debtors' obligation to KPC to return the deposit and KPC's obligation to pay the Debtors for services rendered under the TSA.

---

[2] In their Motion to Compel, KPC alleges that the Debtors' right to damages is "unproven, unliquidated, and contingent on the success of possible litigation" as compared to KPC's alleged right to the Deposit, which KPC alleges is "liquidated and due and payable." [D.I. 1548 at ¶ 36].  The Debtors contest KPC's claim that the return of the Deposit is due and payable, as that right is contingent on the Court's determination that KPC is entitled to a return of the Deposit under the terms of the contract and the circumstances alleged in the Complaint.  Regardless, even accepting KPC's assertion regarding its right to the Deposit as true, KPC's debt to the Debtor's under the terms of TSA would also be liquidated and due and payable and, therefore, subject to setoff.

22.     Finally, in challenging the Debtors right to offset and recoup, KPC relies heavily on the holding in *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d138 (2d Cir. 2002), a Second Circuit decision applying New York setoff and recoupment laws.

23.     This Circuit has not adopted the holding in *Westinghouse Credit Corp.*  In fact, this Circuit has not followed the holding in *Westinghouse Credit Corp.* at least as it relates to recoupment. *See George L. Miller, Chapter 7 Tr. for the Estate of WL Homes, LLC v. Zurich Am. Ins. Co. (In re WL Homes LLC)*, 563 B.R. 512, 517 (Bankr. D. Del. 2017) (stating that the Third Circuit's recoupment analysis does not require the "discrete and independent units" analysis as described in *Westinghouse Credit Corp.*).

### Conclusion

The Debtors respectfully request that this Court deny the Motion and that they be granted such other and further relief as is just and proper under the circumstances.

Dated: November 12, 2019
Wilmington, Delaware

DLA PIPER LLP (US)

/s/ *Stuart M. Brown*

Stuart M. Brown (#4050)
Kaitlin W. MacKenzie (#5924)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
          Kaitlin.MacKenzie@dlapiper.com
          Matthew.Sarna@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
       Katie.Stenberg@wallerlaw.com
       Blake.Roth@wallerlaw.com
       Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors in Possession*