# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:** *Only if an objection is filed*<br>**Objection Deadline: February 26, 2020 at 4:00 p.m. (ET)** |

## SUMMARY OF THIRTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019

| | |
|---|---|
| Name of Applicant: | Province, Inc. |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of November 16, 2018 by order entered January 8, 2019 |

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

| | |
|---|---|
| Period for which Compensation and Reimbursement is Sought: | December 1, 2019 – December 31, 2019[1] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $26,252.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $25.73 |

This is a: __X__ monthly  ___ interim  ___ final application.

---

[1] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PROVINCE PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Paul Huygens, CPA, CFE | Principal – Corporate restructuring. CPA license in 1999, CFE license in 2015. | $900 | 4.8 | $4,320.00 |
| Edward Kim | Managing Director - Corporate restructuring. Investment banking and restructuring employment since 1998. | $685 | 24.2 | $16,577.00 |
| Paul Navid | Director – Investment banking. | $525 | 9.9 | $5,197.50 |
| | Subtotal | | 38.9 | $26,094.50 |
| Para professionals | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| Eric Mattson | | $175 | 0.9 | $157.50 |
| | Subtotal | | 0.9 | $157.50 |
| | | | Fee Statement Hours | Total Compensation |
| | Grand Total | | 39.8 | $26,252.00 |

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 16.5 | $11,461.50 |
| Claims Analysis and Objections | 6.0 | $3,262.50 |
| Committee Activities | 7.3 | $5,137.00 |
| Fee/Employment Applications | 1.7 | $705.50 |
| Litigation | 8.3 | $5,685.50 |
| **Grand Total** | **39.8** | **$26,252.00** |

## EXPENSE SUMMARY

| Expense Category | Description | Total Expenses |
|---|---|---|
| Telephone/Internet | Conference call. | $25.73 |
| **Total Expenses** | | **$25.73** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:** *Only if an objection is filed*<br>**Objection Deadline: February 26, 2020 at 4:00 p.m. (ET)** |

## THIRTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 198], entered on December 3, 2018 (the "Interim

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

Compensation Order"), Province, Inc. ("Province" or the "Firm"), financial advisor for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its Thirteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019 (the "Application").

By this Application, Province seeks a monthly interim allowance of compensation in the amount of $26,252.00 and actual and necessary expenses in the amount of $25.73 for a total allowance of $26,277.73 and payment of $21,001.60 (80% of the allowed fees) and reimbursement $25.73 (100% of the allowed expenses) for a total payment of $21,027.33 for the period from December 1, 2019 through December 31, 2019 (the "Thirteenth Monthly Fee Period").

Pursuant to Local Bankruptcy Rule 2016-2, this Application is supported by the Certification of Edward Kim, which is annexed hereto as Exhibit A. In support of this Application, Province respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court.

2. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On November 5, 2018 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and have continued to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By entry of court order on December 10, 2018, a fee examiner has been appointed in these cases [Docket No. 274].

4. On November 14, 2018, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven (7) members: (i) HEB Ababa, Ronaldoe Guiterrez and Yolanda Penney, (ii) Cardinal Health, (iii) Wound Care Management, LLC d/b/a MEDCENTRIS, (iv) Freedom Medical, Inc., (v) Morrison Management Specialists, Inc., (vi) Efficient Management Resources Systems, Inc., and (vii) Surgical Program Development.

5. On November 16, 2018, the Committee selected Province, Inc. as its financial advisor.

6. On December 3, 2018, the Court entered the Interim Compensation Order, authorizing the Committee's professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement of expenses, pursuant to the procedures specified therein. The Interim Compensation Order provides, among other things, that a Professional may file monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application, the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. At three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

7. The retention of Province, as financial advisor to the Committee, was approved effective as of November 16, 2018, by this Court's *Order Authorizing and Approving the Employment of Province, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors as of November 16, 2018* [Docket. 422], enter on January 8, 2019.

## PROVINCE'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

8. All services for which Province requests compensation were performed for or on behalf of the Committee.

9. Province has received no payment and no promises for payment from any source other than the estate for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Province and any other person other than the employees of Province for the sharing of compensation to be received for services rendered in this case. Province has received no retainer in this matter.

### Fee Statements

10. Province seeks allowance of compensation and payment for professional services rendered to the Committee during the Thirteenth Monthly Fee Period in the aggregate amount of $26,252.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $25.73.

11. Attached as Exhibit B is a list of professionals providing service; their respective billing rates; the aggregate hours expended by each professional; a general description of

services rendered, summarized by project category; a fee summary; detailed time records with a description of the services performed by each professional and the time expended; and a summary and detail of out-of-pocket expenses incurred.

### Summary of Services

12. The employees of Province who have rendered professional services during the Thirteenth Monthly Fee Period in this case are as follows: Paul Huygens, Edward Kim, and Paul Navid.

