# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]

Debtors.

-------------------------------------------------------------x

: Chapter 11
:
: Case No. 18-12491 (CSS)
:
: (Jointly Administered)
:
: **Objection Deadline: April 1, 2020 at 4:00 p.m. (ET)**
: **Related D.I.: 198**

---

## FIFTEENTH MONTHLY FEE APPLICATION OF WALLER LANSDEN DORTCH & DAVIS, LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE <u>PERIOD OF  JANUARY 1, 2020 THROUGH JANUARY 31, 2020</u>

| | |
|---|---|
| Name of Applicant: | Waller Lansden Dortch & Davis, LLP |
| Authorized to provide professional services to: | Debtors and Debtors-in-Possession |
| Effective Date of Retention: | December 7, 2018, *nunc pro tunc* to November 5, 2018 (the "***Petition Date***") |
| Period for which compensation and reimbursement are sought: | January 1, 2020 through January 31, 2020 |

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc.  (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc.  (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

Amount of Compensation sought as actual, reasonable and necessary: $86,264.00 (80% of which is $69,011.20)

Amount of Expense Reimbursement sought as actual, reasonable and necessary: $2,105.16

Total Amount Sought: $88,369.16

This is a Monthly Application.

Prior Applications:

| Application Period | Total Approved | Fees | Expenses | 80% Fees | Interim Payment | 20% Fee Hold Back |
|---|---|---|---|---|---|---|
| 11/05/18 - 11/30/18 | $531,109.61 | $485,541.00 | $45,568.61 | $388,432.80 | $434,001.41 | $97,108.20 |
| 12/01/18 - 12/31/18 | $615,089.59 | $520,433.50 | $94,656.09 | $416,346.80 | $511,002.89 | $104,086.70 |
| 01/01/19 - 01/31/19 | $455,494.27 | $451,213.00 | $4,281.27 | $360,970.40 | $365,791.67 ($540 overpayment) | $90,242.60 |
| 1st Interim App 11/05/18 - 01/31/19 | $1,570,658.41* | $1,426,965.50 | 143,692.91 | N/A | N/A | Hold back paid: $259,322.44 |
| 02/01/19 - 02/28/19 | $620,241.10 | $602,082.50 | $18,158.60 | $481,666.00 | $499,824.60 | $120,416.50 |
| 03/01/19 - 03/31/19 | $541,398.51 | $535,390.00 | $6,008.51 | $428,312.00 | $434,320.51 | $107,078.00 |
| 04/01/19 - 04/30/19 | $584,741.36 | $552,631.50 | $32,109.86 | $442,105.20 | $474,215.06 | $110,526.30 |
| 2nd Interim App 02/01/19 - 04/30/19 | $1,746,380.97** | $1,690,104.00 | $56,276.97 | N/A | N/A | Hold back paid: $296,660.80 |
| 05/01/19 - 05/31/19 | $409,080.53 | $407,294.00 | $1,786.53 | $325,835.20 | $327,621.73 | $81,458.80 |
| 06/01/19 - 06/30/19 | $314,450.00 | $307,564.75 | $6,885.25 | $246,051.80 | $252,937.05 | $61,512.95 |
| 07/01/19 - 07/31/19 | $135,780.13 | $135,219.50 | $560.63 | $108,175.60 | $108,736.23 | $27,043.90 |
| 3rd Interim App 05/01/19 - 07/31/19 | 859,310.66*** | $850,078.25 | $9,232.41 | N/A | N/A | Hold back paid: $157,923.15 |
| 08/01/19 - 08/31/19 | $371,188.50 | $365,945.00 | $5,243.50 | $292,756.00 | $297,999.50 | $73,189.00 |
| 09/01/19 - 09/30/19 | $119,881.09 | $117,549.00 | $2,332.09 | $94,039.20 | $96,371.29 | $23,509.80 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/01/19 - 10/31/19 | $111,538.81 | $107,087.00 | $4,451.81 | $85,669.60 | $90,121,41 | $21,417.40 |
| 4th Interim App | 602,608.40 | $590,581.00 | $12,027.40 | N/A | N/A | |
| 11/1/19 - 11/30/19 | $86,164.81 | $80,830.25 | $5,334.56 | $64,664.20 | $69,998.76 | $16,166.05 |
| 12/1/19 - 12/31/19 | $85,383.81 | $84,096.00 | $1,287.81 | $67,276.80 | $68,564.61 | $16,819.20 |

\* Waller agreed to a reduction of $23,500 in fees and $744.79 in expenses in its First Interim Fee Application.

