IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | : | Case No. 18-12491 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Related Docket No. 1821** |

---

### FEE EXAMINER'S FINAL REPORT ON THE SECOND INTERIM FEE APPLICATION OF CROWE LLP FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS AUDIT AND TAX ADVISORS TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 14, 2018 THROUGH OCTOBER 15, 2019

On December 10, 2018, the Court[2] issued an order (the "Order") [Docket No. 274] appointing M. Jacob Renick of M. J. Renick & Associates LLC as the fee examiner (the "Fee Examiner") in the above-captioned cases. The Order states, in part, that, "unless otherwise ordered by the Court, this Order shall apply to all professionals retained in these chapter 11 cases (the "Retained Professionals") requesting compensation and/or reimbursement of expenses for services rendered pursuant to 327, 330, 331 or 1103 of the Bankruptcy Code [Order ¶2].

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2]   All capitalized terms not defined herein shall have the meanings ascribed to them in the Order.

The Order states, in part, that the Fee Examiner shall, "review Applications (and related Fee Detail) filed by each Applicant in these chapter 11 cases." [Order ¶ 9(a)]. The Order also states that, "[t]he Fee Examiner shall ensure that the fees and expenses paid by the Debtors to Retained Professionals are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code by monitoring, reviewing, and, where appropriate, objecting to Applications filed and invoices submitted by the Retained Professionals. [Order ¶ 4].

The subject of this report[3] (the "Final Report") is the *Second Interim Fee Application of Crowe, LLP* [the "Applicant"] *for Allowance of Compensation and for Reimbursement of Expenses as Audit and Tax Advisors to the Debtors for the Period from December 14, 2018 through October 15, 2019* [the "Application Period"]; [Docket No. 1821]. The Applicant is seeking an interim allowance of $282,216.66 in compensation and $2,028.71 in the reimbursement of expenses.

The requested compensation consists of $100,000.00 relating to tax compliance for 2018 and $20,000.00 relating to the 2018 audit of a 401K Plan, both on a fixed fee basis; and $162,216.66 for other services based upon the Applicant's hourly rates, which includes time previously not billed in Applicant's First Interim Application for the period December 14, 2018 through July 31, 2019 {Docket No. 1468] previously reported upon by the Fee Examiner [Docket No. 1674].

The process undertaken by the Fee Examiner for this Report was a detailed review of the Applicant's monthly time and expense entries for the Application Period relative the services provided on an hourly basis. This review was to assure the Court that the efforts undertaken by the Applicant were within the construct of the Order authorizing retention of the Applicant [Docket No. 1081]. The Fee Examiner's review included but was not limited to assure compliance to the applicable standards of section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Order [Docket No. 198] and Appendix A to 28 C.F.R. § 586- United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under U.S.C. § 330.

During the course of the Fee Examiner's review, the Fee Examiner questioned the Applicant on specific matters including time billed on an hourly basis instead of inclusion in the flat fee basis and the time devoted to compliance with the Local Rules and the United States Trustee Guidelines relative to fee applications. Although the Applicant provided sufficient explanations and documentation to satisfactorily address the issues raised by the Fee Examiner, the Applicant voluntarily agreed to reduce its requested compensation by $10,000.00.

Based upon its review, the Fee Examiner recommends the Court's approval of the Applicant's request for an interim allowance of $282,216.66 in compensation and $2,028.71 in the reimbursement of expenses.

---

[3] This Final Report is being issued pursuant to the Order (Order ¶ 9(f)), which states in part, "[t]he Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee and expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution…"

Dated:  July 29, 2020                                             **M. J. RENICK & ASSOCIATES LLC**


                                                       /s/M. Jacob Renick
                                                       M. Jacob Renick, CPA, CIRA
Principal
51 Seacord Road
New Rochelle, NY  10804
(914) 813-0880
jrenick@mjrenick.com

Fee Examiner