# EXHIBIT A

### *Solicitation Procedures Order*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------   x
                                                               :    Chapter 11
In re:                                                         :
                                                               :    Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et al.,¹                        :
                                                               :    (Jointly Administered)
                                                               :
            Debtors.                                           :
                                                               :    Re: Docket No. ___
                                                               :
                                                               :
------------------------------------------------------------   x
```

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (C) APPROVING THE FORMS OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) SCHEDULING CONFIRMATION HEARING AND SETTING THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN, AND (F) APPROVING THE RELATED FORMS OF NOTICE**

Upon consideration of the *Motion of the Debtors for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Forms of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Scheduling Confirmation Hearing and Setting the*

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

~~4832-4880-3755.11~~4841-7548-3587.1
7375578 v2

*Deadline for Filing Objections to Confirmation of the Plan, and (F) Approving the Related Forms of Notice* (the "***Motion***")[2] [D.I. *]; all pleadings related thereto, and based on the record in these Chapter 11 Cases; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

### THE COURT HEREBY FINDS AS FOLLOWS

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    Notice of the Motion was sufficient and proper under the circumstances and was provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, as modified by prior Order(s) of this Bankruptcy Court.

E.    All objections, responses to, and statements and comments, if any, in opposition to the Motion, other than those withdrawn with prejudice or resolved in their entirety prior to, or on the record at, the hearing on the Motion, shall be, and hereby are, overruled in their entirety for the reasons stated on the record and, notwithstanding the foregoing, no objection to the Motion shall be considered an objection to confirmation of the Plan unless such objection is interposed in accordance with the procedures for objection to confirmation of the Plan set forth in this Order.

F.    The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

G.    The Disclosure Statement contains adequate information pursuant to section 1125

---

[2] Unless otherwise defined herein, capitalized terms used shall have the meaning ascribed to them in the Motion.

of the Bankruptcy Code.

H.    The following Voting Classes are entitled to vote to accept or reject the Plan: Class 4 Settlement Claims, Class 5 Alleged Legal Expense Indemnification Claims, Class 6 General Unsecured Claims, and Class 7 Convenience Class Claims:

| Classification and Treatment of Claims and Equity Interests | | | |
|---|---|---|---|
| **Class** | **Claim** | **Status** | **Voting Rights** |
| 4 | Settlement Claims | Impaired | Entitled to Vote |
| 5 | Alleged Legal Expense Indemnification Claims | Impaired | Entitled to Vote |
| 6 | General Unsecured Claims | Impaired | Entitled to Vote |
| 7 | Convenience Class Claims | Impaired | Entitled to Vote |

I.    The forms of Ballot attached to the Motion as *Exhibits C-1* through *C-4* (i) are consistent with Official Form No. 314, (ii) adequately address the particular needs of these Chapter 11 Cases, (iii) are appropriate for the Voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

J.    Ballots need not be provided to Holders of Claims or Equity Interests in the following Classes, as such Non-Voting Classes are either (i) Unimpaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code or (ii) Impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Classification and Treatment of Claims and Equity Interests | | | |
|---|---|---|---|
| **Class** | **Claim** | **Status** | **Voting Rights** |
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 3 | Alleged Lease Indemnification Claims | Unimpaired | Deemed to Accept |
| 8 | Intercompany Claims | Impaired | Deemed to Reject |
| 9 | Equity Interests | Impaired | Deemed to Reject |

K.    The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims to make informed

decisions to accept or reject the Plan and timely submit their Ballots.

L.       The Tabulation Rules for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

M.      The contents of the General Solicitation Packages and other materials approved hereby, the procedures for  providing notice of the hearing on confirmation of the Plan, and the other matters set forth in the  Confirmation Notice comply  with Bankruptcy  Rules 2002 and 3017 and, under  the  circumstances, constitute sufficient notice to all interested parties in accordance with the  Bankruptcy Code, the Bankruptcy Rules, and Local Rules.

**IT IS THEREFORE ORDER THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       The Disclosure Statement is approved under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3.       The following dates and deadlines are hereby approved and may be extended in the Debtors' discretion, with the consent of the Committee:

| Proposed Timetable | |
|---|---|
| Voting Record Date | [DATE] |
| Solicitation Commencement Date | Five (5) business days after entry of Disclosure Statement Order, which the Debtors expect to be [DATE] |
| Rule 3018 Motion Deadline | [DATE] |
| Rule 3018 Objection Deadline | [DATE] |
| Voting Objection Deadline | [DATE] |
| Voting Deadline | [DATE] |
| Confirmation Objection Deadline | [DATE] |
| Filing of Voting Certification | [DATE] |
| Reply Deadline | [DATE] |
| Confirmation Hearing | [DATE] |

4.      The record date (the "***Voting Record Date***") for determining which Holders of Claims are entitled to vote to accept or reject the Plan shall be [___], 2020 at 5:00 p.m. (prevailing Eastern Time).

5.      The General Solicitation Package is hereby approved. The Debtors shall transmit the General Solicitation Package containing, among other materials, (a) a copy of this Order (without exhibits); (b) the Confirmation Hearing Notice; (c) a cover letter, describing the contents of the General Solicitation Package and urging the Holders of Claims in each of the Voting Classes to vote to accept the Plan; (d) an appropriate form(s) of Ballot for holders of Claims; (e) the approved Disclosure Statement (with all exhibits attached thereto, including the Plan and the exhibits attached thereto); and (f) any supplemental documents the Debtors file with the Bankruptcy Court and any documents that the Bankruptcy Court orders to be made available to the Voting Classes as described herein.

6.      The General Solicitation Packages will provide the Disclosure Statement, Plan, and this Order (without exhibits) in electronic format (i.e., CDROM or USB flash drive) and all other contents of the General Solicitation Packages, including Ballots, in paper format. Any holder of a Claim or Equity Interest may obtain, at no charge, a paper copy of the documents otherwise provided by (a) accessing the Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Group, LLC Claims Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), or (d) emailing promisehealthcareballots@primeclerk.com.

7.      The forms of Ballot attached to the Motion as *Exhibits C-1* through *C-4* are hereby approved.

8.      The Debtors, through the Solicitation Agent, shall commence solicitation as described in this Order no later than  [_____] (the "***Solicitation Commencement Date***").

9.      Ballots shall be transmitted by mail to the holders of claims in the Voting Classes as of the Voting Record Date.  All other Holders of Claims or Interests will not be provided with a Ballot because such  Holders are either (a) unimpaired and presumed to accept the Plan under section 1126(f) of the  Bankruptcy Code or (b) impaired and deemed to reject the Plan under section 1126(g) of the Bankruptcy Code.  Such Non-Voting Parties will receive a copy of the Confirmation Hearing  Notice and a copy of the notice attached to the Motion as **Exhibit D** (the "***Unimpaired Party Notice***") or **Exhibit E** (the "***Impaired Party Notice***"), as applicable.  The Unimpaired Party Notice ~~and Impaired Party Notice~~ shall ~~each~~ set forth the procedures for allowing the Non-Voting Parties to opt-out of the releases contained in Article IX.B.2 of the Plan

10.     The Solicitation Agent must receive original signed Ballots on or before 4:00 p.m. (prevailing Eastern Time) on [_____] (the  "***Voting Deadline***").  Ballots are to be delivered to the Solicitation Agent by either first class mail, overnight mail or courier service at the following address:  Promise Healthcare Group, LLC Claims Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165.  Any Ballot delivered by facsimile, e-mail, or any other electronic  means shall not be counted as an acceptance or rejection of the Plan and shall be rendered  invalid; *provided, however,* that the Debtors, with the consent of the Committee, may elect to accept ballots submitted by such means.

11.     In addition to accepting Ballots by regular mail, overnight courier, or hand delivery, the Debtors may accept Ballots via electronic, online transmission through a customized electronic Ballot by utilizing the "E-Ballot" platform on Prime Clerk's website. Holders may cast an E-Ballot and electronically sign and submit such electronic Ballot via the E-Ballot platform. Instructions for casting an electronic Ballot can be found on the "E-Ballot" section of Prime Clerk's website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective. For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot platform. Ballots submitted by electronic mail, facsimile, or any other means of electronic submission not specifically authorized herein shall not be counted; *provided, however,* that the Debtors, with the consent of the Committee, may elect to accept ballots submitted by such means.

12.     The Debtors are not required to mail the General Solicitation Packages and Non-Voting Creditor Notices to any Holders of Claims or Equity Interests at addresses that have previously been determined to be undeliverable. Failure to deliver the foregoing or other applicable materials to such Holders will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline or a violation of Bankruptcy Rule 3017(d).

13.     With respect to transfers of Claims or Interests filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a General Solicitation to cast a Ballot, the Unimpaired Party Notice, or the Impaired Party Notice, as applicable, on account of such Claim or Interest only if: (i) all actions necessary to transfer such Claim or Interest are completed by the Voting Record Date or (ii) the transferee files by the Voting Record Date (a) all documentation

required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim or Interest is transferred after the Voting Record Date, the transferee of such Claim or Interest shall be bound by any vote or election on the Plan or releases thereunder made by the holder of such Claim or Interest as of the Voting Record Date.

14.     If a creditor seeks to challenge the allowance of its Claim for voting purposes as determined by the procedures set forth in this Order, such creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "***3018 Motion***") and serve the 3018 Motion on the Debtors so that it is received no later than fourteen (14) days prior to the Confirmation Hearing (the "***3018 Motion Deadline***"), which is [_____], 2020. The deadline to file an objection to a 3018 Motion shall be seven (7) days prior to the Plan Confirmation Hearing (the "***3018 Objection Deadline***"), which is [_____], 2020.

15.     For purposes of filing the Voting Certification, if a creditor files a timely 3018 Motion regarding a voting Claim, the Solicitation Agent is authorized to tabulate the vote on account of such Claim in the amount as set forth in the 3018 Motion unless a timely objection to the 3018 Motion is filed, wherein the Solicitation Agent will tabulate the vote in accordance with any Court order resolving such 3018 Motion or, lacking entry of such an order by the Voting Deadline, in the original amount of the Claim as it appeared on the official claims register on the Voting Record Date.

16.     If the Debtors have filed an objection or request for estimation as to a Claim at least seven (7) calendar days before the Voting Deadline (the "***Voting Objection Deadline***"), such Claim shall be temporarily disallowed (or estimated) for voting purposes only and not for

purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline; *provided, however*, that if the Debtors' objection or request for estimation seeks to reclassify or reduce the Allowed amount of such Claim, then such Claim is temporarily Allowed for voting purposes in the reduced amount and/or as reclassified, except as ordered by the Court before the Voting Deadline.

17.    Solely for purposes of voting to accept or reject the Plan and  not for purposes of allowance or distribution on account of a Claim, and without prejudice to the  rights of the Debtors, their estates, or the Committee in any other context, that the amount of each Class 4 (Settlement Claim) used to tabulate acceptance  or rejection of the Plan be the PHG Percentage Membership held by the applicable Beneficiary of the Intercompany Loans as reflected on the Beneficial Holder Record (each of the foregoing as defined in the Plan) as of the Voting Record Date.

18.    Solely for purposes of voting to accept or reject the Plan and  not for purposes of allowance or distribution on account of a Claim, and without prejudice to the  rights of the Debtors, their estates, or the Committee in any other context, that the amount of each Class 5 (Alleged Legal Expense Indemnification Claim) used to tabulate acceptance  or rejection of the Plan be determined according to the following hierarchy:

(a)    the amount of any Alleged Legal Expense Indemnification Claim determined by order of the Bankruptcy Court, including (but not limited to) any amount temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a).  For the avoidance of doubt, none of the Escrows established pursuant to the Louisiana Sale Order [Docket No. 788] are determinative of, nor have any bearing on, the amount of any Alleged Legal Expense Indemnification Claim, each of which such Alleged Legal Expense Indemnification Claim is wholly disputed, contingent and/or unliquidated;

