IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 18-bk-12491 |
| | ) | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, | ) | Judge Christopher S. Sontchi |
| *et al*., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**UNITED STATES' OBJECTION TO PLAN CONFIRMATION**

For the foregoing reasons, the Court should deny confirmation of the debtors' plan unless

the provisions discussed below are revised.

RELEASES, EXCULPATIONS, AND INJUNCTIONS

Article IX of the plan contains provisions calling for releases, injunctions, exculpations,

and limitations of liability which cannot be imposed on the Internal Revenue Service.  First, this

Court lacks jurisdiction to enjoin the IRS from the assessment or collection of any tax, 26 U.S.C.

§ 7421, notwithstanding its otherwise broad equitable powers.  *In re Becker's Motor Trans., Inc.*,

632 F.2d 242, 246 (3d Cir. 1980), *cert. denied*, 450 U.S. 916 (1981).  Second, the Court lacks

jurisdiction to declare the rights of parties with respect to federal taxes outside of a proceeding

under 11 U.S.C. § 505, and no such proceeding has been initiated to cover the expansive

universe of claims encompassed by the various release and exculpation provisions.  28 U.S.C.

§ 2201(a).  Even if such a proceeding had been brought, though, a bankruptcy court may only

adjudicate tax liabilities *of a debtor* in a § 505 proceeding, and so this Court has no jurisdiction

to make declarations regarding the tax liabilities of the numerous non-debtors covered by the

releases and exculpations.  *Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 925-926 (3d Cir.

1990).  Third, a bankruptcy court may only issue a declaratory judgment in a § 505 proceeding

"[i]n a case of actual controversy…," 28 U.S.C. § 2201(a), and there is no indication that the IRS

has made any attempt to assess or collect any taxes contemplated by the release and exculpation

provisions.  *See Dycoal, Inc. v. Internal Revenue Service (In re Dycoal, Inc.)*, 05-cv-679, 2006

WL 360642, *9 (W.D. Pa. Feb. 15, 2006).  Accordingly, the Court lacks jurisdiction to grant the

relief sought in the release, injunction, and exculpation provisions as against the IRS.  The plan

thus should not be confirmed unless it is amended to provide no additional relief beyond what

the debtors alone are entitled to under 11 U.S.C. §§ 524 and 1141.

POSTPETITION INTEREST AND PENALTIES

Confirmation should be denied because the plan impermissibly deprives the IRS of

interest and penalties on its prepetition priority claims and any administrative claims.  If the

debtors do not pay the IRS's priority claims on the effective date, it must pay interest at the

current statutory rate.  §§ 1129(a)(9)(C) and 511.  The IRS is entitled to post-petition interest on

its administrative claims at the rate provided by 26 U.S.C. § 6621.  *United States v. Yellin (In re*

*Weinstein)*, 272 F.3d 39, 40 (1st Cir. 2001) (noting that all other circuit courts to decide the issue

had come to the same conclusion); *In re Injection Molding Co.*, 95 B.R. 313, 315-316 (Bankr.

M.D. Pa. 1989).  The IRS is also entitled to penalties on any tax claims that are accorded

administrative priority.  11 U.S.C. § 503(b)(1)(C).  Section V.(H) provides that no interest shall

accrue post-petition on any claims and that prepetition claims shall not be allowed to the extent

they seek post-petition "interest or similar charges."  This section violates the IRS's right to

interest and penalties on its prepetition priority claims and any administrative tax claims.  The

plan thus should not be confirmed unless it is amended to preserve this right.

## SETOFF AND RECOUPMENT

Confirmation should be denied because the plan fails to preserve the setoff and recoupment rights of the United States.  Confirmation of a plan does not extinguish setoff claims when they are timely asserted.  *United States v. Continental Airlines* (*In re Continental Airlines*), 134 F.3d 536, 542 (3d Cir. 1998), *cert. denied*, 525 U.S. 929 (1998).  Like other creditors, the United States has the common law right to setoff mutual debts.  "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him."  *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 239 (1947).  The IRS also has additional statutory setoff rights pursuant to 26 U.S.C. § 6402.  *See In re Chateaugay Corp.*, 94 F.3d 772, 781 (2d Cir. 1996).  Hence, the United States may setoff mutual prepetition debts and claims pursuant to § 553, and generally it also has the right to setoff mutual post-petition debts and claims.  *See In re Mohawk Indus., Inc.*, 82 B.R. 174, 178-179 (Bankr. D. Mass. 1987).   The IRS may have valid setoff and recoupment rights if the debtors choose to bring refund claims for prepetition tax years, and it hereby asserts its intention to exercise those rights in that event.  For the avoidance of doubt, though, confirmation should be denied unless the plan is amended to expressly preserve the United States' setoff and recoupment rights.

WHEREFORE THE UNITED STATES OF AMERICA respectfully requests that confirmation be denied.


//


//

Date:  September 8, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ward W. Benson*
WARD W. BENSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-514-9642
Fax: 202-514-6866
Email: ward.w.benson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing OBJECTION was filed with the clerk of the court on

September 8, 2020, using the CM/ECF system, which will send notification of such filing to all

parties appearing in said system.

*/s/ Ward W. Benson*
WARD W. BENSON