UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                       :      CHAPTER 11

IN RE:                            :

                                       :      CASE NO. 18-12491 (CSS)

PROMISE HEALTHCARE GROUP, LLC, ET AL  :

                                       :      (JOINTLY ADMINISTERED)

     DEBTORS[1]                   :

---------------------------------------------------------------x      RE: DOCKET NO. 1956

LOUISIANA DEPARTMENT OF REVENUE'S
OBJECTION TO CONFIRMATION OF
SECOND AMENDED JOINT PLAN OF LQUIDATION

The Secretary of the Louisiana Department of Revenue ("LDR"), through undersigned counsel, *objects* to the *Second Amended Joint plan of Liquidation* filed by the Debtors, and in support of such objections represents as follows:

1.

LDR is the holder of twenty claims against various debtors; nine claims are for pre-Petition Date tax claims and eleven are for Administrative tax claims, aggregating approximately **$1,345,643.88**. See Prime Clerk Claims' registry. However, several administrative claims were timely filed on September 4, 2020, and are not yet assigned a number by Prime Clerk.

RELEASES, EXCULPATIONS, AND INJUNCTIONS

2.

LDR objects to the release of the *Specified Directors* defined as *Released Parties* at Section 110 and 119 in relation to any trust taxes for which they may be jointly liable with the Debtors to the LDR. Pursuant to LA. Rev. Stat. 47:1561.1 some or all of these Specified Directors are or may be liable for any unpaid trust taxes for the various Debtors in Possession for withholding and/or sales taxes owed by the Debtor entities to the LDR. See LDR's claims filed

---

[1] See FN 1 of the Second Amended Joint Plan of Liquidation

with the Claims and Noticing Agent.

3A.

Article IX of the plan contains provisions calling for releases, injunctions, exculpations, and limitations of liability which cannot be imposed on the LDR. First, as the IRS objection has also pointed out, this Court lacks jurisdiction to enjoin the IRS from the assessment or collection of any tax, 26 U.S.C. § 7421, notwithstanding its otherwise broad equitable powers. *In re Becker's Motor Trans., Inc.*, 632 F.2d 242, 246 (3d Cir. 1980), *cert. denied*, 450 U.S. 916 (1981). Second, the Court lacks jurisdiction to declare the rights of parties with respect to state taxes outside of a proceeding under 11 U.S.C. § 505, and no such proceeding has been initiated to cover the expansive universe of claims encompassed by the various release and exculpation provisions. Even if such a proceeding had been brought, though, a bankruptcy court may only adjudicate tax liabilities *of a debtor* in a § 505 proceeding, and so this Court has no jurisdiction to make declarations regarding the tax liabilities of the numerous non-debtors covered by the releases and exculpations. *Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 925-926 (3d Cir.

1990). Third, a bankruptcy court may only issue a declaratory judgment in a § 505 proceeding "[i]n a case of actual controversy…," 28 U.S.C. § 2201(a), and there is no indication that the LDR has as of this date made any attempt to assess or collect any taxes contemplated by the release and exculpation provisions.[2] *See Dycoal, Inc. v. Internal Revenue Service (In re Dycoal, Inc.)*, 05-cv-679, 2006 WL 360642, *9 (W.D. Pa. Feb. 15, 2006). Accordingly, the Court lacks jurisdiction to grant the relief sought in the release, injunction, and exculpation provisions as against the LDR. The plan is therefore not confirmable pursuant to 11 U.S.C. §1129(a)(1) because the Plan violates 11 U.S.C. §524 and 1141 thus should not be confirmed unless it is amended to provide no additional relief beyond what the debtors alone are entitled to under 11 U.S.C. §§ 524 and 1141.

3B.

Additionally, this is a *Liquidating* Chapter 11, not a Plan of Reorganization. Therefore, the Debtors cannot meet the criteria set forth in *In re Millenium Lab Holdings II, LLC,* 945 F.3d 126 (3d Cir. 2019). Specifically, the Debtors have not and cannot show that the release provisions as "integral to the restructuring of the debtor-creditor relationship" or that "the releases are fair and necessary to the reorganization" because this is not a debtor-reorganization. The Third Circuit urged caution and mandated some exacting standards before third-party releases could be permitted.

4.

Moreover, the LDR did not receive ballots in time to vote to OPT-OUT of such third party releases. Based on information and belief, the Ballots were not served on the LDR at the proper address contained on its claims and/or were received in the Bankruptcy Section of the LDR on

---

[2] However, LDR reserves all right to do so in the future within the time permitted under applicable Louisiana law.

