**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
In re:

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]

Debtors.

---------------------------------------------------------------x

: Chapter 11
:
: Case No. 18-12491 (CSS)
:
: (Jointly Administered)
:
: **Related D.I. 2072**

**AMENDED NOTICE OF (A) ENTRY OF THE CONFIRMATION ORDER;
(B) EFFECTIVE DATE OF THE PLAN; (C) SUBSTANTIAL CONSUMMATION OF
THE PLAN; AND (D) BAR DATES FOR CERTAIN ADMINISTRATIVE,
PROFESSIONAL AND REJECTION CLAIMS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**1.    Confirmation of the Plan.** The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby give notice that, on September 17, 2020, the Honorable Christopher S. Sontchi, United States Bankruptcy Judge for the District of Delaware, entered an order [D.I. 2072] (the "Confirmation Order") confirming the Plan Proponents' *Modified Second Amended Joint Plan of Liquidation* (the "Plan").[2] The Plan is attached as Exhibit A to the Confirmation Order.

---

[1]   The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

[2]   Unless otherwise defined in this Notice, capitalized terms used herein have the meanings set forth in the Plan.

2. **Effective Date.** Pursuant to the Confirmation Order, the Debtors hereby give notice that the Plan became effective in accordance with its terms, as set forth in Article VIII.E of the Plan, on October 1, 2020 (the "Effective Date").

3. **Substantial Consummation.** The Debtors hereby give notice that, as defined by section 1101(2) of the Bankruptcy Code, the Plan has been substantially consummated.

4. **Discharges, Releases, Exculpation and Injunctions.** The Plan provides for discharges, releases, exculpation and injunctions of certain conduct. The injunctions in the Plan include, among other things, a permanent injunction of the commencement or prosecution by any entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgment, damages, demands, debts, rights, Causes of Action or liabilities released, exculpated or satisfied pursuant to the Plan.

5. **Bar Date for Allowed Accrued Professional Compensation Claims.** All final requests for payment of Allowed Accrued Professional Compensation Claims (the "Final Fee Applications") must be filed no later than November 30, 2020 (*i.e.*, sixty (60) days after the Effective Date). The procedures for processing Final Fee Applications are set forth in the Plan. If a Professional or other Entity does not timely submit a Final Fee Application, such Entity shall be forever barred from seeking payment of such Professional Fee Claim from the Debtors, their Estates or the Liquidating Trust.

6. **Bar Date for Administrative Claims.** The bar date for Administrative Claims arising on or before September 1, 2019 has expired. Requests for payment of Administrative Claims arising after September 1, 2019, other than Claims for Accrued Professional Compensation, must be filed with the Court and served on counsel for the Liquidating Trustee by 5:00 p.m., prevailing Eastern time, no later than the Final Administrative Claims Bar Date on November 2, 2020 (*i.e.*, the thirtieth (30th) day following the Effective Date).

7. **Bar Date for Rejection Damages Claims.** Except as set forth in Article VII of the Plan, all executory contracts and unexpired leases of the Debtors have been rejected as of the Effective Date. Claims created by the rejection of executory contracts and unexpired leases under the Plan must be filed with the Court and served on the Liquidating Trustee no later than November 2, 2020 (*i.e.*, the thirtieth (30th) day following the Effective Date). Any Claims arising from the rejection of an executory contract or unexpired lease under the Plan for which proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Debtors, the Estates, the Liquidating Trust, their successors and assigns, and their assets and properties. All such Claims shall, as of the Effective Date, be subject to the permanent injunction set forth in Article IX.D of the Plan. Unless otherwise ordered by the Court, all such Claims that are timely filed as provided herein shall be treated as General Unsecured Claims under the Plan and shall be subject to the provisions of Article III therein

8. **Post-Effective Date Notice List.** Because certain Persons and Entities may not desire to continue to receive notices after the Effective Date, the Plan provides for the establishment of a Post-Effective Date Notice List. Persons and Entities on such Post-Effective Date Notice List will be given certain notices and in some cases an opportunity to object to certain matters under the Plan (as described in the Plan). Any Person or Entity desiring to be included in

the Post-Effective Date Notice List must (i) file a request to be included on the Post-Effective Date Notice List and include thereon its name, contact person, address, telephone number and facsimile number, on or before November 2, 2020 (*i.e.*, thirty (30) days after the Effective Date), and (ii) concurrently serve a copy of its request to be included on the Post-Effective Date Notice List on the Liquidating Trustee and his or her counsel. On or before November 30, 2020 (*i.e.*, sixty (60) days after the Effective Date), the Liquidating Trustee shall compile a list of all Persons on the Post-Effective Date Notice List and file such list with the Court. Those parties set forth in Article XI.L of the Plan shall be included in the Post-Effective Date Notice List without the necessity of filing a request. Notwithstanding the foregoing, Post-Effective Date notices and pleadings shall be served on all parties whose rights are directly affected by such notices or pleadings, even if such parties did not submit a request to be included on the Post- Effective Date Notice List.

9. **Copies of Plan and Confirmation Order.** Any party in interest who wishes to obtain a copy of the Plan, any exhibits to the Plan or the Confirmation Order may view and download such documents at (i) at the Debtors' case website (https://cases.primeclerk.com/promisehealthcaregroup); or (ii) at the Court's website (http://www.deb.uscourts.gov) (PACER account required).

[*Remainder of Page Intentionally Left Blank*]

Dated: October 5, 2020
      Wilmington, Delaware

          **DLA PIPER LLP (US)**

          <u>/s/ Stuart M. Brown</u>
          Stuart M. Brown (#4050)
          Matthew S. Sarna (#6578)
          1201 N. Market Street, Suite 2100
          Wilmington, DE 19801
          Telephone: (302) 468-5700
          Facsimile: (302) 394-2341
          Email:  Stuart.Brown@dlapiper.com
                    Matthew.Sarna@dlapiper.com

          - and -

          **WALLER LANSDEN DORTCH & DAVIS LLP**
          John C. Tishler (admitted *pro hac vice*)
          Katie G. Stenberg (admitted *pro hac vice*)
          Blake D. Roth (admitted *pro hac vice*)
          Tyler N. Layne (admitted *pro hac vice*)
          511 Union Street, Suite 2700
          Nashville, TN 37219
          Telephone: (615) 244-6380
          Facsimile: (615) 244-6804
          Email:  John.Tishler@wallerlaw.com
                    Katie.Stenberg@wallerlaw.com
                    Blake.Roth@wallerlaw.com
                    Tyler.Layne@wallerlaw.com

          *Counsel for the Debtors and Debtors in Possession*