IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: December 14, 2020 at 4:00 p.m.**<br>**Hearing Date: Scheduled only if Necessary** |

# TWENTY-SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD SEPTEMBER 1, 2020 THROUGH OCTOBER 1, 2020

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | November 14, 2018 by Order entered January 8, 2019 |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2020 through October 1, 2020 |

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $64,236.20 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 1,291.05 |

This is a:    ☒ monthly    ☐ interim    ☐ final application.

The total time expended for preparation of this monthly fee application is approximately 2 hours and the corresponding compensation requested is approximately $1,200.00.

**PRIOR MONTHLY APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 02/05/19 | 11/14/18 - 12/31/18 | $285,595.50 | $19,247.43 | $285,595.50 | $19,247.43 |
| 03/13/19 | 01/01/19 - 01/31/19 | $130,311.00 | $ 6,241.45 | $130,311.00 | $ 6,241.45 |
| | | | | <$12,500.00>[2] | |
| 03/28/19 | 02/01/19 - 02/28/19 | $ 53,520.00 | $ 4,350.21 | $ 53,520.00 | $ 4,350.21 |
| 07/16/19 | 03/01/19 – 03/31/19 | $ 31,327.50 | $ 2,092.50 | $ 31,327.50 | $ 2,092.50 |
| 08/20/19 | 04/01/19 – 04/30/19 | $ 38,953.00 | $ 4,137.33 | $ 38,953.00 | $ 4,137.33 |
| | | | | <$4,000.00>[3] | <$ 487.85>[3] |
| 09/17/19 | 05/01/19 – 05/31/19 | $ 19,951.90 | $   796.35 | $ 15,961.52 | $   796.35 |
| 12/20/19 | 06/01/19 – 06/30/19 | $ 48,887.00 | $ 2,060.87 | $ 39,109.60 | $ 2,060.87 |
| 01/02/20 | 07/01/19 – 07/31/19 | $ 18,669.50 | $ 1,349.70 | $ 14,959.60 | $ 1,349.70 |
| 01/09/20 | 08/01/19 – 08/31/19 | $ 33,532.50 | $ 2,369.67 | $ 26,826.00 | $ 2,369.67 |
| 01/17/20 | 09/01/19 – 09/30/19 | $ 18,358.00 | $ 1,589.50 | $ 14,686.40 | $ 1,589.50 |
| 01/21/20 | 10/01/19 – 10/31/19 | $ 13,979.25 | $ 2,117.75 | $ 11,183.40 | $ 2,117.75 |
| 01/24/20 | 11/01/19 – 11/30/19 | $ 16,079.50 | $ 1,358.79 | $ 12,863.60 | $ 1,358.79 |
| 02/07/20 | 12/01/19 – 12/31/19 | $ 29,438.50 | $   499.20 | $ 23,550.80 | $   499.20 |
| 05/01/20 | 01/01/20 – 01/31/20 | $ 45,687.50 | $ 3,769.02 | $ 36,550.00 | $ 3,769.02 |
| 05/01/20 | 02/01/20 – 02/29/20 | $ 11,422.50 | $   644.29 | $  9,138.00 | $   644.29 |

---

[2] In accordance with an agreement reached between PSZ&J and the Fee Examiner as set forth in the *Fee Examiner's Report on the First Quarterly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [Docket No. 1047], the Firm agreed to a reduction of $12,500 in fees requested under its first quarterly fee application [Docket No. 939].

[3] In accordance with an agreement reached between PSZ&J and the Fee Examiner as set forth in the *Fee Examiner's Report on the Second Quarterly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [Docket No. 1640], the Firm agreed to a reduction of $4,000 in fees and $487.85 in expenses requested under its second quarterly fee application [Docket No. 1379].

