IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                                : Chapter 11
                                                                      :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]     : Case No. 18-12491 (CSS)
                                                                      :
            Debtors.                                           : (Jointly Administered)
                                                                      :
                                                                      : **Related Docket No. 1807**
---------------------------------------------------------------- x

## FEE EXAMINER'S FINAL REPORT ON THE FIFTH INTERIM FEE APPLICATION REQUEST OF DLA PIPER LLP (US) FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM NOVEMBER 1, 2019 THROUGH FEBRUARY 29, 2020

On December 10, 2018, the Court[2] issued an order (the "Order") [Docket No. 274] appointing M. Jacob Renick of M. J. Renick & Associates LLC as the fee examiner (the "Fee Examiner") in the above-captioned cases. The Order states, in part, that, "unless otherwise ordered by the Court, this Order shall apply to all professionals retained in these chapter 11 cases (the "Retained Professionals") requesting compensation and/or reimbursement of expenses for services rendered pursuant to 327, 330, 331 or 1103 of the Bankruptcy Code [Order ¶2].

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Order.

The Order states, in part, that the Fee Examiner shall, "review Applications (and related Fee Detail) filed by each Applicant in these chapter 11 cases." [Order ¶ 9(a)]. The Order also states that, "[t]he Fee Examiner shall ensure that the fees and expenses paid by the Debtors to Retained Professionals are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code by monitoring, reviewing, and, where appropriate, objecting to Applications filed and invoices submitted by the Retained Professionals. [Order ¶ 4].

The subject of this report[3] (the "Final Report") is the *Fifth Interim Application Request of DLA Piper LLP (US)* [the "Applicant"] *for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the period November 1, 2019 through February 29, 2020* [the "Application Period"]; [Docket No. 1807]. The Applicant is seeking an interim allowance of $426,065.25 in compensation and $14,568.72 in the reimbursement of expenses.

The process undertaken by the Fee Examiner for this Report was a detailed review of the Applicant's monthly time and expense entries for the Application Period. This review was to assure the Court that the efforts undertaken by the Applicant were within the construct of the Order authorizing retention of the Applicant [Docket No. 252]. The Fee Examiner's review included but was not limited to assure compliance to the applicable standards of section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Order [Docket No. 198] and [the Department of Justice] Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases.

During the course of the Fee Examiner's review, the Fee Examiner questioned the Applicant on specific matters including but not limited to the vagueness in the description of certain services rendered or lack of appropriate details, the billing of certain travel time at 100% of the individual's billing rate instead of at 50% as required by Local Rule 2016-2(d)(ix) and the time required to complete certain tasks. Although the Applicant provided sufficient explanations to satisfactorily address the issues raised by the Fee Examiner, the Applicant voluntarily agreed to reduce its requested compensation by $6,000.00.

In addition, the Fee Examiner indicated that the request for reimbursement of certain meals exceeded the recommended amounts allowable by the Office of the United States Trustee and that copying costs exceeded the amount allowed under Local Rule 2016-2(e)(iii) which resulted in an agreed upon reduction of $2,000.00.

Based upon its review, the Fee Examiner recommends the Court's approval of the Applicant's request for an interim allowance of $420,065.25 in compensation and $12,568.72 in the reimbursement of expenses.

---

[3] This Final Report is being issued pursuant to the Order (Order ¶ 9(f)), which states in part, "[t]he Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee and expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution…"

|  |  |
|---|---|
| Dated: November 15, 2020 | **M. J. RENICK & ASSOCIATES LLC** |

/s/M. Jacob Renick
M. Jacob Renick, CPA, CIRA
Principal
51 Seacord Road
New Rochelle, NY  10804
(914) 813-0880
jrenick@mjrenick.com

Fee Examiner