## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re:                                                  :
                                                        :
PROMISE HEALTHCARE GROUP, LLC, et                       :
al.,¹                                                   :
                                                        :
            Debtors.                                    :
                                                        :
                                                        :
------------------------------------------------------- x
```

Chapter 11

Case No. 18-12491 (CSS)

(Jointly Administered)

**Re: DI 2276**

### DECLARATION OF STUART M. BROWN IN SUPPORT OF LIQUIDATING TRUSTEE'S MOTION TO COMPEL COMPLIANCE WITH THE ORDER APPROVING SALE OF THE SILVER LAKE ASSETS TO LADMC AND GRANTING RELATED RELIEF

I, Stuart M. Brown, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that:

1.      I am a partner with the law firm of DLA Piper LLP (US), formerly counsel for debtor Promise Healthcare Group, LLC and its affiliated debtors (collectively, "***Debtors***") and am counsel for the Promise Healthcare Group Liquidating Trust (the "***Liquidating Trust***") appointed in the Debtors' chapter 11 cases (collectively, the "***Chapter 11 Cases***").

---

¹ The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, 50 California Street, Suite 1900, San Francisco, CA 94111.

2.      I am over 18 years of age and I make this declaration based upon my personal knowledge of the facts set forth herein, except where otherwise noted.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration.

3.      I submit this declaration (the "*Declaration*") in support of the *Liquidating Trustee's Motion to Compel Compliance with the Order Approving Sale of the Silver Lake Assets to LADMC and Granting Related Relief* (the "*Motion*"),[2] filed contemporaneously herewith.

4.      On October 31, 2019, the Debtors' informed LADMC that the Final QAF4 Adjustments exceeded the Initial QAF4 adjustments by $2,107,984.06.  Under the Second Amendment to the APA, half of the QAF4 Adjustment payment was due on August 15, 2019, with the remainder due on February 3, 2020. Buyer has failed to pay either QAF4 Adjustment payment due and owing under the terms of the APA. A true and correct copy of the Debtors' October 31, 2020 Notice is attached as **Exhibit A**.

5.      On March 6, 2020, the Debtors' served upon LADMC a Notice of Default under the Promissory Note.  In Debtors' Notice of Default, the Debtors reiterated its demand to LADMC for the QAF4 Adjustment payments.  In addition, the Notice of Default demanded that LADMC remit to the Estates the $930,300 refund of overpayments of property taxes.   A true and correct copy of the Debtors' March 6, 2020 Notice of Default is attached as **Exhibit B**.

6.      On March 14, 2020, LADMC responded to the Debtors' Notice of Default.  LADMC claimed that it was "unaware of any such settlement and request that Sellers provide additional information related to this demand." A true and correct copy of the LADMC's March 14, 2020 Response to the Debtors' Notice of Default is attached as **Exhibit C**.

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion or the Asset Purchase Agreement with LADMC.

7.      Prior to an on August 25, 2020, the Debtors contacted Independent Accountant, BDO USA, LLP ("**_BDO_**") to determine whether BDO was available to resolve the QAF disputes as required under the APA.

8.      On September 11, 2020, BDO sent an engagement letter to both the Debtors and LADMC.

9.      In October 2020, the Debtors and LADMC sought to meet and confer to discuss the outstanding issues.  The Parties, however, were unable to schedule a time to discuss the open issues.

10.     On December 21, 2020, the Trustee sent a demand letter to LADMC's counsel requesting that LADMC provide the Trustee with the Medicare Bad Debt Audit sampling data.  The Trustee demanded that LADMC provide the data requested within ten (10) business days of receipt of the letter.  Should LADMC fail to provide the Trustee with the information requested by January 6, 2020, the Trustee informed LADMC's counsel that he will seek a motion to compel against LADMC.  A true and correct copy of the December 21, 2020 Demand Letter is attached as **Exhibit D**.

11.     On December 22, 2020, the Trustee sent a second letter reiterating the Trustee's request for the Medicare Bad Debt Audit sampling data.  In addition, the Trustee demanded, among other things, that LADMC sign the engagement letter with BDO by no later than January 8, 2021, so that the Parties can promptly proceed with resolving the QAF reconciliation dispute.  Finally, the Trustee reiterated his request that LADMC remit the post-closing refund of overpayments of property taxes for the Silver Lake Assets to the Liquidating Trust.  A true and correct copy of the December 22, 2020 Demand Letter is attached as **Exhibit E**.

12.     On January 6, 2021, our Firm contacted Counsel for LADMC seeking to schedule a time to discuss the outstanding issues, including the issues raised in the December 21 and 22, 2020 Demand Letters.  Counsel for LADMC did not respond.

13.     As of the date of this Declaration, LADMC has not responded to either of the Demand Letters.

I, Stuart M. Brown, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Dated: January 20, 2021                          /s/ *Stuart M. Brown*
                                                 Stuart M. Brown