# EXHIBIT D



DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Stuart Brown
Stuart.Brown@dlapiper.com
T  302.468.5640
F  302.778.7913

December 21, 2020

**VIA EMAIL AND FACSIMILE**
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Attention:  Jason A. Farber, Esq.
              Kennard Noyes, Esq.
Facsimile:  (206) 757-7041
Email:       JasonFarber@dwt.com
              Kennard-Noyes@dwt.com

**Re:    Sellers' Demand Letter for Buyer's Compliance with Section 13.2(c) of the APA.**

Dear Jason and Ken:

Reference is made to the following documents:  (i) that certain Asset Purchase Agreement dated as of October 24, 2018, as amended (the "APA"), by and between L.A. Downtown Medical Center LLC, a California limited liability company ("Buyer"), and Success Healthcare, LLC, a California limited liability company ("Parent"), Success Healthcare 1, LLC, a California limited liability company ("SH1"), and HLP of Los Angeles, LLC, a California limited liability company ("HLP" and collectively with Parent and SH1, "Sellers"); and (ii) the *Order (I) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (III) Authorizing Success Healthcare 1, LLC to Grant Liens; and (IV) Granting Related Relief* (the "Sale Order"). [Dkt. No. 740].

This letter is to address Buyer's failure to respond to Sellers' requests for information related to Medicare reimbursement costs and liabilities for the year ending December 31, 2017.  Pursuant to Article 2 of the APA, which governs the Assumed and Excluded Assets and Liabilities of the Parties, Medicare cost report receivables and liabilities, for any period prior to the sale of the facilities to Buyer, remain the property of the bankruptcy estate.  The Sellers have engaged Noridian Healthcare Solutions ("Noridian") to evaluate the pre-sale Medicare claims and to create an adjustment report.  Sellers have repeatedly contacted Buyer to obtain access to data and documents in Buyer's possession, custody, and control that are necessary for Noridian to complete its review.  To date, Buyer has refused to cooperate with those requests.

Specifically, Sellers informed Buyer that Noridian requested the following information related to the inpatient and outpatient Medicare bad debt sample including:



December 21, 2020
Page Two

1. Medicare & Medicaid remittance advices;
2. Patient account detail showing bad debt write-off;
3. Eligibility Print screen showing SOC or No SOC; and
4. Third Party remittance advices if applicable, if not submitted, bad debt not allowable.

The request for this information is limited in nature and initially would only cover the documents related to the sample of accounts identified by Noridian. While Buyer provided some of the necessary information for the inpatient sample, Buyer has refused to provide all of the inpatient sample data and Buyer has not provided any information for the outpatient sample. Moreover, Buyer, in acquiring the facilities, are currently in possession of the Medicare remittance advices, the patient account detail showing the write-off (Encounter data), and the eligibility information necessary for Noridian's review of Seller's Medicare cost report receivables and liabilities. Buyer, however, has refused to provide that information or grant Sellers access to that information. Instead, Buyer has insisted that Sellers contact their counsel at Davis Wright Tremaine LLP to obtain this information. Sellers reserve all rights to seek access to or receive copies of additional information from time to time in connection with Sellers' costs reports.

As stated in Section 13.2(c), where a matter involves an Excluded Asset or Liability, "Buyer will after the Effective Time give Sellers, their Affiliates and their respective representatives reasonable access during normal business hours to Buyer's books, accounts and records and all other relevant documents and information with respect to the assets, liabilities and business of the Business as representatives of Sellers and their Affiliates may from time to time reasonably request, all in such manner as not to unreasonably interfere with the operations of the Business." Moreover, the APA is clear that such efforts should be done through Buyer, not counsel, as stated in Section 13.2(c) ("Sellers acknowledge that they will coordinate their activities contemplated by this Section 13.2(c) through the chief executive officer of the Hospitals or his designee.").

Although the APA is clear and unambiguous regarding Buyer's obligation to provide Sellers with this information, the Court further incorporated Buyer's obligation within the terms of the Sale Order. [Dkt. No. 740]. Paragraph 45 of the Sale Order requires that "After the Closing, the Successful Bidder shall permit, for a period of four (4) years, the Debtors, including the Silver Lake Debtors, and any direct or indirect successor to the Silver Lake Debtors and their respective professionals, and the Committee and its professionals (each a "Permitted Party" and collectively, the "Permitted Parties"), reasonable access during normal business hours, to all books and records in connection with or that otherwise relate to the Purchased Assets and/or Collateral in the control or the possession of Successful Bidder or any of its affiliates or their respective agents or representatives (collectively, "Business Records") for the purposes of (i) pursuing, assessing, settling, or otherwise dealing with any Excluded Assets or Excluded Liabilities. . ." [*Id.* at ¶ 45]. Moreover, Paragraph 47 requires Buyer to make employees available to provide the information



December 21, 2020
Page Three

required to effectuate Sellers' rights as it relates to the Excluded Assets and Liabilities.  Buyer's failure to provide the required information is not only a breach of the APA, it is a violation of the Sale Order.

Buyer's refusal to abide by the terms of the Court Order and the APA have prevented Seller from providing Noridian with the documents Noridian requires to resolve the sampling of Medicare bad debt accounts, interfering with Sellers' Excluded Assets and Liabilities rights under the APA.  The Sellers demand that Buyer provide the data requested within ten (10) business days of receipt of this letter.  Should Buyer fail to provide the Sellers with the information requested by January 6, 2020, the Sellers will seek a motion to compel against Buyer seeking Buyer's compliance with the Sale Order, which may include a demand for sanctions against Buyer for refusing to comply with the terms of the APA and Sale Order.  Moreover, Sellers reserve the right to seek damages against Buyer for any value lost or liability incurred that is the result of the delay caused by Buyer's refusal to comply with the access to information provisions of the APA and the Sale Order.

Best regards,

/s/ *Stuart M. Brown*

Stuart Brown


Cc:   Robert Michaelson, Trustee
      Andrew Sherman, Esquire