# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 28, 2021 at 11:00 a.m. (ET)**<br>**Objection Deadline: March 22, 2021 at 4:00 p.m. (ET)** |

**FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE LIQUIDATING TRUSTEE TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS**

**\*\*\*THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN CLAIMS.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION, LOCATE THEIR NAMES AND CLAIMS IN THE SCHEDULE(S) ATTACHED TO THE OBJECTION, AND IF APPLICABLE, FILE A RESPONSE BY THE OBJECTION DEADLINE CONSISTENT WITH THE INSTRUCTIONS SET FORTH IN THE OBJECTION.  THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE LIQUIDATING TRUSTEE'S RIGHT TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN THE SCHEDULE(S) ATTACHED TO THIS OBJECTION. \*\*\***

Robert N. Michaelson of Advisory Trust Group, LLC, solely in his capacity as

liquidating trustee of the Promise Healthcare Group Liquidating Trust (the "Liquidating

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

Trustee"), by any through his undersigned counsel, submits this omnibus objection (the "Fourth Omnibus Objection") seeking entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules") disallowing and expunging in full the insufficient documentation claims listed on **Schedule 1** to the Proposed Order.

In support of this Fourth Omnibus Objection, the Liquidating Trustee relies on the *Declaration of Robert N. Michaelson in Support of First, Second, Third, Fourth and Fifth Omnibus Objections (Non-Substantive) of the Liquidating Trustee* (the "Declaration"), filed contemporaneously herewith, and respectfully states as follows:[2]

## JURISDICTION

1. The Court has jurisdiction to consider and determine this matter under 28 U.S.C. §§ 157 and 1334 and the Plan. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Liquidating Trustee consents to the entry of a final order by the Court in connection with this Fourth Omnibus Objection to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. The bases for the relief requested are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

---

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to such terms in the *Modified Second Amended Joint Plan of Liquidation* [Docket No. 2072-1] (the "Plan").

## BACKGROUND

A. **General Background**

3. On November 5, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On September 17, 2020, this Court entered an order confirming the Plan [Docket No. 2072]. The Plan provides for the substantive consolidation of the Debtors' estates. *See* Plan § IV.B.

5. The effective date of the Plan occurred on October 1, 2020 (the "Effective Date").

6. Upon the Effective Date, the Liquidating Trust was established pursuant to the Plan and the Liquidating Trustee was authorized to object to, contest, litigate, compromise and settle any disputed claim or claim that has not otherwise been allowed. *See* Plan § VI.C.

B. **The Bar Dates**

7. On April 17, 2019, this Court entered an *Order (I) Establishing Deadlines for Filing Proofs of Claim, Section 503(b)(9) Claims, (II) Establishing Deadlines for Filing Applications for Allowance of Administrative Claims Accrued Through April 30, 2019, and (III) Approving the Form and Manner of Notice Thereof* [Docket No. 984], which established: (a) May 31, 2019 as the general bar date (the "General Bar Date"); (b) July 15, 2019 as the bar date for governmental units (the "Government Bar Date"); and (c) July 15, 2010 as the deadline for parties to file applications for allowance of administrative expense claims that arose on or after the Petition Date through and including April 30, 2019 (the "First Interim Administrative Claims Bar Date").

8. On December 4, 2019, this Court entered an *Order (I) Establishing the Deadline for Filing Applications for Allowance of Administrative Claims Accrued from May 1, 2019*

3

*Through September 1, 2019, (II) Establishing the Deadline for Submitting Administrative Claims Arising from the Promise Healthcare, Inc. Group Health Plan, and (III) Approving the Form and Manner of Notice Thereof* [Docket No. 1626], which established: (a) January 31, 2020 as the deadline for parties to file applications for allowance of claims against the Debtors that accrued on or after May 1, 2019 through and including September 1, 2019 (the "Second Interim Administrative Claims Bar Date"), and (b) February 28, 2020 as the bar date for parties to submit claims for health services and supplies covered by the Promise Healthcare, Inc. Group Health Plan through and including October 31, 2019 (the "Health Plan Administrative Claims Bar Date").

9. On October 5, 2020, the Debtors filed an *Amended Notice of (A) Entry of the Confirmation Order; (B) Effective Date of the Plan; (C) Substantial Consummation of the Plan; and (D) Bar Dates for Certain Administrative, Professional and Rejection Claims* [Docket No. 2102], which established November 2, 2020 as the deadline for parties to file requests for payment of administrative expense claims arising after September 1, 2019 (the "Final Administrative Claims Bar Date", and collectively with the General Bar Date, the Government Bar Date, the First Interim Administrative Claims Bar Date, the Second Interim Administrative Claims Bar Date, and the Health Plan Administrative Claims Bar Date, the "Bar Dates")

### C.  The Claims Reconciliation Process

10. In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors. Article IV.X. of the Plan provides for the Liquidating Trustee's access to and/or possession of the Books and Records.

11. The Debtors' register of claims, prepared by Prime Clerk, reflects that, as of the date hereof, approximately 1,795 proofs of claim have been filed in the Debtors' chapter 11 cases.

12. Since the Effective Date, the Liquidating Trustee and his counsel and advisors, have been, among other things, in the process of reviewing and reconciling proofs of claim filed against the Debtors in these chapter 11 cases.

13. The Liquidating Trustee and its advisors have been reviewing and analyzing claims with a view toward reconciling all claims for which the Liquidating Trustee is responsible. This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction and/or reclassification.

