**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x
In re:                                                           :       Chapter 11
                                                          :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]   :       Case No. 18-12491 (CSS)
                                                          :
                 Debtors.                          :       (Jointly Administered)
                                                          :
                                                          :       **Related Docket No. 2212**
------------------------------------------------------------- x

**FEE EXAMINER'S AMENDED FINAL REPORT ON THE**
**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES OF SILLS CUMMIS & GROSS P.C., AS CO-COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE**
**PERIOD FROM NOVEMBER 14, 2018 THROUGH SEPTEMBER 30, 2020**
**AND FOR ESTIMATED FEES INCURRED PREPARING FEE APPLICATIONS**

On December 10, 2018, the Court[2] issued an order (the "Order") [Docket No. 274] appointing M. Jacob Renick of M. J. Renick & Associates LLC as the fee examiner (the "Fee Examiner") in the above-captioned cases. The Order states, in part, that, "unless otherwise ordered by the Court, this Order shall apply to all professionals retained in these chapter 11 cases (the "Retained Professionals") requesting compensation and/or reimbursement of expenses for services rendered

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Order.

pursuant to 327, 330, 331 or 1103 of the Bankruptcy Code [Order ¶2].

The Order states, in part, that the Fee Examiner shall, "review Applications (and related Fee Detail) filed by each Applicant in these chapter 11 cases." [Order ¶ 9(a)]. The Order also states that, "[t]he Fee Examiner shall ensure that the fees and expenses paid by the Debtors to Retained Professionals are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code by monitoring, reviewing, and, where appropriate, objecting to Applications filed and invoices submitted by the Retained Professionals. [Order ¶ 4].

The subject of this amended report[3] (the "Final Report") is the *Final Application for Compensation and Reimbursement of Expenses of Sills Cummis & Gross P.C.* (the "Applicant") [Docket No. 2212] requesting compensation for services rendered as Co-Counsel to the Official Committee of Unsecured Creditors for the period November 14, 2018 through September 30, 2020 and for estimated fees incurred preparing fee applications (collectively, the "Application" and the "Application Period"). The Applicant is seeking a final award of $2,776,762.25 in compensation and $56,871.89 in the reimbursement of expenses.

In the Fee Examiner's Final Report dated April 8, 2021, it was indicated that the above requested amounts did not reflect the previously agreed to reductions of $33,000.00 in compensation and $307.15 in the reimbursement of expenses. It has since come to the attention of the Fee Examiner that the requested final award did reflect the previously agreed to reductions of $33,000.00 and $307.15.

The process undertaken by the Fee Examiner for this Report was a detailed review of the Applicant's monthly time and expense entries for the Application Period. This review was to assure the Court that the efforts undertaken by the Applicant were within the construct of the Order authorizing retention of the Applicant [Docket No. 423]. The Fee Examiner previously reviewed and issued its Final Reports to the Court on the First through the Fifth Quarterly Applications which cover the period November 14, 2018 through January 31, 2020 [Docket Nos. 1049, 1316, 1565, 1950, and 2241] and which are included in the Application Period.

The Fee Examiner's review included but was not limited to assure compliance to the applicable standards of section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Order [Docket No. 198] and [the Department of Justice] Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Guidelines").

During the course of the Fee Examiner's review, the Fee Examiner questioned the Applicant on specific matters including but not limited to the percentage of partner time relative to the time of all professionals, whether certain tasks could have been performed by associates instead of partners and the vagueness of certain entries. Although the Applicant provided sufficient explanations and

---

[3] This Final Report is being issued pursuant to the Order (Order ¶ 9(f)), which states in part, "[t]he Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee and expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution…"

documentation to satisfactorily address the issues raised by the Fee Examiner, the Applicant voluntarily agreed to reduce its requested compensation by $12,500.00. In addition, the Fee Examiner inquired as to nature of certain expenses and was provided with the related documentation.

Based upon its review, the Fee Examiner recommends the Court's approval of the Applicant's request for a final allowance of $2,764,262.25 in compensation and $56,871.89 in the reimbursement of expenses.

Dated:  April 27, 2021                                          **M. J. RENICK & ASSOCIATES LLC**

/s/M. Jacob Renick
M. Jacob Renick, CPA, CIRA
Principal
51 Seacord Road
New Rochelle, NY  10804
(914) 813-0880
jrenick@mjrenick.com

Fee Examiner