# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re: : Chapter 11
:
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (CTG)
:
Debtors. : (Jointly Administered)
:
: **Related D.I. 2343 & 2375**
:
---------------------------------------------------------------x

### ORDER APPROVING SEVENTH COMBINED MONTHLY AND FINAL APPLICATION OF M. J. RENICK & ASSOCIATES LLC, AS FEE EXAMINER, FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE FINAL PERIOD FROM DECEMBER 10, 2018 THROUGH APRIL 8, 2021

This matter coming before the Court on the final fee application (the "Final Application") of M. J. Renick & Associates LLC (the "Fee Examiner"), pursuant to sections 327, 330, 331, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2 and the U.S. Department of Justice Operating Guidelines for Chapter 11 Cases, for the final allowance of fees, including all amounts held back, and expenses for the final period from December 10, 2018 through April 8,

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, 50 California Street, Suite 1900, San Francisco, CA 94111.

2021 (the "Compensation Period"), filed pursuant to the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 198] (the "Administrative Order"); the Court having reviewed the Final Application and the Certificate of No Objection [D.I. 2375] regarding same; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, (ii) notice of the Final Application was adequate under the circumstances, and (iii) all parties with notice of the Final Application have been afforded the opportunity to be heard on the Final Application; now therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Final Application is GRANTED on a final basis, as set forth in this Order.

2. The Fee Examiner is allowed on a final basis (i) compensation for services rendered during the Compensation Period in the amount of $480,997.25 and (ii) reimbursement for actual and necessary expenses incurred during the Compensation Period in the amount of $798.38, including any and all amounts held back.

3. To the extent not already paid pursuant to the Administrative Order, as applicable, the Debtors are authorized and directed to pay the Fee Examiner 100% of the fees and 100% of the expenses for services rendered and expenses incurred during the Compensation Period, as requested in the Final Application.

4. Upon entry of this Order, the Fee Examiner is discharged from the Fee Examiner's appointment in these chapter 11 cases and shall have no further duties or obligations to the Court, the Debtors, or any other party in interest in these chapter 11 cases.

5.  This Court shall retain jurisdiction with regard to any issues arising from or related to the interpretation or enforcement of this Order.

**Dated: May 21st, 2021**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

EAST\181247112.3