IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]         : Case No. 18-12491 (CTG)
                                                    :
    Debtors.                                        : (Jointly Administered)
                                                    :
                                                    : **Related D.I.: 2466, 2472, 2482, 2491**
---------------------------------------------------------------x

## ORDER APPROVING BRIEFING SCHEDULE AND SCOPE OF DISCOVERY IN CONNECTION WITH MOTION OF AMPARO FIGUEROA FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF

Upon the Certification of Counsel;[2] the Court having reviewed the proposed briefing schedule and scope of discovery in connection with the *Motion of Amparo Figueroa for Allowance and Payment of Administrative Expense Claim and for Related Relief* [D.I. 2466] (the "Admin Motion"); and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, 50 California Street, Suite 1900, San Francisco, CA 94111.

[2] Capitalized terms used but not otherwise defined in this Order have the meaning ascribed to them in the Certification of Counsel.

District Court for the District of Delaware, dated February 29, 2012; and it appearing that the proposed briefing schedule and scope of discovery is in the best interests of the parties; this Court having reviewed and considered the Certification of Counsel; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1. The briefing and discovery schedule in connection with the Admin Motion shall be as follows:

| Action | Deadline |
| --- | --- |
| Figueroa to respond to Trustee's discovery and produce documents, subject to the Limited Discovery Scope | September 10, 2021 at 4:00 p.m. (ET) |
| Trustee to respond to Figueroa's discovery and produce documents, subject to the Limited Discovery Scope | September 10, 2021 at 4:00 p.m. (ET) |
| Trustee's deadline to object to the Admin Motion | September 10, 2021 at 4:00 p.m. (ET) |
| Figueroa's deadline to reply to Trustee's objection to the Admin Motion | September 17, 2021 at 4:00 p.m. (ET) |
| Trustee's deadline to file sur-reply to Figueroa's reply | September 20, 2021 at 12:00 p.m. (ET) |
| Hearing Date | September 22, 2021 at 10:00 a.m. (ET) |

2. The Parties' responses to discovery and production of documents shall be limited to the Limited Discovery Scope.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or enforcement of this Order.

**Dated: September 3rd, 2021**  
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**