# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | : Case No. 18-12491 (CTG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : Related D.I.: 2466, 2497, 2504, 2509 |

---

## ORDER GRANTING MOTION OF AMPARO FIGUEROA FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF

This matter coming having come before the Court on the *Motion of Amparo Figueroa for Allowance and Payment of Administrative Expense Claim and for Related Relief* (the "Motion"); and the Court having considered the Motion and any responses thereto; and after oral argument and a hearing thereon, including a hearing with regard to the form of order (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and related briefing, and as set forth at oral argument establish just cause for the relief requested; and this

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, 50 California Street, Suite 1900, San Francisco, CA 94111.

Court having subject matter jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334; and this Court having found that due and sufficient notice was given under the circumstances; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the Court's *Amended Memorandum Opinion Regarding Administrative Expense Claim* [D.I. 2517], dated October 4, 2021:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth in this Order.

2. Notwithstanding the *Findings of Fact, Conclusions of Law and Order Confirming the Plan Proponents' Second Amended Joint Plan of Liquidation* [D.I. 2072] (the "Confirmation Order") or any bar date order or injunction previously entered in the above-captioned chapter 11 cases, Figueroa is authorized to proceed to liquidate her claim in a court of competent jurisdiction, subject to applicable law and the Liquidating Trustee's rights, which rights are fully reserved and preserved.

3. Notwithstanding the Confirmation Order or any bar date order previously entered in the above-captioned chapter 11 cases, due to Figueroa's excusable neglect to comply with such orders, Figueroa is authorized to file an administrative expense claim, including a contingent, unliquidated administrative expense claim within thirty (30) days of the entry of this Order, subject to the Liquidating Trustee's rights, including, without limitation, the right to object to any such administrative expense claim or to seek any other relief, which rights are fully reserved and preserved. Such claim shall not include damages for any claim that arises, within the meaning of 11 U.S.C. § 101(5), after April 3, 2019, the date of the closing of the sale to Select Medical Corporation.

4.  Except as otherwise set forth herein, the terms of the Confirmation Order and the *Second Amended Joint Plan of Liquidation* (the "Plan") remain in full force and effect, including, but not limited to, with respect to Article VI of the Plan (Disputed Claims and Claim Objections) and the Liquidating Trustee's rights to make Distributions under the Plan subject to retention of the Disputed Claims Reserve, as such terms are defined in the Plan. The rights of Figueroa, if any, with respect to the Disputed Claims Reserve are likewise fully reserved and preserved.

5.  Nothing herein shall limit Figueroa's ability to recover against any non-Debtor.

6.  This Court shall retain jurisdiction to hear and determine any disputes arising from or relating to the interpretation, implementation, or enforcement of the terms and provisions of this Order.

Dated: October 4, 2021

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

EAST\185377217.1