**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CTG)<br><br>Jointly Administered<br><br>Re: Docket No. **2638** |

**ORDER GRANTING THIRD MOTION OF LIQUIDATING TRUSTEE
FOR AN ORDER UNDER BANKRUPTCY CODE SECTION 105(a) AND
BANKRUPTCY RULE 9006 EXTENDING CLAIMS OBJECTION BAR DATE**

Upon the motion (the "Motion")[2] of the Liquidating Trustee for entry of an order (this "Order"), extending the Claims Objection Bar Date, all as set forth in the Motion; and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and the Court having found that this a core proceeding under 28 U.S.C. § 157(b); and the Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

in interest; and the Court having found that the Liquidating Trustee provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and the Court having reviewed the Motion, and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Claims Objection Bar Date for all claims shall be and hereby is extended through and including September 30, 2022.

3. The relief granted herein is without prejudice to the Liquidating Trustee's right to seek further extensions of the Claims Objection Bar Date.

4. The Liquidating Trustee and his authorized representatives are authorized and empowered to take any and all actions necessary to implement the terms of this Order.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: March 3rd, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**