May 1, 2022

FILED

2022 MAY -4  AM 8:57

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

United States Bankruptcy Court District of Delaware

824 Market Street, 3rd Floor

Wilmington, DE 19801

RE: Claim # 1134 & 1173

To whom it may concern,

My wife, Marta Gonzalez passed away on February 27, 2016 at Promise Hospital, located at 14001 NW 82 Ave Hialeah, FL 33016 due to the lack of care and proper medical attention given by the facility.

My original claim against Promise was never properly dignified for her death.  Should you wish to contact me directly, please feel free to do so at 305-984-1885.

Regards,

Ruben M. Gonzalez

7958 W. 18 Ave.

Hialeah, FL 33014

Tel: 305-984-1885

Email: RGonzalez7958@gmail.com

SRF 61040

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
                                              :
In re:                                        :  Chapter 11
                                              :
PROMISE HEALTHCARE GROUP, LLC, et al.,[1]     :  Case No. 18-12491 (CTG)
                                              :
          Debtors.                            :  (Jointly Administered)
                                              :
                                              :  Objection Deadline: May 5, 2022 at 4:00 p.m. (ET)
-----------------------------------------------------------------x  Hearing Date: June 1, 2022 at 1:00 p.m. (ET)
```

## TRUSTEE'S NINTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS

### (No Liability Claims)

THIS OBJECTION SEEKS TO DISALLOW AND/OR MODIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 ATTACHED TO THE PROPOSED ORDER.

Robert Michaelson of Advisory Trust Group, LLC, solely in his capacity as liquidating

trustee and debtor representative (the "*Trustee*") of the Promise Healthcare Group Liquidating

Trust (the "*Liquidating Trust*") appointed in the Chapter 11 cases (collectively, the "*Chapter 11*

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

4834-9237-3240.5

*Cases*") of Promise Healthcare Group, LLC (together with its affiliated debtors in possession, the "*Debtors*"), files this objection (the "*Objection*"):

**Relief Requested**

1.      By this Objection, pursuant to section 502 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*") and the terms of the Debtors' *Second Amended Joint Plan of Liquidation* [Dkt. No. 1956] (the "*Plan*"), the Trustee seeks an order substantially in the form attached hereto as **Exhibit A** (the "*Proposed Order*") disallowing and expunging certain claims listed on **Schedule 1** attached to the Proposed Order.

2.      The Debtors have no liability for the proofs of claim listed on **Schedule 1** under the heading "No Liability Claims" (collectively, the "*No Liability Claims*") and such claims should be disallowed and expunged in their entirety.

3.      In support of this Objection, the Trustee relies on the *Declaration of Robert N. Michaelson in Support of the Ninth (Substantive) Omnibus Objection to Claims* (the "*Declaration*"), attached hereto as **Exhibit B**.

**Jurisdiction**

4.      This Court has jurisdiction over the Debtors, their estates, these Chapter 11 Cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

6.      Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final judgment or order with respect to the Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

### A.      General Background

7.      On November 5, 2018 (the "*Petition Date*"), each Debtor commenced its respective Chapter 11 Case.

8.      On September 17, 2020, this Court entered an order confirming the Plan [Dkt. No. 2072]. The Plan provides for the substantive consolidation of the Debtors' estates. *See* Plan § IV.B.

9.      The effective date of the Plan occurred on October 1, 2020 (the "*Effective Date*").

10.     Upon the Effective Date, the Liquidating Trust was established pursuant to the Plan and the Trustee was authorized to object to, contest, litigate, compromise and settle any disputed claim or claim that has not otherwise been allowed. *See* Plan § VI.C.

### B.      The Bar Dates

11.     On April 17, 2019, this Court entered an *Order (I) Establishing Deadlines for Filing Proofs of Claim, Section 503(b)(9) Claims, (II) Establishing Deadlines for Filing Applications for Allowance of Administrative Claims Accrued Through April 30, 2019, and (III) Approving the Form and Manner of Notice Thereof* [Dkt. No. 984], which established: (a) May 31, 2019 as the general bar date (the "*General Bar Date*"); (b) July 15, 2019 as the bar date for governmental units (the "*Governmental Bar Date*"); and (c) July 15, 2019 as the deadline for parties to file applications for allowance of administrative claims that arose on or after the Petition Date through and including April 30, 2019 (the "*First Interim Administrative Claims Bar Date*").

3

EAST\4834-9237-3240.5

