# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | Case No. 18-12491 (CTG) (Jointly Administered) |
| Debtors. | |

### CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER APPROVING STIPULATION RESOLVING CLAIM FILED BY AKF3 YAMATO, LLC

The undersigned hereby certifies the following:

1. On November 5, 2018, (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On March 27, 2019, the Debtors filed a motion (the "Bar Date Motion") [Docket No. 924] seeking entry of an order establishing a bar date for all non-governmental entities to file proofs of claim (the "General Bar Date"). On April 17, 2019, the Court approved the Bar Date Motion and entered an order (the "Bar Date Order") [Docket No. 984], establishing

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

May 31, 2019 as the General Bar Date. The Bar Date Order further set the date of July 15, 2019 at 4:00 p.m. (the "Interim Administrative Claims Bar Date") as the deadline for seeking allowance of any claims against the Debtors that accrued on and after the Petition Date.

3. On June 5, 2019, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Establishing Rejection Procedures for the Rejection of Certain Executory Contracts and Unexpired Leases Nunc pro Tunc to the Closing Dates and (II) Authorizing the Debtors to Take All Actions Necessary to Implement the Rejection Procedures* [Docket No. 1160] (the "Rejection Procedures Motion") seeking to establish procedures for the rejection of unexpired leases and executory contracts. On June 20, 2019, the Court approved the Rejection Procedures Motion and entered the *Order (I) Establishing Rejection Procedures for the Rejection of Certain Executory Contracts and Unexpired Leases Nunc pro Tunc to the Closing Dates and (II) Authorizing the Debtors to Take All Actions Necessary to Implement the Rejection Procedures* [Docket No. 1215] (the "Rejection Procedures Order"), establishing the date that is thirty (30) days from the date of notice of rejection of any executory contract or unexpired lease as the deadline for filing such rejection damages claim (the "Rejection Claims Bar Date")

4. Prior to the Petition Date, PFRS Yamato Corporation ("PFRS") entered into leases of nonresidential real property located at 999-1001 Yamato Road, Boca Raton, Florida 33431 (the "Property") dated (i) August 12, 2003 (subsequently modified by first, second, and third modification, expansion and extension agreements) and (ii) December 2005 (subsequently amended by the First Amendment to Lease dated June 11, 2015 (collectively, the "Lease") with Debtor Promise Healthcare, Inc. ("Promise")

5. AKF3 Yamato, LLC ("Claimant") is the successor-in-interest to PFRS.

DOCS_DE:242108.1 72551/002

6. In connection with (i) the Lease (including all amendments and modifications thereto), and (ii) that certain Tenant Estoppel Certificate executed by the Debtors dated October 23, 2015, Claimant holds a security deposit in the amount of $328,269.70 (the "Security Deposit").

7. On September 30, 2019 (the "Rejection Date"), the Debtors rejected the Lease pursuant to the terms of the *Order Regarding Debtors' Headquarters Lease* [Docket No. 1418].

8. On October 29, 2019, the Debtors filed that *Certification of Counsel Regarding Order Approving the Stipulation By and Between the Debtors and AKF3 Yamato, LLC Extending the General Bar Date, Interim Administrative Claims Bar Date, and Rejection Claim Bar Date* [ECF No. 1544] (the "Lease Rejection Stipulation"), which extended the General Bar Date, the Interim Administrative Claims Bar Date, and the Rejection Claims Bar Date for Claimant's claims arising from Debtors' rejection of the Lease through November 1, 2019 at 4:00 p.m. The Court approved the Lease Rejection Stipulation through its *Order* [Docket No. 1547] on October 30, 2019.

9. On November 1, 2019, the Claimant timely filed claim number 1664 against Promise, asserting a $1,038,008.09 general unsecured claim consisting of (i) $93,810.42 for prepetition amounts owed in connection with the Lease, and (ii) $944,197.67 in rejection damages related to the Debtors' rejection of the Lease, and a $24,496.80 administrative expense claim for amounts owing under the terms of the Lease that accrued after the Petition Date but prior to the Rejection Date. The administrative expense claim was resolved and satisfied by consent of the Parties (as defined below), leaving Claimant an asserted general unsecured claim of $1,038,008.09 (the "Claim").

10. On September 17, 2020, this Court entered an order confirming the *Modified Second Amended Joint Plan of Liquidation* (the "Plan") [Docket No. 2072].

11. The effective date of the Plan occurred on October 1, 2020 (the "Effective Date"). *See Amended Notice of (A) Entry of the Confirmation Order; (B) Effective Date of the Plan; (C) Substantial Consummation of the Plan; and (D) Bar Dates for Certain Administrative, Professional and Rejection Claims* [Docket No. 2102].

12. Upon the Effective Date, the Liquidating Trust was established pursuant to the Plan and the Liquidating Trustee was authorized to object to, contest, litigate, compromise and settle any disputed claim or claim that has not otherwise been allowed. *See* Plan § VI.C.

13. In full and final satisfaction of the Claim, the Claim shall be Allowed in the amount of $625,989.83 (the "Stipulated Allowed GUC Claim"). The Stipulated Allowed GUC Claim is calculated based on Claimant's filed general unsecured claim of $1,034,259.53, offset by the Claimant's Security Deposit of $328,269.70 (the "Offset"), less a voluntary reduction (agreed upon by the Liquidating Trustee and Claimant) of $80,000.00 (the "Voluntary Reduction"), leaving the Stipulated Allowed GUC Claim.

14. The Stipulated Allowed GUC Claim shall be treated as an Allowed Class 6 General Unsecured Claim under the Plan.

15. The Liquidating Trustee and Claimant have entered into the *Stipulation Resolving Claim Filed By AKF3 Yamato, LLC* (the "Stipulation") resolving the Claim.

16. The Liquidating Trustee has prepared a proposed form of order approving the Stipulation (the "Proposed Order"). The Proposed Order is attached hereto as **Exhibit A**. The Stipulation is attached to the Proposed Order as Exhibit 1.

17. Accordingly, the Liquidating Trustee respectfully requests entry of the Proposed Order at the Court's earliest convenience.

Dated: January 25, 2023
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: jpomerantz@pszjlaw.com
       bsandler@pszjlaw.com
       crobinson@pszjlaw.com

-and-

SILLS CUMMIS & GROSS P.C.
Andrew H. Sherman, Esq.
Boris I. Mankovetskiy, Esq.
The Legal Center
One Riverfront Plaza
Newark, NJ  07102
Telephone:  (973) 643-7000
Facsimile:  (973) 642-6500
Email: asherman@sillscummis.com
       bmankovetskiy@sillscummis.com

*Counsel to the Liquidating Trustee*