# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-12491 (CTG) <br> (Jointly Administered) <br><br> **Re: Docket No.** _____ |

ORDER APPROVING STIPULATION
RESOLVING CLAIM FILED BY AKF3 YAMATO, LLC

Upon consideration of the *Stipulation Resolving Claim Filed By AKF3 Yamato, LLC* (the "Stipulation"), a copy of which is attached as Exhibit 1 to this Order; and due and proper notice of the Stipulation having been given; and after due deliberation and it appearing that sufficient cause exists to approve the Stipulation;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

2

2. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# **Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Promise Healthcare Group, LLC *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CSS)<br><br>(Jointly Administered) |

## STIPULATION RESOLVING CLAIM FILED BY AKF3 YAMATO, LLC

WHEREAS, on November 5, 2018 (the "Petition Date"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, on March 27, 2019, the Debtors filed a motion (the "Bar Date Motion") [Docket No. 924] seeking entry of an order establishing a bar date for all non-governmental entities to file proofs of claim (the "General Bar Date"). On April 17, 2019, the Court approved the Bar Date Motion and entered an order (the "Bar Date Order") [Docket No. 984], establishing May 31,

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

1

2019 as the General Bar Date for any claims, as defined in section 101(5) of the Bankruptcy Code, against the Debtors that arose prior to the Petition Date, including, subject to the exceptions set forth in the Bar Date Order, secured claims, unsecured priority claims, unsecured nonpriority claims and claims pursuant to section 503(b)(9) of the Bankruptcy Code;

WHEREAS, the Bar Date Order further set the date of July 15, 2019 at 4:00 p.m. (the "Interim Administrative Claims Bar Date") as the deadline for seeking allowance of any claims against the Debtors that accrued on and after the Petition Date;

WHEREAS, on June 5, 2019, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Establishing Rejection Procedures for the Rejection of Certain Executory Contracts and Unexpired Leases Nunc pro Tunc to the Closing Dates and (II) Authorizing the Debtors to Take All Actions Necessary to Implement the Rejection Procedures* [Docket No. 1160] (the "Rejection Procedures Motion") seeking to establish procedures for the rejection of unexpired leases and executory contracts. On June 20, 2019, the Court approved the Rejection Procedures Motion and entered the *Order (I) Establishing Rejection Procedures for the Rejection of Certain Executory Contracts and Unexpired Leases Nunc pro Tunc to the Closing Dates and (II) Authorizing the Debtors to Take All Actions Necessary to Implement the Rejection Procedures* [Docket No. 1215] (the "Rejection Procedures Order"), establishing the date that is thirty (30) days from the date of notice of rejection of any executory contract or unexpired lease as the deadline for filing such rejection damages claim (the "Rejection Claims Bar Date");

WHEREAS, prior to the Petition Date, PFRS Yamato Corporation ("PFRS") entered into leases of nonresidential real property located at 999-1001 Yamato Road, Boca Raton, Florida 33431 (the "Property") dated (i) August 12, 2003 (subsequently modified by first, second, and third modification, expansion and extension agreements) and (ii) December 2005 (subsequently

2

amended by the First Amendment to Lease dated June 11, 2015 (collectively, the "Lease") with Debtor Promise Healthcare, Inc. ("Promise");

WHEREAS, AKF3 Yamato, LLC ("Claimant") is the successor-in-interest to PFRS;

WHEREAS, in connection with (i) the Lease (including all amendments and modifications thereto), and (ii) that certain Tenant Estoppel Certificate executed by the Debtors dated October 23, 2015, Claimant holds a security deposit in the amount of $328,269.70 (the "Security Deposit");

WHEREAS, on September 30, 2019 (the "Rejection Date"), the Debtors rejected the Lease pursuant to the terms of the *Order Regarding Debtors' Headquarters Lease* [Docket No. 1418];

WHEREAS, on October 29, 2019, the Debtors filed that *Certification of Counsel Regarding Order Approving the Stipulation By and Between the Debtors and AKF3 Yamato, LLC Extending the General Bar Date, Interim Administrative Claims Bar Date, and Rejection Claim Bar Date* [ECF No. 1544] (the "Lease Rejection Stipulation"), which extended the General Bar Date, the Interim Administrative Claims Bar Date, and the Rejection Claims Bar Date for Claimant's claims arising from Debtors' rejection of the Lease through November 1, 2019 at 4:00 p.m. The Court approved the Lease Rejection Stipulation through its *Order* [Docket No. 1547] on October 30, 2019;

WHEREAS, on November 1, 2019, the Claimant timely filed claim number 1664 against Promise, asserting a $1,038,008.09 general unsecured claim consisting of (i) $93,810.42 for prepetition amounts owed in connection with the Lease, and (ii) $944,197.67 in rejection damages related to the Debtors' rejection of the Lease, and a $24,496.80 administrative expense claim for amounts owing under the terms of the Lease that accrued after the Petition Date but prior to the Rejection Date. The administrative expense claim was resolved and satisfied by consent of the

3

Parties (as defined below), leaving Claimant an asserted general unsecured claim of $1,038,008.09 (the "Claim");

WHEREAS, on September 17, 2020, the Court confirmed the *Modified Second Amended Joint Plan of Liquidation* [Docket No. 2072-1] (as amended or modified, the "Plan").[2] The Plan became effective on October 1, 2020, and Robert Michaelson of Advisory Trust Group, LLC was appointed as Liquidating Trustee (the "Liquidating Trustee") pursuant to the terms of the Plan;

