IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PROMISE HEALTHCARE GROUP LLC, *et al.*, <br><br> Reorganized Debtors. | Chapter 11 <br><br> Case No. 18-12491 (CTG) <br><br> (Jointly Administered) |

**ORDER RE: JUNE 27, 2023 CLAIMS ALLOWANCE HEARING**

Patrick Wassman filed a proof of claim in the above-captioned bankruptcy case (claim #370) alleging that he suffered personal injuries as a result of the debtors' negligent conduct. Pursuant to 11 U.S.C. § 502(b), the trustee objected to the claim, arguing that the claimant failed to meet his burden of showing the validity of his claim as set forth in *In re Allegheny Int'l*, 945 F.2d 167, 173 (3d Cir. 1992). The trustee noticed this claims objection for a hearing in this Court on June 27, 2023.

Claim #370, however, is a personal injury claim. 28 U.S.C. § 157(b)(2)(O) excepts the liquidation of personal injury claims from the definition of core matters and 28 U.S.C. § 157(b)(5) states that "personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

Case law in this jurisdiction, however, holds that parties to a claims dispute arising from a personal injury tort may waive the right to try the claim in the district court and consent to having the dispute proceed before the bankruptcy court. *In re*

*Tribune Media Co.*, 902 F.3d 384, 394 (3d Cir. 2018). While consent to proceed in bankruptcy court may inferred from parties' conduct (such as the trustee's noticing its claim objection for a hearing in this Court), *see generally Wellness Intern. Network, Ltd v. Sharif*, 575 U.S. 665, 683-684 (2015), this Court considers it a better practice to obtain express consent whenever practicable.[1]

In this case, the trustee has both noticed his claims objection for hearing in this Court and requested that claim #370 be liquidated in the district court. D.I. 3019 at 5-6. To the Court's knowledge, neither party has filed a motion to withdraw the reference in the district court pursuant to 28 U.S.C. § 157(d).

In order to ensure that the Court does not adjudicate a matter as to which a party is entitled to proceed in the district court in the absence of that party's consent to proceed in this Court, the parties are hereby ordered to, on or before June 20, 2023, file a statement in this Court indicating whether they do or do not consent to having the personal injury claim liquidated by proceedings in this Court. In the event either party does not consent, the June 27, 2023 hearing will proceed as a status conference for the purpose of determining whether there are pretrial matters that may constructively proceed in this Court prior to the filing of a motion to withdraw the reference to have the case tried in the district court, and to set an appropriate deadline for the filing of such a motion. In the event both parties do consent to the liquidation of the claim in this Court, the June 27, 2023 hearing will address any pre-

---

[1] *See generally* 1987 Advisory Committee note to Bankruptcy Rule 7012 ("A final order of judgment may not be entered in a non-core proceeding heard by a bankruptcy judge unless all parties expressly consent.")

2

trial matters that the parties wish to raise, and the Court would expect to set a date for the claims allowance dispute to be tried on the merits.

Dated: June 9, 2023

                                 CRAIG T. GOLDBLATT
                                 UNITED STATES BANKRUPTCY JUDGE