## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                :

In re:                              : Chapter 11
                                :

PROMISE HEALTHCARE GROUP, LLC, et al.,1 : Case No. 18-12491 (CTG)
                                :

           Debtors.                  : (Jointly Administered)
                                :

---------------------------------------------------------------x **Re: D.I. 3087**

### ORDER ENFORCING THE PLAN INJUNCTION

Upon consideration of the *Liquidating Trustee's Motion for Entry of an Order (I) Enforcing the Plan Injunction and (II) Awarding Costs and Fees* (the "***Motion***");[2] the Court having determined that the relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and that this is a core

---

[1]      The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, LLC (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

[2]      Capitalized terms, to the extent not defined herein, shall have the meanings provided them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and upon the full record of the Chapter 11 Cases; it appearing that no other notice need be given; it further appearing that the legal and factual bases set forth in the Motion and the record of the Chapter 11 Cases establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

**IT IS HEREBY ORDERED THAT:**

1.      Pursuant to Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 3020(d), the Confirmation Order, and the Plan in the above-captioned Chapter 11 Cases, Esther Penny is hereby enjoined from continuing the California Suit against Success.

2.      Ms. Penny shall take any and all steps necessary to dismiss Success from the California Suit without prejudice on or before September 1, 2023. In the event entry of this Order is delayed, Ms. Penny is enjoined from seeking entry of default or other prejudice in the California Suit against Success.

3.      Ms. Penny is allowed to move for relief from the Plan Injunction, and such relief, if brought, must be filed and heard in accordance with the applicable notice requirements, the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Federal Rules of Bankruptcy Procedure, and this Court's regular procedures.

4.      The Trustee's rights to oppose any such relief sought by Ms. Penny are reserved.

5.      The Court denies the Trustee's request in the Motion for sanctions and attorney's fees, but, pursuant to Section 105(a) of the Bankruptcy Code, expressly reserves the right to sanction (including by ordering reimbursement of the Trustee's fees and expenses prior to the date of this Order) Ms. Penny and her counsel for actions related to further violations of the Plan Injunction or noncompliance with the terms of this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.


**Dated: August 31st, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

#227631520_v3