## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, et al., | Case No. 18-12491 (CTG) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: To be Determined**<br>**Objections Due: September 26, 2023 at 4 P.M.** |

### MOTION OF ESTHER PENNY FOR RELIEF FROM THE PLAN INJUNCTION

Ester Penny ("Ms. Penny" or "Movant"), by and through her undersigned counsel, hereby respectfully submits the following Motion for Relief from the Plan Injunction (the "Motion"), seeking an order from this Court, to the extent necessary, modifying the injunction set forth in the above-captioned debtors' (the "Debtors") *Second Amended Joint Plan of Liquidation* (as further modified, amended, or supplemented from time to time, the "Second Amended Plan") to allow Ms. Penny to prosecute her ongoing California medical malpractice lawsuit, Case No. 23STCV11008 (the "California Action"), to include Success Healthcare 1, LLC ("Success"), a Debtor related entity, *solely to the extent of recovering available insurance proceeds*, for medical negligence and severe physical injuries suffered by Movant from January 13, 2016 through December 22, 2022. In support of the Motion, Ms. Penny respectfully states as follows:

1

**A.    Debtor's Confirmed Chapter 11 Plan Should Not Bar Recovery from Debtor's Insurer For Medical Malpractice.**

In other words, the purpose of the filing of Movant's Complaint, attached as <u>Exhibit A</u>, to include Success per this Court's Order is not to impair or impede the terms of Debtor's Confirmed Chapter 11 Plan. The limited purpose of Movant's lawsuit is to prove liability for medical malpractice on the part of Debtor and *recover damages from Debtor's acknowledged insurer* for these state court determined damages. It is Movant's position that Debtor's confirmed Chapter 11 Plan should not be utilized as a bar to payment by Debtor's insurer for actions covered by any of Debtor's insurance policies. The degree and extent of Debtor's healthcare liability coverage is a proper determination by the State Court.

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to *28 U.S.C. Sections 1334 and 157*. Venue is proper pursuant to *28 U.S.C. Sections 1408 and 1409*. This is a core proceeding pursuant to *28 U.S.C. Section 157(b)*.

2.    The statutory basis for the relief sought herein is *11 U.S.C. Section 362(d)* of the Bankruptcy Code, as supplemented by *Bankruptcy Rule 4001* and *Local Rule 4001-1*.

3.    The Movant does not consent pursuant to *Local Rule 9013-1(f)* to the entry of the final Order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with *Article III* of the U.S. Constitution.

**FACTUAL BACKGROUND**

4.      On or about January 13, 2016, the Movant ("Ms. Penny") presented to Silver Lake Medical Center, associated with and part of the Debtor's "Success" for a surgical procedure known as a laparoscopic revision of the vertical sleeve gastrectomy.

5.      Following this procedure, Ms. Penny remained seriously ill and presented at a number of different hospitals from the time of the first surgery, January 13, 2016, continuously through March 4, 2023. During this entire period, she continued to have recurrent episodes of fever, serious physical disabilities, and abdominal pain.

6.      Ultimately, on or about February 1, 2017, Ms. Penny had her spleen removed due to complications related to the January 13, 2016 laparoscopic revision of the vertical sleeve gastrectomy.

7.      On or about August 28, 2023, Darren FX Clair, MD of Vibrance Health issued a medical report discussing his complete current physical examination of Ms. Penny.  This report documented her surgical history and his professional opinion that she had been physically incapacitated from 2016 through at least December, 2022 due to sepsis from a gastric leak which was caused by an improper opening in her stomach's staple line created during the course of a laparoscopic gastrectomy on January 13, 2016.  A copy of Dr. Clair's December 18, 2022 and August 28, 2023 medical reports are attached as Exhibit B to this motion.  Please note that Dr. Clair issued a prior report in December, 2022 which confirmed the existence of the same facts, but at that earlier time.  Both reports are included within Exhibit B to this motion.

8.      Movant filed her Complaint for Damages against Silver Lake Medical Center, *Case No 23STCV11008*, in the Superior Court of California, County of Los Angeles on May 16, 2023. The Complaint included causes of action for Medical Malpractice, Strict Products Liability, and

Strict Liability—against the Medical Center (Debtor), Movant's surgeon, Houshmand Naim M.D., Ethicon Inc., Ethicon Endo-Surgery, Inc., Ethicon US, Inc., and Johnson & Johnson Products, Inc. A copy of this Complaint is attached as Exhibit A.

