# EXHIBIT A

1  Ian Mackins, SBN 315216
   **IAN MACKINS ATTORNEY AT LAW**
2  1100 Town & Country Road, Suite 1250
   Orange, CA 92868
3  T: (714) 858-8142
   Ian@imattorneyatlaw.com
4

5  Attorney for Plaintiff Esther Penny

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/16/2023 2:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF LOS ANGELES—UNLIMITED CIVIL**

10

11  ESTHER PENNY,                              Case No: 23STCV11008

12                    Plaintiff,               **COMPLAINT FOR DAMAGES**

13            v.                               **1. MEDICAL MALPRCTICE**
                                               **2. STRICT PRODUCTS LIABILITY**
14  SILVER LAKE MEDICAL CENTER dba L.A.        **3. STRICT LIABILITY—FAILURE TO**
    DOWNTOWN MEDICAL CENTER; L.A.                 **WARN**
15  DOWNTOWN MEDICAL CENTER, LLC;             **4. NEGLIGENT FAILURE TO WARN**
    HOUSHMAND NAIM, MD; ETHICON ENDO-        **5. PRODUCTS LIABILITY**
16  SURGERY, INC.; ETHICON, INC.; ETHICON        **NEGLIGENCE**
    US, LLC; JOHNSON & JOHNSON
17  PRODUCTS, INC.; and DOES 1-250, inclusive.
                                               **DEMAND FOR JURY TRIAL**
18                    Defendants.

19

20          **COMES NOW** Plaintiff, ESTHER PENNY, and for causes of action against Defendants,

21  SILVER LAKE MEDICAL CENTER dba L.A. DOWNTOWN MEDICAL CENTER, L.A.

22  DOWNTOWN MEDICAL CENTER, LLC, HOUSHMAND NAIM, MD, ETHICON ENDO-

23  SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON

24  PRODUCTS, INC., and DOES 1-250, inclusive, complains and alleges as follows:

25                              **THE PARTIES**

26      1.      Plaintiff, ESTHER PENNY (hereinafter "Plaintiff" or "Ms. Penny"), is an

27  individual, where all times relevant herein, resided in the County of Los Angeles, State of

28  California. Ms. Penny was born on March 25, 1971.

                                         1
                            **COMPLAINT FOR DAMAGES**

1    2.    Defendant, SILVER LAKE MEDICAL CENTER dba L.A. DOWNTOWN
2    MEDICAL CENTER (hereinafter sometimes referred to as "SILVER LAKE MC") is a California
3    corporation that conducts business in the County of Los Angeles, State of California, and at the
4    time of the incidents alleged herein, did business at 1711 West Temple Street, Los Angeles,
5    California 90026. SILVER LAKE MC's registered agent for service of process is Christopher O.
6    Adeoye, MD, who is located at 2920 Sunset Blvd., Los Angeles, CA 90026.

7    3.    Defendant, L.A. DOWNTOWN MEDICAL CENTER, LLC (hereinafter sometimes
8    referred to as "LDMC, LLC") is a California corporation that conducts business in the County of
9    Los Angeles, State of California, and at the time of the incidents alleged herein, did business at
10    1711 West Temple Street, Los Angeles, California 90026, and was the licensee of Silver Lake
11    Medical Center and/or L.A. Downtown Medical Center. LDMC, LLC's registered agent for
12    service of process is Robert N. Rigdon, who is located at 1019 Pier Avenue, Santa Monica, CA
13    90405.

14    3.    Defendant, HOUSHMAND NAIM, MD, (hereinafter sometimes referred to as "DR.
15    NAIM") is an individual and at all times relevant herein was a medical physician conducting
16    business in the County of Los Angeles, State of California. Dr. Naim's registered address of
17    record with the Medical Board of California is 201 Homewood Road, Los Angeles, CA 90049.

18    4.    Defendant, ETHICON ENDO-SURGERY, INC. (hereinafter sometimes referred to
19    as "ETHICON SURGERY") is an out of state corporation that conducts business in the County of
20    Los Angeles, State of California. ETHICON SURGERY's California registered agent for service
21    of process is Amanda Garcia, who is located at 330 N. Brand Blvd., Glendale, CA 91203.

22    5.    Defendant, ETHICON, INC. (hereinafter sometimes referred to as "ETHICON") is
23    an out of state corporation that conducts business in the County of Los Angeles, State of
24    California. ETHICON's registered agent for service of process is Amanda Garcia, who is located
25    at 330 N. Brand Blvd., Glendale, CA 91203.

