**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*[1] | Case No. 18-12491 (CTG) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 2528, 2584** |

**SUPPLEMENTAL ORDER SUSTAINING EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE LIQUIDATING TRUSTEE TO CERTAIN: (I) OVERSTATED CLAIMS, (II) DUPLICATIVE OR OTHERWISE REDUNDANT CLAIMS, (III) MISCLASSIFIED CLAIMS, AND (IV) NO LIABILITY CLAIMS**

Upon consideration of the *Eighth Omnibus Objection (Substantive) of the Liquidating Trustee to Certain: (i) Overstated Claims, (ii) Duplicative or Otherwise Redundant Claims, (iii) Misclassified Claims, and (iv) No Liability Claims* [Docket No. 2528] (the "Eighth Omnibus Objection")[2] and the *Supplemental Certification of Counsel Regarding Eighth Omnibus Objection (Substantive) of the Liquidating Trustee to Certain: (I) Overstated Claims, (II)*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Eighth Omnibus Objection.

*Duplicative or Otherwise Redundant Claims, (III) Misclassified Claims, and (IV) No Liability Claims* (the "Supplemental Certification") filed on January 3, 2024; and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Plan; and the Court having found that this a core proceeding under 28 U.S.C. § 157(b); and the Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Liquidating Trustee provided appropriate notice of the Eighth Omnibus Objection and the opportunity for a hearing under the circumstances and that no further notice need be given; and the Court having reviewed the Eighth Omnibus Objection and the Supplemental Certification; and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Claim number 663 (the "Xerox Claim") filed by Xerox Corporation ("Xerox") as a general unsecured claim in the amount of $287,650.48 is hereby reduced to $223,454.41.

2. The official claims register in these chapter 11 cases shall be modified in accordance with this Order.

3. The Liquidating Trustee's right to amend, modify or supplement the Eighth Omnibus Objection, to file additional objections to any other claims (filed or not) which may be asserted, and to seek further reduction of any claim to the extent such claim has been paid, or for any other reasons, are reserved and preserved.

4. All rights of the Liquidating Trustee to object to any claim at a later date, including the claims that are the subject of the Eighth Omnibus Objection, on any basis whatsoever, substantively or non-substantively, are reserved and preserved.

5. The Liquidating Trustee's rights to use any available defenses under section 502 of the Bankruptcy Code, or otherwise, to setoff or recoup against or otherwise reduce all or any

part of any claim are reserved. Further, any and all affirmative claims are specifically reserved and preserved and are not adversely affected by this Order.

6. This Order shall be immediately effective and enforceable upon its entry.

7. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: January 4th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**