# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*[1] | Case No. 18-12491 (CTG) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF ROBERT N. MICHAELSON IN SUPPORT OF MOTION OF LIQUIDATING TRUSTEE AND DEBTOR REPRESENTATIVE TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS

I, Robert N. Michaelson, hereby declare under penalty of perjury:

1. I am a co-founder and co-managing member of Advisory Trust Group LLC and serve as the Liquidating Trustee and Debtor Representative of the Promise Healthcare Group Liquidating Trust (the "Liquidating Trust").

2. I make this Declaration in support of the *Motion of Liquidating Trustee and Debtor Representative to Approve Settlement Agreement with Defendants* (the "Motion")[2]

3. I am generally familiar with the Debtors' and the Liquidating Trust's day-to-day

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

10519658

activities, financial affairs and books and records. Except as otherwise indicated, all facts in this declaration are based upon my personal knowledge, my discussions with employees and advisors (including my legal and financial advisors), my review of relevant documents and information concerning the Debtors, the Liquidating Trust, the Litigation and the Motion, or my opinions based upon my experience and knowledge. I am over the age of 18 and authorized pursuant to the Plan to submit this declaration on behalf of the Liquidating Trust. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. On October 28, 2020, at my direction, litigation was initiated against the Defendants in the Delaware District Court, which action was subsequently transferred to the Florida District Court.

5. The Defendants have vigorously contested the asserted claims and denied liability in connection therewith. I am advised that there has been significant motion practice in the litigation and it is expected that continued litigation will be time consuming and costly. The trial is scheduled for February 2025 and that trial may generate appeals and additional litigation, with the costs attendant thereto.

6. I am advised that the Court in the Florida Action ordered that the parties mediate the disputes in an attempt to settle and resolve the underlying claims and causes of action.

7. On March 15, 2024, the Parties attended a court ordered mediation session with retired Miami-Dade Circuit Court Judge Michael A. Hanzman, (the "Mediation"), which resulted in a settlement in principle.

8. As set forth herein and in the Motion, I believe that resolving the Litigation pursuant to the terms of the Settlement Agreement is fair, reasonable and in the best interests of the Liquidating Trust, the Debtors' estates and their creditors.

2

9. Since the commencement of the Litigation and throughout its prosecution, I have believed and continue to believe that the claims asserted have merit and could generate a substantial recovery for general unsecured creditors. However, the Defendants have strenuously contested the asserted claims, and litigation is inherently uncertain, costly and time-consuming, especially given the complex issues of law and fact at issue.

10. Given the risk, uncertainty, cost and delay associated with litigation (which could consume significant estate resources and delay distributions to creditors), I believe the Settlement Agreement is a highly favorable outcome, in particular given that continued litigation could materially reduce available insurance coverage and will require additional assets of the trust to fund the ongoing litigation expenses.

11. I am advised that, if the insurance policies are largely exhausted, it could prove very difficult, if not impossible, to collect on any judgment from the personal assets of the Defendants.

12. I believe, after consulting with my advisors and evaluating potential alternatives, that entry into the Settlement Agreement is the best interests of the Liquidating Trust, the Debtors' estates and creditors based on, among other things: (i) the proposed $15.75 million payment to the Liquidating Trust, (ii) the proposed disallowance of the Defendant Bankruptcy Claims, and (iii) the elimination of significant litigation risk, expense, inconvenience, potential difficulties in collection, and delay.

13. The Liquidating Trust oversight committee has reviewed and approved the terms of the proposed settlement.

14. For all of the foregoing reasons, I believe the Court should grant the Motion and approve the Settlement Agreement.

3
10519658

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and belief, and based on the information and records available to me.

Dated: March 27, 2024

_____
Robert N. Michaelson

10519658