## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | ) | Case No. 18-12491 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 3261** |

### ORDER GRANTING MOTION OF LIQUIDATING TRUSTEE AND DEBTOR REPRESENTATIVE TO SHORTEN NOTICE AND SCHEDULE EXPEDITED HEARING ON MOTION TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS

Upon consideration of the motion (the "Motion to Shorten")[2] of Robert Michaelson of

Advisory Trust Group, LLC (the "Liquidating Trustee"), solely in his capacities as Liquidating

Trustee and Debtor Representative of the Promise Healthcare Group Liquidating Trust (the

"Liquidating Trust") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Promise

Healthcare Group, LLC, *et al.* (the "Debtors") pursuant to the *Modified Second Amended Joint Plan*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Shorten.

*of Liquidation* [Docket No. 2072-1] (the "Plan"), for the entry of an order (this "Order"): (a) shortening notice with respect to the *Motion of Liquidating Trustee and Debtor Representative to Approve Settlement Agreement with Defendants* [Docket No. 3260] (the "9019 Motion"); (b) setting a hearing on the 9019 Motion before this Court on **April 10, 2024**; and (c) granting related relief, all as more fully set forth in the Motion to Shorten; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion to Shorten in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion to Shorten having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and the Court having found cause for the relief requested in the Motion to Shorten pursuant to Local Rule 9006-1(e); and the Court having found and determined that the relief sought in the Motion to Shorten is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Shorten is GRANTED as set forth herein.

2.      The 9019 Motion will be considered by the Court on **April 10, 2024 at 2:00 p.m. (prevailing Eastern Time)** (the "Hearing").

3.      Any response or objection to the 9019 Motion may be filed in advance of the Hearing or presented at the Hearing.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

**Dated: March 28th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**