**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 18-12491 (CTG) |
| PROMISE HEALTHCARE GROUP, LLC *et al.*, | ) |
| | ) Obj Deadline: 5/23/2025 @ 4:00 p.m. |
| Debtors. | ) |
| | ) Re: Docket No. 3557 |

**OBJECTION OF SURGICAL PROGRAM DEVELOPMENT, LLC
TO MOTION OF LIQUIDATING TRUSTEE TO EXTEND
THE TERM OF THE LIQUIDATING TRUST**

Surgical Program Development, LLC ("SPD") objects to the motion (the "Motion") of Robert Michaelson of Advisory Group, LLC (the "Liquidating Trustee"), solely in his capacity as liquidating trustee of the Promise Healthcare Group Liquidating Trust (the "Liquidating Trust"), as follows:

1. SPD asserts substantial general unsecured claims against two of the debtors in these cases. SPD's claim remains disputed and is set for trial in this Court next month, almost five years after commencement of the adversary proceeding asserted as a counterclaim to SPD's proofs of claim.

2. SPD's principal, Brendan Bakir, was the chairman of the Official Committee of Unsecured Creditors in these cases.

3. The debtors commenced these chapter 11 cases on November 5, 2018, and their confirmed liquidating plan went effective on October 1, 2020. The plan provided for the creation of the Liquidating Trust with a five-year term.

4. The Motion seeks to extend the term of the Liquidating Trust by two years, that is, until October 1, 2027, without prejudice to the ability to seek further extensions of the term.

5. The Motion offers no reason, however, why the Court should authorize a two-year extension of the Liquidating Trust's term.

6. The Liquidating Trustee received this Court's authority to settle his main litigation against the debtors' directors and officers back in April 2024. *See* Docket No. 3271. SPD believes that the Liquidating Trustee has resolved all preference actions too.

7. The recent docket of these cases reveals very little activity on behalf of the Liquidating Trust since the end of June 2023 -- almost one year ago -- other than motions every six months to extend the claims objection deadline and the filing of quarterly post-confirmation reports.

8. In contrast to the relief requested by the Motion, the most recently filed quarterly post-confirmation reports -- filed less than three weeks ago -- state that ***an application for a Final Decree in these cases is anticipated by 12/31/2025***. *See, e.g.*, Post-Confirmation Report of Promise Healthcare, LLC at 7 (Docket No. 3550, filed April 30, 2025).

9. On March 3, 2025, the Third Circuit unanimously affirmed a decision of this Court in a direct appeal taken on behalf of the Liquidating Trust in connection with a claims matter. *See* Docket No. 3501 (containing copy of Third Circuit decision). Yet, no further papers in connection with that claims matter have been filed in this Court.

10. It should not take the Liquidating Trustee five years to address claims, let alone seven.

11. Accordingly, the Liquidating Trustee should explain why the Court should extend the term of the Liquidating Trust for two additional years -- without prejudice to requesting further extensions -- while continuing to incur professional and other fees that erode funds available for distribution to general unsecured creditors.

12. For these reasons, the Motion should be denied.

Dated:  May 23, 2025

                                                  MACAULEY LLC

*/s/ Thomas G. Macauley*
Thomas G. Macauley (No. 3411)
P.O. Box 2792
Wilmington, DE  19805
(302) 562-6141

*Attorneys for Surgical Program Development, LLC*