# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 24, 2025 at 3:00 p.m. (ET)**<br><br>**Re: Doc. Nos. 3557 and 3560** |

## LIQUIDATING TRUSTEE'S REPLY TO THE OBJECTION OF SURGICAL PROGRAM DEVELOPMENT, LLC TO MOTION OF LIQUIDATING TRUSTEE TO EXTEND THE TERM OF THE LIQUIDATING TRUST

Robert N. Michaelson of Advisory Trust Group, LLC, solely in his capacity as liquidating trustee (the "Liquidating Trustee") of the Promise Healthcare Group Liquidating Trust (the "Liquidating Trust"), by and through his undersigned counsel, submits this reply to the objection [Doc. No. 3560] ("Objection") filed by Surgical Program Development, LLC ("SPD")

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

to the *Motion of Liquidating Trustee to Extend the Term of the Promise Healthcare Group Liquidating Trust* [Doc. No. 3557] (the "<u>Motion</u>"),[2] and respectfully states as follows:

## REPLY

1. As set forth in the Motion, the Liquidating Trustee seeks a two-year extension of the term of the Liquidating Trust to ensure that the Liquidating Trustee can fully and properly complete his administration of the Liquidating Trust in accordance with the terms of the Plan and Liquidating Trust Agreement.

2. The Objection appears to have been an attempt by SPD to gain leverage in connection with the Liquidating Trustee's objection to SPD's claims, which was pending before this Court in Adversary Proceeding No. 20-50769 (CTG) at the time the Objection was filed on May 23, 2025. A trial in that adversary proceeding was held on June 10, 2025.

3. Be that as it may, the disposition of SPD's claims is not the only matter that the Liquidating Trustee needs to resolve in order to fully administer the Liquidating Trust. There are a variety of other outstanding disputed claims, including administrative and priority claims, that the Liquidating Trustee still needs to reconcile and resolve consensually, if possible, or object to and litigate, if necessary, before the Liquidating Trust can make final distributions to the beneficiaries of the Liquidating Trust. The medical malpractice claim of Patrick Wassmann in the asserted amount of $10 million that is referenced in paragraph 9 of the Objection is just one of those disputed claims, and it will need to be liquidated through litigation or a settlement, if one can be reached.[3]

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] SPD argues that there has been little recent activity on the docket of these cases. Objection, ¶ 7. Leaving aside the activity in pending adversary proceedings in these cases, one of the reasons for the low number of court filings is the Liquidating Trustee has been attempting to avoid filing objections to claims where resolutions of potential claim objections can be negotiated and resolved consensually with claimants under the terms of the Plan without needing to burden this Court.

4.    In addition to the necessary claims resolution work that must be completed by the Liquidating Trustee before the Liquidating Trust can be fully administered, the Liquidating Trustee continues to prosecute the Liquidating Trust's claims against L.A. Downtown Medical Center LLC ("LADMC") in an adversary proceeding in this Court, Adversary Proceeding No. 23-50335 (CTG). The litigation against LADMC is the Liquidating Trust's largest remaining unliquidated asset, with the claims asserted in that litigation exceeding $5.8 million. On April 7, 2025, this Court entered an order granting the Liquidating Trustee leave to amend one of the counts of the complaint in that adversary proceeding.

5.    It would be irresponsible for the Liquidation Trustee to allow the term of the Liquidating Trust to expire without completing the prosecution of the Liquidation's valuable claims against LADMC and without resolving the open disputed claims, including, but not limited to, the claim of Patrick Wassmann. If such matters, among others, are not properly addressed, the beneficiaries of the Liquidation Trust could be prejudiced by reduced recoveries on their claims.

6.    SPD notes that the most recent quarterly post-confirmation reports filed by the Liquidating Trustee included an "anticipated" date for the filing of an application for a final decree of December 31, 2025. *See, e.g.*, Post-Confirmation Report of Promise Healthcare, LLC at 7 (Docket No. 3550, filed April 30, 2025).  However, that date was only given as an estimate of when an application for a final decree might be filed. It was not a guarantee or prediction with any certainty, and it may be adjusted in future post-confirmation reports.

7.    It is critical to consider that the sole reason the Liquidating Trust Agreement included a five-year term to begin with was in order to establish one of the predicates for obtaining the comfort of a "safe harbor" ruling from the IRS, pursuant to IRS Revenue Procedure

94-45, 1994-2 C.B. 684, regarding the Liquidating Trust's tax status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), in the event the Liquidating Trustee elects to pursue such a ruling.[4] That IRS Revenue Procedure itself recognizes that the "particular facts and circumstances" may warrant an extension of the term of a liquidating trust. The tax status of the Liquidating Trust and the accompanying termination provision and extension process is unrelated to the principal function of the Liquidating Trust as a vehicle for implementation of the Plan.

8. Moreover, although the Liquidating Trustee is seeking a two-year extension of the term of the Liquidating Trust to October 1, 2027, the Liquidating Trustee will make every effort to conclude administration of the Liquidating Trust and file an application for a final decree closing these chapter 11 cases as soon as reasonably possible, which may be substantially sooner than that date.

9. In sum, and as set forth in the Motion, the requested extension of the term of the Liquidating Trust is "necessary to the liquidating purpose of the Liquidating Trust" and is warranted by "the particular facts and circumstances" of these cases, as required by section 9.1 of the Liquidating Trust Agreement.[5]  Accordingly, the Motion should be granted.

---

[4] IRS Rev. Proc. 94-45 provides the conditions under which the IRS will consider issuing advance rulings classifying certain trusts as liquidating trusts under Treasury Regulation § 301.7701-4(d). Rev. Proc. 94-45 states that the IRS will issue a ruling classifying an entity created pursuant to a plan under Chapter 11 of the Bankruptcy Code as a liquidating trust under § 301.7701-4(d) if certain conditions are met. Section 3.06 of Rev. Proc. 94-45 provides that the "trust instrument must contain a fixed or determinable termination date that is generally not more than five years from the date of the creation of the trust and that is reasonable based on all of the facts and circumstances. If warranted by the facts and circumstances, provided for in the plan and trust instrument, and subject to the approval of the Bankruptcy Court with jurisdiction over the case upon a finding that the extension is necessary to the liquidating purpose of the trust, the term of the trust may be extended for a finite time based on its particular facts and circumstances. The trust instrument must require that each extension be approved by the court within 6 months of the beginning of the extended term."

[5] The relevant language in section 9.1 of the Liquidating Trust Agreement was set forth in paragraph 9 of the Motion.

**RESERVATION OF RIGHTS**

10.    The Liquidating Trustee reserves the right to amend or supplement this Reply at any time prior to or at any hearing on the Motion.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A** to the Motion, approving the extension of the term of the Liquidating Trust to October 1, 2027, and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 16, 2025<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Bradford J. Sandler (DE Bar No. 4142)<br>James E. O'Neill, Esq. (DE Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: jpomerantz@pszjlaw.com<br>          bsandler@pszjlaw.com<br>          joneill@pszjlaw.com<br><br>-and-<br><br>SILLS CUMMIS & GROSS P.C.<br>Andrew H. Sherman, Esq.<br>Boris I. Mankovetskiy, Esq.<br>The Legal Center<br>One Riverfront Plaza<br>Newark, NJ 07102<br>Telephone: (973) 643-7000<br>Facsimile: (973) 642-6500<br>Email: asherman@sillscummis.com<br>          bmankovetskiy@sillscummis.com<br><br>*Counsel to the Liquidating Trustee* |