## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROMISE HEALTHCARE GROUP, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12491 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 3632** |

### ORDER SUSTAINING OBJECTION OF THE LIQUIDATING
### TRUSTEE TO THE CLAIM OF FIRSTPATH (CLAIM NO. 205)

Upon consideration of the ***Objection of the Liquidating Trustee to the Claim of FirstPath (Claim No. 205)*** (the "Objection");[2] and the Court having considered the Declaration in support thereof; and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Plan; and the Court having found that this a core proceeding under 28 U.S.C. § 157(b); and the Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Liquidating Trustee provided appropriate notice of the Objection and the opportunity for a hearing under the circumstances and that no

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Objection.

4932-1715-5947.1 72551.002

further notice need be given; and the Court having reviewed the Objection and any filed responses to the Objection; and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled.

2. The FirstPath Claim (Claim No. 205) in the asserted amount of $39,071.85 is hereby disallowed and expunged in its entirety.

3. The official claims register in these chapter 11 cases shall be modified in accordance with this Order.

4. All rights of the Liquidating Trustee to object to any claim at a later date, on any basis whatsoever, are reserved and preserved.

5. The Liquidating Trustee reserves all rights to use any available defenses under the Bankruptcy Code, or otherwise, to setoff or recoup against or otherwise reduce all or any part of any claim. Any and all affirmative claims are specifically reserved and preserved and are not adversely affected by this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: October 21st, 2025**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE