# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*, | Case No. 18-12491 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 3635** |

### ORDER (I) TERMINATING KROLL RESTRUCTURING LLC'S RETENTION AS CLAIMS AND NOTICING AGENT FOR DEBTORS AND (II) AUTHORIZING THE ENGAGEMENT OF STRETTO, INC. AS REPLACEMENT CLAIMS AND NOTICING AGENT

Upon the Motion (the "Motion")[2] of the Liquidation Trust for entry of an order pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012, (the "Claims Agent Protocol"), (i) terminating the services of Kroll

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

4897-7087-4473.5 72551.003

Restructuring LLC ("Kroll") as claims and noticing agent in the Chapter 11 Cases and (ii) appointing Stretto, Inc. ("Stretto") as replacement claims and noticing agent (the "Claims and Noticing Agent"), all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Liquidation Trust's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Liquidation Trust, the Debtors' creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Upon entry of this Order, Kroll shall: (a) forward to the Clerk and the replacement Claims and Noticing Agent in paper and portable data format (.pdf) all imaged claims and a data export of all filed and scheduled claims; (b) upload the publicly available portions of the creditor matrix into CM/ECF and send to the replacement Claims and Noticing Agent the current creditor matrix in paper and portable data format (.pdf); (c) forward to the replacement Claims and Noticing Agent the sealed portions of the creditor matrix in paper and portable data format

(.pdf); and (d) docket a current version of the claims register as of Kroll's termination of services, and provide the replacement Claims and Noticing Agent with an electronic Claims Register in portable data format (.pdf) with the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), and (vi) any disposition of the claim.

3. Upon entry of this Order, Kroll may destroy all excess copies of notices, pleading, plan solicitation documents, customized envelopes, or other printed or copied materials.

4. Upon entry of this Order, Kroll may destroy all undeliverable and/or returned mail not previously destroyed.

5. The appointment of Kroll as the notice and claims agent in the Debtors' bankruptcy cases shall be terminated, and Kroll is released and discharged as claims and noticing agent in the Debtors' Chapter 11 Cases and shall bear no further responsibility in the Chapter 11 Cases upon its completion of the obligations set forth in this Order.

6. Kroll shall be paid its final invoice for services provided to the Debtors as the claims and noticing agent in the Chapter 11 Cases, plus all fees and expenses incurred in connection with carrying out the obligations set forth in this Order, including the transfer of documents and related materials to Stretto as the claims and noticing agent for the Liquidation Trust.

7. Notwithstanding the terms of the Engagement Agreement attached to the Motion as **Exhibit C**, the Motion is approved solely to the extent set forth in this Order.

8. The Liquidation Trust is authorized to retain Stretto as Claims and Noticing Agent under the terms of the Engagement Agreement, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim, and all related tasks, all as described in the Motion.

9. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases and thereafter and is authorized and directed to maintain official claims registers for the Liquidation Trust, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

10. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

11. Stretto is authorized to take such other action to comply with all duties set forth in the Motion.

12. The Liquidation Trust is authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

13. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Liquidation Trust.

14. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

15. The Liquidation Trust shall indemnify Stretto under the terms of the Engagement Agreement.

16. Notwithstanding anything to the contrary in the Engagement Agreement, the Liquidation Trust shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Liquidation Trust alleges the breach of Stretto's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

17. In the event Stretto is unable to provide the services set forth in this Order, Stretto will immediately notify the Clerk and the Liquidation Trust's counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Liquidation Trust's counsel.

18. The Liquidation Trust and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

21. Stretto shall not cease providing claims processing services for any reason, including nonpayment, without an order of the Court.

22. In the event of any inconsistency between the Engagement Agreement, the Motion, and this Order, this Order shall govern.

23. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 24th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**