**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*[1] | Case No. 18-12491 (CTG) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 3631, 3651** |

**SUPPLEMENTAL ORDER SUSTAINING THE SEVENTEENTH**
**OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE LIQUIDATING**
**TRUSTEE TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS**

Upon consideration of the *Seventeenth Omnibus Objection (Non-Substantive) of the Liquidating Trustee to Certain Insufficient Documentation Claims* (the "Objection")[2] [Docket No. 3631] and the *Supplemental Certification of Counsel Regarding* the *Seventeenth Omnibus Objection (Non-Substantive) of the Liquidating Trustee to Certain Insufficient Documentation Claims* (the "Supplemental Certification") filed on February 24, 2026; and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the confirmed

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

Plan; and the Court having found that this a core proceeding under 28 U.S.C. § 157(b); and the Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Liquidating Trustee provided appropriate notice of the Objection and the opportunity for a hearing and that no further notice need be given; and the Court having reviewed the Objection and the Supplemental Certification; and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Claim No. 114 filed by Zurich American Insurance Company is hereby allowed as a General Unsecured Claim under the Plan in the amount of $1,734,246.45.

2. Claim No. 1601 filed by Zurich American Insurance Company and Steadfast Insurance Company is hereby allowed as an Administrative Claim under the Plan in the amount of $109,576.98.

3. Zurich American Insurance Company and Steadfast Insurance Company shall not be allowed and shall not assert any other claims in the Debtors' chapter 11 cases of any priority or amount.

4. The official claims register in these chapter 11 cases shall be modified in accordance with this Order.

5. This Order shall be immediately effective and enforceable upon its entry.

6. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: February 25th, 2026
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE