# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] | ) | Case No. 18-12491 (CTG) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 3748** |

## RESPONSE OF PATRICK WASSMANN TO LIQUIDATING TRUSTEE'S RENEWED OBJECTION SEEKING TO DISALLOW THE WASSMANN CLAIM OR ESTIMATE IT AT ZERO

Patrick J. Wassmann, Jr. ("Mr. Wassmann") and Patrick J. Wassmann, Sr. and Constance A. Wassmann, as guardians for Mr. Wassmann (his "Guardians," and together with Mr. Wassmann, the "Wassmanns"), by and through their undersigned counsel, hereby submit this response to the *Trustee's Renewed Objection of Liquidating Trustee Seeking to Disallow the Wassmann Claim or, Alternatively, Estimate the Wassmann Claim at Zero Dollars Pursuant*

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

*to Section 502(c) of the Bankruptcy Code* (the "Renewed Objection").  In support of their response, the Wassmanns state as follows:

1.      The Trustee's Renewed Objection constitutes the third substantive objection filed by the Trustee to Mr. Wassmann's claim.  The first substantive objection was included in the *Trustee's Ninth (Substantive) Omnibus Objection to Claims (No Liability Claims)* filed on April 21, 2022 (D.I. 2655)  Mr. Wassmann filed a response to that claim on May 4, 2022 (D.I. 2703), and the Court entered its *Memorandum Opinion* [D.I. 2960] and *Order* [D.I. 2961] on April 20, 2023, denying the *Trustee's Motion for Summary Judgment Regarding Objection to Patrick Wassmann's Proof of Claim* (D.I. 2908) filed in connection with the Ninth Omnibus Objection.  In response to the Memorandum Opinion and Order, the Trustee immediately filed the *Trustee's Motion for Leave to Appeal* on an interlocutory basis to  the District Court [D.I. 3009, filed May 4, 2023], and another substantive objection to the Wassmann Claim.

2.      With respect to the *Trustee's Objection (Substantive) to Claim of Patrick Wassmann, Claim No. 370* filed on May 11, 2023 (D.I. 3019)(the "Second Objection"), the Court issued the *Order re: June 27, 2023 Claims Allowance Hearing* on June 9, 2023 (D.I. 3029), pre-empting the Trustee's proposed hearing date and scheduling a status conference instead, and asking the parties to file a statement with the Court in advance of the conference as to whether they consent to having the Bankruptcy Court liquidate Mr. Wassmann's claim.[2] (D.I. 3029).   Mr. Wassmann then filed the *Preliminary Response of Patrick Wassmann to Claim Objection* ("Preliminary Response') on June 15, 2023. (D.I. 3030).  That response identified that it would be appropriate for the Bankruptcy Court to address at least two issues relating to Mr. Wassman's claim:

---

[2] In their filings before the June 27, 2023 status conference, neither Mr. Wassmann [D.I. 3030] nor the Trust [D.I.  3031] consented to the liquidation of Mr. Wassmann's claim in the Bankruptcy Court.

- The nature and existence of insurance coverage for Mr. Wassmann's claim, and

- The medical records relevant to Mr. Wassmann's claim.

3.      The Preliminary Response also contained a summary of the basis for the medical malpractice claim asserted against Promise Hospital, based on the Declaration of Constance Wassmann attached to the Response.   Thereafter, the Wasssmanns conducted discovery through counsel, first informally in 2023, and then formally in 2024.  While the Preliminary Response indicated that Mr. Wassmann expected to file a motion to withdraw the reference for his claim to the District Court, the discovery indicated that coverage had been denied for Mr. Wassmann's claims by the Debtors' insurers.

4.      Specifically, while Mr. Wassmann filed Claim 370 in this case on January 4, 2019, the Debtors did not present the Wassmann claim to its insurers for coverage until June 28, 2019. The Debtors were insured by Steadfast Insurance Company for the period from November 18, 2017 to January 17, 2019, under a claims-made policy, which required notice during the policy period or within 60 days after its expiration.  Debtors' subsequent insurer, TDC Specialty Underwriters,  alleges that its policy is an occurrence-based policy which only covers professional services wrongful acts that occurred on or after January 17, 2019.   Accordingly, based on the Debtors' failure to timely submit the proof of claim to its insurers, the insurers relevant to Mr. Wassmann's claim have taken the position that the coverage for the Wassmann claim was lost.

5.      Counsel also sought Mr. Wassmann's medical records from the Trust.  Because the Promise Lee Hospital had been sold during the bankruptcy case, Mr. Wassmann's medical records needed to be obtained from the purchaser, Select Medical[3].   After the submission of

---

[3] Mr. Wassmann's Florida counsel had made a request for the medical records in 2019, but that request was denied because of an improper administrative fee that Promise sought to charge for them.  See Response to Claim Objection (D.I. 2703, Ex. A).