13. During the Thirteenth Monthly Fee Period, the Committee relied heavily on the experience and expertise of the above-named persons in dealing with matters described in detail below. As a result, Province's highly skilled restructuring and bankruptcy professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

14. A summary of some of the more significant services rendered by Province during the Thirteenth Monthly Fee Period follows. This summary is divided according to the project categories used by Province in its billing in this case. A detailed time log of all tasks performed by Province during the Thirteenth Monthly Fee Period is set forth in Exhibit B hereto.

A. **Business Analysis / Operations**

    **Fees: $11,461.50**                 **Total Hours: 16.5**

15. Incorporated within this category is time spent by Province personnel in connection with the evaluation and analysis of certain aspects of the Debtors' business and industry of operation.

16. Specific services provided by Province during the Thirteenth Monthly Fee Period include, but are not limited to:

i.   Ongoing monitoring and analysis of AR collections and bad debt and the ongoing monitoring and review of revised winddown costs and budgets;
ii.  Preparing weekly sensitivities of Debtors' liquidity pursuant to detailed cash flow forecasts of the DIP financing budgets;
iii. Monitoring weekly cash performance versus the aforementioned budgets;
iv.  Update existing waterfalls to reflect changes to final sale and other escrow items and create scenario analyses as requested;
v.   Creation of defalcation and other closing-related holdback analyses;
vi.  Creation of settlement-related models and other data as requested or required, including refresh of various intercompany-related analytics;
vii. Conducting business and financial due diligence as needed with Debtors' management team and Chapter 11 professionals; and
viii. Other correspondence or analysis as requested by committee professionals.

B. **Claims Analysis and Objections**

**Fees: $3,262.50**     **Total Hours: 6.0**

17. Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to creating refreshed preference and other analytics to support recovery assumptions under waterfall analyses.

C. **Committee Activities**

**Fees: $5,137.00**     **Total Hours: 7.3**

18. Incorporated within this category is time incurred by Province personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee and with Debtors professionals for issues related to the Committee and Committee approval of a prospective plan.

D. **Fee / Employment Applications**

**Fees: $705.50**     **Total Hours: 1.7**

19. Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the employment and fee applications of Province

for this chapter 11 case, including review of fee examiner memos and researching and responding to inquiries.

20.  Such functions include, but are not limited to: preparing and finalizing the *Fourth Interim Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from August 1, 2019 Through October 31, 2019*.

### E.  Litigation

**Fees: $5,685.50**                                **Total Hours: 8.3**

21.  Incorporated within this category is time incurred by Province personnel analyzing, corresponding, and discussing possible causes of action and investigations and requesting the relevant data and documentation.

### ACTUAL AND NECESSARY EXPENSES

22.  It is Province's policy to charge its clients for identifiable, non-overhead travel expenses incurred in connection with the client's case that would not have been incurred except in connection with the representation of that particular client. It is also Province's policy to charge its clients only the amount actually incurred by Province in connection with such items. Such charges would include industry or company specific research as requested by counsel as required by the unique circumstances of a particular client. Examples of travel expenses are described below. Province **does not** charge for telephone calls (except the cost of specifically identified conference call charges), faxes, and other administrative expenses. The policies employed by Province for seeking reimbursement for out-of-pocket travel expenses are as follows:

    i.    **Airfare/Train** – Costs incurred by Province professionals when traveling by air or train to/from other cities on behalf of the Committee;

ii. **Ground Transportation** – Expenses incurred by Province professionals for local transportation while outside of their home cities (on matters related to this chapter 11 case), including taxi-cab fares incurred while traveling as well as other expenses incurred in connection with traveling to/from airports and parking at airports while traveling out-of-town on client matters;

iii. **Lodging** – Costs incurred by Province professionals for lodging while traveling on behalf of the Committee (on matters related to this chapter 11 case);

iv. **Meals** – Costs incurred by Province professionals for meals while traveling outside of their home cities or for working lunch meetings (on matters related to this chapter 11 case); and

v. **Miscellaneous** – Costs incurred by Province professionals for various charges including in-flight Wi-Fi, supplies, and financial research.

## SUMMARY OF FEES AND EXPENSES

23. The Application covers Province's fees and expenses incurred during the Thirteenth Monthly Fee Period. The fees incurred total $26,252.00, and the expenses incurred total $25.73. These fees and expenses are consistent with Province's arrangement with the Committee and the terms of the pending order approving the Retention Application (the "Retention Order"). Province respectfully submits that if necessary, a consideration of these factors would result in this Court's allowance of the full compensation requested.