\*\* Waller agreed to a reduction of $40,738.00 in fees and $622.00 in expenses in its Second Interim Fee Application.

\*\*\* Waller agreed to a reduction of $12,000 in fees and $92.50 in expenses in its Third Interim Fee Application.

(reductions included in interim holdback amount paid)

3

**COMPENSATION BY WALLER LANSDEN DORTCH & DAVIS, LLP**
**PROFESSIONALS AND PARAPROFESSIONALS**
**JANUARY 1, 2020 THROUGH JANUARY 31, 2020**

| Name of Professional | Position, Practice Group, Year Obtained Relevant License to Practice, Year Assumed Position | Hours | Effective Billing Rate | Amount |
|---|---|---|---|---|
| Askew, Taylor J. | Associate; Trial & Appellate; TN Bar 2014; Joined Firm 2014 | 2.6 | 360.00 | $     936.00 |
| Bell, Mark M. | Partner; Trial & Appellate; TN Bar 2010; Joined Firm 2010 | 7.0 | 415.00 | $  2,905.00 |
| Browder, Brian R. | Partner; Corporate; TN Bar 1994; Joined Firm 1997 | 5.3 | 595.00 | $  3,153.50 |
| Burke, Cleve R. | Partner; Trial & Appellate; TX Bar 2008; Joined Firm 2016 | 14.3 | 430.00 | $  6,149.00 |
| Cronk, Chris T. | Paralegal; Finance & Restructuring; Joined Firm 2000 | 18.0 | 260.00 | $  4,680.00 |
| Cunha, Andrea R. | Partner; Corporate; TX Bar 2007; Joined Firm 2019 | 6.9 | 490.00 | $  3,381.00 |
| Haubenreich, John E. | Partner; Trial & Appellate; TN Bar 2010; Joined Firm 2015 | 6.4 | 390.00 | $  2,496.00 |
| Layne, Tyler N. | Associate; Finance & Restructuring; TN Bar 2014; NY Bar 2013; Joined Firm 2014 | 35.2 | 424.06 | $ 14,927.00 |
| Ratliff, Kimbra N. | Associate; Corporate; TN Bar 2015; Joined Firm 2017 | 2.5 | 355.00 | $     887.50 |
| Rich, Ann K | Paralegal; Corporate; Joined Firm 2006 | 0.6 | 240.00 | $     144.00 |
| Stenberg, Katie G. | Partner; Finance & Restructuring; TN Bar 2002; Joined Firm 2006 | 0.7 | 520.00 | $     364.00 |
| Stone, Courtney K. | Associate; Finance & Restructuring; TX Bar 2014; TN Bar 2018; Joined Firm 2017 | 39.2 | 375.00 | $ 14,700.00 |
| Taylor, Mark C. | Income Partner; Finance & Restructuring; TX Bar 1987; Joined Firm 2016 | 2.7 | 595.00 | $  1,606.50 |
| Thornton, Hunter | Associate; Finance & Restructuring; TN Bar 2019; Joined Firm 2019 | 0.7 | 290.00 | $     203.00 |
| Tishler, John C. | Partner; Finance & Restructuring; TN Bar 1988; CA Bar 2007: Joined Firm 2000 | 45.5 | 646.15 | $ 29,400.00 |