(b)    if (a) does not apply, but the Claim has been estimated or otherwise Allowed for voting purposes pursuant to a stipulation, settlement, or other agreement reached between the Debtors, the Committee, and the holder of the Claim (whether such stipulation, settlement, or agreement is filed or not), then in

the amount set forth in the stipulation, settlement, or other agreement; and

(c)    if neither (a) nor (b) apply, then in the amount of $1.00 for each timely filed proof of Claim on account of any Alleged Legal Expense Indemnification (as defined in the Disclosure Statement).

19.    Solely for purposes of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim, and without prejudice to the rights of the Debtors, their estates or the Committee in any other context, that the amount of each Class 6 (General Unsecured Claim) used tabulate acceptance or rejection of the Plan be determined according to the following hierarchy:

(a)    the amount determined by order of the Bankruptcy Court, including (but not limited to) any amount temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a);

(b)    if (a) does not apply, but the Claim has been estimated or otherwise Allowed for voting purposes pursuant to a stipulation, settlement, or other agreement reached between the Debtors, the Committee, and the holder of the Claim, (whether such stipulation, settlement, or agreement is filed or not), then in the amount set forth in the stipulation, settlement, or other agreement;

(c)    if neither (a) nor (b) apply, then in the liquidated, non-contingent amount specified in a proof of Claim timely filed with the Bankruptcy Court or Prime Clerk (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) to the extent that the proof of Claim is not the subject of an objection; *provided* that if a proof of Claim is partially liquidated and/or partially contingent, then in only the liquidated, non-contingent amount; *further provided* that if a Claim for which a proof of Claim has been timely filed is wholly-contingent, -unliquidated, -undetermined or -unknown, then in the amount of $1.00; *further provided* that a proof of Claim filed for $0.00 is not entitled to vote; and

(d)    if neither (a), (b), nor (c) apply, then in the liquidated, non-contingent, non-disputed amount specified in the Debtors' schedules of assets and liabilities; provided that a Claim scheduled in a wholly-contingent, -unliquidated, -undetermined, -unknown, or -disputed amount or for $0.00 is not entitled to vote..

20.    Solely for purposes of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim and without prejudice to the rights of the Debtors,

their estates or the Committee in any other context, that the amount of a Class 7 (Convenience Claim) used to tabulate acceptance or rejection of the Plan be based on the hierarchy and tabulation rules set forth in subparagraphs 19(a)-(d) above; *provided, however,* that where a Holder of a Claim that would otherwise be a Class 6 (General Unsecured Claim) elects to have its Claim treated as a Class 7 (Convenience Claim) on its Ballot, such Claim shall be allowed for voting purposes in the amount of $10,000.

21.     In addition to the tabulation rules set forth in paragraphs 17 through 20 above, the following voting procedures and standard assumptions ("***Tabulation Rules***") shall be used in tabulating all Ballots, whether in Class 4, 5, 6, or 7:

(a)     any Ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan will be counted and cast as an acceptance or rejection, as the case may be, of the Plan;

(b)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)     any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote to accept or reject this Plan will not be counted;

(d)     any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of this Plan or that indicates both acceptance and rejection of this Plan will not be counted;

(e)     any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted, unless the Debtors, with the consent of the Committee, agree in writing to an extension of such deadline;

(f)     if a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence satisfactory to the Debtors to so act in such capacity;

(g)     notwithstanding anything to the contrary in the Solicitation Procedures Order or the procedures established thereby, the Debtors, with the consent of the Committee, may waive any defect, including method of

transmission, with respect to any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may also, with the consent of the Committee, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

(h)     unless otherwise ordered by the Bankruptcy Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors with the consent of the Committee, which determination shall be final and binding;

(i)     if multiple Ballots are received from or on behalf of an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(j)     if a Holder simultaneously submits inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted;

(k)     any Ballot not bearing an original signature will not be counted (for the avoidance of doubt, a Ballot cast via the E-Ballot platform will be deemed to contain an original signature);

(l)     any Ballot received by the Solicitation Agent by e-mail, facsimile or other electronic communication (unless otherwise permitted) will not be counted;

(m)     if a party that is entitled to vote has more than one Claim within the same Class against one or more of the Debtors based upon different transactions, said party shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all of said Claims (as applicable);

(n)     any Claim filed or asserted against any of the Debtors will be deemed a Claim against the consolidated Estate for voting (and distribution) purposes;

(o)     any duplication of Claims arising from both primary operative documents and guaranty and/or other secondary obligations, or other Claims for which more than one Debtor may be liable, shall be eliminated and all such Claims against the Debtors shall be treated as a single Claim against the Estate that eliminates such duplications;

(p)     all guarantees executed by any of the Debtors in favor of any Creditor shall be deemed to be a single obligation for voting (and distribution) purposes;

(q)     in the event any Class of Claims does not have a Holder of an allowed

Claim or a Claim temporarily allowed by the Bankruptcy Court as of the date of the Confirmation Hearing, such Class or Classes shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to Bankruptcy Code section 1129(a)(8);

(r)     in the event that a Class of Claims contains at least one party that is entitled to vote and no members of such Class vote on the Plan, such Class shall be deemed to accept the Plan;

(s)     notwithstanding anything to the contrary in these tabulation rules, the Holder of any Claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any;

(t)     if a Claim is deemed Allowed under the Plan, such Claim is allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(u)     if a Claim is the subject of an amended proof of Claim filed on or prior to the Voting Record Date, the originally filed proof of Claim shall be deemed superseded by the later filed amended proof of Claim, regardless of whether or not the Debtors have objected to such Claim on the ground that it has been amended, and only the amended proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

(v)     consistent with paragraph 14 above, if an objection to a timely filed Claim is filed before the Voting Deadline, then, pending the objection's resolution, such Claims shall be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or ordered by the Bankruptcy Court;

(w)     if a Holder of a Claim or Interest holds Claims and/or Interests in more than one Class, such Holder of a Claim or Interest must submit a Ballot for each Class of Claims or Interests in which such Holder holds a Claim or Interest;

(x)     creditors with multiple Claims within a particular Class must vote all such Claims in any such Class to either accept or reject the Plan and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the same Class will not be counted; and

(y)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Class, whether asserted against the same or different Debtors, shall be provided with only one General Solicitation Package and one Ballot for voting a single Claim in each Class, regardless of whether the Debtors have objected

to such duplicate Claims.

22.    Additionally, the following Ballots **will not be counted** in determining whether the Plan has been accepted or rejected:

(a)    it is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(b)    it was transmitted by facsimile, email, or other electronic means (except via Prime Clerk's E-Ballot platform), unless such defect is otherwise waived;

(c)    it was cast by an entity that is not entitled to vote on the Plan;

(d)    it was cast for a Claim listed in the Schedules as contingent, unliquidated, or disputed for which the applicable bar date has passed and no proof of claim was timely filed;

(e)    it was cast for a Claim that is subject to an objection pending as of the Voting Record Date (unless temporarily allowed in accordance with the Solicitation Procedures Order or as set forth in the Disclosure Statement);

(f)    it was sent to the Debtors, the Debtors' agents (other than Prime Clerk), the Debtors' financial or legal advisors, the Official Committee, or the Official Committee's advisors;

(g)    it is unsigned;

(h)    it is not clearly marked to either accept or reject the Plan or it is marked both to accept and reject the Plan;

(i)    it is not received by Prime Clerk before the Voting Deadline; or

(j)    the Bankruptcy Court, after notice and a hearing, determines that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

23.    Further, notwithstanding anything contained herein to the contrary, the Solicitation Agent, in its discretion, may contact parties that submitted Ballots to cure any defects in the Ballots.  Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the Bankruptcy Court determines.

Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

24.    On or before [_____], the Solicitation Agent shall file the Voting Certification, which shall include the final results of tabulation as well as those votes excluded from tabulation and the reason(s) for such exclusion.

25.    The Debtors, with the consent of the Committee, may make non-substantive changes to the Plan and Disclosure Statement and related documents without further order of the Bankruptcy Court to correct typographical and grammatical errors, and to make conforming changes among the Plan and Disclosure Statement and any other materials in the General Solicitation Packages following  entry of the Solicitation Procedures Order and prior to mailing.

26.    The Confirmation Hearing Notice, substantially in the form attached to the Motion as **Exhibit B**, is hereby approved and shall be served upon the Debtors' creditor matrix and all interest Holders of record as soon as practicable after the entry of this Order.

27.    The Non-Voting Creditor Notices, substantially in the forms attached to the Motion as **Exhibits D** and **E**, are hereby approved, and shall be served upon the applicable Non-Voting Parties as soon as practicable after the entry of this Order.

28.    The Publication Notice, substantially in the form attached to the Motion as **Exhibit F**, is hereby approved. The Debtors shall publish the Publication Notice once in the

national edition of the Wall Street Journal, the New York Times, or USA Today, not less than fourteen (14) calendar days before the Confirmation Hearing.

29.     The Confirmation Hearing is scheduled for **[__ at __ p.m.] (prevailing Eastern Time)**, before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Courtroom #6 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801.

30.     The deadline to file objections to confirmation of the Plan (the "***Objection Deadline***") shall be **4:00 p.m. (prevailing Eastern Time) on [___]**. The Plan Confirmation Hearing may be continued from time to time by the Court or the Debtors, with the consent of the Committee, without further notice other than adjournments announced in open court.

31.     Objections to the confirmation of the Plan, if any, must:

    (a)      be in writing;

    (b)      comply with the Bankruptcy Rules and the Local Rules;

    (c)      state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity or person;

    (d)      state with particularity the basis, nature, and specific grounds of any objection to confirmation of the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

    (e)      be filed, together with proof of service, with the Court and served so that they are actually received by the Notice Parties identified in the Confirmation Hearing Notice by the Objection Deadline.

32.     The Debtors and any parties in interest supporting the Plan shall have until **[____]** at 4:00 p.m. (prevailing Eastern Time) (the "***Reply Deadline***")to file a reply to any objections to confirmation properly and timely filed with the Bankruptcy Court.

33.     The Debtors, with the consent of the Committee, shall also file a proposed form of order confirming the Plan (the "***Confirmation Order***") by the Reply Deadline.

34.     Unless otherwise set forth herein, all time periods set forth in this Order shall be  calculated in accordance with Bankruptcy Rule 9006(a).

35.     The Debtors are authorized to take all actions necessary to effectuate the relief  granted pursuant to this Order in accordance with the Motion, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

36.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and  enforceable upon its entry.

37.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from  or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020        _____
          Wilmington, Delaware                     The Honorable Christopher S. Sontchi
                                                   United States Bankruptcy Judge

**EXHIBIT B**

*Confirmation Hearing Notice*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
                                                   :   Chapter 11
In re:                                             :
                                                   :   Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et                  :
al.,¹                                              :   (Jointly Administered)
                                                   :
                                                   :
              Debtors.                             :   Re: Docket No. ___
                                                   :
                                                   :
                                                   :
-------------------------------------------------- x
```