September 3, 2020. The Ballots were purported to have been mailed out on August 11, 2020, 21 days before the ballots were due back via mail – with no option for electronic filing of the ballots and no option for faxing the ballots, despite the current pandemic. The simple fact that the ballots took that long to arrive at the correct address demonstrates that the time period for the return of the ballots was insufficient in the current national situation. Also, the state of Louisiana experience unprecedented back to back weather events the week of August 21, 2020, and the Baton Rouge Offices were closed Monday, August 21, 2020, Wednesday August 23, 2020 and Thursday, August 24, 2020. Finally, based on information and belief, *the LDR was not served by U.S. mail at the address on the LDR's claims, which all contain a request for all notices to be mailed to the address on the claim, or otherwise served with the motion to set those balloting procedures or the notice of hearing thereon.*

5.

Accordingly, the LDR should not be held to the requirement of OPT-OUT on those ballots based on this objection to confirmation, including, but not limited to, with respect to the Specified Directors as Released Parties. In other words, LDR's objection should substitute for and be *deemed* an OPT-OUT of the third party releases and exculpations.

SETOFF AND RECOUPMENT RIGHTS

6.

Confirmation should also be denied because the Plan fails to preserve the statutory setoff and recoupment rights of the LDR afforded under Louisiana law and the Bankruptcy Code. Confirmation of a plan does not extinguish setoff claims when they are timely asserted.[3] *United*

---

[3] Although LDR is currently unaware of any potential setoffs, its rights must nevertheless must not be impaired or limited by the Effect of Confirmation of the Plan and/or Discharge. LDR

*States v. Continental Airlines* (*In re Continental Airlines*), 134 F.3d 536, 542 (3d Cir. 1998), *cert. denied*, 525 U.S. 929 (1998). Like other creditors, the LDR has the right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 239 (1947). The IRS has additional statutory setoff rights, including but not limited to those under La. Rev. Stat. Ann. §47:1622.[4] Hence, the LDR may setoff mutual prepetition debts and claims pursuant to § 553, and generally it also has the right to setoff mutual post-petition debts and claims. *See In re Mohawk Indus., Inc.*, 82 B.R. 174, 178-179 (Bankr. D. Mass. 1987). ***The LDR may have valid setoff and recoupment rights if the debtors choose to bring refund claims for prepetition tax years, and LDR hereby asserts its intention to exercise those rights in that event***. To the extent that the Plan contains provisions which impair or eliminate the setoff and recoupment rights of LDR, the Plan does not comply with 11 U.S.C. §553 and cannot be confirmed pursuant to 11 U.S.C. §1129(a)(1). For the avoidance of doubt, confirmation should be denied unless the plan is amended to expressly preserve the LDR's setoff and recoupment rights.

<u>11 U.S.C. §1129(a)(9)</u>

7.

The Plan fails to provide and treat Administrative Tax Claims and Priority Tax Claims shall be paid in accordance with 11 U.S.C. §1129(a)(9)(A) and (C), respectively. LDR does not consent to any lesser treatment of its Administrative Tax Claims or Priority Tax Claims. LDR's claim is an impaired claim as it is currently provided for in the Plan, but was not permitted to vote with

---

does not waive its right and should not lose its right to such an important right afforded it under the law before such setoff right is discovered and may be asserted.

[4] LDR is also required by law to set off refunds against other asserted liabilities under Louisiana law.

respect to these Administrative Tax Claims and Priority Tax Claims. Accordingly, the Plan is objectionable pursuant to 11 U.S.C. §1129(a)(1).

## POSTPETITION INTEREST AND PENALTIES

8.

Confirmation should be denied because the plan impermissibly deprives the LDR of interest on its prepetition priority claims and any administrative claims and penalties on its administrative claims. If the debtors do not pay the LDR's priority tax claims on the effective date, it must pay interest at the applicable non-bankruptcy statutory rate in effect in the month of confirmation of the Plan. See 11 U.S.C. §§ 1129(a)(9)(C) and 511. The LDR is entitled to post-petition interest on its administrative claims at the rate provided by La. Rev. Stat. Ann. 47:1601, et seq. *United States v. Yellin (In re Weinstein)*, 272 F.3d 39, 40 (1st Cir. 2001) (noting that all other circuit courts to decide the issue had come to the same conclusion); *In re Injection Molding Co.*, 95 B.R. 313, 315-316 (Bankr. M.D. Pa. 1989). The LDR is also entitled to penalties on any tax claims that are accorded administrative priority. *See* 11 U.S.C. § 503(b)(1)(C). Section V.(H) provides that no interest shall accrue post-petition on any claims and that prepetition claims shall not be allowed to the extent they seek post-petition "interest or similar charges." This section violates the IRS's right to interest and penalties on its prepetition priority claims and any administrative tax claims. Accordingly, the Plan cannot be confirmed pursuant to 11 U.S.C. §1129(a)(1). For avoidance of doubt, the plan thus should not be confirmed unless it is amended to provide for the cure of the aforesaid Plan deficiencies pursuant.

9.