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/01/20 | 03/01/20 – 03/31/20 | $ 19,257.50 | $ 1,089.70 | $ 15,406.00 | $ 1,089.70 |
| 08/05/20 | 04/01/20 – 04/30/20 | $ 45,596.50 | $ 2,358.79 | $ 36,477.20 | $ 2,358.79 |
| 08/05/20 | 05/01/20 – 05/31/20 | $ 33,782.00 | $ 1,764.28 | $ 27,025.60 | $ 1,764.28 |
| 09/02/20 | 06/01/20 – 06/30/20 | $ 35,082.00 | $ 1,817.90 | $ 28,065.60 | $ 1,817.90 |
| 09/17/20 | 07/01/20 – 07/31/20 | $ 21,258.50 | $ 762.60 | $ 17,006.80 | $ 762.60 |
| 11/06/20 | 08/01/20 – 08/31/20 | $ 15,565.00 | $ 927.80 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrew W. Caine | Partner 1989; Member of CA Bar since 1983 | $1,095.00 | 12.40 | $ 6,795.20 |
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,050.00 | 19.30 | $20,265.00 |
| Jason S. Pomerantz | Partner 1995; Member CA Bar 1989 | $ 850.00 | 3.80 | $ 3,230.00 |
| Colin R. Robinson | Of Counsel 2012; Member of DE Bar 2010; Member of NJ and PA Bars 2001 | $ 825.00 | 8.70 | $ 7,177.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 4.30 | $ 3,332.50 |
| Patricia J. Jeffries | Paralegal | $ 425.00 | 1.80 | $765.00 |
| Karina K. Yee | Paralegal | $ 425.00 | 3.70 | $ 1,572.50 |
| Patricia E. Cuniff | Paralegal | $ 425.00 | 0.50 | $ 212.50 |
| Cheryl A. Knotts | Paralegal | $ 395.00 | 5.40 | $ 2,133.00 |
| Mike A. Matteo | Paralegal | $ 395.00 | 36.40 | $14,378.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 6.20 | $ 2,170.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 1.90 | $ 665.00 |
| Beatrice M. Koveleski | Case Management Assistant | $ 350.00 | 1.90 | $ 665.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 2.50 | $ 875.00 |

**Grand Total:** $64,236.20
**Total Hours:** 108.80
**Blended Rate:** $590.41

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Avoidance Actions | 54.80 | $26,713.20 |
| Bankruptcy Litigation | 6.50 | $ 4,620.50 |
| Case Administration | 11.80 | $ 4,220.00 |
| Claim Administration/Objections | 1.10 | $ 1,155.00 |
| Compensation of Professionals | 14.50 | $ 9,055.00 |
| Compensation of Professionals/ Others | 3.70 | $ 2,370.00 |
| Financial Filings | 0.20 | $    210.00 |
| General Creditors Comm. | 1.30 | $ 1,365.00 |
| Plan & Disclosure Statement | 14.80 | $14,527.50 |
| **Total** | **108.70** | **$64,236.20** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[4] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | Loop Up; CourtCall; AT&T Conference Call | $ 68.80 |
| Legal Research | Lexis/Nexis | $366.40 |
| Pacer – Court Research | Pacer | $286.50 |
| Postage | US Mail | $114.95 |
| Reproduction Expense | | $ 97.00 |
| Reproduction/ Scan Copy | | $357.40 |
| **Total** | | **$1,291.05** |

---

[4] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-12491 (CSS) <br><br> (Jointly Administered) <br><br> **Objection Deadline:  December 14, 2020 at 4:00 p.m.** <br> **Hearing Date:  Scheduled only if Necessary** |

# TWENTY-SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD SEPTEMBER 1, 2020 THROUGH OCTOBER 1, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's *Administrative Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals*, signed on or about December 3,

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL  33431.

2018 [Docket No. 198] (the "Administrative Order"), as modified by the *Order Appointing Fee Examiner and Establishing Related Procedures Concerning Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees and Consideration of Fee Applications* entered on December 10, 2018 [Docket No. 274] (the "Fee Examiner Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its *Twenty-Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 1, 2020 through October 1, 2020* (the "Application").