14. To reduce the number of claims, and to avoid possible "double recovery" or otherwise improper recovery by claimants, the Liquidating Trustee anticipates filing numerous omnibus objections to claims.

15. To further expedite the claims reconciliation process, the Liquidating Trustee has filed a motion to waive the limitation contained in Local Rule 3007-1(f) on the number of substantive omnibus claim objections that may be filed in a given calendar month [*See* Docket No. 2294].

**RELIEF REQUESTED**

16. By this Fourth Omnibus Objection and for the reasons described more fully below, the Liquidating Trustee: (a) objects to the claims set forth on **Schedule 1** attached to the Proposed Order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 30071-1, as applicable, and (b) respectfully requests entry of the Proposed Order attached as **Exhibit A**, disallowing and expunging all such claims.

5

**OBJECTION**

17. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. 11 U.S.C. §502(b).

18. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *Id.* While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant. *Id.* at 174. The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.

19. For the reasons set forth below, and based upon the Declaration, there is ample evidence to rebut the *prima facie* validity of each claim subject to this Fourth Omnibus Objection.

20. In short, the Liquidating Trustee objects to each of the claims identified on **Schedule 1** to the Proposed Order (the "Insufficient Documentation Claims") because, in each case, the claimant failed to include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claims as required by Bankruptcy Rule 3001(f).

21.    Moreover, even if the Insufficient Documentation Claims are entitled to a presumption of validity, the Declaration explains that the Liquidating Trustee and/or his professionals have made reasonable efforts to research the Insufficient Documentation Claims on the Debtors' Books and Records and believe that the claims do not provide *prima facie* evidence of the existence, validity and amount of such claim.  Therefore, the Liquidating Trustee requests entry of an order disallowing and expunging the Insufficient Documentation Claims listed on **Schedule 1** to the Proposed Order in their entirety.  Failure to do so will result in the holders of Insufficient Documentation Claims receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases.

## RESPONSES TO OMNIBUS OBJECTIONS

22.    To contest any objection set forth herein, a claimant must file and serve a written response to this Fourth Omnibus Objection (a "Response") so that it is received no later than March 22, 2021 at 4:00 p.m. (ET) (the "Response Deadline").  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Attn:   Andrew Sherman, Esq.
        Boris Mankovetskiy, Esq.
        Lucas F. Hammonds, Esq.
        Gregory Kopacz, Esq.

    -and-

Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Attn:   Bradford J. Sandler, Esq.

      Andrew Caine, Esq.
      Colin R. Robinson, Esq.

23. Every Response to this Fourth Omnibus Objection must contain, at a minimum, the following information:

    i. A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the objection to which the Response is directed;

    ii. The name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

    iii. The specific factual basis and supporting legal argument upon which the party will rely in opposing this Fourth Omnibus Objection;

    iv. Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

    v. The name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidating Trustee should communicate with respect to the claim or the Fourth Omnibus Objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the claimant.

24. If the claimant fails to file and serve a timely response by the Response Deadline, the Liquidating Trustee will present to the Court an appropriate order disallowing such claimant's claim, as set forth in **Schedule 1** to the Proposed Order, without further notice to the claimant.

## REPLIES TO RESPONSES

25. Consistent with Local Rule 9006-1(d), the Liquidating Trustee may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (ET) one (1) day prior to the deadline for filing the agenda for any hearing to consider this Fourth Omnibus Objection.

8

## SEPARATE CONTESTED MATTERS

26.     To the extent that a Response is filed regarding any claim listed in this Fourth Omnibus Objection and the Liquidating Trustee is unable to resolve the Response consensually, the objection by the Liquidating Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Fourth Omnibus Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

27.     The rights of the Liquidating Trustee to object in the future to any of the claims that are the subject of this Fourth Omnibus Objection on any ground, and to file further substantive or non-substantive objections based upon any such grounds, are fully reserved and preserved.  The Liquidating Trustee also fully reserves the right to amend, modify and/or supplement this Fourth Omnibus Objection, including, without limitation, to object to amended or newly-filed claims.

28.     Notwithstanding anything contained in this Fourth Omnibus Objection or the attached exhibits or schedules, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to exercise rights or setoff or recoupment against the holders of any claims.

## NOTICE

29.     Notice of this Fourth Omnibus Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) each claimant whose claim is subject to this Fourth Omnibus Objection; and (iii) all entities requesting notice pursuant to Bankruptcy

Rule 2002.  In light of the nature of the relief requested, the Liquidating Trustee respectfully submits that no further notice is necessary.

## COMPLIANCE WITH LOCAL RULE 3007-1

30. The Liquidating Trustee respectfully submits that this Fourth Omnibus Objection substantially complies with Local Rule 3007-1.  To the extent that the Fourth Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidating Trustee believes that such deviations are not material and respectfully requests that any such requirement be waived.

## NO PRIOR REQUEST

31. No prior request for the relief sought herein has been made by the Liquidating Trustee to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested and such additional relief as is appropriate.

Dated: March 8, 2021
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: jpomerantz@pszjlaw.com
          bsandler@pszjlaw.com
          crobinson@pszjlaw.com

-and-

SILLS CUMMIS & GROSS P.C.
Andrew H. Sherman, Esq.
Boris I. Mankovetskiy, Esq.
The Legal Center
One Riverfront Plaza
Newark, NJ  07102
Telephone:  (973) 643-7000
Facsimile:   (973) 643-6500
Email: asherman@sillscummis.com
          bmankovetskiy@sillscummis.com

*Counsel to the Liquidating Trustee*

11

DOCS_DE:233353.1 72551/002