12.     On December 4, 2019, this Court entered an *Order (I) Establishing the Deadline for Filing Applications for Allowance of Administrative Claims Accrued from May 1, 2019 Through September 1, 2019, (II) Establishing the Deadline for Submitting Administrative Claims Arising from the Promise Healthcare, Inc. Group Health Plan, and (III) Approving the Form and Manner of Notice Thereof* [Dkt. No. 1626], which established: (a) January 31, 2020 as the deadline for parties to file applications for allowance of claims against the Debtors that accrued on or after May 1, 2019 through and including September 1, 2019 (the "***Second Interim Administrative Claims Bar Date***"), and (b) February 28, 2020 as the bar date for parties to submit claims for health services and supplies covered by the Promise Healthcare, Inc. Group Health Plan through and including October 31, 2019 (the "***Health Plan Administrative Claims Bar Date***").

13.     On October 5, 2020, the Debtors filed an *Amended Notice of (A) Entry of the Confirmation Order; (B) Effective Date of the Plan; (C) Substantial Consummation of the Plan; and (D) Bar Dates for Certain Administrative, Professional and Rejection Claims* [Dkt. No. 2102], which established November 2, 2020 as the deadline for parties to file requests for payment of administrative expense claims arising after September 1, 2019 (the "***Final Administrative Claims Bar Date***", and collectively with the General Bar Date, the Governmental Bar Date, the First Interim Administrative Claims Bar Date, the Second Interim Administrative Claims Bar Date, and the Health Plan Administrative Claims Bar Date, the "***Bar Dates***").

## C.     The Claims Reconciliation Process

14.     In the ordinary course of business, the Debtors maintained books and records (the "***Books and Records***") that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors. Article IV.X. of the Plan provides for the Trustee's access to and/or possession of the Books and Records.

4

15.     The Debtors' register of claims, prepared by Prime Clerk, reflects that, as of the date hereof, approximately 1,795 proofs of claim have been filed in the Debtors' Chapter 11 Cases.

16.     Since the Effective Date, the Trustee and his counsel and advisors have been, among other things, in the process of reviewing and reconciling proofs of claim filed against the Debtors in these Chapter 11 Cases.

17.     The Trustee and his advisors have been reviewing and analyzing claims with a view toward reconciling all claims for which the Trustee is responsible. This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction and/or reclassification.

18.     To reduce the number of claims, and to avoid possible "double recovery" or otherwise improper recovery by claimants, the Trustee anticipates filing numerous omnibus objections to claims. To that end, the Trustee has filed eight previous omnibus claim objections [*See* Dkt. Nos. 2297–2301, 2380, 2413, and 2528].

19.     To further expedite the claims reconciliation process, the Trustee filed a motion to waive the limitation contained in Local Rule 3007-1(f) on the number of substantive omnibus claim objections that may be filed in a given calendar month [*See* Dkt. No. 2294], which the Court approved by order dated March 23, 2021. [*See* Dkt. No. 2316].

## OBJECTION

20.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objections." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

5

21.    Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *Id.* While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claims validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant. *Id.* at 174. The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.

22.    For the reasons set forth below, and based upon the Declaration, the No Liability Claims should be disallowed in their entirety.

**A.    No Liability Claims**

23.    The Trustee has identified the No Liability Claims listed on **Schedule 1** to the Proposed Order as claims for which the Debtors' estates have no liability. The Trustee and/or his advisors reviewed each of the No Liability Claims and the supporting information and documentation provided therewith, made reasonable efforts to research each claim in the Debtors' Books and Records and determined, based on such research and review, as well as any supplemental explanation shown in the "Reason for Disallowance" column of **Schedule 1** to the Proposed Order, that there is no basis for holding the Debtors' estates liable for the No Liability Claims. Accordingly, the Trustee requests that the No Liability Claims identified in **Schedule 1** to the Proposed Order be disallowed and expunged in their entirety pursuant to section 502(b)(1) of the Bankruptcy Code.

6

**B.      Claims Paid or Payable by Third Parties**

24.      Pursuant to Article V(n) of the Plan, (i) any claim that receives payment from a party other than the Debtor or the Liquidating Trustee shall be disallowed and (ii) any claim that the Debtors' insurers or other third party has agreed to satisfy in full or in part shall be expunged to the extent paid by the Debtors' insurers or other third party.

25.      A number of the No Liability Claims listed on **Schedule 1** to the Proposed Order have already been satisfied by the Debtors' insurers. As such, those claims must be disallowed pursuant to Article V(n) of the Plan. Additionally, the claimants to all of the No Liability Claims that remain unpaid to date have agreed to only recover against the insurance proceeds so those unpaid No Liability Claims will ultimately also be disallowed pursuant to Article V(n) of the Plan as well.  Accordingly, the Trustee requests that the No Liability Claims identified in **Schedule 1** to the Proposed Order be disallowed and expunged in their entirety pursuant to Article V(n) of the Plan.