WHEREAS, the Liquidating Trustee requested information with respect to the basis for the amount of the filed Claim;

WHEREAS, pursuant to Article IV(K) of the Plan, the Liquidating Trustee has the sole authority to settle the Claim (as defined below) without any further notice to or action, order or approval of the Bankruptcy Court;

WHEREAS, Liquidating Trustee and the Claimant (together, the "Parties") desire to resolve application of the Security Deposit and final calculation of the Claim, and have conferred together and agreed upon resolution as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Liquidating Trustee and the Claimant, through their respective undersigned counsel, that:

1.　　In full and final satisfaction of the Claim asserted by the Claimant (or any person or entity claiming by or through the Claimant) against the Debtors and their estates as of the date of this Stipulation or thereafter arising from or related to the Property (and any and all other real property leased or otherwise provided to the Debtors by the Claimant prior to the execution of this Stipulation) and the Lease (and any and all other contracts, amendments, leases or other

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to such terms in the Plan.

agreements related to such Property), including, without limitation, any and all claims of the Claimant arising from or related to any rejection by the Debtors of the Lease, and upon mutual execution of this Stipulation, the Claim shall be Allowed in the amount of $625,989.83 (the "Stipulated Allowed GUC Claim").  The Stipulated Allowed GUC Claim is calculated based on Claimant's filed general unsecured claim of $1,034,259.53, offset by the Claimant's Security Deposit of $328,269.70 (the "Offset"), less a voluntary reduction (agreed upon by the Liquidating Trustee and Claimant) of $80,000.00 (the "Voluntary Reduction"), leaving the Stipulated Allowed GUC Claim.  Applicable stays and injunctions under the Bankruptcy Code and the Plan are modified solely to the extent necessary to allow Claimant to exercise such Offset with the Security Deposit and the Voluntary Reduction pursuant to this Stipulation.

2. The Stipulated Allowed GUC Claim shall be treated as an Allowed Class 6 General Unsecured Claim under the Plan.

3. Upon mutual execution of this Stipulation, the Claimant on behalf of themselves and their its heirs, successors, and assigns, fully and finally release, relinquish and discharge the Debtors, their estates, and the Liquidating Trust from any and all claims (including without limitation any and all claims or causes of action for contribution, indemnity, debts, obligations, demands, liabilities, suits, judgments, damages, rights, remedies and causes of action, whatsoever, whether direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, whenever arising, in law, equity or otherwise), *provided that* such release does not affect any right to enforce the terms of this Stipulation.  The Claimant shall be deemed to have waived all rights to file any further proofs of claim in the chapter 11 cases arising from or related to the Claim, the Property, or the Lease.  Other than its rights to any Distributions to be made in accordance with the Plan on account of the Stipulated Allowed GUC Claim and its rights to enforce

this Stipulation, the Claimant waives the right to satisfaction of, and shall be enjoined from seeking payment from, or otherwise recovering against the Debtors, their estates, the Liquidating Trust, and their respective assets and property, and all persons and entities that could assert indemnification claims or the like against the Debtors or their estates, on account of the Claim, the Property, or the Lease, any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained on account of the Claim, the Property, or the Lease, or any other amounts or obligations arising from or related to the Claim, the Property, or the Lease.

4. Upon mutual execution of this Stipulation, the Debtors and their estates on behalf of themselves and their respective heirs, successors, and assigns, fully and finally release, relinquish and discharge Claimant from any and all claims (including without limitation any and all claims or causes of action for contribution, indemnity, debts, obligations, demands, liabilities, suits, judgments, damages, rights, remedies and causes of action, whatsoever, whether direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, whenever arising, in law, equity or otherwise), *provided that* such release does not affect any right to enforce the terms of this Stipulation.

5. This Stipulation constitutes the complete express agreement of the Parties and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the Parties, and approved by the Court.

6. This Stipulation shall remain binding on the Parties and all of their successors and assigns, including, but not limited to, any trustee appointed in the Debtors' cases under chapter 11 or chapter 7 of the Bankruptcy Code.

7. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, each of which shall be deemed an original, and all of which together shall constitute the same instrument.

8. Each person signing this Stipulation represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party, to bind such Party to the terms and conditions of this Stipulation, and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

9. Kroll Restructuring Administration, the claims and noticing agent for the chapter 11 cases, is authorized to amend the claims register for the chapter 11 cases to comport with the terms of this Stipulation without the need for any further action of the Parties or the Court.

10. The Court shall retain jurisdiction to hear and to determine all matters arising from or related to this Stipulation.

| LIQUIDATING TRUSTEE | AKF3 YAMATO, LLC |
|---|---|
| By: */s/ Boris I. Mankovetskiy*<br>Boris I. Mankovetskiy<br>SILLS CUMMIS & GROSS P.C.<br>One Riverfront Plaza<br>Newark, NJ 07102<br>Tel.: (973) 643-7000<br>Fax: (973) 643-6500<br>Email: bmankovetskiy@sillscummis.com<br><br>Counsel to the Liquidating Trustee | By: */s/ Beth M. Brownstein*<br>Beth M. Brownstein<br>ARENTFOX SCHIFF LLP<br>1301 Avenue of the Americas, Floor 42<br>New York, New York 10019<br>Tel.: (212) 457-5415<br>Fax: (212) 484-3390<br>Email: beth.brownstein@afslaw.com<br><br>Counsel to AKF3 Yamato, LLC |