9.    Movant's Complaint for Damages was promptly served upon the Advisory Trust Group, LLC (the "Trust Group"), solely in its capacity as liquidating trustee of the Promise Healthcare Group Liquidating Trust on behalf of Debtor.  The Trust Group thereafter filed a motion to dismiss Promise and its associated entities from that lawsuit and for sanctions, which motion was heard before this Court on Monday, August 28, 2023.  The Court denied the Trustee's request for sanctions but ordered that Promise should be dismissed from the malpractice lawsuit without prejudice.

10.    The instant motion for relief from stay requests that Ms. Penny may redesignate and include Promise and its associated hospital entities as a defendant to the original malpractice suit, attached as Exhibit A. The Complaint will *not seek* to interfere with the implementation of Debtor's confirmed Chapter 11 Plan. *In any prospective opposition, the Trust Group is inexplicably acting to protect the independent economic interests of Debtor's insurer, not the Debtor's, through demanding dismissal of the Movant's complaint*.

11.    Debtor's proposed liability is based upon Movant's accrual of the cause of action for medical malpractice on March, 2023.  It was not until this date that Ms. Penny learned of the model no. and lot no. of the "Echelon Flex Endopath Stapler Reload," that this device was improperly utilized by the attending physician and hospital during her January 13, 2016 surgery, and that this device was defectively designed.  As designed, numerous "foreign bodies" improperly remained in her body following the surgery and during upcoming years, which was the proximate

cause of excessive pain and suffering and resultant multiple surgeries. These facts are stated specifically in Ms. Penny's Complaint, First Cause of Action for Medical Negligence, *pp. 10-11*.

12.    Please note the operative language of the California Supreme Court where it stated:

> "Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal. 4th 797, 806. See also *Norgart v. Upjohn Co.* (1999) 21 Cal. 4th 383, 397 and *Romano v. Rockwell International, Inc.* (1996) 14 Cal. 4th 479, 487 which enunciates this same principle.)

Ms. Penny did not determine the reason for her injury until March, 2023. As such, the above language provided by the California Supreme Court is fully consistent with Movant's filing of her malpractice suit following knowledge of the actual cause of her multiple surgeries, extensive medical treatment, and extensive suffering/damages described within Dr. Clair's medical reports of December, 2022 and August, 2023 (Exhibit B).

In this instance, there appears to be specific malpractice liability initiated through the hospital's physician by using the Stapler Reload and by the Debtor hospital for improperly utilizing this recalled medical instrument such that it left the presence of serious foreign bodies in her person following the surgery. See *Cal. Code Civ. Proc. Section 340.5, Subsection (3),* which also specifically provides for a tolling of the Statute of Limitations based upon the presence of "foreign bodies."

In addition, an important exception to the general rule of accrual is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. Under the discovery rule, suspicion of one of more of the elements of a cause of action, coupled with knowledge of the remaining elements, will generally trigger the statute of limitations period. It follows that a plaintiff's ignorance of wrongdoing involving a product's defect will usually delay accrual because such wrongdoing is essential to that cause of action. (See

e.g. *Clark v. Baxter Healthcare Corp.* (2000) 83 Cal. App. 4th 1048, 1060). Ms. Penny's cause of action could not have accrued until she discovered the identity of the Echelon Flex Endopath Stapler Reload Model No. ECR60T which was utilized during her surgery as learned by Ms. Penny through discovery of the lot no. for the Stapler Reload by confirmation from the U.S. Food & Drug Administration, that this model was defective, that this model had been recalled, that the Debtor hospital failed to remove the Stapler Reload from its surgical product inventory despite the manufacturer, Ethicon Endo-Surgery initiating a voluntary worldwide recall for the Stapler Reload in May 13, 2013, and that this product had caused her serious gastric leak issue and continuing injuries. A copy of the U.S. Food & Drug Administration's January 11, 2023 letter identifying the lot no. for the Stapler Reload used in the January 13, 2016 surgery, and a Screen Shot of the U.S. Food & Drug Administration's Product Recall Webpage are attached to this Motion as <u>Exhibits C & D</u>.  It was only until March, 2023 that she learned these critical facts.  Ms. Penny did thereafter timely serve a letter for medical malpractice and resulting serious injuries pursuant to *California Code of Civil Procedure Section 364 et. seq.* to defendants, including the purchaser of Debtor hospital. A copy of the *California Code of Civil Procedure Section* 364 letter is attached to this Motion as <u>Exhibit E</u>.