26    6.    Defendant, ETHICON US, LLC (hereinafter sometimes referred to as "ETHICON
27    US") is an out of state corporation that conducts business in the County of Los Angeles, State of
28    California. ETHICON US's registered agent for service of process is Amanda Garcia, who is

COMPLAINT FOR DAMAGES

1 | located at 330 N. Brand Blvd., Glendale, CA 91203.

2 |     7.    Defendant, JOHNSON & JOHNSON PRODUCTS, INC. (hereinafter sometimes
3 | referred to as "J&J") is an out of state corporation that conducts business in the County of Los
4 | Angeles, State of California.  J&J's registered address of record with the Medical Board of
5 | California is 1920 Colorado Blvd., Santa Monica, CA 90404.

6 |     8.    Plaintiff is informed and believes and hereby alleges that, at all times relevant as
7 | alleged herein, DOES 1-250 were licensed or unlicensed individuals and/or entities, and
8 | employees or independent contractors for Defendants, and so rendered medical care and services
9 | and/or supplied medical and/or surgical products to Ms. Penny, and whose conduct caused the
10 | injuries and damages alleged herein.  Plaintiff is ignorant of the true names and capacities of those
11 | Defendants sued herein as DOES 1-250, and for that reason has sued such Defendants by fictitious
12 | names.  Plaintiff will seek leave of the Court to amend this Complaint to identify said Defendants
13 | when their identities are ascertained.

14 | **JURISDICTION AND VENUE**

15 |     9.    This Court has personal jurisdiction over Defendants SILVER LAKE MC, LDMC,
16 | LLC, HOUSHMAND NAIM, MD, ETHICON, ETHICON SURGERY, ETHICON US, J&J, and
17 | DOES 1-250 because said Defendants were, at all times relevant herein, were doing business in the
18 | County of Los Angeles, State of California, as set forth in the aforementioned paragraphs, and
19 | incorporated by reference here, as though fully set forth herein.  In the course of engaging in such
20 | business, in the County of Los Angeles, State of California, the conduct of each of Defendants
21 | caused injury to Plaintiff as set forth more fully hereafter.

22 |     10.    Venue in this judicial district is proper because all the defendants named herein
23 | conduct business in this district in a manner as caused injury to Plaintiff and as set forth more fully
24 | hereafter.

25 | **GENERAL ALLEGATIONS**

26 |     11.    Plaintiff incorporates by reference allegations 1 through 10 as previously set forth
27 | and hereby makes further allegations.

28 |     12.    On or about May 13, 2013, ETHICON, ETHICON SURGERY, ETHICON US,

J&J, and DOES 1-250 issued a voluntary worldwide recall for **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** due to the potential for incomplete staple line formation from reload damage during the firing sequence.

13.    Then, on or about May 29, 2013, ETHICON, ETHICON SURGERY, ETHICON US, J&J, and DOES 1-250 sent an urgent medical device recall letter to all affected customers concerning the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**.  The letter requested that customers examine their inventory immediately to determine if they have the ECHELON 60mm Black Reload (Model No. ECR60T) manufactured by ETHICON SURGERY, ETHICON, and J&J, and remove the affected product.

14.    On or about February 11, 2014, ETHICON, ETHICON SURGERY, ETHICON US, J&J, and DOES 1-250 terminated the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**.

15.    On or about January 13, 2016, Ms. Penny presented to Silver Lake Medical Center for a laparoscopic revision of the vertical sleeve gastrectomy.  Silver Lake Medical Center, at the time of the incidents alleged herein, was located at 1711 West Temple Street, Los Angeles, California 90026.  While at Silver Lake Medical Center, DR. NAIM noted that Ms. Penny had a pre-operative diagnosis of obesity, gastroesophageal reflux disease, and a history of sleep with complication.