3

correspondence and authorizations, medical records were produced.  The initial batch of medical records obtained from Select did not include records from critical times of Mr. Wassmann's care. Subsequent efforts resulted in the recovery of certain medical notes from these critical times, but not a complete set of the records.  As noted in the Statement of Claim, *infra*, the Wassmanns expect to seek an adverse inference from the trier of fact with respect to any missing records

**The Appeal Process.**

6.      Mr. Wassmann has also zealously defended his claim through a lengthy appeal process, beginning with the Motion for Leave to Appeal, which he opposed on grounds that the requirements for an interlocutory appeal were not satisfied and that granting it would likely cause further delay.  [Opposition, Dist. Ct. D.I. 5, pp. 6-12][4]     Nevertheless, based on the Trustee's assertion that the Bankruptcy Court's decision conflicted with decisions of three courts of appeal and a District Court in this circuit [Memorandum Opinion, Dkt. No. 7], the District Court sua sponte issued an Order on March 11, 2024, certifying the matter for a direct appeal to the Third Circuit. (Dist. Ct. Dkt. 8).   On June 12, 2024, the Third Circuit granted the direct appeal.  After full briefing, the Third Circuit entered its Judgment on March 3, 2025, affirming the Bankruptcy Court's Memorandum Opinion and Order dated April 20, 2023.  (Third Circuit Dkt. No. 41-2). The Third Circuit Opinion noted "while no binding precedent dictates the outcome of this appeal, out-of-circuit case law supports Wassmann's position."  (Third Circuit Dkt. No. 36, p. 11).

**The Trust's Current Status.**

7.      On May 9, 2025, the Trustee sought to extend the term of the Liquidating Trust through and including October 1, 2027.  (D.I. 3557).  On July 23, 2025, the Court entered an Order extending the term of the Trust through April 1, 2027, without prejudice to seek further extensions.

---

[4] The District Court Docket is at Case 1:23-mc-00255-CFC.

(D.I. 3577).  On October 8, 2025, the Court entered an Order extending the Claims Objection Bar Date for all claims to March 30, 2026. [D.I. 3633].  The Wassmanns understand from the Trust's Post-Confirmation Reports that the Trust has approximately $16.8 million to distribute to general unsecured creditors, who currently hold allowed claims currently totaling approximately $512 million. [See e.g. D.I. 3550, p. 7].  At this funding level, unsecured creditors can expect to receive a payment equal to 3 percent of the allowed value of their claims.

**The Wassmann Statement of Claim.**

8.      The Wassmanns have now filed a Statement of Claim (D.I. 3755) to supplement Mr. Wassmann's timely-filed claim (Claim No. 370) and other filings in response to the Liquidating Trustee's various objections.   The Statement contains a detailed description of the treatment Mr. Wassmann received at Promise Lee Hospital from March 15, 2017, through his discharge on June 7, 2017, including the legal counts for the negligent treatment that Mr. Wassmann received that has rendered him a quadriplegic, and caused severe and permanent or continuing bodily injury, pain and suffering, disability, impairment, mental anguish, inconvenience, loss of earning capacity, and medical, hospital and nursing expenses.   The Statement of Claim confirms that Mr. Wassmann can prove the validity of his claim in a trial or other proceeding.  The amount of the claim is to be determined by a trier of fact.  Accordingly, the Trusts Renewed Objection and the Trust's Second Objection, which also remains pending, cannot be sustained, as they are based on alleged insufficient support for the claim.

9.      As noted, this Court has never ruled on the Trustee's Second Objection, yet the Renewed Objection attempts to assert new and further procedural grounds for which Mr. Wassmann's claim can be disallowed.  Specifically, despite this Court's extensive Memorandum Opinion denying the Trustee's Motion for Summary Judgment with respect to the Wassmann

claim, the Trust still argues that Mr. Wassmann's claim may be disallowed for failure to meet the pre-suit requirements for pursuing a medical malpractice claim under Florida law. [Obj., ¶¶ 33-34]. The Memorandum Opinion makes clear that a creditor that has filed a timely proof of claim does not need to initiate a non-bankruptcy proceeding to preserve its claim. [Mem. Op. p. 8]. After fully considering the Trust's position, the Court held: "Accordingly, because §502(b)(1) asks the Court to determine the validity of the claim as it existed on the petition date, there is no reason for a creditor to file a complaint outside of bankruptcy." [*Id*., p. 16]. The Court concluded by expressly stating: "Consequently, Wassmann's claim is not barred by state law and therefore not subject to disallowance under §502(b)(1)." Given this clear articulation of the law that was affirmed by the Third Circuit, the Trust's assertions to the contrary are plainly frivolous.