24. *Time and expertise required.* Province's professional services on behalf of the Committee have required 39.8 hours of professional and paraprofessional time in this Thirteenth Monthly Fee Period. Province has staffed this case efficiently. Where work could be performed by professionals with lower rates, Province used such professionals to perform the assignments. A significant amount of the services rendered required a high degree of professional competence and expertise. For those services, Province used senior professionals in the interest of staffing the case efficiently.

25. *Time limitation imposed by this case.* The Committee was required to understand a large volume of information in a very short time related to the financing and operations of the

Debtor and given the short timeframes imposed by the DIP financing milestones related to the sales processes, among other things.

26. *The difficulty of questions.* Unique and complex issues arose during the Thirteenth Monthly Fee Period especially related to concerns regarding asset sale processes and interpretation of consideration offered, given the lack of precedent transactions of this nature. Province has advised the Committee and its counsel regarding these issues.

27. *The skills required to perform the financial advisory services properly.* This bankruptcy case addresses issues which raise complex questions. The case requires a high level of skill and expertise to efficiently and accurately analyze the economic effects of both the sale processes and comparative liquidations of the Debtor's assets and to assess other potential sources of value for the Committee, among other things.

28. *The amount involved and results obtained.* Province has been prudent in the amount of time incurred on various tasks and believes its efforts benefited the Committee and this case.

29. *The preclusion of other employment by the Applicant due to acceptance of the case.* Province is not aware of any other employment precluded by acceptance of this case; however, Province professionals providing services to the Committee were not available to service other clients at their customary rates.

30. *The fee.* Pursuant to the terms of the Retention Order, Province will bill at their standard hourly rates.

31. *Whether the fee is fixed or contingent.* Province's fees are not dependent on the outcome of this case; however, pursuant to Bankruptcy Code sections 330 and 331, all fees

sought by professional retained under sections 328 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

32. *The experience, reputation, and ability of Province.* Province's professionals engaged in this case have also worked in several large bankruptcy cases. Province currently or has provided financial advisory services to the unsecured creditors committees in the Chapter 11 cases of Purdue Pharma, Emerge Energy Services, Insys Therapeutics, Aegerion Pharmaceuticals, Achaogen, Pernix Sleep, Things Remembered, Charlotte Russe, Gymboree, Beauty Brands, Advanced Sports Enterprises (ASE), Promise Healthcare, Papa Gino's, American Tire Distributors, Brookstone, Heritage Home Group, The Rockport Company, Claire's Stores, Inc., The Walking Company, Patriot National, Shiekh Shoes, Velocity Holding Company (MAG), Aerogroup International, Inc. (Aerosoles), Mac Acquisition LLC (Romano's Macaroni Grill), Cornerstone Apparel, Inc. (Papaya), True Religion Apparel, Inc., Payless ShoeSource, Inc., Gordmans Stores, Inc., hhgregg Inc., Eastern Outfitters LLC, Inc., Gulf Chemical & Metallurgical Corporation, Performance Sports Group, Fresh-G Restaurant Intermediate Holding, LLC (Garden Fresh Restaurants), Golfsmith International Holdings, Inc., Aéropostale, Inc., Pacific Sunwear, Inc., Fresh & Easy, LLC, The Wet Seal, LLC, National Air Cargo, Inc., Magnetation, LLC, and KSL Media Inc. matters, the debtors in many confidential matters, Woodbridge Group of Companies, LLC, Penthouse Global Media Inc., Focus Property Group, Superior Linen, Argosy Casino (Penn National) and American West Homes, and the trustee in Aegean Marine, Orexigen Therapeutics, Maxus Energy, Avaya, Inc., La Paloma Generating Company LLC, RadioShack Corporation, Coldwater Creek, Inc., Loehmann's Inc., and Eddie Bauer.

## RESERVATION

33. To the extent time or disbursement charges for services rendered or disbursements incurred relate to this Thirteenth Monthly Fee Period but were not processed prior to the preparation of this Application, or Province has for any other reason not sought compensation or reimbursement of expenses herein for any services rendered or expenses incurred during the Thirteenth Monthly Fee Period, Province reserves the right to request additional compensation for such services and reimbursement of expenses in a future application.

## CONCLUSION

34. It is respectfully submitted that the amount requested by Province is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, Province respectfully requests (i) approval of compensation in the amount of $26,252.00 and reimbursement of actual and necessary expenses in the amount of $25.73 for a total allowance of $26,252.00; (ii) payment of $21,027.33 (80% of the allowed fees and 100% of the allowed expenses); and (iii) such other and further relief as this Court may deem just and proper.

Dated: February 6, 2020

PROVINCE, INC.

By: */s/ Edward Kim*
Edward Kim, Managing Director
2360 Corporate Circle, Suite 330
Henderson, NV 89074
Telephone: 702.685.5555
Facsimile: 702.685.5556
Email: ekim@provincefirm.com

*Financial Advisor to the Official Committee of Unsecured Creditors*