4

| Name of Professional | Position, Practice Group, Year Obtained Relevant License to Practice, Year Assumed Position | Hours | Effective Billing Rate | Amount |
|---|---|---|---|---|
| Warner, Kristen D. | Paralegal; Trial and Appellate; Joined Firm 2016 | 0.9 | 175.00 | $ 157.50 |
| Wright, Rachel P | Associate; Labor and Employment; TN Bar 2018; Joined Firm 2019 | 0.6 | 290.00 | $ 174.00 |
| | | | | |
| | TOTALS: | 189.1 | | $86,264.00 |

5

**COMPENSATION BY PROJECT CATEGORY FOR**
**WALLER LANSDEN DORTCH & DAVIS, LLP**
**JANUARY 1, 2020 THROUGH JANUARY 31, 2020**

| | Description | 14th Monthly | |
|---|---|---|---|
| | | Hours | Fees |
| | *Administration* | | |
| B110 | Case Administration | 10.80 | $ 3,959.00 |
| B120 | Asset Analysis and Recovery | - | $ - |
| B130 | Asset Disposition | 16.40 | $ 8,871.50 |
| B150 | Meetings of and Communications with Creditors | 10.60 | $ 3,207.00 |
| B160 | Fee/ Employment Applications | 7.20 | $ 2,074.00 |
| B190 | Other Contested Matters | 55.80 | $ 24,116.00 |
| B195 | Non-Working Travel | 12.50 | $ 3,715.00 |
| | *Operations* | | |
| B220 | Employee Benefits/ Pensions | - | $ - |
| B230 | Financing/ Cash Collections | - | $ - |
| | *Claims and Plans* | | |
| B310 | Claims Administration and Objections | 42.20 | $ 21,409.50 |
| B320 | Plan and Disclosure Statement | 33.60 | $ 18,912.00 |
| | **TOTAL** | **189.1** | **$86,264.00** |

6

**EXPENSE SUMMARY FOR WALLER LANSDEN DORTCH & DAVIS, LLP**
**JANUARY 1, 2020 THROUGH JANUARY 31, 2020**

| Expense Category | Total Expenses |
|---|---|
|  |  |
| Conference Calls | - |
| Courier Services | - |
| Meals | $124.00 |
| Online Charges | $ 66.25 |
| Other Professionals | $ 54.00 |
| Photocopies | - |
| Travel | $1,860.91 |
| Postage | - |
|  |  |
| **TOTAL** | **$2,105.16** |