**NOTICE OF (A) APPROVAL OF DISCLOSURE STATEMENT, (B)
ESTABLISHMENT OF PROCEDURES FOR THE SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN,
(C) APPROVAL OF THE FORMS OF BALLOT AND SOLICITATION
MATERIALS, (D) ESTABLISHMENT OF VOTING RECORD DATE,
(E) SCHEDULING OF THE CONFIRMATION HEARING AND ESTABLISHMENT
OF THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION
OF THE PLAN, AND (F) APPROVAL OF THE RELATED FORMS OF NOTICE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    **Approval of Disclosure Statement.** By order dated [___] (the "***Solicitation Procedures Order***") [D.I. *], the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors in possession (the "***Debtors***"), approved the Debtors' *Disclosure Statement*

---

¹ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3ʳᵈ FL, Boca Raton, FL 33431.

for the *Second Amended* Joint Chapter 11 Plan of Liquidation of Promise Healthcare Group, LLC and Its Debtor Affiliates, dated [_____] (as may be amended, modified, and/or supplemented, the "***Disclosure Statement***") [D.I. --] as containing  adequate information within the  meaning  of  section  1125  of  chapter  11  of  title  11  of  the  United  States  Code  (the "***Bankruptcy Code***"),  and authorized the Debtors to solicit votes to accept or reject the *Second Amended Joint Plan of Liquidation*, dated [_____], 2020 (as may be amended, modified, or supplemented, the "***Plan***")[2] [D.I. --], annexed as Exhibit A to the Disclosure Statement.

2.        **Deadline for Voting on the Plan.** By the Solicitation Procedures Order, the Bankruptcy Court established [_____] **at 4:00 p.m. (prevailing Eastern Time)** (the "***Voting Deadline***") as the deadline by which Ballots accepting or rejecting the Plan  must be received. Only holders of Claims in the following Classes are entitled to vote to accept or reject  the Plan: Class 4 Settlement Claims, Class 5 Alleged Legal Expense Indemnification Claims;, Class 6 General Unsecured Claims, and Class 7 Convenience Class Claims. To be counted,  original Ballots must **actually be received** on or before the Voting Deadline by Prime  Clerk LLC (the "***Solicitation Agent***") at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 or through the Solicitation Agent's "E-Ballot" online voting portal, which can be accessed via the following link to the Debtors' case website: https://cases.primeclerk.com/promisehealthcaregroup.  Ballots cast by facsimile, email, or any  other electronic means other than E-Ballot will not be counted.

Holders of Claims or Interests in the Non-Voting Classes are either (i) Unimpaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, which Holders will receive the Unimpaired Party Notice or (ii) Impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, which Holders will receive the Impaired Party Notice. ~~The Non-Voting Creditor Notices~~

Holders of Claims in Classes 1-7 will be deemed to have consented to the releases contained in Article IX.B.2 of the Plan if such Holders do not elect to opt-out of the releases. Holders of Claims in Classes 1-3 may opt-out of the releases by completing the Release Election Form pursuant to the instructions set forth in the ~~procedures for allowing the Non-Voting Parties~~Unimpaired Party Notice. Holders of Claims in Classes 4-7 must check the box under Item 2 of their Ballot pursuant to the instructions set forth therein to opt-out of the releases contained in Article IX.B.2 of the Plan.

3.        **Confirmation Hearing**. The Bankruptcy Court shall hold a hearing (the "***Confirmation Hearing***") to consider confirmation of the Plan on [___ **at** ___ **p.m. (prevailing Eastern Time),** before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in  Courtroom #6 of the United States Bankruptcy Court for the District of  Delaware,  824  North  Market  Street,  5th  Floor,  Wilmington,  Delaware  19801.  The Confirmation Hearing may be adjourned or  continued from time to time by the Bankruptcy Court or the Debtors, with the consent of the Committee, without further notice other than adjournments announced in open Bankruptcy Court or as indicated in any notice of agenda of

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan. Capitalized terms not otherwise defined in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Order.

matters scheduled for hearing filed with the Bankruptcy Court. The Debtors, with the consent of the Committee, may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan and/or Solicitation Procedures Order without further notice.

4.     **Deadline for Filing Objections to Confirmation of the Plan**. Objections, if any, to the confirmation of the Plan must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person; (d) state with particularity the basis and nature of any objection to confirmation of the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, together with proof of service, with the Court and served so that they are actually received by the following Notice Parties: (i) counsel to the Debtors: (a) DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: Stuart R. Brown and Matthew S. Sarna) and (b) Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler, Tyler N. Layne, and Courtney K. Stone); (ii) counsel to the Creditors' Committee: (a) Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Jeffrey N. Pomerantz, Bradford J. Sandler, and Colin R. Robinson), and (b) Sills Cummis & Gross, P.C., The Legal Center, One Riverfront Plaza, Newark, New Jersey 07102 (Attn: Andrew H. Sherman, Boris I. Mankovetskiy, and Rachel E. Brennan); and (iii) the Office of the US Trustee, 844 King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Brya Michele Keilson) by **[____] at 4:00 p.m. (prevailing Eastern Time)** (the "*Objection Deadline*").

5.     **Deadline for Filing Motions to Have Claim Temporarily Allowed for Voting Purposes.** Any alleged creditor seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file a motion, pursuant to Bankruptcy Rule 3018(a) (a "*3018 Motion*") and serve the 3018 Motion on the Debtors so that it is received no later than fourteen (14) days prior to the Confirmation Hearing (the "*3018 Motion Deadline*"), which is [____]. The deadline to file an objection to a 3018 Motion shall be seven (7) days prior to the Plan Confirmation Hearing (the "*3018 Objection Deadline*"), which is [____].

6.     **Copies of Plan and Related Documents**. Copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order, and related documents are available for review free of charge by (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), or (d) emailing promisehealthcareinfo@PrimeClerk.com. **Please note that the Solicitation Agent is not permitted to give legal advice.**

7.     **Key Dates.** Some of the key dates and deadlines related to confirmation of the Plan are:

| Proposed Timetable | |
|---|---|
| Voting Record Date | [DATE] (the date scheduled for the Disclosure Statement Hearing) |
| Solicitation Commencement Date | Five (5) business days after entry of Disclosure Statement Order, which the Debtors expect to be [DATE] |
| Rule 3018 Motion Deadline | [DATE] |
| Rule 3018 Objection Deadline | [DATE] |
| Voting Objection Deadline | [DATE] |
| Voting Deadline | [DATE] |
| Confirmation Objection Deadline | [DATE] |
| Filing of Voting Certification | [DATE] |
| Reply Deadline | [DATE] |
| Confirmation Hearing | [DATE] |

Dated: _____, 2020
Wilmington, Delaware

DLA PIPER LLP (US)

/s/_____
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
      Matthew.Sarna@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
      Katie.Stenberg@wallerlaw.com
      Blake.Roth@wallerlaw.com
      Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors and*
*Debtors in Possession*