The Plan fails to comply with 11 U.S.C. §1129(a)(9)(C) because it fails to state that LDR's priority tax claims will be paid in full not later than five years from the date of the order for

relief (file date of the petition) and how soon after the claim is allowed distributions must commence. Without this information the LDR cannot know when the plan is in default.

10.

The Plan also fails to comply with 11 U.S.C. §1129(a)(9)(C) because it fails to provide for regular installment payments, in the event Priority Tax Claims cannot be paid in a single distribution.

### FAILURE TO COMPLY WITH LOUISIANA LAW AND THE BANKRUPTCY CODE AND FAILURE TO REQUIRE THE DEBTORS TO COMPLY WITH LOUISIANA LAW

11.

A Debtor in Possession is required to operate the business in accordance with applicable state laws <u>and</u> the Bankruptcy Code. The Plan does not require the Debtor in possession to comply with applicable state law for purposes of withdrawal or dissolution and to timely file tax returns with state taxing authorities. The Plan fails to require the Liquidating Trustee to comply with applicable Louisiana law.

12.

The Debtor in Possession has also failed to comply with Louisiana Law and the Bankruptcy Code as follows.

(a) <u>Promise Healthcare, Inc</u>.:  The Debtor in Possession was at all times relevant to the claims filed with the Claims Noticing Agent on behalf of LDR against it, registered to do business and doing business in the state of Louisiana (Charter 355591282F). This Debtor in Possession has failed to file the following required tax returns:

   (1) <u>Pre-Petition Date</u>:  The Debtor in Possession has failed to comply with Louisiana law by failing to file its Withholding Tax Return for the tax period 9/30/23012 and

the Louisiana Corporate Tax Return for the tax period 12/31/2017. Withholding Tax is a trust tax and the failure to file such returns also imposes personal liability on officers pursuant to Louisiana Revised Statutes Ann. §47:1561.1.

(2) <u>Post-Petition Date</u>: The Debtor has failed to comply with the Bankruptcy Code by failing to file its Withholding Tax Returns for the tax periods 6/30/2020 and 8/31/2020.

(b) <u>Promise Hospital of Ascension, Inc.</u>: The Debtor in Possession was at all times relevant to the claims filed with the Claims Noticing Agent on behalf of LDR against it, registered to do business and doing business in the state of Louisiana (Charter 36192857F). This debtor in possession has failed to file:

(1) <u>Pre-Petition Date</u>: The Debtor in Possession has failed to comply with Louisiana law by failing to file its Sales Tax Returns for the tax periods 12/31/2017 and 3/31/2018 through and including 9/30/2018. Sales Tax is a trust tax and the failure to file such returns also imposes personal liability on officers pursuant to Louisiana Revised Statutes Ann. §47:1561.1.

(2) <u>Post-Petition Date</u>: The Debtor has failed to comply with the Bankruptcy Code by failing to file its Louisiana Corporate Tax Return for the tax Period 12/31/2019; its Withholding Tax Returns for the filing periods 3/31/2020 through and including 6/31/2020; and its Sales Tax Returns for the filing periods 12/31/2019 through and including 8/31/2020.

(c) <u>Promise Hospital of Baton Rouge, Inc.</u>: The Debtor in Possession was at all times relevant to the claims filed with the Claims Noticing Agent on behalf of LDR against it, registered

to do business and doing business in the state of Louisiana (Charter 35432399D). This debtor in possession has failed to file:

(1) <u>Pre-Petition Date</u>: The Debtor in Possession has failed to comply with Louisiana law by failing to file its Withholding Tax Return for the tax period 9/30/2012. Withholding Tax is a trust tax and the failure to file such returns also imposes personal liability on officers pursuant to Louisiana Revised Statutes Ann. §47:1561.1.

(2) <u>Post-Petition Date</u>: The Debtor has failed to comply with the Bankruptcy Code by failing to file its Withholding Tax Returns for the filing periods 3/31/2019 through and including 12/31/2019.

(d) <u>Promise Hospital of Gonzales, Inc</u>.: The Debtor in Possession was at all times relevant to the claims filed with the Claims Noticing Agent on behalf of LDR against it, registered to do business and doing business in the state of Louisiana (Charter 37035049D). This Debtor in Possession has failed to file:

(1) <u>Pre-Petition Date</u>: The Debtor in Possession has failed to comply with Louisiana law by failing to file its Louisiana Corporate Tax Return for the tax periods 12/31/2015 and 12/31/2017.

(2) <u>Post-Petition Date</u>:  The Debtor has failed to comply with the Bankruptcy Code by failing to file its Louisiana Corporate Tax Return for the filing periods 12/31/2018 and 12/31/2019.[5]

(3) <u>Annual Report with the Louisiana Secretary of State</u>:  Based on information and belief, this Debtor in Possession has failed to file an Annual Report with the Louisiana Secretary of State for the periods commencing 4/30/2016 through and include 4/30/2020.  The Louisiana Secretary of State terminated the charter. However, based on information and belief, the Debtor in Possession has continued to operate this business in the state of Louisiana.