By this Application, PSZ&J seeks (i) a monthly interim allowance of compensation in the amount of $64,236.20 and actual and necessary expenses in the amount of $1,291.05 for a total allowance of $65,527.25 and (ii) payment of $51,388.96 (80% of the allowed fees pursuant to the Compensation Procedures Order) and reimbursement of $1,291.05 (100% of the allowed expenses pursuant to the Compensation Procedures Order) for a total payment of $52,680.01 for the period September 1, 2020 through October 1, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1.  On November 5, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On November 14, 2018, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven (7) members: (i) HEB Ababa, Ronaldoe Guiterrez and Yolanda Penney; (ii) Cardinal Health; (iii) Wound Care Management, LLC d/b/a MEDCENTRIS; (iv) Freedom Medical, Inc.; (v) Morrison Management Specialists, Inc.; (vi) Efficient Management Resources Systems, Inc.; and (vii) Surgical Program Development. *See Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 91].

3. On or about December 3, 2018, the Court signed the Administrative Order, authorizing certain professionals and members of any official committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order, as modified by the Fee Examiner Order, provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending January 31, 2019, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as counsel to the Committee, was approved effective as of November 14, 2018, by this Court's *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 14, 2018*, signed on January 8, 2019 [Docket No. 421] (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Committee. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has not received a retainer in these cases.

#### Fee Statements

6. The fee statements for the Interim Period are attached hereto as **Exhibit A**. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or

paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working travel time to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

7.     A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of **Exhibit A**. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

8.     PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

9. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

10. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated April 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

11. The names of the timekeepers of PSZ&J who have rendered professional services in these cases during the Interim Period are set forth in the attached **Exhibit A**. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

12. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**. **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.   **Avoidance Actions**

13.   This category relates to work regarding actions to recover avoidable transfers. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed preference issues; (2) performed research regarding target vendors; (3) performed work regarding preference demand letters; (4) performed work regarding a preference demand chart; (5) reviewed and analyzed an updated preference analysis; (6) reviewed and analyzed issues regarding non-profit corporations; (7) reviewed and analyzed strategy issues regarding the recovery of preferential transfers; (8) performed work regarding a form preference recovery complaint; (9) performed work regarding negotiations with attorneys for preference recipients; (10) reviewed and analyzed responses to preference demand letters; (11) updated a tracking chart regarding responses to preference recovery demands; (12) attended to issues regarding a settlement agreement with directors of the company; (13) performed work regarding a second group of demand letters; (14) performed work regarding tolling agreement issues; and (15) corresponded and conferred regarding avoidance action issues.

Fees: $26,713.20;    Hours: 54.80

B. **Bankruptcy Litigation**

14. This category relates to work regarding motions and litigation matters in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) performed work regarding Hearing Binders and Agenda Notices; (2) reviewed and analyzed issues regarding the KPC litigation; (3) reviewed and analyzed issues regarding Amex records; and (4) conferred and corresponded regarding litigation issues.

Fees: $4,620.50;    Hours: 6.60

C. **Case Administration**

15. This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) prepared and distributed a daily memo narrative; (3) maintained services lists; and (4) maintained document control.

Fees: $4,220.00;    Hours: 11.80

D. **Claims Administration and Objections**

16. This category relates to work regarding claims administration and claims objections issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed claim issues regarding Bakir and SPD; (2) reviewed and analyzed issues regarding the IRS; and (3) corresponded and conferred regarding claim issues.

Fees: $1,155.00;    Hours: 1.10

**E.** **Compensation of Professionals**

17. Time billed to this category relates to compensation of the Firm. During the Interim Period, the Firm, among other thing: (1) performed work regarding its June, July and August 2020 monthly fee applications; (2) performed work regarding its Sixth and Seventh quarterly fee applications; and (3) monitored the status and timing of fee applications.