**RESPONSES TO THIS OBJECTION**

26.      To contest the determinations made as to the claims included in this Objection, a claimant must file and serve a written response to this Objection (a "***Response***") so that it is received no later than **May 4, 2022** at 4:00 p.m. (Prevailing Eastern Time) (the "***Response Deadline***"). Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor Wilmington, Delaware 19801, and served upon the following entities, so as to be actually received by no later than the Response Deadline:

7

WALLER LANSDEN DORTCH &
DAVIS, LLP
John Tishler
Tyler N. Layne
511 Union Street, Suite 2700
Nashville, TN 37219

DLA PIPER LLP (US)
Stuart M. Brown
Kaitlin W. MacKenzie
Matthew S. Sarna
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

27.     Each Response to this Objection must, at a minimum, contain the following

information:

> a.  a caption setting forth the name of the Court, the name of the Debtor, the
>     lead case number, and the title of the Objection to which the Response is
>     directed;
>
> b.  the name of the claimant, the claim number, and a description of the basis
>     for the amount of the claim;
>
> c.  the specific factual basis and supporting legal argument upon which the
>     party will rely in opposing this Objection;
>
> d.  all documentation and other evidence in support of the claim, not previously
>     filed with the Court or the former claims agent, upon which the claimant
>     will rely in opposing this Objection; and
>
> e.  the name, address, telephone number, fax number and/or email address of
>     the person(s) (which may be the claimant or the claimant's legal
>     representative) with whom counsel for the Debtors should communicate
>     with respect to the claim or the Objection and who possesses authority to
>     reconcile, settle, or otherwise resolve the objection to the claim on behalf of
>     the claimant.

28.     If a claimant fails to timely file and serve a Response by the Response Deadline,

the Trustee may present to the Court an appropriate order disallowing and expunging the No

Liability Claims without further notice to the claimant or a hearing.

29.     The Trustee may file and serve a reply to any Response in accordance with the

Local Rules. The Trustee reserves the right to seek an adjournment of the hearing on any Response

to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

8

## SEPARATE CONTESTED MATTERS

30.     To the extent a Response is filed regarding any claim listed in this Objection and the Trustee is unable to resolve the Response, the objection by the Trustee to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

31.     The Trustee hereby reserves the right to object in the future to any of the proofs of claim listed in this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.

## NOTICE

32.     The Debtors have provided notice of the filing of the Objection to: (i) the Office of the United States Trustee; (ii) each claimant whose claim is subject to this Objection; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "*Notice Parties*"). The Debtors submit that no other or further notice is necessary.

## COMPLIANCE WITH LOCAL RULE 3007-1

33.     The Trustee respectfully submits that this Objection substantially complies with Local Rule 3007-1. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Trustee believes that such deviations are not material and respectfully requests that any such requirement be waived.

## NO PREVIOUS REQUEST

34.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

9

**WHEREFORE**, the Trustee respectfully request that the Court enter the Proposed Order

and grant such other and further relief as the Court deems just and proper.

Dated: April 21, 2022                Respectfully submitted,
      Wilmington, Delaware

DLA PIPER LLP (US)

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@us.dlapiper.com
       Matthew.Sarna@us.dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
Courtney Stone (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
       Tyler.Layne@wallerlaw.com
       Courtney.Stone@wallerlaw.com

*Attorneys for the Trustee*

10

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                        :

In re:                            :   Chapter 11

PROMISE HEALTHCARE GROUP, LLC, *et al.*,[2] :   Case No. 18-12491 (CTG)
                        :

        Debtors.                 :   (Jointly Administered)
                        :

                        :   **Objection Deadline: May 5, 2022 at 4:00 p.m. (ET)**
---------------------------------------------------------------x   **Hearing Date: June 1, 2022 at 1:00 p.m. (ET)**