13.    The Claims held by Movant against the Debtor (the Debtor's insurer) are covered by healthcare liability insurance policies. A copy of these policies, the (1) Nautilus Healthcare Professional Liability Policy and the (2) Nautilus Healthcare General Liability Insurance Policy are attached to this Motion as <u>Exhibits F & G</u>.

## <u>PROCEDURAL HISTORY OF BANKRUPTCY CASE</u>

14.    On November 5, 2018, the Debtors commenced the Chapter 11 cases.

15.     On September 17, 2020, this Court thereafter entered the Confirmation Order.

16.     The effective date of the Plan Injunction occurred on October 1, 2020.

17.     The <u>Second Amended Plan</u> includes certain injunctive provisions. Generally, the

Plan provides that:

"[…] all Entities are permanently enjoined from commencing or continuing in any manner . . . any suit, action or other proceeding . . ." against the Debtors and its successors and assigns." Plan § IX.D.1 (emphasis added).

Furthermore, Section IX.D.4 of the Plan Injunction provides that:

"[…] all Entities are permanently enjoined, on and after the Effective Date, on
account of any Claim or Equity Interest satisfied or released under the Plan or Confirmation Order, from (a) commencing or continuing in any manner any action or other proceeding of any kind against any Debtor, the Committee, the Debtor Representative, the Liquidating Trust, the Liquidating Trustee, their successors and assigns, and their assets and properties; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Debtor, the Committee, the Debtor Representative, the Liquidating Trust, the Liquidating Trustee, their successors and assigns, and their assets and properties; (c) creating, perfecting or enforcing any encumbrance of any kind against any Debtor, or the property or estate of any Debtor, the Committee, the Debtor Representative, the Liquidating Trust, or the Liquidating Trustee; and (d) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Equity Interest or Cause of Action released or settled hereunder."

Furthermore, the <u>Second Amended Plan</u> Section IX.D.5. enjoins all persons from taking:

"[…] any actions to interfere with the implementation or consummation of the Plan."

Furthermore, the <u>Second Amended Plan</u> Section IX.D.6. also enjoins:

"[A]ll Persons and Entities who have held, hold, or may hold Claims against the Debtors … on and after the Confirmation Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors the Debtors' respective property, the Debtors' Estates, the Debtor Representative, the Liquidating Trust, the Liquidating Trust Assets, or the Liquidating Trustee with respect to any such Claim or taking any act

> to recover such Claim outside of the claims allowance procedure discussed in this Plan and the Bankruptcy Code and Bankruptcy Rules . . . ."

Last, the Second Amended Plan Section IX.D.7 provides that:

> "[…] this Plan Injunction "shall extend for the benefit of the Liquidating Trustee and the Debtor Representative, and any successors of the Debtors, and to any property and interests in property subject to this Plan."

18.    On June 9, 2023, Movant's counsel was told by counsel for the Trust Group, Tyler Layne, presumably a Tennessee licensee only, that Movant cannot maintain any legal action against Debtor's insurer because Movant's suit violates California's Statute of Limitations and that this lawsuit constitutes a pending violation of the Plan Injunction in favor of Success. The non-applicability of the California Statute of Limitations as a bar to this malpractice action is discussed in detail above.

19.    On or about August 18, 2023, the Trust Group filed a Motion Seeking Enforcement of the Plan Injunction on behalf of Debtor, while seeking monetary sanctions against Movant per Doc 3087. The hearing on the Trust Group's Motion Seeking Enforcement of the Plan Injunction was shortened by this Court, and the hearing was scheduled for August 28, 2023.

20.    At the hearing of August 28, 2023, this Court Ordered that Complainant was enjoined from continuing the California State Court Action against Success *without prejudice,* while denying financial sanctions. This Court expressly stated that Movant would be free to file a Motion for Relief from the Plan Injunction in accordance with the applicable notice requirements, the Local Rules for the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

21.    In response, Complainant requested dismissal without prejudice of Success from the State Court Action. The California State Court entered dismissal of Success without prejudice on August 29, 2023. A copy of the filed Dismissal is attached as Exhibit H.