16.    On or about January 13, 2016, DR. NAIM performed the surgical procedure on Ms. Penny.  DR. NAIM described the procedure noting that Ms. Penny's abdomen was prepped and draped in standard surgical fashion, using a 10 mm Endopath, a left paramedian trocar was placed, Ms. Penny's abdomen was insufflated to 15 mmHg.  Then, DR. NAIM replaced a 5 mm trocar in the left upper and a 5 mm trocar in the epigastric area with a Nathanson liver retractor.  DR. NAIM noted that his examination of gastroesophageal area showed a hiatal hernia.  Then, DR. NAIM noted that Ms. Penny's gastroesophageal ligament at the area of the left crus was dissected bluntly and further blunt dissection with O'Reilly finger retractor.  Ms. Penny's gastrohepatic ligament was dissected.  Then, the lateral edge of the right and left crura was dissected.  Then, a 2-0 Surgidac suture was used in figure-of-eight fashion to repair the hiatal hernia posteriorly.  An

1   Endo-stitch was used for that purpose.  Then, a second similar suture was placed more proximal to

2   the esophagus to complete the hiatal hernia.  Then, DR. NAIM proceeded with dissection of the

3   greater curvature.  The dissection was continued along the greater curvature, including adhesion

4   between the gastric staple line and the omentum.  Then, further dissection of the fundus to the left

5   crus was dissected, mobilizing that area and exposing the left crus.  Then, a 34-French bougie was

6   passed along the lesser curvature toward the pylorus.  DR. NAIM started with the initial firing of

7   **black Echelon stapler (ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm**

8   **x 4.4mm (Model No. ECR60T))**, which was reinforced with a Seamguard.  The Seamguard was

9   used to reduce bleeding leak and hematoma and was placed at a distance of 5 cm from the pylorus.

10  DR. NAIM then performed a serial firing of a similar stapler all the way along the bougie to create

11  elongation of the gastric sleeve.  Then, DR. NAIM performed the last firing of about .5 cm from

12  the GE junction and complete transection was confirmed.  DR. NAIM also noted that at the time

13  the pylorus was occluded using an atraumatic bowel clamp 60cc of methylene blue was injected,

14  which resulted in distention of the sleeve.  DR. NAIM noted that there was no evidence of contrast

15  extravasation, and a negative leak test was completed.  DR. NAIM noted that the bougie was easily

16  removed.  Then, DR. NAIM sutured the omentum over the staple line and with Buttressing the

17  staple line and keeping the staple line in straight fashion.  Then, the liver retractor was removed.

18  The right paramedian trocar site was dilated, and the specimen was removed.  The trocar site was

19  closed using 0 Vicryl suture by placing a trans-fascial figure-of-eight suture, and all trocars were

20  removed under direct vision.   The right paramedian trocar site was irrigated with antibiotic

21  solution.  A 2-0 Vicryl suture was used to close the incision.  Then, a 4-0 Monocryl was used to

22  close all the skin incisions and Dermabond was applied.  DR. NAIM noted that Ms. Penny

23  tolerated the procedure and was transferred to the recovery room in stable condition.

24       17.    On or about April 25, 2016, Ms. Penny presented to the Encino Hospital Medical

25  Center's Emergency Department (hereinafter "ED") due to having a fever of 105 degrees

26  Fahrenheit, abdominal pain for the past three (3) days, diarrhea for the past three (3) days, at a rate

27  of three (3) times per day.  A CT scan of Ms. Penny's abdomen was performed due to Ms. Penny's

28  reported abdominal pain.  Furthermore, a CT scan of Ms. Penny's pelvis was taken and showed

evidence of gastric sleeve surgery with suture line extending across the greater curvature. Encino Hospital Medical Center staff noted that there was a thickening of the gastric wall likely representing postoperative change. A 4.2 by 3.6 cm collection of predominantly air and fluid in the left upper quadrant abutting the splenic hilum. Encino Medical Center staff also noted that there was a questionable disruption of the suture line at the site of the collection, and this may represent breakdown of the suture line versus postoperative collection. Encino Hospital Medical Center staff physicians diagnosed Ms. Penny's abdominal pain as intra-abdominal abscess post-procedure. Ms. Penny was given antibiotics and was transferred to Ronald Reagan UCLA Medical Center.

18.     On or about April 25, 2016, Ms. Penny was transferred from Encino Hospital Medical Center to Ronald Reagan UCLA Medical Center with complaints of abdominal pain, fevers, tachycardia, and a left upper quadrant fluid collection per the CT scan. Ms. Penny was admitted to Ronald Reagan UCLA Medical Center's bariatric surgery service.

19.     On or about April 26, 2016, a CT scan of the abdomen and pelvis was performed. The CT scan of the abdomen and pelvis demonstrated a free intra-abdominal air extending from the gastric sleeve staple line representing known breakdown.