10.     In connection with the Trustee's Renewed Objection, it should be noted that on January 13, 2019, Florida counsel for the Wassmann's filed a personal injury lawsuit in the Florida State Court, which complaint provided further detail on the claim. That State Court complaint was attached to Mr. Wassmann's Response to the Claim Objection (D.I. 2703) filed on May 4, 2022.[5] The basis for the Liquidating Trustee's Motion for Summary Judgment filed nine months later (D.I. 1908, filed February 17, 2023) was that Wassmann's personal injury claim was time-barred, and not inadequately described. After full briefing, this Court's Memorandum Opinion confirmed that the proof of claim was filed within the applicable statute of limitations, and was timely and not subject to disallowance under § 502(b)(1). The Third Circuit affirmed and the law of the case is that the Wassmann proof of claim cannot be disallowed on timeliness grounds.

---

[5] While this Court's Memorandum Decision held that the filing of the Complaint without first obtaining relief from stay made it void *ab initio*, its attachment to the response the claim objection served to supplement the Claim.

11.     Instead, the Liquidating Trustee has changed his tack and now raises the equitable defense of laches as another bite at the timeliness apple.  That defense has no application here, where the claim itself has been determined to be timely.  Laches is an affirmative defense in equity that applies where plaintiff unreasonably delayed in bringing a suit that results in prejudice to the defendant.  *See generally Lebanon County Employee Ret. Fund v. Collis*, 267 A.3d 1160, 1194 (Del. Ch. 2022).  The Liquidating Trustee's criticism is really focused on the delay in amending the claim.  As set forth above, while the Liquidating Trustee had enough information about the claim to pursue a motion for summary judgment, Wassmann's recently filed Statement of Claim is a detailed amendment to the claim in the form of a complaint.  (D.I. 3755).  Any delay in providing that additional detail was excusable: counsel made substantial and repeated efforts to collect documents and a full set of medical records from Promise to review and analyze.  In the intervening time, the appellate process was ongoing.

12.     Finally, even if a laches analysis were applied to bar an aggrieved party from pursuing a timely filed claim, there is no substantial prejudice to the Liquidating Trustee.  The Liquidating Trustee has known the details of the claim since January 13, 2019, and now has additional factual support based on the medical records.  It is not being asked to defend a stale claim, and the trustee must acknowledge that the interlocutory appeal process it initiated caused delay.

13.     The Liquidating Trustee complains several times in his Renewed Objection that Mr. Wassmann has not yet filed a motion to withdraw the reference. But doing so even at this stage of the proceeding would be premature under applicable case law.  *In re Big V Holding Corp.*, Civ. A. 01–233(GMS), 2002 WL 1482392 *5 (D. Del. July 22, 2002). In Big V, the court denied a motion to withdraw the reference where, as here, the party that filed the motion was entitled to a jury trial

but had not yet demanded one. *Id.* The Court found that granting the motion to withdraw the reference would be premature because the movant had yet requested one. *Id.* The Court further found that the movant's right to a jury trial would not be adversely affected "by having the Bankruptcy Court preside over pretrial matters until the case is ready to be tried in the District Court." *Id.* at *6. [6]

14.      In addition, the *Big V* Court found that judicial economy favored allowing the Bankruptcy Court to preside over the pretrial proceedings because the Bankruptcy Court was familiar with the case and had issued a declaratory judgment in a related adversary proceeding. *Id.* at *4. *See also 24 Hour Fitness Worldwide, Inc. v. Continental Casualty Company (In re 24 Hour Fitness Worldwide, Inc.)*, Civ. No. 21-884-LPS, 2022 WL 605661 at *3 (D. Del. Jan. 4, 2022) (finding that the Court's general practice is to withdraw the reference when the matter is ready for trial "so that the Bankruptcy Court, which is already familiar with the parties and issues, may oversee discovery and pre-trial matters, and narrow the issues for trial.") Here, this Court is familiar with the facts of the case and has issued a summary judgment opinion in favor of Mr. Wassman. Accordingly, judicial economy favors allowing this Court to preside over pretrial proceedings until the case is ready for trial.