7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                       :  Chapter 11
In re:                                 :
                                       :  Case No. 18-18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et al.,¹ :
                                       :  (Jointly Administered)
Debtors.                               :
                                       :  Objection Deadline: April 1, 2020 at 4:00 p.m. (ET)
                                       :  Related D.I.: 198
-----------------------------------------------------------x
```

### FIFTEENTH MONTHLY FEE APPLICATION OF WALLER LANSDEN DORTCH & DAVIS, LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD OF JANUARY 1, 2020 THROUGH JANUARY 31,  2020

Waller Lansden Dortch & Davis, LLP ("*Waller*"), counsel for the Debtors and Debtors-in-

Possession (the "*Debtors*"), submits this Fifteenth monthly fee application (the "*Fifteenth*

*Monthly Application*") seeking interim allowance of compensation for professional services

rendered and reimbursement of expenses incurred for the period from January 1, 2020 through

---

¹ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc.  (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc.  (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

1

January 31, 2020 (the "***Application Period***").  In support of this Fifteenth Monthly Application, Waller respectfully represents as follows:

PRELIMINARY STATEMENT

1.      Pursuant to 330 and 331 chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rule 2016-2 of the local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***") and the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "***Interim Compensation Order***") (D.I. 198), Waller seeks interim allowance of compensation for professional services rendered and reimbursement of expenses incurred during the Application Period in the aggregate amount of $88,369.16 as follows: (a) compensation in the amount of $86,264.00 (80% to be paid in the amount of $69,011.20, and (b) reimbursement of actual and necessary expenses in the amount of $2,105.16, incurred by Waller during the Application Period.

BACKGROUND

2.      On November 5, 2018 (the "***Petition Date***"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 14, 2018, an official committee of unsecured creditors (the "***Committee***") was appointed by the Office of the United States Trustee for the District of Delaware ("***U.S. Trustee***") in these jointly administered cases.

2

5.      On November 15, 2018, the Debtors filed an application to employ Waller as their bankruptcy counsel in these chapter 11 cases, pursuant to sections 327(a) of the Bankruptcy Code (the "***Retention Application***") (D.I. 104).

6.      By order dated December 7, 2018 (the "***Retention Order***") (D.I. 249), the Court approved the Retention Application and authorized the Debtors to retain Waller, *nunc pro tunc* to the Petition Date, to serve as their attorneys in these chapter 11 cases.  The Retention Order authorizes compensation to Waller on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses, pursuant to the procedures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expense Files under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013, sections 330 of the Bankruptcy Code, the applicable the Bankruptcy Rules and such procedures as may be fixed by the Court. On December 10, 2018, the Court appointed M. Jacob Renick of M.J. Renick & Associates LLC ("Renick") as the fee examiner (the "Fee Examiner").

## PROGRESS OF CASE

7.      Since the Petition Date, the Debtors' management, employees and advisors have devoted significant time and effort to a number of tasks including, without limitation, the following: (a) proposing, negotiating, finalizing and documenting the terms of the debtor-in-possession financing facility; (b) proposing, negotiating, finalizing and documenting the terms of the stalking horse bids for multiple sales of Debtors' assets; (c) commencing review of the Debtors' executory contracts and unexpired leases in connection with the proposed sales; (d) responding to numerous creditor, supplier, customer, landlord and regulatory inquiries; (e) responding to due diligence requests from the potential stalking horse bidders, other potential bidders and the Debtors' major constituents, including the Committee; (f) gathering the information required to

3

complete the Debtors' schedules and statements of financial affairs; (g) prosecuting the Key Employee Incentive Program, including responding to discovery requests; (h) closing the sales of all of Debtors' facilities and assets to various buyers; (i) negotiating and drafting Plans of Reorganization on behalf of the Debtors, and pleadings to extend exclusivity and solicitation periods; (j) drafting pleadings relating to assumption, assignment, and/or rejection of executory contracts and unexpired leases; and (k) continuing work on claims reconciliation.

8.      As of January 31, 2020 the Debtors have substantially completed all post-closing related tasks in connection with the Debtors' asset sales. Work continues in connection with managing claims against the estate, responding to inquiries from buyers of assets and attempting to formulate a plan to close out this Chapter 11 case.  The Debtors continued to work towards a resolution of these Chapter 11 Cases by undertaking a review of claims filed in anticipation of filing objections and negotiations and discussions and mediation regarding a plan of reorganization with the Unsecured Creditors' Committee and other key constituents.

9.      No plan of reorganization/liquidation or disclosure statement has yet been filed in these cases.

### COMPENSATION PAID AND ITS SOURCE

10.      All services for which compensation is requested by Waller were performed for or on behalf of the Debtors.