# EXHIBIT C

### *Ballots*

**Exhibit C-1**

*Form of Ballot for Class 4 Settlement Claims*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------  x
                                                          :   Chapter 11
In re:                                                    :
                                                          :   Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et                         :
al.,¹                                                     :   (Jointly Administered)
                                                          :
                                                          :
         Debtors.                                         :   Re: Docket No. ___
                                                          :
                                                          :
                                                          :
                                                          x
--------------------------------------------------------
```

## CLASS 4 BALLOT TO ACCEPT OR REJECT
## THE SECOND AMENDED JOINT PLAN OF LIQUIDATION

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [____] AT 4:00 P.M. (PREVAILING EASTERN TIME).**
>
> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**
>
> **YOUR PHG MEMBERSHIP INTEREST IS [*]% OF THE AGGREGATE MEMBERSHIP INTERESTS IN PHG HELD BY ALL HOLDERS OF SETTLEMENT CLAIMS.**

This ballot (the "***Ballot***") is submitted to you to solicit your vote to accept or reject the *Second Amended Joint Plan of Liquidation*, dated [__], 2020 (as may be amended, modified, or

---

¹ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

supplemented, the "***Plan***")[2] [D.I. --], submitted by the debtors and debtors in possession in the above-captioned jointly administered cases, (collectively, the "***Debtors***") and the unsecured creditors committee (the "***Committee***") and described in the related disclosure statement (the "***Disclosure Statement***") [D.I. --] approved by order of the United  States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") entered on [___] [D.I. --] (the "***Solicitation Procedures Order***"). The Disclosure Statement provides information to assist you in deciding how to  vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours,  Monday through Friday 8:00 a.m. to 4:00 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, 3rd  Floor, 824 North Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may  be obtained by: (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), (d) emailing promisehealthcareballots@primeclerk.com, or (e) accessing the Bankruptcy Court's website, www.deb.uscourts.gov, for a fee. A  PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan  before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them  in the Plan, the Disclosure Statement, or Solicitation Procedures Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least  two-thirds in amount and more than one-half in number of the Claims or Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 §§ 101 *et seq.* (the "***Bankruptcy Code***").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless  may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate  against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy  Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight  courier or hand delivery: Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, so that it is **received** by the deadline indicated above. In addition, Ballots may be returned by electronic, online  transmission by clicking on the "E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/promisehealthcaregroup) and  following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only one method of return for your Ballot. If you choose to submit your Ballot via Prime

---

[2] Terms not otherwise herein defined shall have the meaning ascribed to them in the Plan. Terms not otherwise
   defined in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Order (defined below).

Clerk's E-Ballot system, you  should not also return a hard copy of your Ballot. <u>Ballots submitted by facsimile or email will not be counted</u>.

PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEMS 1 AND 3. ITEM 2 IS OPTIONAL, HOWEVER, IF YOU DO NOT OPT-OUT OF THE
RELEASES CONTAINED IN ITEM 2, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES CONTAINED IN
ARTICLE IX.B.2 OF THE PLAN.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES,   THIS BALLOT

**Item 1. Class Vote.** The undersigned, a holder of a Class 4 Settlement Claim against the
Debtors, in the voting amount in accordance with the holder's PHG Membership Interest set
forth below, votes to (<u>check one box only</u>):

☐ **Accept** the Plan.        ☐ **Reject** the Plan.

PHG Membership Interest:  _____

**Item 2. Optional Release Election.** Check this box if you elect <u>not</u> to grant the releases
contained in Article IX.B.2 of the Plan. Election to withhold consent is at your option. If you
(a) do not check the below box and return this Ballot as set forth below or (b) do not return
this Ballot as set forth below you will be deemed to consent to the releases set forth in
Article IX.B.2 of the Plan and the related injunction to the fullest extent permitted by
applicable law.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt
of the Disclosure Statement and the  other applicable solicitation materials and certifies that
the undersigned is the claimant or has the power and authority to vote to  accept or reject
the Plan on behalf of the claimant. The undersigned understands that an otherwise properly
completed, executed  and timely returned Ballot that does not indicate either acceptance
or rejection of the Plan or indicates both acceptance and  rejection of the Plan will not be
counted.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Taxpayer Identification Number

_____

Telephone Number

_____

Email Address

_____

Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk, LLC (the "***Solicitation Agent***") by **ONLY ONE** of the following approved return methods:

---

By first class mail, overnight courier or hand delivery:

**Promise Healthcare Ballot Processing Center**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street**
**Suite 1440**
**New York, NY 10165**

---

By electronic, online submission:

Please                                        visit **https://cases.primeclerk.com/promisehealthcareg roup/.** Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

Ballots submitted by facsimile or email will not be counted.

---

**Ballots must be *received* by the Solicitation Agent on or before [_____] at 4:00 p.m. (prevailing Eastern  Time) (the "*Voting Deadline*")**. If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion, with the consent of the Committee. An envelope addressed to the Solicitation Agent is enclosed for your  convenience (which address may differ from the address provided in the box above). Ballots submitted by facsimile or email will  not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and  timely returned Ballot, the Ballot will not be counted.

1.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are  not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially  accept and partially reject the Plan likewise will not be counted. **Further, simultaneously-submitted inconsistent duplicate Ballots with respect to the  same claim shall not be counted.**

2.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance  with certain tabulation rules approved by the Bankruptcy Court (the "***Tabulation Rules***"). The Tabulation Rules are set forth in  the Solicitation Procedures Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your  Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, their Estates or the Committee in any other context (*e.g.*,  the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to  challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for  purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **[____] (**the "***3018 Motion Deadline***")**.** Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote  in excess of the PHG Membership Interest as set forth on this Ballot.

3.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

4.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly  completed Ballot will supersede any prior received Ballots.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY  REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR  OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL ***NOT*** ACCEPT BALLOTS BY  FACSIMILE OR EMAIL.

7.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY  QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE SOLICITATION AGENT AT (844) 822-9230 (DOMESTIC, TOLL-FREE) OR (347) 338-6503 (INTERNATIONAL, TOLL) OR  PROMISEHEALTHCAREBALLOTS@PRIMECLERK.COM.    DO NOT CONTACT THE SOLICITATION AGENT  FOR LEGAL ADVICE. THE SOLICITATION AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

8.     **NOTICE REGARDING RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN**.  **In addition to the release set forth in Article IX.B.2 of the Plan, the Plan contains release, exculpation, and injunction provisions in its Article IX that may affect your rights if the Plan is confirmed, irrespective of whether you vote in favor of the Plan's confirmation or opt out of the release set forth in Article IX.B.2.  You are advised and encouraged to carefully review and consider the Plan and its provisions accordingly.**

**Exhibit C-2**

*Form of Ballot for Class 5 Alleged Legal Expense Indemnification Claims*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------  x
                                                   :   Chapter 11
In re:                                             :
                                                   :   Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et                  :
al.,¹                                              :   (Jointly Administered)
                                                   :
                                                   :
          Debtors.                                 :   Re: Docket No. ___
                                                   :
                                                   :
                                                   :
                                                   x
-------------------------------------------------
```

## CLASS 5 BALLOT TO ACCEPT OR REJECT
## THE SECOND AMENDED JOINT PLAN OF LIQUIDATION

| |
|---|
| **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [____] AT 4:00 P.M. (PREVAILING EASTERN TIME).** |
| **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.** |

This ballot (the "***Ballot***") is submitted to you to solicit your vote to accept or reject the *Second Amended Joint Plan of Liquidation*, dated [__], 2020 (as may be amended, modified, or supplemented, the "***Plan***")² [D.I. --], submitted by the debtors and debtors in possession in the above-captioned jointly administered cases, (collectively, the "***Debtors***") and the unsecured

---

¹ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, Inc. (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3ʳᵈ FL, Boca Raton, FL 33431.

² Terms not otherwise herein defined shall have the meaning ascribed to them in the Plan. Terms not otherwise defined in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Order (defined below).

creditors committee (the "*Committee*") and described in the related disclosure statement (the "*Disclosure Statement*") [D.I. --] approved by order of the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered on [___] [D.I. --] (the "*Solicitation Procedures Order*"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday 8:00 a.m. to 4:00 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained by: (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), (d) emailing promisehealthcareballots@primeclerk.com, or (e) accessing the Bankruptcy Court's website, www.deb.uscourts.gov, for a fee. A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or Solicitation Procedures Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims or Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 §§ 101 *et seq.* (the "*Bankruptcy Code*"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, **One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165**, so that it is **received** by the deadline indicated above. In addition, Ballots may be returned by electronic, online transmission by clicking on the "E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/promisehealthcaregroup) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only <u>one</u> method of return for your Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

<u>Ballots submitted by facsimile or email will not be counted.</u>

PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEMS 1 AND 3. ITEM 2 IS OPTIONAL, HOWEVER, IF YOU DO NOT OPT-OUT OF THE
RELEASES CONTAINED IN ITEM 2, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES CONTAINED IN
ARTICLE IX.B.2 OF THE PLAN. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES,  THIS BALLOT

**Item 1. Class Vote.** The undersigned, a holder of a Class 5 Alleged Legal Expense Indemnification Claim against the Debtors, in the voting amount set forth below, votes to (<u>check one box only</u>):

☐ **Accept** the Plan.          ☐ **Reject** the Plan.

Voting Amount:  $ _____

**Item 2.  Optional Release Election.**  Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2 of the Plan. Election to withhold consent is at your option. If you (a) do not check the below box and return this Ballot as set forth below or (b) do not return this Ballot as set forth below you will be deemed to consent to the releases set forth in Article IX.B.2 of the Plan and the related injunction to the fullest extent permitted by applicable law.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the  other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to  accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed  and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and  rejection of the Plan will not be counted.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Taxpayer Identification Number

_____

Telephone Number

_____

Email Address

_____

Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk, LLC (the "***Solicitation Agent***") by **ONLY ONE** of the following approved return methods:

---

By first class mail, overnight courier or hand delivery:

**Promise Healthcare Ballot Processing Center**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street**
**Suite 1440**
**New York, NY 10165**

---

By electronic, online submission:

Please                                              visit **https://cases.primeclerk.com/promisehealthcareg roup/.** Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

Ballots submitted by facsimile or email will not be counted.

---

**Ballots must be *received* by the Solicitation Agent on or before [_____] at 4:00 p.m. (prevailing Eastern Time) (the "*Voting Deadline*")**. If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion, with the consent of the Committee. An envelope addressed to the Solicitation Agent is enclosed for your convenience (which address may differ from the address provided in the box above). Ballots submitted by facsimile or email will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

1.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are  not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially  accept  and  partially  reject  the  Plan  likewise  will  not  be  counted. **Further, simultaneously-submitted  inconsistent  duplicate  Ballots  with  respect  to  the   same claim shall not be counted.**

2.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept  or  reject  the  Plan  in  accordance  with  certain  tabulation  rules  approved  by  the Bankruptcy Court (the "***Tabulation Rules***"). The Tabulation Rules are set forth in   the Solicitation Procedures Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your  Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, their Estates or the Committee in any other context (*e.g.*,   the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to  challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for  purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **[____]** (the "***3018 Motion Deadline***")**.** Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote   in  excess  of  the  amount  as  determined  in  accordance  with  the  Tabulation  Rules, regardless of the amount identified in Item 1 of  the Ballot.