(e)  <u>Promise Hospital of Louisiana, Inc.</u>  The Debtor in Possession was at all times relevant to the claims filed with the Claims Noticing Agent on behalf of LDR against it, registered to do business and doing business in the state of Louisiana (Charter 34419021D).  This debtor in possession has failed to file:

(1)   <u>Post-Petition Date</u>:  The Debtor has failed to comply with the Bankruptcy Code by failing to file its Louisiana Withholding Tax Returns for the filing periods 3/31/2020 through and including 8/31/2020.[6]

(f)  <u>Promise Hospital of Southeast Texas, Inc.</u>: The Debtor in Possession was at all times relevant to the claims filed with the Claims Noticing Agent on behalf of LDR against it, registered to do business and doing business in the state of Louisiana (Charter 35281929). This Debtor in Possession has failed to file:

---

[5] No extension was requested by or granted to the Debtor in Possession with respect to filing of the 12/31/2019 return.  This return and the tax was due by 7/17/2020.
[6] The Louisiana Corporate Return for the filing period 12/31/2019 is due on 12/15/2020 based on the extension requested and granted prior to 7/17/2020.

    (1) <u>Pre-Petition Date</u>:  The Debtor in Possession has failed to comply with Louisiana law by failing to file its Louisiana Corporate Tax Return for the tax periods 12/31/2014.

(g) <u>Promise Hospital of Vicksburg, Inc</u>: The Debtor in Possession was at all times relevant to the claims filed with the Claims Noticing Agent on behalf of LDR against it, registered to do business and doing business in the state of Louisiana (Charter 35358339D).  This Debtor in Possession has failed to file:

    (1) <u>Post-Petition Date</u>:  The Debtor has failed to comply with the Bankruptcy Code by failing to file its Louisiana Corporate Tax Return for the filing period 12/31/2019.[7]

13.

Based on information and belief, HLP of Shreveport, Inc. has failed to comply with Louisiana law by failing to register with the Louisiana Secretary of State's office and has failed to comply with the Bankruptcy Code by failing to file Louisiana Corporate Return for the filing period 12/31/2019.  The Debtor in Possession was at all times relevant hereto doing business in the state of Louisiana.  The Debtor in Possession filed its Louisiana Corporate Return with the LDR for the filing period 12/31/2019.

14.

LDR objects to the Plan because it fails to require the Liquidating Trustee to comply with the withdrawal and/or dissolution provisions of Louisiana law upon the Effective Date of the Plan.

---

[7] No extension was requested by or granted to the Debtor in Possession with respect to filing of the 12/31/2019 return.  This return and the tax was due by 7/17/2020.

MISCELLANEOUS OBJECTIONS

15.

LDR objects to the provisions of the Plan which allow the Liquidating Trustee to not pay claims of less than $50.00 and which allows the estate reclaim uncashed checks after 180 days without any notice to the claimant. The LDR's mailing address for trustee payments and the mailing address for correspondence are one and the same and are included on the LDR's Proof of Claim. In the event that a check is uncashed, a minimum of notice to the claimant should be required so they are on notice that a check was sent but not cashed. This is particularly problematic when it is unclear on what date a claim will actually be paid by the Liquidating Trustee. The LDR should not lose its right to payment for a potentially misdirected check or a check that gets lost in the mail. This is a denial of due process.

16.

LDR objects to the plan to the extent that the definition of Administrative Claim includes that Administrative Claims pursuant to 11 U.S.C. §503(b)(1)(B)-(C) are not required to file requests for payments or claims, but fails to carry over this provision in the appropriate section of for treatment under the plan.

17.

Out of an abundance of caution, LDR objects to the Plan provision that provides for multiple Administrative Claim bar dates being applicable to it because it is not required to file a claim or request for payment.

18.

LDR objects to the plan becoming Effective unless or until all outstanding tax returns due to the LDR are filed by the Debtor in possession and HLP of Shreveport, Inc. and Promise Hospital of Gonzales, Inc. being brought into compliance with the Louisiana Secretary of State.

WHEREFORE, the LDR respectfully requests that confirmation be denied.

Respectfully submitted,

LOUISIANA DEPARTMENT OF REVENUE

/s/ Florence Bonaccorso-Saenz
Florence Bonaccorso-Saenz (La. Bar No. 25493)
Admitted *Pro Hac Vice* by Certification of Counsel
Senior Bankruptcy Counsel, Litigation Division
617 N. Third St., Office 780
Post Office Box 4064 (Zip Code 70821-4064)
Baton Rouge, LA  70802
Tele: (225) 219-2083, Fax: (225) 231-6235
Email: Florence.Saenz@la.gov