Fees: $9,055.00;     Hours: 14.50

**F.** **Compensation of Professionals/ Others**

18. Time billed to this category relates to compensation of professionals other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding the Sills Cummis and Province monthly fee applications, and reviewed and analyzed fee applications of the Debtors' professionals.

Fees: $2,370.00;     Hours: 3.70

**G.** **Financial Filings**

19. Time billed to this category relates to work regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things, performed work regarding Monthly Operating Reports.

Fees: $210.00;     Hours: 0.20

**H.      General Creditors Committee**

20.      Time billed to this category relates to work regarding general Committee issues.  During the Interim Period, the Firm, among other things, prepared for and attended a conference call with the Committee.

Fees:  $1,365.00;      Hours:  1.30

**I.      Plan & Disclosure Statement**

21.      Time billed to this category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Plan revisions; (2) performed work regarding a revised Disclosure Statement; (3) reviewed and analyzed voting issues; (4) performed work regarding a confirmation order; (5) reviewed and analyzed confirmation objections; (6) reviewed and analyzed Plan-related Board issues; (7) reviewed and analyzed a confirmation brief; (8) attended to post-confirmation issues; (9) reviewed and analyzed issues regarding a Liquidating Trust Agreement; and (10) corresponded regarding Plan and Disclosure Statement issues.

Fees:  $14,527.50;      Hours:  14.80

**Valuation of Services**

22.      Attorneys and paraprofessionals of PSZ&J expended a total 108.80 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrew W. Caine | Partner 1989; Member of CA Bar since 1983 | $1,095.00 | 12.40 | $ 6,795.20 |
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,050.00 | 19.30 | $20,265.00 |
| Jason S. Pomerantz | Partner 1995; Member CA Bar 1989 | $ 850.00 | 3.80 | $ 3,230.00 |
| Colin R. Robinson | Of Counsel 2012; Member of DE Bar 2010; Member of NJ and PA Bars 2001 | $ 825.00 | 8.70 | $ 7,177.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 4.30 | $ 3,332.50 |
| Patricia J. Jeffries | Paralegal | $ 425.00 | 1.80 | $765.00 |
| Karina K. Yee | Paralegal | $ 425.00 | 3.70 | $ 1,572.50 |
| Patricia E. Cuniff | Paralegal | $ 425.00 | 0.50 | $ 212.50 |
| Cheryl A. Knotts | Paralegal | $ 395.00 | 5.40 | $ 2,133.00 |
| Mike A. Matteo | Paralegal | $ 395.00 | 36.40 | $14,378.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 6.20 | $ 2,170.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 1.90 | $ 665.00 |
| Beatrice M. Koveleski | Case Management Assistant | $ 350.00 | 1.90 | $ 665.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 2.50 | $ 875.00 |

**Grand Total:** $64,236.20
**Total Hours:** 108.80
**Blended Rate:** $590.41

23. The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $64,236.20.

24. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period September 1, 2020 through October 1, 2020, (i) an interim allowance be made to PSZ&J for compensation in the amount of $64,236.20 and actual and necessary expenses in the amount of $1,291.05 for a total allowance of $65,527.25 and (ii) payment of $51,388.96 (80% of the allowed fees pursuant to the Compensation Procedures Order) and reimbursement of $1,291.05 (100% of the allowed expenses pursuant to the Compensation Procedures Order) for a total payment of $52,680.01, and for such other and further relief as this Court may deem just and proper.

Dated: November 23, 2020          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
E-mail:  jpomerantz@pszjlaw.com
            bsandler@pszjlaw.com
            crobinson@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

# DECLARATION

STATE OF DELAWARE        :
                         :
COUNTY OF NEW CASTLE   :

Bradford J. Sandler, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Committee. Capitalized terms used in this Declaration have the same meanings ascribed in the *Twenty-Second Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors for the Period September 1, 2020 through October 1, 2020* (the "Application").

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about December 3, 2018 and the Fee Examiner Order, and submit that the Application substantially complies with such rule and orders.

*/s/ Bradford J. Sandler*
Bradford J. Sandler