## NOTICE OF TRUSTEE'S NINTH (SUBSTANTIVE) OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY CLAIMS) AND HEARING

    **PLEASE TAKE NOTICE** that, on April 21, 2022, Robert N. Michaelson of Advisory Trust Group, LLC, as liquidating trustee of the Promise Healthcare Group Liquidating Trust, appointed in the chapter 11 cases of Promise Healthcare Group, LLC (together with its affiliated debtors in possession, the "***Debtors***") filed the attached *Trustee's Ninth (Substantive) Omnibus Objection to Claims (No Liability Claims)* (the "***Ninth Omnibus Objection***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***"), objecting to your claim(s) in these bankruptcy cases. **Substantive rights may be affected. Your claim(s) may be disallowed, expunged, reclassified and/or reduced as a result of the Ninth Omnibus Objection. Therefore, you should read the attached Ninth Omnibus Objection carefully.** If you do not want the Court to disallow, expunge, reclassify and/or reduce your claim(s), as applicable, then you or your attorney must (i) file a written response (a "***Response***") to the Ninth Omnibus Objection

---

[2] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

with the Court, as set forth in the Ninth Omnibus Objection, and (ii) serve the Response so that it is underline{actually received} by the undersigned counsel to the Liquidating Trustee on or before **May 5, 2022 at 4:00 p.m. (ET).**

**PLEASE TAKE FURTHER NOTICE** that if no Response to the Ninth Omnibus Objection is timely filed, served, and received in accordance with the above procedures, an order may be entered granting the relief requested in the Ninth Omnibus Objection without further notice or hearing. If a Response to the Ninth Omnibus Objection is timely filed, served and received in accordance with the above procedures, a hearing on the Ninth Omnibus Objection and the Response will be held before The Honorable Craig T. Goldblatt, United States Bankruptcy Judge for the District of Delaware, at the Bankruptcy Court, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801 on **June 1, 2022 at 1:00 p.m. (ET)** (the "*Hearing*"). Only a response made in writing and timely filed and received will be considered by the Court at the Hearing.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE NINTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: April 21, 2022
Wilmington, Delaware

DLA PIPER LLP (US)

/s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@us.dlapiper.com
        Matthew.Sarna@us.dlapiper.com

-and-

WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
Courtney Stone (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
        Tyler.Layne@wallerlaw.com
        Cournty.Stone@wallerlaw.com

*Attorneys for the Trustee*

## EXHIBIT A

### (Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------x

In re:                                          :   Chapter 11
                                                :
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1]   :   Case No. 18-12491 (CTG)
                                                :
                        Debtors.                :   (Jointly Administered)
                                                :
------------------------------------------------------------------x   **Re: D.I.**

**ORDER SUSTAINING TRUSTEE'S NINTH (SUBSTANTIVE)**
**OMNIBUS OBJECTION TO CLAIMS**

**(No Liability Claims)**

Upon consideration of the *Trustee's Ninth (Substantive) Omnibus Objection to Claims* (the

"***Objection***"); the Court having determined the relief as described in the Objection is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and the Court

having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference from the United States District Court for*

*the District of Delaware*, dated February 29, 2012, that venue is proper in this district pursuant

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),  Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

4834-9237-3240.5

to 28 U.S.C. §§ 1408 and 1409, and that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the full record of the Chapter 11 Cases; it appearing that no other notice need be given; it further appearing that the legal and factual bases set forth in the Objection and the record of the Chapter 11 Cases establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is granted as provided herein.

2.      Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled.

3.      Pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-1, and Article V(n) of the Plan, each proof of claim listed under the heading "*No Liability Claims*" on **Schedule 1** annexed hereto is disallowed and expunged.

4.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim referenced and/or identified in the Objection that is not listed on **Schedule 1** annexed hereto, and all rights to object to or defend against such claims on any basis are expressly reserved.

5.      Should one or more of the grounds of objection stated in the Objection be dismissed, the Trustee's right to object on any other grounds that the Trustee discovers during the pendency of these Chapter 11 Cases are preserved.

6.      Each No Liability Claim and the objections by the Trustee to such claims, as set forth on **Schedule 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each such No Liability Claim. Any stay of this Order pending appeal by any claimants whose

claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7.    The Trustee, the Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of this Court are authorized to take all steps necessary or appropriate to carry out this Order.

8.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