**REQUESTED RELIEF**

Movant respectfully requests that this Court enter an order in the form attached hereto as the "Order Modifying Relief from the <u>Second Amended Plan Injunction</u>," pursuant to Bankruptcy Code *Section 362(d), Rule 4001* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and *Rule 4001-1* of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), lifting the automatic stay to allow Movant to prosecute her lawsuit to establish Debtor's liability and collect any potential settlement or judgment solely from any applicable insurance policies of the Debtor, and grant such other relief as the Court may deem just and proper. A copy of this respective Order is attached as <u>Exhibit I</u>.

**BASIS FOR RELIEF**

22.     Bankruptcy Code Section 362(d)(1) provides that a court shall grant relief from stay for "cause."  The legislative history of Bankruptcy Code *Section 362* indicates that "cause" may be established by a single factor, such as "a desire to permit an action to proceed…in another tribunal." *Izzarelli v. Rexene Products Co.* (In re Rexene Products Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992)(citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 341 (1977).). In the case at bar, the purpose of Movant's motion for relief from stay is to seek permission of this Court to maintain an action for malpractice in state court for extensive personal injuries previously incurred from 2016 through at least December, 2022. *Any judgment incurred will be paid by Debtor's insurer, not the Debtor and will not interfere with the ongoing integrity of the confirmed Chapter 11 Plan.*

Consistent herewith, please see *Matter of Edgeworth* (5th Cir. 1993) 993 F.2d 51,56 where the Court held that insurance proceeds are not even considered property of the bankruptcy estate

since liability insurance proceeds generally benefit those harmed by the Debtor. Next, see also

*Baez v. Medical Liab. Mut. Ins. Co.* (Bank. S.D.N.Y. 1992) 136 B.R. 65,68 (the bankruptcy court

properly directed the trustee of the debtor-physician's estate to distribute the proceeds of the

physician's malpractice policy to the injured plaintiff as the plaintiff had a vested interest in the

policy proceeds. Both of the above cited case authorities fully support Movant's position that this

Court should exercise its discretion to modify the Bankruptcy Stay to allow her access to the

potential financial benefits of Debtor's medical malpractice carriers.

23.     In determining whether cause exists to lift the stay to permit a party to litigate an

action in a non-bankruptcy court, the Third Circuit applies a three-factor balancing test, which

considers:

> (a) Whether any great prejudice to either the bankrupt estate or the debtor results
> from allowing the civil suit to continue;
>
> (b) Whether the hardship to the non-bankrupt party by maintenance of the stay
> considerably outweighs the hardship of the debtor;
>
> (c) Whether it is possible that the creditor has a probability of prevailing on the
> merits.

*Rexene*, *infra,* 141 B.R. at 576; see also *American Airlines Inc. v. Continental Airlines, Inc.* (*In re*

*Continental Airlines, Inc.*), 152 B.R. 420, 424 (D. Del. 1993). Application of the above factors to

the present case weighs heavily in favor of granting Movant the limited stay relief requested in

this Motion. *In this instance, there is no identifiable prejudice to Debtor as its Chapter 11 Plan*

*will remain completely intact and in full force and effect.*

A.    **The Debtor and its Estate Will Not Suffer Prejudice if the Automatic Stay is Lifted for this Limited Purpose.**

24.    Courts have routinely modified the automatic stay to allow for the prosecution of state law claims to the extent of a debtor's insurance coverage—as Movant is seeking here. See e.g. *In re Fernstrom Storage and Van Co.*, 983 F. 2d 731, 736 (7th Cir. 1991)(holding that the debtors "suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors.") See also *Edgeworth* and *Baez* previously discussed which confirm this basic principle.

25.    Here, Movant is not attempting to gain any unfair advantage over other creditors of the Debtor. Movant suffered significant and life changing injuries from Debtor's negligence and is simply attempting to recover compensation from applicable insurance coverage. Allowing stay relief for this limited purpose will not interfere with the Debtor's reorganization efforts through the normal implementation of its Chapter 11 Plan. No modification of the Chapter 11 Plan is sought through this Motion.


B.    **Movant's Hardship Outweighs the Hardship, if any, to the Debtor.**

26.    In sharp contrast, the continued imposition of the stay to Movant's lawsuit will result in significant harm to Movant. Movant has suffered substantial economic and non-economic damage and losses as a result of the Debtor's negligent acts. Continuation of the automatic stay would prevent Movant from recovering these damages from the Debtor's insurance carrier.