20.     On or about April 26, 2016, Ms. Penny underwent an ultrasound-guided placement of a 5 French double lumen non-valved power injectable PICC in her right upper extremity.

21.     On or about April 27, 2016, Ms. Penny presented to Ronald Reagan UCLA Medical Center for an elective outpatient esophagogastroduodenoscopy and status post sleeve gastrectomy time 2 complicated by leak, EGD for closure/occlusion of leak site. Ms. Perry underwent EGD by Dr. Rabindra Watson and Ms. Penny's gastric sleeve leak was treated with sutured closure and STENT placement. Then, Ronald Reagan UCLA Medical Center physicians recommended that Ms. Penny receive urgent percutaneous versus surgical abdominal drainage. The same day, a gastric STENT was placed by Ronald Reagan UCLA Medical Center gastroenterologists, and across Ms. Penny's leak, and Ms. Penny was taken urgently for abscess evacuation due to some clinical deterioration. Dr. Erik Dutson performed the diagnostic laparoscopy, laparoscopic lysis of adhesions, laparoscopic I&D of intra-abdominal abscess, laparoscopic repair gastric perforation

(Graham patch) and laparoscopic abdominal washout/drain placement. Free fluid in Ms. Penny's abdomen was discovered. Ms. Penny's stomach was dissected free from the liver, as well as the surrounding fat along the staple line. Ms. Penny's entire stomach was fully mobilized to allow for full inspection of the area and the staple line. Ms. Penny's STENT was noted to be in good position, and the angularis was noted to be patent. Then, the fibrinous tissue attached to the edges of the defect were sutured to reduce the size of the defect, and adjacent fat was used for a Graham patch. Then, the area was irrigated with copious amounts of normal saline. Then, a Blake drain was placed and sutured to the skin with a 2-0 Nylon stitch. The abdomen was reinspected. The surgical field was found to be hemostatic. Each of the trocars was removed under videoscopic guidance to rule out the presence of any trocar site bleeding. There was none noted. Marcaine was injected for postoperative pain control, and each of the skin incisions was closed with a subcuticular stitch. Ronald Reagan UCLA Medical Center physicians noted that Ms. Penny tolerated the procedure well and was discharged awake and alert to the recovery room in stable condition.

22.    On or about June 17, 2016, Ms. Penny presented to ED at Ronald Reagan UCLA Medical Center with complaints of rib pain. Ms. Penny reported to hospital staff that she had three (3) days of left subcostal pain, nausea, and dizziness, which she said resembled the constellation of symptoms preceding her previous leak. Ms. Penny noted that after Dr. Dutson pulled her Peri-umbillical JP in clinic three (3) weeks back, she began expressing purulent drainage from the area, which had worsened recently. A CT scan of Ms. Penny's abdomen showed status post sleeve gastrectomy with re-demonstration of tracts of air in the left upper quadrant, which was seen adjacent to the gastrectomy surgical site into the splenic hium. Ronald Reagan UCLA Medical Center physicians noted that in the left upper anterior abdomen related to the prior drain tract, there was a dense punctate structure which might be a **displaced staple from the gastrectomy surgical site**. Ms. Penny was diagnosed with LUQ pain and was discharged home with strict return precautions.

23.    On or about August 1, 2016, Ms. Penny underwent an extensive procedure to revise the sleeve gastrectomy at Ronald Reagan UCLA Medical Center. The procedure included a

laparoscopic Roux-en-Y gastric bypass, lysis of adhesions, and gastrocutaneous fistula repair. **During the procedure, Ronald Reagan UCLA Medical Center physicians found a surgical clip along the fistula track that was behind Ms. Penny's spleen.** Ronald Reagan UCLA Medical Center physicians removed the surgical clip.

24.    From August 1, 2016 to December 2022, Ms. Penny continued to have recurrent episodes of fever and abdominal pain. During this time period, Ms. Penny had to undergo numerous surgeries to repair the gastric leak and complications from the displaced ECHELON 60mm Black Reload (ECR60T) from the gastrectomy surgical site.

25.    On or about August 11, 2020, Ms. Penny's family were able to consult a law firm to pursue Ms. Penny's claims, and the law firm was able to enter into a tolling agreement ETHICON ENDO-SURGERY, INC., ETHICON, INC., and JOHNSON & JOHNSON, INC to toll the statute of limitations.