15.      Finally, the Liquidating Trustee's conclusory statements in the Renewed Objection do not establish that the estimation of the Wassmann claim is necessary.  Mr. Wassmann's holds a single personal injury claim, which is far different from mass tort cases requiring hundreds of claims to be liquidated.  The deadline for the Liquidating Trustee to object to claims has not yet

---

[6] Pursuant to 28 U.S.C. § 157(d), a district court may withdraw the reference of a bankruptcy case or proceeding for cause. Cause exists to withdraw the reference when a party with a right to trial by jury under applicable law makes a demand for a jury trial. *In re Big V Holding Corp.*, CIV. A. 01–233(GMS), 2002 WL 1482392 *5 (D. Del. July 22, 2002). Mr. Wassmann has the right to a trial by jury and, while he has not done so to date, Mr. Wassmann intends to demand a jury trial at the appropriate time.

passed, and the Trust is currently scheduled to remain open for another year, without prejudice to extend it further. In addition, 28 U.S.C. §157(b) permits the estimation of claims for confirmation but not for purposes of distribution, except where the Bankruptcy court is deciding a threshold issued that does not go to the merits of a claim, such as a late filed claim or the application of the statute of limitations. This Court has already determined those threshold issues in favor of Mr. Wassmann.

16.    The cases relied on by the Trustee, *In re RNI Wind Down Corp.,* 369 B.R. 174, 191 (Bankr. D. Del. 2007) and *In re G-I Holdings, Inc.*, 323 B.R. 583, 599 (Bankr. D.N.J. 2005) do not support estimation here. In *In re RNI Wind Down Corp.,* Judge Sontchi declined the plan administrator's invitation to require estimation of the claim at issue -- a reimbursement claim for attorney's fees filed by a former officer of the debtor in connection with an SEC investigation -- stating: "Since the Plan Administrator has failed to establish that the fixing or liquidation of Mr. Feldman's claim would unduly delay the administration of the case and improperly seeks to use section 502(c) to lower the amount of Mr. Feldman's claim, the Court is neither required nor inclined to estimate the claim." *Id.*, at 191-92.

17.    *In re G-I Holdings, Inc.* was a mass tort case, where the Court recognized that some form of estimation of some 150,000 pending asbestos claims was required for purposes of plan confirmation, lest undue delay in administration of the case could be "the death knell for the debtor's successful reorganization." Here, the Debtors have already reorganized. Furthermore, the key stakeholders in that case had proposed different methodologies for estimating the mass tort claims, which the court distinguished from determining the ultimate extent and value of the claimants' personal injuries for purposes of distribution, where their Seventh Amendment right to a jury trial must be preserved. *Id.*, at 625. No methodology for estimating Mr. Wasssmann's claim

has been proposed by the Liquidating Trustee, and it does not appear that any methodology would pass muster.

WHEREFORE, the Wassmanns respectfully request that this Honorable Court deny the Trustee's Claim Objection and the Liquidating Trustee's request to estimate the Wassmann Claim, and grant the Wassmanns such other relief as is just and proper.

Dated: March 24, 2026
     Wilmington, DE

**SULLIVAN NIMEROFF BROWN HILL LLC**


*/s/ William D. Sullivan*
R. Karl Hill (No. 2747)
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
Elihu E. Allinson (No. 3476)
919 N. Market Street, Suite 420
Wilmington, Delaware 19801
Telephone: 302.428.8191
Facsimile: 302.428.8195
khill@snbhlaw.com
bsullivan@snabhlaw.com
whazeltine@snbhlaw.com
zallinson@snbhlaw.com

*Attorneys for Patrick J. Wassmann, Jr. and Patrick J. Wassmann, Sr. and Constance A. Wassmann, as guardians for Patrick J. Wassmann, Jr.*

## CERTIFICATE OF SERVICE

I, William D. Sullivan, hereby certify that on the 24th day of March 2026, a copy of the foregoing *Response of Patrick Wassmann to Liquidating Trustee's Renewed Objection Seeking to Disallow the Wassmann Claim or Estimate It at Zero* was electronically filed and served via CM/ECF on all registered users of that system in accordance with Del. Bankr. L.R. 9036-1(b), and a courtesy copy was served via Electronic Mail on the parties listed below.

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Bradford J. Sandler, Esq.
James E. O'Neill, Esq.
919 North Market Street, 17th Floor
Wilmington, DE 19801
jpomerantz@pszjlaw.com
bsandler@pszjlaw.com
joneill@pszjlaw.com

SILLS CUMMIS & GROSS P.C.
Andrew H. Sherman, Esq.
Boris I. Mankovetskiy, Esq.
Michael Savetsky, Esq.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
asherman@sillscummis.com
bmankovetskiy@sillscummis.com
msavetsky@sillscummis.com


March 24, 2026
Date

 */s/ William D. Sullivan*
William D. Sullivan