11.      During the Application Period, Waller has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fifteenth Monthly Application.  There is no agreement or understanding between Waller and any other person, other than the partners of Waller for the sharing of compensation to be received for services rendered in these chapter 11 cases.

4

## FEE STATEMENT

12.    The Waller fee statements for the Application Period organized by project category are attached as Exhibit A.  These fee statements contain daily time logs describing the time spent by each attorney and paraprofessional for the Application Period. The hourly rates set forth in Exhibit A are those customarily charged by Waller for similar legal services.  Waller's fees for services rendered by lawyers, paralegals and other professionals are customary and usual in the legal community in which Waller practices. To the best of Waller's knowledge, this Fifteenth Monthly Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Rule 2016-2 of the Local Rules and the Interim Compensation Order.

## ACTUAL AND NECESSARY EXPENSES

13.    A summary of actual and necessary expenses and daily logs of expenses incurred by Waller during the Application Period is attached to this Fifteenth Monthly Application as Exhibit B. Waller charges its clients $0.10 per page for black & white photocopying expenses and $0.80 per page for color photocopying expenses (in accordance with the Local Rules). Waller does not charge its clients for internet usage, outgoing facsimile transmissions, or long distance carrier charges for outgoing facsimile transmissions.

14.    Waller believes the foregoing rates are at or below the market rates that the majority of law firms charge clients for such services. In addition, Waller believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

<u>SUMMARY OF SERVICES RENDERED</u>

15.     The partners, of counsel, associates, and paraprofessional of Waller, who have rendered professional services in these cases during the Application Period are set out in the chart included herein on page three (3) titled: Compensation by Waller Lansden Dortch & Davis, LLP Professionals and Paraprofessionals January 1, 2020 through January 31, 2020 (the "***Professionals and Paraprofessionals Chart***").

16.     Waller, by and through the above-named persons, has prepared or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these chapter 11 cases and has performed all necessary professional services that are described and narrated in detail hereinafter.

<u>SUMMARY OF SERVICES BY PROJECT</u>

17.     During the Application Period, Waller's services to the Debtors in connection with these chapter 11 cases have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.  Throughout the Application Period, the variety and complexity of the issues involved in these cases and the need to address those issues on an expedited basis, have required Waller, in a discharge of its professional responsibilities, to devote significant time by professionals on a daily basis, and often through night and weekend work.

18.     The services rendered can be grouped into the project categories set forth below. These project categories are intended only to highlight the most significant professional services rendered by Waller during the Application Period, and it is not meant to be a detailed description of all of the work performed.  Detailed descriptions of the day-to-day services provided by Waller and the time expended performing such services in each project category is fully set forth on

6

Exhibit A annexed hereto.  Although every effort has been made to properly and consistently categorize the actual services provided into the appropriate category, certain tasks could properly be categorized into two or more task codes.  Also, due to the character limitation of Waller's time entry system Intapp, entries are limited to 1,500 characters, including spaces. On occasion, this limitation results in multiple entries by attorneys on the same date for tasks related to the same transaction that otherwise would appear in one entry if not for the character limitation.

(a)        <u>Case Administration</u>:

Fees $3,959.00  Total Hours: 10.8

This category includes administrative matters relating to the development of case strategy, such as determination of direction of the case, pleading organization and other general correspondence, including document review and document drafting.  It includes time providing advice and counsel to the CRO and other management members regarding operation in a Chapter 11 proceeding, including handling of critical vendors, dealing with claims of creditors, utilities and the retention of employees, and time related to filing documents with the Court, service thereof, maintenance of calendars and pleadings filings, preparation of hearing binders, preparation of agenda, communications with chambers and preparation of necessary notices and certifications in these jointly administered cases, general time at hearings not involving major litigation of a specific type, and other case administrative matters.  Further, it includes time spent coordinating expedited matters, and hearings.

7

     (b)     <u>Asset Analysis and Recovery</u>

     Fees $0.00  Total Hours: 0.0

This category was used to record time spent on work relating to and including analysis and recovery of the Debtors' assets. No time was attributed to this category during this application period.

     (c)     <u>Asset Disposition</u>

     Fees $8,871.50  Total Hours: 16.4