3.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

4.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the  latest  received  properly  completed  Ballot  will  supersede  any  prior  received Ballots.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR  ADVICE,  OR  TO  MAKE  ANY  REPRESENTATION,  OTHER  THAN  WHAT  IS CONTAINED  IN  THE  MATERIALS  MAILED  WITH  THIS  BALLOT  OR   OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      PLEASE  RETURN  YOUR  BALLOT  PROMPTLY.  THE  SOLICITATION AGENT WILL ***NOT*** ACCEPT BALLOTS BY  FACSIMILE OR EMAIL.

7.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY  QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE SOLICITATION AGENT AT ((844) 822-9230 (DOMESTIC, TOLL-FREE) OR (347) 338-6503 (INTERNATIONAL, TOLL) OR  PROMISEHEALTHCAREBALLOTS@PRIMECLERK.COM.   DO  NOT  CONTACT THE  SOLICITATION  AGENT   FOR  LEGAL  ADVICE.  THE  SOLICITATION  AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

8.     **NOTICE REGARDING RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN**. **In addition to the release set forth in Article IX.B.2 of the Plan, the Plan contains release, exculpation, and injunction provisions in its Article IX that may affect your rights if the Plan is confirmed, irrespective of whether you vote in favor of the Plan's confirmation or opt out of the release set forth in Article IX.B.2. You are advised and encouraged to carefully review and consider the Plan and its provisions accordingly.**

**<u>Exhibit C-3</u>**

***Form of Ballot for Class 6 General Unsecured Claims***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------   x
                                                          :   Chapter 11
In re:                                                    :
                                                          :   Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et                         :
al.,³                                                     :   (Jointly Administered)
                                                          :
                                                          :
            Debtors.                                      :   Re: Docket No. ___
                                                          :
                                                          :
                                                          x
-------------------------------------------------------
```

**CLASS 6 BALLOT TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF LIQUIDATION**

---

THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [____] AT 4:00 P.M.
(PREVAILING EASTERN TIME).

YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE
COUNTED.

---

This ballot (the "**Ballot**") is submitted to you to solicit your vote to accept or reject the *Second Amended Joint Plan of Liquidation*, dated [__], 2020 (as may be amended, modified, or supplemented, the "**Plan**")⁴ [D.I. --], submitted by the debtors and debtors in possession in the

---

³ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3ʳᵈ FL, Boca Raton, FL 33431.

⁴ Terms not otherwise herein defined shall have the meaning ascribed to them in the Plan. Terms not otherwise defined in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Order (defined below).

4832-4880-3755.11 4841-7548-3587.1  9
7375578 v2

above-captioned jointly administered cases, (collectively, the "**Debtors**") and the unsecured creditors committee (the "**Committee**") and described in the related disclosure statement (the "**Disclosure Statement**") [D.I. --] approved by order of the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered on [___] [D.I. --] (the "**Solicitation Procedures Order**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday 8:00 a.m. to 4:00 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained by: (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), (d) emailing promisehealthcareballots@primeclerk.com, or (e) accessing the Bankruptcy Court's website, www.deb.uscourts.gov, for a fee. A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Solicitation Procedures Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims or Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 §§ 101 *et seq.* (the "**Bankruptcy Code**"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, so that it is **received** by the deadline indicated above. In addition, Ballots may be returned by electronic, online transmission by clicking on the "E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/promisehealthcaregroup) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only <u>one</u> method of return for your Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

<u>Ballots submitted by facsimile or email will not be counted.</u>

PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

> PLEASE COMPLETE ITEMS 1 AND 4.  ITEM 2 IS OPTIONAL, HOWEVER, IF YOU DO NOT OPT-OUT OF THE
> RELEASES CONTAINED IN ITEM 2, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES CONTAINED IN
> ARTICLE IX.B.2 OF THE PLAN.  ITEM 3 IS OPTIONAL.   IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE
> **Item 1. Class Vote.** The undersigned, a holder of a Class 6 General Unsecured Claim against

the Debtors, in the voting amount set forth below, votes to (<u>check one box only</u>):

☐ **Accept** the Plan.      ☐ **Reject** the Plan.

Voting Amount: $ _____

**Item 2.  Optional Release Election.**  Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2 of the Plan. Election to withhold consent is at your option. If you (a) do not check the below box and return this Ballot as set forth below or (b) do not return this Ballot as set forth below you will be deemed to consent to the releases set forth in Article IX.B.2 of the Plan and the related injunction to the fullest extent permitted by applicable law.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. Optional Treatment Election.** Election to be treated as a Convenience Class Claim. The Holder of a General Unsecured Claim in Class 6 has the option to elect to have such Claim irrevocably reduced to $10,000 and treated as a Convenience Class Claim for the purposes of the Plan if. Pursuant to the Plan, except to the extent that a Holder of an Allowed Convenience Class Claim and the Liquidating Trustee agree to a less favorable treatment in writing, in full and final satisfaction of each Allowed Convenience Class Claim, each Holder of an Allowed Convenience Class Claim, on or as soon as practicable after the later of the Effective Date or the date on which such Convenience Class Claim is becomes an Allowed Convenience Class Claim, shall receive Cash in an amount greater than $10,000 equal to 14% of the amount of such Holder's Allowed Convenience Class Claim.

☐ The undersigned irrevocably elects to reduce the Class 6 its General Unsecured Claim to $10,000 and be treated as a Holder of a Class 7 Convenience Class Claim.

**Item 4. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the  other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to  accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed  and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and  rejection of the Plan will not be counted.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Taxpayer Identification Number

_____

Telephone Number

_____

Email Address

_____

Date Completed

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk, LLC (the "***Solicitation Agent***") by **ONLY ONE** of the following approved return methods:

<u>By first class mail, overnight courier or hand delivery</u>:

**Promise Healthcare Ballot Processing Center
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165**

<u>By electronic, online submission</u>:

Please                                    visit **https://cases.primeclerk.com/promisehealthcareg roup/.** Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not </u>also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

<u>Ballots submitted by facsimile or email will not be counted</u>.

**Ballots must be *received* by the Solicitation Agent on or before [____] at 4:00 p.m. (prevailing Eastern Time) (the "*Voting Deadline*")**. If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion, with the consent of the Committee. An envelope addressed to the Solicitation Agent is enclosed for your convenience (which address may differ from the address provided in the box above). <u>Ballots submitted by facsimile or email will   not be counted</u>. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and  timely returned Ballot, the Ballot will not be counted.

1.      You must vote all your Claims within a single Class under the Plan either to

accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are  not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially   accept   and   partially   reject   the   Plan   likewise   will   not   be   counted.  **Further, simultaneously-submitted   inconsistent   duplicate   Ballots   with   respect   to   the   same claim shall not be counted.**

2.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance  with certain tabulation rules approved by the Bankruptcy Court (the "***Tabulation Rules***").  The Tabulation Rules are set forth in  the Solicitation Procedures Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your  Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, their Estates or the Committee in any other context (*e.g.*,  the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to  challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for  purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **[____]** (the "***3018 Motion Deadline***")*.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote  in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of  the Ballot.

3.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

4.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly  completed Ballot will supersede any prior received Ballots.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY  REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR  OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL ***NOT*** ACCEPT BALLOTS BY  FACSIMILE OR EMAIL.

7.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY  QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE SOLICITATION AGENT AT (844) 822-9230 (DOMESTIC, TOLL-FREE) OR (347) 338-6503 (INTERNATIONAL, TOLL)   OR   PROMISEHEALTHCAREBALLOTS@PRIMECLERK.COM.      DO   NOT CONTACT THE SOLICITATION AGENT  FOR LEGAL ADVICE. THE SOLICITATION AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

8.      **NOTICE REGARDING RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN**.  **In addition to the release set forth in Article IX.B.2 of the Plan, the Plan contains release, exculpation, and injunction provisions in its Article IX that may affect your rights if the Plan is confirmed, irrespective of whether you vote in favor of the Plan's confirmation or opt out of the release set forth in Article IX.B.2.  You are advised and encouraged to carefully review and consider the Plan and its provisions accordingly.**

**Exhibit C-4**

*Form of Ballot for Class 7 Convenience Class Claims*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x

In re:

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]

             Debtors.

---------------------------------------------------------- x

:    Chapter 11
:
:    Case No. 18-12491 (CSS)
:
:    (Jointly Administered)
:
:
:    **Re: Docket No. ___**
:
:
:

**CLASS 7 BALLOT TO ACCEPT OR REJECT
THE SECOND AMENDED JOINT PLAN OF LIQUIDATION**

---

THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [_____] AT 4:00 P.M. (PREVAILING EASTERN TIME).

YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.

---

       This ballot (the "***Ballot***") is submitted to you to solicit your vote to accept or reject the *Second Amended Joint Plan of Liquidation*, dated [__], 2020 (as may be amended, modified, or supplemented, the "***Plan***")[2] [D.I. --], submitted by the debtors and debtors in possession in the above-captioned jointly administered cases, (collectively, the "***Debtors***") and the unsecured

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Terms not otherwise herein defined shall have the meaning ascribed to them in the Plan. Terms not otherwise defined in the Plan shall have the meaning ascribed to the in the Solicitation Procedures Order (defined below).

4832-4880-3755.11 4841-7548-3587.1
7375578 v2

creditors committee (the "***Committee***") and described in the related disclosure statement (the "***Disclosure Statement***") [D.I. --] approved by order of the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") entered on [___] [D.I. --] (the "***Solicitation Procedures Order***"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. Copies of the Plan and Disclosure Statement are available for inspection during regular business hours, Monday through Friday 8:00 a.m. to 4:00 p.m., excluding federal holidays, at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained by: (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), (d) emailing promisehealthcareballots@primeclerk.com, or (e) accessing the Bankruptcy Court's website, www.deb.uscourts.gov, for a fee. A PACER login and password are required to access documents on the Bankruptcy Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Solicitation Procedures Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims or Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 §§ 101 *et seq.* (the "***Bankruptcy Code***"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address by first class mail, overnight courier or hand delivery: Promise Healthcare Group, LLC Claims Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, so that it is **received** by the deadline indicated above. In addition, Ballots may be returned by electronic, online transmission by clicking on the "E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/promisehealthcaregroup) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only <u>one</u> method of return for your Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

<u>Ballots submitted by facsimile or email will not be counted</u>.

PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEMS 1 AND 3. ITEM 2 IS OPTIONAL, HOWEVER, IF YOU DO NOT OPT-OUT OF THE
RELEASES CONTAINED IN ITEM 2, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES CONTAINED IN
ARTICLE IX.B.2 OF THE PLAN. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT

**Item 1. Class Vote.** The undersigned, a holder of a Class 7 Convenience Class Claim against the Debtors, in the voting amount set forth below, votes to (<u>check one box only</u>):

☐ **Accept** the Plan.       ☐ **Reject** the Plan.

Voting Amount: $ _____

**Item 2.  Optional Release Election.**  Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2 of the Plan. Election to withhold consent is at your option. If you (a) do not check the below box and return this Ballot as set forth below or (b) do not return this Ballot as set forth below you will be deemed to consent to the releases set forth in Article IX.B.2 of the Plan and the related injunction to the fullest extent permitted by applicable law.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2. of the Plan.

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the  other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to  accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed  and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and  rejection of the Plan will not be counted.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Taxpayer Identification Number

_____

Telephone Number

_____

Email Address

_____

Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Prime Clerk, LLC (the "***Solicitation Agent***") by **ONLY ONE** of the following approved return methods:

<table>
<tr><td>

By first class mail, overnight courier or hand delivery:

**Promise Healthcare Ballot Processing Center**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street, Suite 1440**
**New York, NY 10165**

</td></tr>
<tr><td>

By electronic, online submission:

Please                                                      visit **https://cases.primeclerk.com/promisehealthcaregroup/.** Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

Ballots submitted by facsimile or email will not be counted.

</td></tr>
</table>

**Ballots must be *received* by the Solicitation Agent on or before [____] at 4:00 p.m. (prevailing Eastern Time) (the "*Voting Deadline*")**. If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion, with the consent of the Committee. An envelope addressed to the Solicitation Agent is enclosed for your convenience (which address may differ from the address provided in the box above). Ballots submitted by facsimile or email will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

1.    You must vote all your Claims within a single Class under the Plan either to

accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are  not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially   accept   and   partially   reject   the   Plan   likewise   will   not   be   counted.  **Further, simultaneously-submitted  inconsistent  duplicate  Ballots  with  respect  to  the   same claim shall not be counted.**

2.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept  or  reject  the  Plan  in  accordance   with  certain  tabulation  rules  approved  by  the Bankruptcy Court (the "***Tabulation Rules***").  The Tabulation Rules are set forth in  the Solicitation Procedures Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your  Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, their Estates or the Committee in any other context  (*e.g.*,   the  right  of  the  Debtors  to  contest  the  amount  or  validity  of  any  Claim  for purposes of allowance under the Plan). If you wish to  challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for  purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **[____]** (the "***3018 Motion Deadline***")**.**  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote  in  excess  of  the  amount  as  determined  in  accordance  with  the  Tabulation  Rules, regardless of the amount identified in Item 1 of  the Ballot.

3.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

4.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline,  the  latest  received  properly   completed  Ballot  will  supersede  any  prior  received Ballots.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY  REPRESENTATION, OTHER THAN WHAT IS CONTAINED  IN  THE  MATERIALS  MAILED  WITH  THIS  BALLOT  OR   OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      PLEASE  RETURN  YOUR  BALLOT  PROMPTLY.  THE  SOLICITATION AGENT WILL ***NOT*** ACCEPT BALLOTS BY  FACSIMILE OR EMAIL.

7.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY  QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL OR EMAIL THE SOLICITATION AGENT AT (844) 822-9230 (DOMESTIC, TOLL-FREE) OR (347) 338-6503 (INTERNATIONAL, TOLL)  OR  PROMISEHEALTHCAREBALLOTS@PRIMECLERK.COM.    DO  NOT CONTACT THE SOLICITATION AGENT  FOR LEGAL ADVICE. THE SOLICITATION AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

8.    **NOTICE REGARDING RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN**.  **In addition to the release set forth in Article IX.B.2 of the Plan, the Plan contains release, exculpation, and injunction provisions in its Article IX that may affect your rights if the Plan is confirmed, irrespective of whether you vote in favor of the Plan's confirmation or opt out of the release set forth in Article IX.B.2.  You are advised and encouraged to carefully review and consider the Plan and its provisions accordingly.**

# EXHIBIT D

## *Form of Unimpaired Party Notice*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------  x
                                                   :   Chapter 11
In re:                                             :
                                                   :   Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et                  :
al.,¹                                              :   (Jointly Administered)
                                                   :
                                                   :
             Debtors.                              :   Re: Docket No. ___
                                                   :
                                                   :
                                                   :
-------------------------------------------------  x
```