## SCHEDULE 1

### (No Liability Claims)

| Name of Claimant | Date Claim Filed | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| Babin, Estate of Terry | 3/11/2019 | 628 | $1,000,000 | The parties agreed to lift the automatic stay to allow the claimant to pursue claimant's claims and agreed to limit claimant's recovery of damages against insurance proceeds only. *See* Dkt. No. 1223.<br><br>Plan, Art. V(n). |
| Brown, Richard, by and through his Successor-in-Interest, Shellee Renaud | 2/7/2019 | 495 | $1,000,000 | The parties agreed to lift the automatic stay to allow the claimant to pursue claimant's claims and agreed to limit claimant's recovery of damages against insurance proceeds only. *See* Dkt. No. 1524.<br><br>Plan, Art. V(n). |
| Cowen, MaryAnn | 2/19/2019 | 551 | $4,000,000 | The parties agreed to lift the automatic stay to allow the claimant to pursue claimant's claims and agreed to limit claimant's recovery of damages against insurance proceeds only. *See* Dkt. No. 558.<br><br>Plan, Art. V(n). |
| Fuentes, Sharon J. | 1/11/2019 | 386 | $10,000 | The parties entered into a global settlement of all claims as permitted by the *Order Approving Procedures for Settlement of De Minimis Claims Held by* |

| | | | | |
|---|---|---|---|---|
| | | | | or *Against Debtors* [D.I. 901] (the "***De Minimis Settlement Order***"). *See* Dkt. No. 1701. |
| Gonzalez, Ruben, individually and as the personal representative of the estate of Marta Gonzalez | 5/29/2019 | 1134 | Unliquidated | The parties entered into a global settlement of all claims as permitted by the De Minimis Settlement Order. *See* Dkt. No. 1761. |
| Gonzalez, Ruben, individually and as the personal representative of the estate of Marta Gonzalez | 5/29/2019 | 1173 | Unliquidated | The parties entered into a global settlement of all claims as permitted by the De Minimis Settlement Order. *See* Dkt. No. 1761. |
| Holmes, Leslie | 6/10/2019 | 1527 | Unliquidated | The parties agreed to lift the automatic stay to allow the claimant to pursue claimant's claims and agreed to limit claimant's recovery of damages against insurance proceeds only. *See* Dkt. No. 1212. |
| Ovchar, Viola | 5/6/2020 | 1736 | $97,000 | The parties entered into a global settlement of all claims as permitted by the De Minimis Settlement Order. *See* Dkt. No. 1974. |
| Phillips, Ben on behalf of Everlean Phillips | 3/11/2019 | 626 | $1,000,000 | The parties agreed to lift the automatic stay to allow the claimant to pursue claimant's claims and agreed to limit claimant's recovery of damages against insurance proceeds only. *See* Dkt. No. 1749.<br><br>Plan, Art. V(n). |
| Pringley, Frederick M. | 5/29/2019 | 1125 | Unliquidated | The parties agreed to lift the automatic stay to allow the claimant to pursue claimant's claims |

|  |  |  |  | pursue claimant's claims and agreed to limit claimant's recovery of damages against insurance proceeds only. *See* Dkt. No. 1275. |
|--|--|--|--|--|

## EXHIBIT B

**(Declaration)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x

In re:                                          :    Chapter 11
                                                :
PROMISE HEALTHCARE GROUP, LLC, et al.,[1]       :    Case No. 18-12491 (CTG)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
----------------------------------------------------------------x    **Re: D.I.**

## DECLARATION OF ROBERT N. MICHAELSON IN SUPPORT
## OF THE NINTH (SUBSTANTIVE) OMNIBUS TO CLAIMS

I, Robert N. Michaelson, hereby declare under penalty of perjury:

1.      I am a co-founder and co-managing member of Advisory Trust Group LLC and serve as the liquidating trustee of the Promise Healthcare Group Liquidating Trust. I am authorized to make this Declaration in support of the *Ninth (Substantive) Omnibus Objection to Claims* (the "***Objection***").

2.      I have reviewed the Objection and I am directly or through other personnel, agents and attorneys, familiar with the information contained therein, and in the exhibits and schedules

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),   Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

4834-9237-3240.5

attached thereto. To the best of my knowledge, information and belief, the information contained in the Objection and the exhibits and schedules thereto is true and accurate.

**A.    No Liability Claims**

3.    To the best of my knowledge and belief, and based on the information and records available to me, the Debtors' estates have no liability with respect to the No Liability Claims listed on **Schedule 1** to the Proposed Order to the Objection. Without limiting the generality of the foregoing, I and/or my advisors have reviewed the underlying claims, the supporting information and documents provided therewith, and the Debtors' Books and Records for information related to such claims. Upon such review, as explained in the supplemental explanation in the "Reasons for Disallowance" column of **Schedule 1** to the Proposed Order, I believe that the Debtors' estates have no liability with respect to the No Liability Claims. Therefore, the claims listed on **Schedule 1** to the Proposed Order should be disallowed and expunged in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and based on the information and records available to me.

Dated: April 21, 2022                                 */s/ Robert N. Michaelson*
                                                             Robert N. Michaelson