27.    Conversely, permitting Movant to recover against the Debtor's insurance in the pending action in California state court will not result in undue hardship to the Debtor. First, the

interest of the estate in the proceeds of the insurance policies, if any, is *de minimis*. In other words, the proceeds of the insurance policy do not impact Debtor's ability to proceed with application of its Chapter 11 Plan. See e.g. *Santa Fe Minerals, Inc. v. BEPCO, L.P.* (In re 15375 Memorial Corp.), 382 B.R. 652, 688 (Bankr. D. Del 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009)(concluding that applicable case law provides "virtually no support…for the notion…that the automatic stay should be continued in effect to prevent [the plaintiff] from accessing the proceeds of these insurance policies."). *It is respectfully submitted that Debtor's stay protection should not operate as a bar to recover any accessible damage proceeds from the Debtor's insurers.*

### C.    Movant Has a Reasonable Probability of Prevailing on the Merits.

28.    When a party seeks to lift an automatic stay under circumstances such as these, the required showing for the movant's probability of success is "very slight." *Rexene,* 141 B.R. at 578. It "merely requires a showing that [the movant's] claim is not frivolous." *In re Levits*, 267 B.R. 516, 523 (Bankr. D. Del. 2000). Movant's action herein is certainly not "frivolous." Movant has a substantial probability of prevailing on the merits. There is no issue of any operable California Statutes of Limitations for Movant's claims since the Complaint was filed on May 16, 2023, just 3 months after accrual of Movant's malpractice cause of action.

29.    In addition, true and correct copies of the insurance policies provided by Debtor reveal Insurance policies in full force and effect on January 13, 2016, the date of plaintiff's surgery, with the "retroactive date" to cover Success commencing on November 18, 2008. Debtor, however, has previously alleged that these policies have both lapsed and will provide no financial benefits to Movant. Yet, these very serious questions remain:

(a) "Were all of Debtor's patients uninsured from the time of their surgeries and respective stays in the hospital from January 13, 2016, the date of Movant's initial surgery, through the date that Debtor filed Chapter 11 on November 5, 2018?

(b) Did the Debtor hospital fail to provide professional insurance for its attending physicians and fail to provide insurance for the inappropriate actions of its hospital and hospital staff for an entire two year period before filing its Chapter 11 case?

These questions do not reasonably lead one to believe that a professional organization of this nature with its very serious issues of life and death every day would allow its medical liability policies to lapse for this entire period of time. If, per chance, Debtor did not cover the specific date of the surgery, January 13, 2016 only, Movant's claim period is not limited to January 13, 2016 only as her cause of action accrued against the Debtor from January, 2016 through the entire remainder of 2016, 2017, and 2018 prior to filing Chapter 11 Bankruptcy. *Movant can recover, at the very least, for the multiple surgeries and pain and suffering for this remaining period of time*.

It is respectfully submitted that the issue of the existence and degree of insurance coverage should be determined by the California Superior Court which is aware of the nuances of required insurance coverage in California and the applicable Statute of Limitations, if applicable.

## NO PRIOR REQUEST

30.     No prior request for the relief sought in this motion has been made to this Court or any other Court.

**WHEREFORE,** Movant respectfully requests that this Court (1) enter the Order attached hereto granting Movant relief from the Plan Injunction to prosecute her lawsuit in California to judgment or settlement against the Debtor, with any recovery to be paid solely from applicable insurance policies of the Debtor, and (2) grant such other relief as the Court may deem just and proper.

Dated: September 12, 2023
Wilmington, Delaware

                                         */s/ Michael J. Joyce*
                                        Michael J. Joyce (No. 4563)
                                        **JOYCE, LLC**
                                        1225 King Street, Suite 800
                                        Wilmington, DE 19801
                                        (302)-388-1944
                                        mjoyce@mjlawoffices.com

                                        --and-

                                        Ian Mackins, Esq.
                                        **IAN MACKINS ATTORNEY AT LAW**
                                        1100 Town & Country Road, Suite 1250
                                        Orange, CA 92868
                                        Telephone: (714) 858-8142
                                        Email: Ian@imattorneyatlaw.com

                                        *Counsel to Esther Penny*