26.    On or about September 23, 2022, Ms. Penny entered into another tolling agreement ETHICON ENDO-SURGERY, INC., ETHICON, INC., and JOHNSON & JOHNSON, INC to toll the statute of limitations until January 31, 2023.

27.    On or about December 10, 2022, Ms. Penny had her spleen removed due to complications related to the January 13, 2016 laparoscopic revision of the vertical sleeve gastrectomy.

28.    On or about December 18, 2022, Ms. Penny was seen by Darren FX Clair, MD of Vibrance Health. Ms. Penny had been a patient of Darren FX Clair, MD since May 2013. Darren FX Clair, MD performed a physical examination of Ms. Penny on or about December 18, 2022, and prepared a letter documenting Ms. Penny's surgical history and related complications. Darren FX Clair, MD noted in the letter that Ms. Penny had been incapacitated from 2016 to the date of the letter due to a long history of surgeries and related complications. Darren FX Clair, MD noted that Ms. Penny's unfortunate history began with a sleeve gastrectomy over 10 years ago and has included a well-documented history of multiple surgeries and procedures beginning in 2016, and include a gastrectomy, splenectomy, left lower pulmonary lobectomy and multiple other procedures almost too numerous to enumerate. Darren FX Clair, MD also noted in the letter that

Ms. Penny lives with chronic pain due to her altered digestive tract and suffers from frequent dehydration and difficulty digesting food. As a result, Ms. Penny requires intravenous vitamin therapy and is frequently nauseous and has persistent diarrhea and vomiting if her diet is not extremely precise. Darren FX Clair, MD concluded that there is little doubt that Ms. Penny's lifespan will have been shortened due to her present conditions.

29.     On or about January 2023, Ms. Penny entered into another tolling agreement ETHICON ENDO-SURGERY, INC., ETHICON, INC., and JOHNSON & JOHNSON, INC to toll the statute of limitations until March 17, 2023. Ms. Penny has received continuous and ongoing treatment for her injuries related to the January 13, 2016, laparoscopic revision of the vertical sleeve gastrectomy. Ms. Penny has been told by her physicians that she will need to undergo a stomach transplant. Due to Ms. Penny's serious medical conditions, Ms. Penny has been incapacitated, and unable to pursue her claims until after November 2022. Furthermore, Ms. Penny did not discover the cause of her injuries until March 14, 2023 when she discovered that the **black Echelon stapler (ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)) was defective and that the black Echelon stapler (ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)) was the product that caused her injuries, which was communicated to Ms. Penny from her medical physicians around that time.** "Generally speaking, a cause of action accrues at "the time when the cause of action is complete with all of its elements." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.) Furthermore, the Legislature intended "foreign body" to mean objects which are surgically inserted or attached and allowed to remain. (*Wallace v. Hibner* (1985) 171 Cal.App.3d 1050.) It follows that, where a patient would have no reason whatsoever to suspect negligence, as when the practitioner commits fraud, intentional concealment of facts or when a nondiagnostic or nontherapeutic substance is placed in the body and left behind, the statute is tolled. (Id. at 1050.)

30.     On or about March 11, 2023, Ms. Penny entered into another tolling agreement ETHICON ENDO-SURGERY, INC., ETHICON, INC., and JOHNSON & JOHNSON, INC to toll the statute of limitations until May 17, 2023.

COMPLAINT FOR DAMAGES

31.     On May 10, 2023, a California *Code of Civil Procedure* section 364 notice was sent to Defendants SILVER LAKE MC, LDMC, LLC, and HOUSHMAND NAIM, MD.

## FIRST CAUSE OF ACTION

## MEDICAL NEGLIGENCE

**(Plaintiff ESTHER PENNY Against Defendants SILVER LAKE MEDICAL CENTER dba L.A. DOWNTOWN MEDICAL CENTER; L.A. DOWNTOWN MEDICAL CENTER, LLC; HOUSHMAND NAIM, MD; and DOES 1-250)**

32.     Plaintiff incorporates by reference allegations 1 through 31 as previously set forth and hereby makes further allegations.

33.     Each of Defendants SILVER LAKE MC, LDMC, LLC, HOUSHMAND NAIM, MD, and DOES 1-250 to this cause of action owed Plaintiff a duty to comply with the prevailing standards of care in providing medical services to Plaintiff while Plaintiff underwent care from each Defendant.  Specifically, Defendants had a duty to use reasonable skill, knowledge, and care in diagnosing and treating Plaintiff's injuries.