This category was used to record time spent on work relating to post closing sale matters related to all of the facility sales.  Waller spent significant time: (i) advising the Debtors related to their obligations under various Transition Services Agreements; (ii) researching various legal issues relating to the sale of assets; (iii) coordinating post-closing efforts with the Debtors' other professionals; (iv) negotiating and supplementing closing documents related to those sales; (v) analyzing, negotiating and settling cure objections; (vi) engaging in negotiations with KPC Promise Healthcare in connection with the return of the deposit under their Asset Purchase Agreement with respect to Shreveport and Bossier City, Louisiana properties; and (vii) communicating with the Office of the United States Trustee and other various creditor constituencies regarding post closing matters.

     (d)     <u>Meetings and Communications with Creditors</u>

     Fees $3,207.00  Total Hours: 10.6

This category was used to record time spent on work relating to responding to questions and concerns of the many creditors and vendors of the Debtors.

8

      (e)                <u>Fee/Employment Applications and Objections</u>

                Fees $2,074.00  Total Hours: 7.2

This category includes all matters relating to Waller's analysis of issues relating to Debtors' retention of professionals, the negotiation and documentation of agreements with the various professionals in these cases.  Waller also spent time preparing and revising its monthly fee application and matters relating to the third and fourth interim fee applications.

      (f)                <u>Other Contested Matters</u>

                Fees $24,116.00 Total Hours: 55.8

This category includes all matters relating to and including analysis, negotiations, and preparation for all litigation and contested matters, including litigation not pending before the Court or which was instituted prior to the Petition Date and for contested matters related to stay relief motions by personal injury litigants, and vendors who were threatening to take action in violation of the automatic stay.

      (g)                <u>Employee Benefits/ Pensions</u>

                Fees $0.00  Total Hours: 0.0

This category includes discussions, email correspondence, research and analysis relating to employee benefit issues and/or pension matters. No time was attributed to this category during this application period

      (h)                <u>Financing/ Cash Collections</u>

                Fees $0.00  Total Hours: 0.0

This category includes all matters under Sections 361, 363 and 364 of the Bankruptcy Code, including debtor in possession financing and extensions of same, use of cash collateral, secured claims held by Debtors' first lien and second lien creditors, cash management,

9

reimbursement of lenders' and agents' costs, loan document and lien analysis and compliance with the terms of such loan documents.  No time was spent during this application period working on Financing and/or Cash Collections matters.

       (i)       <u>Claims Administration and Objections</u>

       Fees $21,409.50  Total Hours: 42.2

This category was used to record time for all matters related to claims administration, including the treatment and administration of potential administrative expense claims.

       (j)       <u>Plan and Disclosure Statement</u>

       Fees $18,912.00  Total Hours: 33.6

This category was used to record time spent addressing issues related to classification of claims against the Debtors, and communications relating to exclusivity, analysis of issues relating to a liquidation plan of the reorganized debtors and for drafting of plan terms and disclosure statement.

<b><u>V</u></b><u>ALUATION OF SERVICES</u>

19.     Attorneys and paraprofessionals of Waller have expended a total of 189.1 hours during the Application Period in connection with this matter during the Application Period as set out in the Professionals and Paraprofessionals Chart.  Waller's services to the Debtors in connection with these chapter 11 cases have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.  Throughout the Application Period, the variety and complexity of the issues involved in these cases and the need to address those issues on an expedited basis, have required Waller, in a discharge of its professional responsibilities, to devote significant time by professionals on a daily basis, and often through night and weekend work.

10

20.     The nature of the work performed by these persons is fully set forth in <u>Exhibit A</u> annexed hereto. The reasonable value of the services rendered by Waller to the Debtors during the Application Period is $86,264.00.

21.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Waller is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Waller has reviewed the requirements of Local Rule 2016-2 and believes that this Application is in compliance therewith.

**WHEREFORE**, Waller respectfully requests that the Court authorize that for the Application Period, an allowance be made to Waller pursuant to the terms of the Interim Compensation Order, with respect to the sum of $86,264.00 as compensation for necessary professional services rendered; 80% of said amount to be authorized and paid upon approval of this Fifteenth Monthly Application in the amount of $69,011.20; the sum of $2,105.16 as reimbursement of actual necessary costs and expenses, for a total of $88,369.16 of which $71,116.36 is to be paid, and that such sums be authorized for payment and such other and further relief as this Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 12, 2020        DLA PIPER LLP (US)

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
      Matthew.Sarna@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP

/s/ *John C. Tishler*
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg  (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
      Katie.Stenberg@wallerlaw.com
      Blake.Roth@wallerlaw.com
      Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors and*
*Debtors in Possession*

EAST\172905385.1