### NOTICE OF NON-VOTING STATUS TO UNIMPAIRED HOLDERS OF CLAIMS

     **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (the "**Debtors**") submitted the *Second Amended Joint Plan of Liquidation*, dated [____], 2020 (as may be amended, modified, or supplemented, the "***Plan***")² [D.I. --], which is described in the Debtors' *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Liquidation of Promise Healthcare Group, LLC and Its Debtor Affiliates*, dated [____] (as may be amended, modified, and/or supplemented, the "***Disclosure Statement***") [D.I. --], that was approved by an order (the "***Solicitation Procedures Order***") [D.I. *] of the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"). The Solicitation Procedures Order authorizes the Debtors to solicit votes to accept or reject the Plan from Holders of Claims in the Voting Classes that are (or may be) entitled to receive distributions under the Plan.

---

¹ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

² Terms not otherwise defined herein shall have the meaning ascribed to them in the Plan. Terms not otherwise defined in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Order (defined below).

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN ONE OR MORE CLASSES OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN, SET FORTH BELOW, AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN ON ACCOUNT OF SUCH CLAIMS.**

**PLEASE TAKE FURTHER NOTICE** that the following Classes are unimpaired under the Plan and, therefore, Holders of Claims in these Classes are not entitled to vote to accept or reject the  Plan on account of such Claims:

| Classification and Treatment of Claims and Equity Interests | | | |
|---|---|---|---|
| **Class** | **Claim** | **Status** | **Voting Rights** |
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 3 | Alleged Lease Indemnification Claims | Unimpaired | Deemed to Accept |

**PLEASE TAKE FURTHER NOTICE THAT, UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN THE CLASSES SET FORTH ABOVE ARE UNIMPAIRED UNDER THE PLAN, AND THEREFORE, PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE, ARE (I) PRESUMED TO HAVE ACCEPTED THE PLAN, AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN ON ACCOUNT OF SUCH CLAIMS.**

**PLEASE TAKE FURTHER NOTICE** that you are separately being served with the *Notice of (A) Approval of Disclosure Statement, (B) Establishment of Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approval of the Forms of Ballot and Solicitation Materials, (D) Establishment of Voting Record Date, (E) Scheduling of the Confirmation Hearing and Establishment of the Deadline for Filing Objections to Confirmation of the Plan, and (F) Approval of the Related Forms of Notice* (the "***Confirmation Hearing Notice***") setting forth, among other things, the date of the hearing to confirm the Plan and the deadline to file and serve objections to the Plan's confirmation.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order, and related documents are available for review free of charge by: (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), or (d) e-mailing promisehealthcareballots@primeclerk.com. **Please note that the Solicitation Agent is not permitted to give legal advice.**

**PLEASE TAKE FURTHER NOTICE that Article IX.B.2 of the Plan contains the following release, to which you shall be deemed to have consented if you do not complete the enclosed election form opting out of the release and return it to the Solicitation Agent as**

set forth thereon so that it is <u>actually received</u> by the Solicitation Agent <u>on or before [_____]</u> <u>at 4:00 p.m. (prevailing Eastern Time):</u>

**<u>Releases by Holders of Claims</u>** ~~**and Equity Interests**~~**.** **Each Holder of a Claim against** ~~**or Equity Interest in**~~ **the Debtors that has not opted-out of the releases set forth in this Article IX(B)(2) by marking the appropriate "opt out" box on such Holder's ballot or notice of non-voting status, as applicable, is deemed to have, to the fullest extent permitted by applicable law, the adequacy of which is hereby confirmed, fully, completely, unconditionally, irrevocably, and forever released the Released Parties of and from any and all Causes of Action, and any other debts, obligations, rights, suits, judgments damages, actions, remedies and liabilities whatsoever, whether accrued or unaccrued, whether known or unknown, foreseen or unforeseen, existing on or before the Effective Date, in law, at equity, whether for tort, contract, violations of statutes (including but not limited to the federal or state securities laws), or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtors, including, without limitation, those that any holder of a Claim** ~~**or Equity Interest**~~ **would have been legally entitled to assert or that any Holder of a Claim** ~~**or Equity Interest**~~ **would have been legally entitled to assert for or on behalf of any of the Debtors or the Estates, including those in any way related to the Chapter 11 Cases, the Plan, the Plan Supplement, the Disclosure Statement, and any related agreements, instruments, or documents;** *provided, however* **that the Released Parties shall not be released from any act or omission that constitutes actual fraud, willful misconduct, or a criminal act as determined by a Final Order;** *and provided further* **that notwithstanding the forgoing, any Chapter 5 Actions against the Specified Directors shall only be released with respect to the payments listed on Exhibit 1 to the Settlement Order, and any and all other payments not listed on Exhibit 1 to the Settlement Order are not being released under the Plan or this provision.**

With respect to the foregoing release, the following terms have the following meanings under the Plan:

"*Released Parties*" means each of the following, solely in their capacity as such, collectively and individually:  (a) the Specified Directors, (b) Waller, Lansden Dortch & Davis, LLP, (c) DLA Piper LLP (US), (d) FTI Consulting, Inc., and (e) McDermott Will & Emery LLP.

"*Specified Directors*" means Keith Kennedy, James Brown, Edmund Woodbury, Michael Keller, Donald Pollard, and Evatt Tamine, <u>and the firm of Butler Snow LLP, in its capacity as counsel to Messrs. Kennedy, Brown and Woodbury as directors or managers of the Debtors in connection with these cases</u>.