34.     Defendants SILVER LAKE MC, LDMC, LLC, HOUSHMAND NAIM, MD, and DOES 1-250 breached their duties of care to Plaintiff by failing to comply with the applicable standards of care in provision of medical services to Plaintiff.  Defendants SILVER LAKE MC, LDMC, LLC, HOUSHMAND NAIM, MD, and DOES 1-25 placed the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** in Plaintiff's abdomen during the sleeve gastrectomy procedure.  Specifically, the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** was implanted on the superior edge of the gastric staple line.  Defendants SILVER LAKE MC, LDMC, LLC, HOUSHMAND NAIM, MD, and DOES 1-250 failed to use reasonable care in ensuring that they were using non-defective medical and/or surgical devices for the sleeve gastrectomy procedure.  Furthermore, Defendants SILVER LAKE MC, LDMC, LLC, HOUSHMAND NAIM, MD, and DOES 1-250 negligently failed to inspect the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** and adhere to recall warnings.  Defendants SILVER LAKE MC, LDMC, LLC, HOUSHMAND NAIM, MD, and

1  DOES 1-250 negligently stocked Silver Lake Medical Center with medical and/or surgical devices,

2  the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model**

3  **No. ECR60T)**, for use during gastric sleeve surgeries, which is a violation of the applicable

4  standard of care in the medical community.

5       35.    As a proximate result of Defendants SILVER LAKE MC, LDMC, LLC,

6  HOUSHMAND NAIM, MD, and DOES 1-250's breaches of their duties and the applicable

7  standards of care, Plaintiff suffered severe and permanent physical and emotional injuries, which

8  have resulted in economic and non-economic damages.  The damages suffered by Plaintiff from

9  Defendants' breaches, in no event, amount to less than the unlimited civil jurisdictional limit.

10  Furthermore, Plaintiff has incurred damages in seeking further medical treatment for her injuries.

11  Plaintiff has incurred medical expenses from Ronald Reagan UCLA Medical Center, Cedars Sinai

12  Medical Center, Vibrance Health, and Accredited home health services.

13       36.    Due to Defendants' breaches of their duties and the applicable standards of care,

14  and Plaintiff's resulting injuries, Plaintiff brings this lawsuit for damages.  In doing so, on May 9,

15  2022, Plaintiff served a letter of intent to sue for medical malpractice and resulting serious injuries

16  pursuant to California *Code of Civil Procedure* section 364 et seq. to Defendants.

17                    **SECOND CAUSE OF ACTION**

18                     **STRICT PRODUCTS LIABILITY**

19  **(Plaintiff ESTHER PENNY Against Defendants ETHICON ENDO-SURGERY, INC.;**

20  **ETHICON, INC.; ETHICON US, LLC; JOHNSON & JOHNSON PRODUCTS, INC.; and**

21                        **DOES 1-250)**

22       37.    Plaintiff incorporates by reference allegations 1 through 36 as previously set forth

23  and hereby makes further allegations.

24       38.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,

25  LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 were the designers,

26  manufacturers, promoters, marketers, sellers, suppliers, distributors, wholesalers, retailers, makers,

27  and/or services of the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x**

28  **4.4mm (Model No. ECR60T)** owed Plaintiff a duty to use reasonable care in the design,

manufacture, promotion, marketing, selling, supplying, distribution, and service of Plaintiff's laparoscopic revision of the vertical sleeve gastrectomy surgery.

39.    Plaintiff, based on information and belief, thereupon alleges, that the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**, at the time of the alleged herein incidents, contained design and/or manufacturing defects, and in fact, did cause serious injuries to the users and consumers thereof, including Plaintiff, while being used in a manner reasonably foreseeable, and which thereby rendered the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** unsafe and dangerous.  Furthermore, Defendants also failed to provide adequate warnings or instructions to users and consumers thereof, including Plaintiff, of the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**'s significant dangers associated with it, its use, and/or its component parts, or to instruct users and consumers thereof, including Plaintiff, and failed to warn and/or instruct, anticipated users and/or consumers concerning defects with the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T).**

40.    Plaintiff, based on information and belief, thereupon alleges, that the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** was defective when placed in the stream of commerce and/or market by Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250, and was of such a nature that the defects would not be discovered during the normal course of inspection and use by users and consumers, including Plaintiff, thereof.  At all times relevant herein, the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** was in substantially the same condition as when it was originally placed into the stream of commerce and/or market by Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250.