**PLEASE TAKE FURTHER NOTICE** that, in addition to the release set forth in Article IX.B.2 of the Plan, the Plan contains release, exculpation, and injunction provisions in its Article IX that may affect your rights if the Plan is confirmed, irrespective of whether you opt out of the release set forth in Article IX.B.2.  You are advised and encouraged to obtain and carefully review and consider a copy of the Plan and its provisions accordingly.

Dated: _____, 2020
Wilmington, Delaware

DLA PIPER LLP (US)

/s/_____
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
      Matthew.Sarna@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
      Katie.Stenberg@wallerlaw.com
      Blake.Roth@wallerlaw.com
      Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors and*
*Debtors in Possession*

**ARTICLE IX.B.2 RELEASE ELECTION FORM FOR**
**HOLDERS OF CLAIMS IN UNIMPAIRED CLASSES**

**PLEASE COMPLETE ITEMS 1 AND 2 IF YOU ELECT <u>NOT</u> TO GRANT THE RELEASES CONTAINED IN ARTICLE IX.B.2 OF THE PLAN AND RETURN THIS FORM TO THE SOLICITATION AGENT AS SET FORTH BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT <u>ON OR BEFORE</u> ▮, 2020**

**Item 1.  Optional Release Election.** Check this box if you elect <u>not</u> to grant the releases contained in Article IX.B.2 of the Plan.  Election to withhold consent is at your option. If you (a) do not check the below box and return this election form as set forth below or (b) do not return this election form as set forth below, you will be deemed to  consent to the releases set forth in  Article IX.B.2 of the Plan and the related injunction to the  fullest extent permitted by  applicable law.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article IX.B.2 of the Plan.

**Item 2. Acknowledgments.** By signing this election form, the undersigned certifies that the undersigned has the power and authority to elect whether to grant the releases contained in Article IX.B.2 of the Plan.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Taxpayer Identification Number

_____

Telephone Number

_____

Email Address

_____

Date Completed

---

#### **HOW TO OPT OUT OF THE RELEASES BY MAIL.**

1. If you wish to make an election to opt out of the release provisions contained in Article IX.B.2 of the Plan set forth above check the box in Item 1.

2. Review the certifications contained in Item 2.

3. Sign and date this Release Election Form status and fill out the other required information in the applicable area above.

4. For your election to opt out of the release provisions by mail to be counted, your Release Election Form must be properly completed and <u>actually received</u> by the Solicitation Agent no later than [_____], 2020, at 4:00 p.m., prevailing Eastern Time. You may use the postage-paid envelope provided or send your Release Election Form by <u>first class mail, overnight courier or hand delivery</u> to the following address:

Promise Healthcare Ballot Processing Center
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165

---

#### **HOW TO OPT OUT OF THE RELEASES ONLINE.**

1. Please visit the Debtors' website at https://cases.primeclerk.com/promisehealthcaregroup.

2. Click on the "E-Ballot" section of the Debtors' website.

3. Follow the directions to submit your Release Election Form. If you choose to submit your Release Election Form via the Solicitation Agent's E-Ballot system, you should not return a hard copy of your Release Election Form.

4. For your election to opt out of the release provisions by online submission to be counted, your Release Election Form must be properly completed and <u>actually received</u> by the Solicitation Agent no later than [_____], 2020, at 4:00 p.m., prevailing Eastern Time.

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE AND SUBMIT YOUR CUSTOMIZED RELEASE ELECTION FORM:**

UNIQUE E-BALLOT ID#_____

**"E-BALLOTING" IS THE SOLE MANNER IN WHICH THE RELEASE ELECTION FORM MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.**

RELEASE ELECTION FORMS SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.

**If you fail to timely complete and return this election form indicating that you do not consent to the releases set forth in Article IX.B.2 of the Plan, upon Bankruptcy Court approval and confirmation of the Plan, you will be deemed to have consented to such releases to the fullest extent permitted by law.**

**<u>EXHIBIT E</u>**

***Form of Impaired Party Notice***

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
                                                   :    Chapter 11
In re:                                             :
                                                   :    Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et                  :
al.,1                                              :    (Jointly Administered)
                                                   :
                                                   :
            Debtors.                               :    Re: Docket No. ___
                                                   :
                                                   :
                                                   :
-------------------------------------------------- x
```

## NOTICE OF NON-VOTING STATUS TO IMPAIRED
## HOLDERS OF CLAIMS AND EQUITY INTERESTS

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (the "***Debtors***") submitted the *Second Amended Joint Plan Liquidation*, dated [____], 2020 (as may be amended, modified, or supplemented, the "***Plan***")[2] [D.I. --], which is described in the Debtors' *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Liquidation of Promise Healthcare Group, LLC and Its Debtor Affiliates*, dated [_____] (as may be amended, modified, and/or supplemented, the "***Disclosure Statement***") [D.I. --], that was approved by an order (the "***Solicitation Procedures Order***") [D.I. *] of the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"). The Solicitation Procedures Order authorizes the Debtors to solicit votes to accept or reject the Plan from Holders of Claims in the Voting Classes that are (or may be) entitled to receive distributions under the Plan.

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, LLC (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] Terms not otherwise defined herein shall have the meaning ascribed to them in the Plan. Terms not otherwise defined in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Order (defined below).

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS O R  INTERESTS IN ONE OR MORE CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN, SET FORTH BELOW, AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN ON ACCOUNT OF SUCH CLAIMS OR INTERESTS.**

**PLEASE TAKE FURTHER NOTICE** that the following Classes are impaired and will not receive any distribution under the Plan and therefore, Holders of Claims or Interests in these Classes are not entitled to vote to accept or reject the Plan on account of such Claims or Interests:

| Classification and Treatment of Claims and Equity Interests | | | |
|---|---|---|---|
| **Class** | **Claim** | **Status** | **Voting Rights** |
| 8 | Intercompany Claims | Impaired; No Distribution | Deemed to Reject |
| 9 | Equity Interests | Impaired; No Distribution | Deemed to Reject |

**PLEASE TAKE FURTHER NOTICE THAT, UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS OR INTERESTS IN THE CLASSES SET FORTH ABOVE ARE IMPAIRED AND WILL NOT RECEIVE ANY DISTRIBUTION UNDER THE PLAN AND ARE DEEMED TO HAVE REJECTED THE PLAN, AND THEREFORE, ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN ON ACCOUNT OF SUCH CLAIMS OR INTERESTS.**

**PLEASE TAKE FURTHER NOTICE** that you are separately being served with the *Notice of (A) Approval of Disclosure Statement, (B) Establishment of Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approval of the Forms of Ballot and Solicitation Materials, (D) Establishment of Voting Record Date, (E) Scheduling of the Confirmation Hearing and Establishment of the Deadline for Filing Objections to Confirmation of the Plan, and (F) Approval of the Related Forms of Notice* (the "**Confirmation Hearing Notice**") setting forth, among other things, the date of the hearing to confirm the Plan and the deadline to file and serve objections to the Plan's confirmation.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order, and related documents are available for review free of charge by: (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), or (d) e-mailing promisehealthcareballots@primeclerk.com. **Please note that the Solicitation Agent is not permitted to give legal advice.**

**PLEASE TAKE FURTHER NOTICE that** ~~Article IX.B.2 of the Plan contains the following release, to which you shall be deemed to have consented if you do not complete the enclosed election form opting out of the release and return it to the Solicitation Agent as set forth thereon so that it is actually received by the Solicitation Agent on or before [_____] at 4:00 p.m. (prevailing Eastern  Time):~~

~~Releases by Holders of Claims and Equity Interests. Each Holder of a Claim against or Equity Interest in the Debtors that has not opted out of the releases set forth in this Article IX(B)(2) by marking the appropriate "opt out" box on such Holder's ballot or notice of non-voting status, as applicable, is deemed to have, to the fullest extent permitted by applicable law, the adequacy of which is hereby confirmed, fully, completely, unconditionally, irrevocably, and forever released the Released Parties of and from any and all Causes of Action, and any other debts, obligations, rights, suits, judgments damages, actions, remedies and liabilities whatsoever, whether accrued or unaccrued, whether known or unknown, foreseen or unforeseen, existing on or before the Effective Date, in law, at equity, whether for tort, contract, violations of statutes (including but not limited to the federal or state securities laws), or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtors, including, without limitation, those that any holder of a Claim or Equity Interest would have been legally entitled to assert or that any Holder of a Claim or Equity Interest would have been legally entitled to assert for or on behalf of any of the Debtors or the Estates, including those in any way related to the Chapter 11 Cases, the Plan, the Plan Supplement, the Disclosure Statement, and any related agreements, instruments, or documents; provided, however that the Released Parties shall not be released from any act or omission that constitutes actual fraud, willful misconduct, or a criminal act as determined by a Final Order; and provided further that notwithstanding the forgoing, any Chapter 5 Actions against the Specified Directors shall only be released with respect to the payments listed on Exhibit 1 to the Settlement Order, and any and all other payments not listed on Exhibit 1 to the Settlement Order are not being released under the Plan or this provision.~~

~~With respect to the foregoing release, the following terms have the following meanings under the Plan:~~

~~"Released Parties" means each of the following, solely in their capacity as such, collectively and individually:  (a) the Specified Directors, (b) Waller, Lansden Dortch & Davis, LLP, (c) DLA Piper LLP (US), (d) FTI Consulting, Inc., and (e) McDermott Will & Emery LLP.~~

~~"Specified Directors" means Keith Kennedy, James Brown, Edmund Woodbury, Michael Keller, Donald Pollard, and Evatt Tamine.~~

~~PLEASE TAKE FURTHER NOTICE that, in addition to the release set forth in Article IX.B.2 of the Plan,~~ **the Plan contains release, exculpation, and injunction provisions in its Article IX that may affect your rights if the Plan is confirmed**, ~~irrespective of whether you opt out of the release set forth in Article IX.B.2.~~  **You are advised and encouraged to obtain and carefully review and consider a copy of the Plan and its provisions accordingly.**

Dated: _____, 2020                  DLA PIPER LLP (US)
Wilmington, Delaware

/s/_____
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
      Matthew.Sarna@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
      Katie.Stenberg@wallerlaw.com
      Blake.Roth@wallerlaw.com
      Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors and*
*Debtors in Possession*

## ~~ARTICLE IX.B.2 RELEASE ELECTION FORM FOR HOLDERS OF CLAIMS IN IMPAIRED NON-VOTING CLASSES~~

~~**PLEASE COMPLETE ITEMS 1 AND 2 IF YOU ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE IX.B.2 OF THE PLAN AND RETURN THIS FORM TO THE SOLICITATION AGENT AS SET FORTH BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE [ ], 2020**~~

~~**Item 1.  Optional Release Election.** Check this box if you elect not to grant the releases contained in Article IX.B.2 of the Plan.  Election to withhold consent is at your option. If you (a) do not check the below box and return this election form as set forth below or (b) do not return this election form as set forth below, you will be deemed to consent to the releases set forth in Article IX.B.2 of the Plan and the related injunction to the fullest extent permitted by applicable law.~~

~~☐ The undersigned elects not to grant the releases contained in Article IX.B.2 of the Plan.~~

~~**Item 2. Acknowledgments.** By signing this election form, the undersigned certifies that the undersigned has the power and authority to elect whether to grant the releases contained in Article IX.B.2 of the Plan.~~

_____
~~Name of Creditor~~

_____
~~Signature~~

_____
~~If by Authorized Agent, Name and Title~~

_____
~~Name of Institution~~

_____
~~Street Address~~

_____
~~City, State, Zip Code~~

_____
~~Taxpayer Identification Number~~

_____
~~Telephone Number~~

_____

Email Address

_____

Date Completed

---

**HOW TO OPT OUT OF THE RELEASES BY MAIL.**

1.   If you wish to make an election to opt out of the release provisions contained in Article IX.B.2 of the Plan set forth above check the box in Item 1.

2.   Review the certifications contained in Item 2.

3.   Sign and date this Release Election Form status and fill out the other required information in the applicable area above.

4.   For your election to opt out of the release provisions by mail to be counted, your Release Election Form must be properly completed and actually received by the Solicitation Agent no later than [          ], 2020, at 4:00 p.m., prevailing Eastern Time. You may use the postage-paid envelope provided or send your Release Election Form by first class mail, overnight courier or hand delivery to the following address:

Promise Healthcare Ballot Processing Center
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165

---

**HOW TO OPT OUT OF THE RELEASES ONLINE.**

1.   Please visit the Debtors' website at https://cases.primeclerk.com/promisehealthcaregroup.

2.   Click on the "E-Ballot" section of the Debtors' website.

3.   Follow the directions to submit your Release Election Form.  If you choose to submit your Release Election Form via the Solicitation Agent's E-Ballot system, you should not return a hard copy of your Release Election Form.

4.   For your election to opt out of the release provisions by online submission to be counted, your Release Election Form must be properly completed and actually received by the Solicitation Agent no later than [          ], 2020, at 4:00 p.m., prevailing Eastern Time.

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE AND SUBMIT YOUR CUSTOMIZED RELEASE ELECTION FORM:**

UNIQUE E-BALLOT ID#_____

"E-BALLOTING" IS THE SOLE MANNER IN WHICH THE RELEASE ELECTION FORM MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.

---

RELEASE ELECTION FORMS SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.

**If you fail to timely complete and return this election form indicating that you do not consent to the releases set forth in Article IX.B.2 of the Plan, upon Bankruptcy Court approval and confirmation of the Plan, you will be deemed to have consented to such releases to the fullest extent permitted by law.**

**EXHIBIT F**

**Form of Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :    Chapter 11
In re:                                                  :
                                                        :    Case No. 18-12491 (CSS)
PROMISE HEALTHCARE GROUP, LLC, et                       :
al.,¹                                                   :    (Jointly Administered)
                                                        :
                                                        :
                        Debtors.                        :    Re: Docket No. ___
                                                        :
                                                        :
                                                        x
------------------------------------------------------- 
```