41.    Defendant ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250, and each of them, are liable

1  for designing, testing, manufacturing, making, distributing, selling, and/or placing the
2  unreasonably dangerous product into the stream of commerce and/or market.

3       42.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,
4  LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250, and each of them, owed
5  Plaintiff a duty to provide reasonable, complete, and accurate information to Plaintiff, and her
6  surgeons SILVER LAKE MEDICAL CENTER dba L.A. DOWNTOWN MEDICAL CENTER;
7  L.A. DOWNTOWN MEDICAL CENTER, LLC; HOUSHMAND NAIM, MD; and DOES 1-250,
8  and the gastric surgeon community regarding Plaintiff's laparoscopic revision of the vertical sleeve
9  gastrectomy surgery.

10      43.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,
11 LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250, in breach of the duties
12 described herein, negligently and carelessly, designed, manufactured, promoted, marketed, sold,
13 supplied, distributed, and serviced Plaintiff's laparoscopic revision of the vertical sleeve
14 gastrectomy surgery as well as the components and/or parts, including the **ECHELON FLEX**
15 **ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**, implanted
16 in Plaintiff.

17      44.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,
18 LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250, in breach of the duties
19 described herein, negligently and carelessly failed to provide reasonable, complete, and accurate
20 information to Plaintiff, Plaintiff's surgeons, including SILVER LAKE MEDICAL CENTER dba
21 L.A. DOWNTOWN MEDICAL CENTER; L.A. DOWNTOWN MEDICAL CENTER, LLC;
22 HOUSHMAND NAIM, MD; and DOES 1-250, and the gastric surgeon community regarding
23 Plaintiff's laparoscopic revision of the vertical sleeve gastrectomy surgery.

24      45.    As a result of Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC.,
25 ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250's conduct
26 and/or actions and/or inactions, Plaintiff was harmed by the **ECHELON FLEX ENDOPATH**
27 **STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**, which was negligently
28 and carelessly, designed, manufactured, promoted, marketed, sold, supplied, distributed, and

serviced Plaintiff's laparoscopic revision of the vertical sleeve gastrectomy surgery as well as the components and/or parts, including the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**, implanted in Plaintiff, by Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250.

46.    Plaintiff continues to suffer injury and damages as a result of the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**, which was negligently and carelessly, designed, manufactured, promoted, marketed, sold, supplied, distributed, and serviced by Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250. Furthermore, Plaintiff has incurred damages in seeking further medical treatment for her injuries.  Plaintiff has incurred medical expenses from Ronald Reagan UCLA Medical Center, Cedars Sinai Medical Center, Vibrance Health, and Accredited home health services.  Plaintiff is expected to continue to suffer severe pain, disfigurement, diminution of her quality of life, further medical treatment and surgery, and reduced life expectancy, as a result of the failed laparoscopic revision of the vertical sleeve gastrectomy surgery.

### THIRD CAUSE OF ACTION

### STRICT LIABILITY—FAILURE TO WARN

**(Plaintiff ESTHER PENNY Against Defendants ETHICON ENDO-SURGERY, INC.; ETHICON, INC.; ETHICON US, LLC; JOHNSON & JOHNSON PRODUCTS, INC.; and DOES 1-250)**

47.    Plaintiff incorporates by reference allegations 1 through 46 as previously set forth and hereby makes further allegations.

48.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 manufactured, sold, supplied, promoted, distributed, and serviced, the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**.

49.    The **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x**

**4.4mm (Model No. ECR60T)** had potential risks that were known or should have been known at the time of the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** was manufactured, sold, supplied, promoted, distributed, and serviced by Defendants.

50.    The potential risks of the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** presented a substantial danger when the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)** was used or misused in a reasonably foreseeable way.

51.    Ordinary users and consumers thereof, including Plaintiff, would not have recognized the potential risks of the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T).**

52.    Plaintiff was harmed by the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T).**

53.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250's failure to provide sufficient warnings was a substantial factor in causing Plaintiff's harm.

## FOURTH CAUSE OF ACTION

## NEGLIGENT FAILURE TO WARN

**(Plaintiff ESTHER PENNY Against Defendants ETHICON ENDO-SURGERY, INC.; ETHICON, INC.; ETHICON US, LLC; JOHNSON & JOHNSON PRODUCTS, INC.; and DOES 1-250)**

54.    Plaintiff incorporates by reference allegations 1 through 53 as previously set forth and hereby makes further allegations.