**NOTICE OF (A) APPROVAL OF DISCLOSURE STATEMENT, (B) ESTABLISHMENT OF PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR  REJECT THE PLAN, (C) APPROVAL OF THE FORMS OF BALLOT AND SOLICITATION  MATERIALS, (D) ESTABLISHMENT OF VOTING RECORD DATE, (E) SCHEDULING  OF THE  CONFIRMATION HEARING AND ESTABLISHMENT OF THE DEADLINE FOR FILING  OBJECTIONS TO CONFIRMATION OF THE PLAN, AND (F) APPROVAL OF THE RELATED FORMS OF NOTICE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     **Approval of Disclosure Statement.** By order dated [_____] (the "*Solicitation Procedures Order*") [D.I. *], the United States Bankruptcy Court for the District of Delaware (the  "*Bankruptcy Court*"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and  debtors in possession (the "*Debtors*"), approved the Debtors' *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Liquidation of Promise Healthcare Group,*

---

¹ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

*LLC and Its Debtor Affiliates*, dated [_____] (as may be amended, modified, and/or supplemented, the "***Disclosure Statement***") [D.I. --] as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), and authorized the Debtors to solicit votes to accept or reject the *Second Amended Joint Plan of Liquidation*, dated [_____], 2020 (as may be amended, modified, or supplemented, the "***Plan***")[2] [D.I. -], annexed as Exhibit A to the Disclosure Statement.

2.      **Deadline for Voting on the Plan.** By the Solicitation Procedures Order, the Bankruptcy Court established **[_____] at 4:00 p.m. (prevailing Eastern Time)** (the "***Voting Deadline***") as the deadline by which Ballots accepting or rejecting the Plan must be received. Only holders of Claims in the following Classes are entitled to vote to accept or reject the Plan:

(a)      Class 4 Settlement Claims;

(b)      Class 5 Alleged Legal Expense Indemnification Claims;

(c)      Class 6 General Unsecured Claims; and

(d)      Class 7 Convenience Class Claims.

Holders of Claims or Interests in the Non-Voting Classes are either (i) Unimpaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, which Holders will receive the Unimpaired Party Notice or (ii) Impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, which Holders will receive the Impaired Party Notice. The Non-Voting Creditor Notices set forth the procedures for allowing the Non-Voting Parties to opt-out of the releases contained in Article IX.B.2 of the Plan.

3.      **Confirmation Hearing**. The Bankruptcy Court shall hold a hearing (the "***Confirmation Hearing***") to consider confirmation of the Plan on **[_____] at _:00 p.m. (prevailing Eastern Time)**, before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Courtroom #6 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801. The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors, with the consent of the Committee, without further notice other than adjournments announced in open Bankruptcy Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court. The Debtors, with the consent of the Committee, may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan and/or Solicitation Procedures Order without further notice.

4.      **Deadline for Filing Objections to Confirmation of the Plan**. Objections, if any, to the confirmation of the Plan, if any, must (a) be in writing; (b) comply with the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan. .Capitalized terms not otherwise defined in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Order

Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person; (d) state with particularity the basis and nature of any objection to confirmation of the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, together with proof of service, with the Court and served so that they are actually received by the following Notice Parties: (i) counsel to the Debtors: (a) DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: Stuart R. Brown and Matthew S. Sarna) and (b) Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler, Tyler N. Layne, and Courtney K. Stone); (ii) counsel to the Creditors' Committee: (a) Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Jeffrey N. Pomerantz, Bradford J. Sandler, and Colin R. Robinson), and (b) Sills Cummis & Gross, P.C., The Legal Center, One Riverfront Plaza, Newark, New Jersey 07102 (Attn: Andrew H. Sherman, Boris I. Mankovetskiy, and Rachel E. Brennan); and (iii) the Office of the US Trustee, 844 King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Brya Michele Keilson) by **[____] at 4:00 p.m. (prevailing Eastern Time)** (the "***Objection Deadline***").

5.     **Deadline for Filing Motions to Have Claim Temporarily Allowed for Voting Purposes.** Any alleged creditor seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), must file a motion, pursuant to Bankruptcy Rule 3018(a) (a "***3018 Motion***") and serve the 3018 Motion on the Debtors so that it is received no later than fourteen (14) days prior to the Confirmation Hearing (the "***3018 Motion Deadline***"), which is [____]. The deadline to file an objection to a 3018 Motion shall be seven (7) days prior to the Plan Confirmation Hearing (the "***3018 Objection Deadline***"), which is [____].

6.     **Copies of Plan and Related Documents**. Copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order, and related documents are available for review free of charge by: (a) accessing Solicitation Agent's website at https://cases.primeclerk.com/promisehealthcaregroup, (b) writing to the Solicitation Agent, via first-class or overnight mail, at Promise Healthcare Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (c) calling the Solicitation Agent at (844) 822-9230 (domestic, toll-free) or (347) 338-6503 (international, toll), or (d) emailing promisehealthcareballots@primeclerk.com. **Please note that the Solicitation Agent is not permitted to give legal advice.**

7.     **NOTICE REGARDING RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN. The Plan contains release, exculpation, and injunction provisions in its Article IX that may affect your rights if you are the Holder of a Claim or Interest and the Plan is confirmed. If you believe you are such a Holder, you are advised and encouraged to obtain and carefully review and consider a copy of the Plan and its provisions accordingly.**

Dated: _____, 2020          DLA PIPER LLP (US)
Wilmington, Delaware

/s/_____
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
          Matthew.Sarna@dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
          Katie.Stenberg@wallerlaw.com
          Blake.Roth@wallerlaw.com
          Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors and*
*Debtors in Possession*

Document comparison by Workshare 10.0 on Thursday, July 30, 2020 11:21:05 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\ckstone\Desktop\Promise - Motion to Approve Disclosure Statement and Establish Solicitation Procedures 4832-488.docx |
| Description | Promise - Motion to Approve Disclosure Statement and Establish Solicitation Procedures 4832-488 |
| Document 2 ID | file://C:\Users\ckstone\Desktop\Promise - Motion to Approve Disclosure Statement and Establish Solicitation Procedures - Revise(3).docx |
| Description | Promise - Motion to Approve Disclosure Statement and Establish Solicitation Procedures - Revise(3) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 81 |
| Deletions | 83 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |

| Format changed | 0 |
|---|---:|
| Total changes | 164 |