55.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 manufactured, sold, supplied, promoted, distributed, and serviced, the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T).**

56.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,

LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 knew or reasonably should have known that the product was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner by users and/or consumers, including Plaintiff, and Plaintiff's gastric surgeons.

57.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 knew or reasonably should have known that users and/or consumers, including Plaintiff, and Plaintiff's gastric surgeons, would not realize the danger.

58.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 failed to adequately warn of the danger or instruct on the safe use of the product.

59.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 that a reasonable manufacturer or seller under the same or similar circumstances would have warned of the danger or instructed on the safe use of the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**.

60.    A reasonable manufacturer or seller under the same or similar circumstances would have warned of the danger or instructed on the safe use of the product.

61.    Plaintiff was harmed by the **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**.

62.    Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250's failure to warn or instruct was a substantial factor in causing Plaintiff's harm.

///

///

///

///

///

1 | **FIFTH CAUSE OF ACTION**

2 | **PRODUCTS LIABILITY NEGLIGENCE**

3 | (Plaintiff **ESTHER PENNY** Against Defendants **ETHICON ENDO-SURGERY, INC.;**

4 | **ETHICON, INC.; ETHICON US, LLC; JOHNSON & JOHNSON PRODUCTS, INC.; and**

5 | **DOES 1-250**)

6 |       63.      Plaintiff incorporates by reference allegations 1 through 62 as previously set forth

7 | and hereby makes further allegations.

8 |       64.      Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,

9 | LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 were the designers,

10 | manufacturers, promoters, marketers, sellers, suppliers, distributors, and servicers of the

11 | **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No.**

12 | **ECR60T)**, and owed Plaintiff a duty to use reasonable care in the design, manufacture, promotion,

13 | marketing, selling, supplying, distribution, and service of Plaintiff's **ECHELON FLEX**

14 | **ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No. ECR60T)**.

15 |       65.      Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,

16 | LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250 owed Plaintiff a duty to

17 | provide reasonable, complete, and accurate information to Plaintiff, Plaintiff's surgeon, and the

18 | gastric surgeon community, regarding Plaintiff's laparoscopic revision of the vertical sleeve

19 | gastrectomy surgery.

20 |       66.      Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,

21 | LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250, in breach of the duties

22 | described above, negligently and carelessly designed, manufactured, promoted, marketed, sold,

23 | supplied, distributed, and serviced the **ECHELON FLEX ENDOPATH STAPLER RELOAD**

24 | **(Black) 60mm x 4.4mm (Model No. ECR60T)** components and/or parts, including the

25 | **ECHELON FLEX ENDOPATH STAPLER RELOAD (Black) 60mm x 4.4mm (Model No.**

26 | **ECR60T)**, implanted in Plaintiff.

27 |       67.      Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US,

28 | LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250, in breach of the duties

described above, negligently and carelessly failed to provide complete and accurate information to Plaintiff, Plaintiff's surgeons, including SILVER LAKE MEDICAL CENTER dba L.A. DOWNTOWN MEDICAL CENTER; L.A. DOWNTOWN MEDICAL CENTER, LLC; HOUSHMAND NAIM, MD; and DOES 1-250, and the gastric surgeon community, regarding Plaintiff's laparoscopic revision of the vertical sleeve gastrectomy surgery.

68.    As a direct and proximate result of Defendants ETHICON ENDO-SURGERY, INC., ETHICON, INC., ETHICON US, LLC, JOHNSON & JOHNSON PRODUCTS, INC., and DOES 1-250's breaches of their duties to Plaintiff, Plaintiff suffered harm and severe and permanent injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For general damages according to proof, and as to all causes of action;

2.    For special damages according to proof and as to all causes of action;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court deems just and appropriate.

DATED: May 15, 2023                    IAN MACKINS ATTORNEY AT LAW


Ian Mackins
Attorney for Plaintiff

COMPLAINT FOR DAMAGES

1                         **DEMAND FOR JURY TRIAL**

2        Plaintiff requests that this action be determined by trial by jury.

3

4  DATED: May 15, 2023             **IAN MACKINS ATTORNEY AT LAW**

5

6

7                        Ian Mackins

8                        Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28